

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/16/2022

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

May 16, 2022
*Via ECF*



The Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

**Re:**   *Nike, Inc. v. StockX LLC*, Case No. 1:22-cv-00983-VEC (S.D.N.Y.)

**Dear Judge Caproni:**

Pursuant to the Court's April 11, 2022 Civil Case Management Plan and Scheduling Order, (Dkt. No. 25, the "Order"), plaintiff Nike, Inc. ("Nike") and defendant StockX LLC ("StockX," and together with Nike, the "Parties") respectfully submit this joint letter to update the Court on the status of discovery.

The Parties have commenced fact discovery. On April 18, 2022, the Parties served initial disclosures pursuant to Fed. R. Civ. P 26(a)(1)(A), and Nike served on StockX its First Set of Interrogatories. On April 19, 2022, Nike served on StockX its First Set of Requests for Production of Documents and Things. On April 29, 2022, Nike served on StockX its First Set of Requests for Admission, as well as a Request to Inspect StockX's "Vault" Premises. On May 3, 2022, StockX served on Nike its First Set of Requests for Production and First Set of Interrogatories.

The Parties have met and conferred and agreed on a joint plan for meeting the discovery deadlines as required by the Order, ¶ 5(c). The Parties are also currently negotiating a proposed confidentiality order, a F.R.E. 502(d) order, and an ESI protocol. The Parties anticipate filing those documents with the Court prior to the next discovery status report.

**I.     StockX Update**

Nike has served 186 requests for production, ten interrogatories, sixty-three requests for admission, and a request to inspect the premises of StockX's Vault. StockX is concerned about the number of overbroad requests that Nike has served. Many of Nike's 186 requests for production and several of Nike's sixty-three requests for admission seek back-end, technical information that has no relevance to the claims at issue. Nike also seeks physical access to the StockX Vault to obtain information it could very easily obtain – and has already sought to obtain – through its other written requests. StockX is concerned that Nike's initial discovery requests amount to harassment. Counsel has never seen so many requests filed in a single trademark infringement case, and such an approach is disproportionate to the needs of this case. The question before the Court and any eventual jury is a straightforward one: whether consumers are likely to

be confused as to source, sponsorship, or affiliation based on StockX's uses of Nike trademarks on or in connection with Vault NFTs tied to the re-sale of physical Nike shoes.

StockX understands that Nike opposes the inclusion of this "StockX Update" section and, for clarity, StockX is not seeking relief from the Court at this time. But StockX assumed that in requesting frequent status updates, the Court would find it useful to be advised by the parties on their perspectives as to how the discovery process is actually progressing. A status update letter merely reciting the dates on which disclosures and requests were served provides the Court with little insight into how discovery is actually progressing; and in this case, such an update would have given the false impression discovery is off to a smooth start, which it is not. If the Court would prefer not to receive information of this kind in the status update letters, we will of course adjust our approach in future updates, and we welcome any guidance the Court provides. Once StockX serves its responses and objections to Nike's initial requests for production and requests for admission and inspection – which are due on May 19, 2022 and May 31, 2022, respectively – StockX looks forward to meeting and conferring with Nike in a good-faith attempt to appropriately narrow the scope of discovery and to avoid the need for judicial intervention. In the meantime, StockX has initiated document collection from the witnesses who it identified on its initial disclosures, and it is searching for any non-custodial materials that are likely to be responsive to Nike's requests, with the aim of substantially completing all document production by July 15, 2022.

## II. Nike Update

Nike did not want to include in this joint letter "competing" party sections, but StockX refused to remove its "StockX Update" section when Nike objected to its use of this submission to burden the Court with its "concerns" and a preview of unripe disputes. Nike understands the monthly reports' purpose is to confirm that the Parties are engaged in the discovery process in light of the lengthier discovery schedule set by the Court, which they are. (April 11, 2022 H'rg Tr. 6:21-25.) StockX, unfortunately, uses this letter to start arguing potential discovery disputes that might possibly arise in the future due to, *inter alia*, the number and content of the requests, counsel's past experiences in unrelated trademark infringement cases, and unsubstantiated accusations of "harassment." Nike also believes it is inappropriate for StockX to use this letter to advance its positions on what it believes is the "straightforward" nature of this dispute and what Nike must prove to establish StockX's liability for a subset of its current causes of action.

StockX has not yet served objections to Nike's discovery requests, let alone met and conferred with Nike about any perceived issues, as the Court's Individual Practices and Local Rules require of any party wishing to raise a discovery dispute. (*See* Dkt. No. 25, ¶ 5(d), Caproni Individual Practices in Civil Cases ¶ 3(b), and L.R. 37.2.) Nike's first sets of requests, while comprehensive, are each highly specific and narrowly tailored to the claims and defenses currently at issue, and thus are proportional to the needs of this case. To the extent StockX objects to any of the individual requests, Nike will await service thereof and look forward to meeting and conferring with counsel. There are no discovery disputes at the present. Should discovery disputes arise, Nike expects both parties to comply with the Court's Individual Practices and Local Rules and raise such disputes at the appropriate time and through the appropriate procedures.

The Parties thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| */s/ Tamar Y. Duvdevani* | */s/ Megan K. Bannigan* |
| Tamar Y. Duvdevani | Megan K. Bannigan |
| Marc E. Miller | Jyotin Hamid |
| Jared Greenfield | Justin Ferrone |
| **DLA Piper LLP (US)** | Kathryn C. Saba |
| 1251 Avenue of The Americas, 27th Fl. | **Debevoise & Plimpton LLP** |
| New York, NY 10020 | 919 Third Avenue |
| Telephone: (212) 335-4500 | New York, New York, 10022 |
| Facsimile: (212) 335-4501 | Telephone: (212) 909-6000 |
| | |
| Michael Fluhr | David Mayberry |
| **DLA Piper LLP (US)** | Rob Potter |
| 555 Mission Street, Suite 2400 | **Kilpatrick Townsend & Stockton LLP** |
| San Francisco, CA 94105 | 1114 Avenue of the Americas |
| Telephone: (415) 836-2500 | New York, New York 10036 |
| Facsimile: (415) 836-2501 | Telephone: (212) 775-8733 |
| | |
| *Attorneys for Plaintiff Nike, Inc.* | *Attorneys for Defendant StockX LLC* |

The purpose of these joint discovery reports is to provide big picture updates so that the Court can be assured that discovery is progressing and that the parties are in a place to meet the agreed upon discovery deadlines. Although the parties should not let discovery disputes fester, the Court does not need to be made aware of potential disputes before the parties have met and conferred in good faith to attempt to resolve the dispute. At the same time, once the parties have a ripe dispute, and if they are unable to resolve it after meeting and conferring in good faith, the parties should follow Rule 3(B) of the undersigned's Individual Practices in Civil Cases in a timely manner. The Court encourages the parties to work together professionally, courteously, and collegially.

SO ORDERED.

*[signature]* Date: May 16, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE