**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIKE, INC., | Civil Action No.: 1:22-cv-00983-VEC |
| Plaintiff, | |
| v. | |
| STOCKX LLC, | |
| Defendant. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between Nike, Inc. ("Nike" or "Plaintiff") and StockX LLC ("StockX" or "Defendant") (Plaintiff and Defendant are collectively, the "Parties" and individually, a "Party"), through their respective counsel, subject to the approval of the Court, that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Stipulated Protective Order ("Order") be entered:

IT IS HEREBY ORDERED THAT:

A.    <u>Information To Be Protected as Confidential.</u>

1.    There are three designations of documents or things and oral testimony that can receive the protection of confidentiality by the Court in this action pursuant to this Order, that is, those designated (a) "CONFIDENTIAL," (b) "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or (c) "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Any materials labeled or testimony denoted with either designation and the information contained within those materials (collectively, "CONFIDENTIAL INFORMATION") shall not be used by any Party, person, or nonparty entity except in accordance with the terms of this Order. All documents, or things or oral testimony including, but not limited to, CONFIDENTIAL INFORMATION, produced or exchanged in connection with this Litigation, shall be used for

purposes of this litigation only and for no other purpose (including, but not limited to, any business, commercial, or competitive purpose) and shall not be used in any other action or proceeding without either the written agreement of the Party producing the documents or things or oral testimony or further order of the Court.  A Person (meaning any natural person or legal entity or association of any kind or nature) or Party designating material as CONFIDENTIAL INFORMATION shall hereinafter be referred to as the "Producing Party."  A Party receiving the CONFIDENTIAL INFORMATION shall hereinafter be referred to as the "Receiving Party."

2.      A document, thing, or oral testimony may be designated as "CONFIDENTIAL" if it contains confidential or proprietary technical or scientific information or know-how, information which if disclosed would constitute an invasion of personal privacy, or which could endanger the life or safety of any person, or other non-public confidential, commercially sensitive information, including, but not limited to, business, strategy, marketing, financial, research, development, technical, personnel, or customer or supplier information.

3.      A document, thing, or oral testimony may be designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only if it contains trade secret or particularly sensitive non-public and confidential personal, proprietary, or commercially sensitive information that the Producing Party reasonably and in good faith believes would harm the personal, commercial, financial, strategic, or business interests of any Producing Person or its employees, customers, or clients if disclosed to the other parties in this Litigation, or would create a risk of injury to a Producing Person that would not exist in the absence of such disclosure.  In addition to the preceding, a document, thing, or oral testimony may be designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" where the Producing Party reasonably and in good faith believes it contains trade secret or particularly sensitive non-public

and confidential personal, proprietary, or commercially sensitive information related to the Producing Party's: (i) future plans for marketing and selling goods and services using the trademarks at issue in this Litigation; (ii) pricing strategy or methodology for the sale of goods and services using the trademarks at issue in this Litigation; or (iii) anticounterfeiting and brand protection measures, including methods used to identify counterfeit, grey market, and/or other unauthorized goods.   Counsel may supplement the foregoing categories of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information through mutually acceptable agreement in writing, without further order of the Court.

4.      Any document or thing (or a copy or reproduction thereof) produced by any Party or nonparty in response to any request for production or subpoena duces tecum in this action may be designated for confidentiality within the meaning of this Order by marking the face of each document or prominently on the thing with the word "CONFIDENTIAL" or the phrases "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY," as specified in Paragraphs 2 and 3 above, and the entire document or thing shall be so designated and subject to the protections of this Order.  If a good faith basis exists, a Party may redact certain portions of materials designated as containing CONFIDENTIAL INFORMATION, including, without limitation, to the extent such materials contain highly sensitive and/or personally identifiable information (e.g., social security numbers, taxpayer identification numbers, driver's license numbers, bank account numbers, passport numbers, passwords, biometric information, health information protected by HIPAA, etc.).   Other information provided through discovery, including, but not limited to, all or any part of discovery papers such as interrogatory responses, responses to requests for admissions, answers to deposition questions, information disclosed at hearings, information obtained from inspection of premises or

things, and pleadings, motions, briefs, other court papers, and other material generated in the course of this action, including, but not limited to correspondence between counsel, summaries, notes, abstracts or other instruments that comprise, embody, summarize, discuss, or quote from any documents produced in this action, similarly may be designated as CONFIDENTIAL INFORMATION subject to the protections of this Order.  A Producing Party may designate as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY any CONFIDENTIAL INFORMATION that has already been produced by notifying the Party to whom the production has been made in writing that such CONFIDENTIAL INFORMATION is CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY from the date of notification onward.  However, no Party shall be deemed to have breached this Order by means of any disclosure or use that was proper at the time prior to receiving such notification.

5.      Deposition testimony may be designated as CONFIDENTIAL INFORMATION within the meaning of this Order: (i) at any deposition session, by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within thirty (30) days after receiving a copy of the transcript thereof as set forth in subparagraph 5(b), below; and in both of the foregoing instances, by directing the reporter that the appropriate confidentiality legend be affixed to each page and all portions of the original and all copies of the transcript containing any CONFIDENTIAL INFORMATION. Only those portions of the transcripts designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY in this action shall be deemed CONFIDENTIAL INFORMATION; provided that the failure to designate

Testimony as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY during a deposition session does not constitute a waiver of the right to so designate testimony, and a Producing Person may so designate testimony after such testimony has been taken pursuant to this paragraph. Counsel may modify this procedure for any particular deposition, through mutually acceptable agreement on the record at such deposition, without further order of the Court.

(a)     Counsel for the Producing Party shall have the right to exclude from oral deposition any person not authorized by this Order to receive information designated as CONFIDENTIAL INFORMATION, but such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising CONFIDENTIAL INFORMATION.  The failure of such other persons to comply with a request of this type shall constitute justification for counsel to advise the witness that he or she need not answer the question.

(b)     The transcript of any deposition and all exhibits or attachments shall be considered protected as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY from the date of the deposition until thirty (30) calendar days thereafter.  During the thirty (30)-calendar-day period, either Party may designate by page and line number the portions of the transcript and any specific exhibits or attachments that are to be treated as protected, by electing to designate them as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.  If no such designations are made and no such written notice of those designations is provided to the opposing Party within the thirty (30)-calendar-day period, then the entire transcript and exhibits will be considered unprotected, with the exception of those exhibits previously designated as CONFIDENTIAL INFORMATION.

6.     By   receiving   material   designated   as   CONFIDENTIAL,   HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, the Receiving Party does not thereby concede or otherwise accept that such information is in fact CONFIDENTIAL INFORMATION, but merely agrees to abide by the terms described in this Order with regard to that information.  A Party objecting to any such CONFIDENTIAL INFORMATION designation, shall follow the procedure set forth in Paragraph 18 below to resolve any such objection.

B.     Information Not To Be Protected as Confidential.

6.     Notwithstanding the designation of any materials as any type of CONFIDENTIAL INFORMATION, those materials shall not be deemed confidential and shall not be subject to this Order if the content or substance thereof:

(a)     is, or becomes, public knowledge, other than through violation of the terms of this Order;

(b)     was already in the possession of the Receiving Party before it received the CONFIDENTIAL INFORMATION from the Producing Party;

(c)     is disclosed by a Receiving Party or nonparty pursuant to a legally binding order from a Court of competent jurisdiction, following prompt written notice to the Producing Party that allowed the Producing Party the opportunity to timely oppose the Demand before responding or producing any CONFIDENTIAL INFORMATION as set forth in Paragraph 22, below; or

(d)     is disclosed by a Receiving Party with the advanced written approval of the Producing Party.

Notwithstanding the foregoing, a Party shall not unilaterally treat as non-confidential any document or information produced as CONFIDENTIAL INFORMATION but shall instead obtain either the agreement of the Party designating the material as CONFIDENTIAL INFORMATION or utilize the procedure of Paragraph 18 below before treating as non-confidential any such document or information.

C.     Nonparty May Designate Information to Be Protected as Confidential.

7.     If any materials are obtained from any Person not a Party to this action, including, but not limited to, deposition testimony, that person or entity shall have the same rights to designate any such materials as CONFIDENTIAL INFORMATION as a Party would have, and the use of those materials by the Parties shall be governed in all respects by this Order, provided, however, that the nonparty person or entity agrees to be bound by the terms hereof by signing the affidavit attached to this Order as **Exhibit A.**  The terms "Party" or "Parties" used in this Order shall be deemed to include any such nonparty to the extent necessary or appropriate to effectuate the terms of this paragraph.  Each Party seeking discovery from any nonparty by subpoena shall serve a copy of this Order along with the subpoena.

D.     Persons Who Have Access to Information to be Protected as Confidential.

8.     Subject to the additional requirements of Paragraph 13, materials designated by a Party as "CONFIDENTIAL" may be disclosed only to: (a) the Receiving Party's outside counsel and in-house counsel, including support staff reasonably necessary to assist that counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction; (b) officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation (excluding those set forth in the preceding subparagraph (a)); (c) independent and

technical experts and consultants and their staff who are retained by any Party or Party's counsel to assist in this action, but only to the extent reasonably necessary to perform such work, and who are not current employees of a Party or of a Party's affiliate; (d) those persons who will testify at a deposition or at trial of this action and whose testimony involves those materials; (e) any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting; (f) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians); (g) this Court and Court staff; (h) any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator; and (i) such other persons as agreed upon by the Parties in writing, or after the Parties having been heard, such persons that the Court deems necessary for the efficient and proper adjudication of this action.

9.      Subject to the additional requirements of Paragraph 13, materials designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" by a Party may be disclosed <u>only</u> to: (a) the Receiving Party's outside counsel and no more than two (2) members of the Receiving Party's in-house counsel who are specifically identified herein as follows:  (i) for StockX: Kevin Adams and Shannon Egan; (ii) for Nike: Brian Fogarty and Kimberly Van Voorhis; (b) support staff reasonably necessary to assist  the Receiving Party's outside counsel and in-house counsel set forth in preceding subparagraph (a) and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction; (c) independent and technical experts and consultants and their staff who are retained by any party or Party's counsel to assist in this action, but only to the extent reasonably

necessary to perform such work, and who (i) are not current employees of a Party or of a Party's affiliate, and (ii) at the time of retention, are not anticipated to become employees of a Party or of a Party's affiliate; (d) those persons who will testify at a deposition or at trial of this action concerning materials designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" that they created or that had been disclosed to them prior to this litigation or in accordance with the terms of this Order; (e) any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes, an attendee of the meeting; (f) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians); (g) the Court and Court staff; (h) any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator; and (i) such other persons as agreed upon by the Parties in writing, or after the Parties having been heard, such persons that the Court deems necessary for the efficient and proper adjudication of this action.

10.     Subject to the additional requirements of Paragraph 13, materials designated by a Party as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may be disclosed only to: (a) the Receiving Party's outside counsel, including support staff reasonably necessary to assist that counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction; (b) independent and technical experts and consultants and their staff who are retained by any Party or Party's counsel to assist in this action, but only to the extent reasonably necessary to perform such work, and who are not current employees of a Party or of a Party's affiliate; (c) those persons who will testify at a deposition or at trial of this action and whose

testimony involves those materials; (d) any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting; (e) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians); (f) this Court and Court staff; (g) any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator; and (h) such other persons as agreed upon by the Parties in writing, or after the Parties having been heard, such persons that the Court deems necessary for the efficient and proper adjudication of this action.

11.    In addition to those persons described in Paragraphs 8-10 above who may receiving CONFIDENTIAL INFORMATION, (a) a present employee or representative of a Party may be examined and may testify concerning all documents and information designated as CONFIDENTIAL INFORMATION by that Party; and (b) a former employee, associate, representative, or consultant of a Party may be examined and may testify at a deposition concerning any documents or information designated as CONFIDENTIAL INFORMATION by that Party, which was dated or created during, or which pertains to, the period during which that witness was employed by, associated with, representative of, or consultant to that Party.

E.    <u>Additional Requirements Concerning Disclosure to Certain Persons.</u>

12.    Prior to disclosure of or providing access to CONFIDENTIAL INFORMATION by any Party or its counsel to any person described in Paragraphs 8-11, above, the person shall be informed of the existence of this Order and provided with a copy to read.  The person will then certify in writing that he or she has read and understood the Order and that the terms shall be binding on the individual, in the form attached to this Order as **Exhibit A**.  Each person who

receives any such CONFIDENTIAL INFORMATION agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to his or her performance under, compliance with, or violation of this Order. No person shall receive any CONFIDENTIAL INFORMATION or access to it until the Party or counsel proposing to disclose the information has received the signed affidavit from that person. Counsel for each Party shall collect the signed affidavits and shall retain the originals until the conclusion of this action. The undersigned counsel shall maintain a list of those persons to whom any such CONFIDENTIAL INFORMATION has been disclosed, and that the list shall be available for inspection upon its request.

13.     If this Court orders that access to or dissemination of any type of CONFIDENTIAL INFORMATION shall be had by or made to persons not included in Paragraphs 8-12 above, that CONFIDENTIAL INFORMATION shall be accessible to or disseminated to only those persons based on the conditions pertaining to and the obligations arising from this Order, and those persons shall sign the affidavit in the form attached to this Order as Exhibit A, and, in all other respects, shall be considered subject to this Order.

F.      Briefs and Other Papers Filed with the Court.

14.     When any CONFIDENTIAL INFORMATION is filed with the Court, it shall be filed under seal in accordance with the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the S.D.N.Y. Electronic Case Filing Rules & Instructions, and Judge Caproni's Individual Rules & Practices in Civil Cases, unless otherwise directed by the Court.

G.      Inadvertent Disclosure.

15.     No Waiver. Inadvertent disclosure of information, which a Party intended to designate as CONFIDENTIAL INFORMATION protected under this Order, by any Party to any

person or organization not authorized to receive such information under this Order shall not constitute waiver of any right to claim the information, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, as so protected and to request its immediate return or designation as protected upon discovery of the error.

16.     Notification.  A Producing Party must notify the Receiving Party, in writing, that it has disclosed that CONFIDENTIAL INFORMATION without intending a waiver by the disclosure.   Upon receipt of such notification, the Receiving Party shall comply with the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), and provide a written certification that it will cease further review, dissemination, and use of the CONFIDENTIAL INFORMATION.

17.     502(d) Order.  The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

H.     Discovery of Disclosure to Unauthorized Persons.

18.     If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must promptly on discovery bring all pertinent facts relating to that disclosure to the attention of counsel for all

Parties and, if appropriate, to the Court, and, without prejudice to other rights and remedies of any

Party, take reasonable and appropriate measures to prevent further disclosure by it or by the person

who was the recipient of that CONFIDENTIAL INFORMATION.

I.      Challenges to Designations as Protected.

19.      If the Parties or their counsel disagree as to whether certain information should be

protected under this Order, they are obligated to negotiate in good faith regarding the designation

by the Producing Party.  In the event that a Receiving Party objects to the designation hereunder

and seeks the removal or modification of any such designation, then the Receiving Party may

notify the Producing Party of that objection in writing at any time.  If the Producing Party disagrees

with the objection in whole or part, then it shall so notify the Receiving Party within ten (10)

business days after receiving the objection.  If the Producing Party does not so notify the Receiving

Party within the ten (10)-business-day notice period, then each designation in question shall be

deemed removed or modified in accordance with the objection.  If the Producing Party has given

written notice in accordance with this paragraph, and the Parties have not resolved all the

objections by mutual agreement, then the Receiving Party seeking to remove or modify the

designation of any document or information as CONFIDENTIAL INFORMATION shall have the

burden of applying to the Court for an order granting it corresponding relief from the applicable

restrictions of this Order.  On any such motion, the burden of persuasion shall be on the Producing

Party to establish good cause for prohibiting the disclosure or sustaining the designation in issue.

Unless and until such relief is granted, the documents and information in question shall remain

protected hereunder.

J.     Handling of Confidential Information.

20.     Disclosure of CONFIDENTIAL INFORMATION is intended only to facilitate the prosecution or defense of this action.  The recipient of any CONFIDENTIAL INFORMATION disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in securing, handling, storing, using, or disseminating CONFIDENTIAL INFORMATION in a manner reasonably calculated to prevent disclosure of CONFIDENTIAL INFORMATION to any persons not authorized under this Order.

21.     CONFIDENTIAL INFORMATION shall not be copied or reproduced except to the extent that copying or reproduction is reasonably necessary for the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order.

K.     Demands from Federal, State, or Local Governments or Agencies.

22.     In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand, or other legal process or request, including, but not limited to any such subpoena, demand, or request from any federal, state, or local government or any of their agencies seeking disclosure or production of any CONFIDENTIAL INFORMATION, such entity or person shall give written notice of such request to all Parties within five (5) business days of receipt of the request and shall provide a copy of such subpoena, demand, process, or request to all Parties and shall inform the entity issuing or seeking a court to issue such subpoena, civil investigative demand, or other process or request that any such information or documents sought are confidential and subject to this Order.

L.     Handling of Confidential Information After Termination of This Action.

23.     Within sixty (60) calendar days after the final termination of this action, the Parties and their attorneys shall return to each Producing Party or shall destroy all documents or things

that constitute, contain, discuss, or refer to in any way CONFIDENTIAL INFORMATION disclosed during the action, except that (i) outside trial counsel for each Receiving Party may retain one archival copy of CONFIDENTIAL INFORMATION produced by the Producing Party, a reasonable number of copies of briefs, demonstrative exhibits, and the like derived from that CONFIDENTIAL INFROMATION; and (ii) a Receiving Party may retain CONFIDENTIAL INFORMATION that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided, however, that such information shall remain CONFIDENTIAL INFORMATION subject to this Order.

M.    Handling of Confidential Information at Trial.

24.    Nothing herein shall preclude the offer or admission in evidence at trial of CONFIDENTIAL INFORMATION.

N.    Other Rights of the Parties and Counsel.

25.    Nothing in this Order shall prevent a Party from using or disclosing its own CONFIDENTIAL INFORMATION.

26.    Nothing in this Order shall prevent the Parties from mutually agreeing to the use or disclosure of CONFIDENTIAL INFORMATION other than as permitted by this Order.

27.    Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of documents or information designated as CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, counsel shall not make any disclosure of such CONFIDENTIAL INFORMATION.

28.     Nothing herein shall preclude the filing by any Party of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

29.     By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

O.     <u>Court's Jurisdiction After Termination of the Action.</u>

30.     This Court shall retain jurisdiction of the Parties hereto indefinitely, even after termination of this action, regarding any dispute between them respecting improper use or disclosure of CONFIDENTIAL INFORMATION under protection of this order.

**SO STIPULATED.**

Dated:  July 14, 2022


*/s/ Tamar Y. Duvdevani*                       */s/ Megan K. Bannigan*

| | |
|---|---|
| Tamar Y. Duvdevani | Megan K. Bannigan |
| Marc E. Miller | David H. Bernstein |
| Andrew J. Peck | Jyotin Hamid |
| Jared Greenfield | Justin Ferrone |
| **DLA Piper LLP (US)** | Kathryn C. Saba |
| 1251 Avenue of The Americas, 27th Fl. | **Debevoise & Plimpton LLP** |
| New York, NY 10020 | 919 Third Avenue |
| Telephone: (212) 335-4500 | New York, New York, 10022 |
| Facsimile: (212) 335-4501 | Telephone: (212) 909-6000 |
| | |
| Michael Fluhr | Christopher S. Ford |
| **DLA Piper LLP (US)** | **Debevoise & Plimpton LLP** |
| 555 Mission Street, Suite 2400 | 650 California Street |
| San Francisco, CA 94105 | San Francisco, CA 94108 |
| Telephone: (415) 836-2500 | Telephone: (415) 738-5705 |
| Facsimile: (415) 836-2501 | |
| | David Mayberry |
| *Attorneys for Plaintiff Nike, Inc.* | Rob Potter |
| | **Kilpatrick Townsend & Stockton LLP** |
| | 1114 Avenue of the Americas |
| | New York, New York 10036 |
| | Telephone: (212) 775-8733 |
| | |
| | Jeffrey B. Morganroth |
| | **Morganroth & Morganroth, PLLC** |
| | 344 N. Old Woodward Ave, #200 |
| | Birmingham, MI 48075 |
| | Telephone: (248) 864-4001 |
| | |
| | *Attorneys for Defendant StockX LLC* |


**PURSUANT TO STIPULATION, IT IS SO ORDERED**.


Dated:  _____         _____

                           U.S. District Court Judge

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE INC., | Civil Action No.: 1:22-cv-00983-VEC |
| Plaintiff, | |
| v. | |
| STOCKX LLC, | |
| Defendant. | |

### AFFIDAVIT OF [*Name of Affiant*]

I, [*Name of Affiant*], being duly sworn upon oath and based upon my person knowledge, depose and say that I have read the attached Stipulated Protective Order, entered _____, 2022, concerning the exchange of CONFIDENTIAL INFORMATION in the above-identified action, understand it, and agree to be bound by its terms.  I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of enforcing that Stipulated Protective Order and this Affidavit by contempt proceedings or other appropriate judicial remedies.

_____
[Name of Affiant]

Sworn to before me this _____
Day of _____, 20_____.

_____Notary Public