

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

September 15, 2022

The Hon. Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 00983 (S.D.N.Y.) – Joint Status Update and Request for Extension of the Discovery Schedule

Dear Judge Caproni:

Pursuant to the Court's April 11, 2022, Civil Case Management Plan and Scheduling Order (Dkt. No. 25), Plaintiff Nike, Inc. ("Nike") and Defendant StockX LLC ("StockX" and together with Nike, the "Parties") respectfully submit this joint letter to update the Court on the status of discovery and to respectfully request an extension of the discovery schedule for good cause shown pursuant to Paragraph 9 of the Court's Civil Case Management Plan and Scheduling Order (Dkt. No. 25) and Section 2(C) of the Court's Individual Practices in Civil Cases.

**Discovery Status Update**

The Parties are proceeding through fact discovery. Since our August update, StockX served its Third Set of Requests for Production and Third Set of Interrogatories on August 19, 2022, and its Fourth Set of Requests for Production on August 31, 2022. Nike will serve its responses to StockX's Third Sets of Requests for Production and Interrogatories by September 19, 2022 and to StockX's Fourth Set of Requests by September 30, 2022. StockX served its Responses and Objections to Nike's Third and Fourth Sets of Requests for Production on August 24, 2022, and September 12, 2022, respectively. Nike served its Third Set of Interrogatories on August 26, 2022 and six Rule 30(b)(1) Deposition Notices on September 12, 2022. StockX will serve its responses to Nike's Third Set of Interrogatories by September 26, 2022. Nike also served Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on third-parties Zadeh Kicks LLC and Puma North America, Inc., on August 25, 2022, and September 9, 2022, respectively.

The Parties' agreed deadline to substantially complete production of documents in response to the other's First and Second Sets of Requests for Production was August 31, 2022, with StockX producing 30,473 documents and Nike producing 4,596 documents responsive to those requests. The Parties will continue to produce documents on a rolling basis, including any remaining documents responsive to the other's First and Second Sets and documents responsive to the other's Third and Fourth Sets of Requests.

A discovery dispute is currently pending before Magistrate Judge Netburn, and while the Parties continue to meet and confer to attempt to resolve issues surrounding the scope of responses and objections to the Parties' discovery requests, most recently on September 14, 2022, the Parties may require the assistance of the Court in light of other brewing discovery disputes prior to the next

The Hon. Valerie Caproni                              2                          September 15, 2022

scheduled status update.  The Parties will raise any discovery disputes ripe for Court intervention prior to September 22, 2022 pursuant to the Court's Amended Order Referring the Case to Magistrate Judge Netburn for discovery disputes (Dkt. No. 59) and will thereafter continue to follow Section 3(B) of the Court's Individual Practices in Civil Cases.

**Joint Application to Modify the Civil Case Management Plan and Scheduling Order**

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" inquiry is primarily focused upon the diligence of the movant.  *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party.") (citations omitted).  "To satisfy the good cause standard 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.'"  *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quoting *Sokol Holdings, Inc. v. BMD Munai, Inc.*, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)).

As demonstrated above and in the prior monthly status reports (Dkt. Nos. 34, 42, 53, and 54), the Parties have worked diligently and cooperatively in an effort to complete discovery prior to the October 15, 2022 deadline set forth in the Scheduling Order (Dkt. No. 25).  The Parties have timely served robust written discovery requests and produced documents in response thereto.  The Parties are working cooperatively to agree on appropriate dates for substantial completion of remaining document production to ensure that depositions proceed efficiently.  The Parties have also been working cooperatively and in good faith to reach negotiated resolutions on most discovery issues without the need for Court intervention.

Notwithstanding those efforts, and the Parties' keen recognition that this Court does not take requests for modifications of the discovery period lightly, the Parties have conferred and agreed that additional time is necessary to complete discovery in this case, which has significantly expanded in scope since the Court set the current discovery schedule.  In particular, Nike's May 25, 2022 First Amended Complaint (Dkt. No. 37) includes Causes of Action for false advertising and counterfeiting.  Those claims and StockX's First Amended Answer (Dkt. No. 41) and Affirmative Defenses thereto have significantly enlarged documentary discovery and added additional witnesses not contemplated at the time the currently applicable Scheduling Order was entered following the April 11, 2022 Initial Pretrial Conference.

The parties are continuing to exchange discovery requests and responses (including third-party discovery) concerning those claims and defenses.  The Parties require sufficient time to collect and review additional documents that may be responsive to the other's Third and Fourth Sets of Requests.  The Parties then anticipate needing additional time to take depositions, many of which involve out-of-state witnesses, and potentially non-party out-of-state witnesses.  The Parties will also work cooperatively to schedule and complete depositions efficiently during the proposed amended fact discovery period, regardless of the status of any outstanding requests for production.  Moreover, the amended claims and defenses will require the use of multiple additional expert witnesses, thereby expanding the scope of expert discovery as well.

Accordingly, to effectively complete discovery on all of claims and defenses at issue, the Parties jointly propose and respectfully submit that good cause exists for modifying the Scheduling

The Hon. Valerie Caproni  3  September 15, 2022

Order by extending the deadline for the completion of all fact discovery from October 15, 2022, to **January 20, 2023**, extending the deadline for the completion of all expert discovery from January 15, 2023, to **May 5, 2023**, and moving the next pretrial conference from October 28, 2022 to **February 3, 2023 at 10:00 AM**.  Attached as Exhibit A is a proposed order amending the applicable Civil Case Management Plan and Scheduling Order to reflects the adjusted deadlines that have been agreed to by both parties.

This is the Parties' first request for an extension of the discovery schedule.  This case has not yet been set for trial and no deadlines have been set for motions for summary judgment or to exclude expert testimony.

The Parties thank the Court for its attention to this matter.

Respectfully submitted,

<u>/s/ Tamar Y. Duvdevani</u>
Tamar Y. Duvdevani
Andrew J. Peck
Marc E. Miller
Jared Greenfield
**DLA Piper LLP (US)**
1251 Avenue of The Americas, 27th Fl.
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Michael Fluhr
**DLA Piper LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Telephone: (415) 836-2500
Facsimile: (415) 836-2501

*Attorneys for Plaintiff Nike, Inc.*

<u>/s/ Megan K. Bannigan</u>
Megan K. Bannigan
David H. Bernstein
Jyotin Hamid
Justin C. Ferrone
Kathryn C. Saba
**Debevoise & Plimpton LLP**
919 Third Avenue
New York, New York, 10022
Telephone: (212) 909-6000

Christopher S. Ford
**Debevoise & Plimpton LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700

David Mayberry
Rob Potter
**Kilpatrick Townsend & Stockton LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8733

Jeffrey B. Morganroth
**Morganroth & Morganroth, PLLC**
344 N. Old Woodward Ave, #200
Birmingham, MI 48075
Telephone: (248) 864-4001

*Attorneys for Defendant StockX LLC*