UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NIKE, INC.,

                                          **Plaintiff,**

                 -against-

STOCKX, LLC,

                                          **Defendant.**
-----------------------------------------------------------------X

22-CV-00983 (VEC)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/9/2023

**SARAH NETBURN, United States Magistrate Judge:**

      On December 12, 2022, the parties filed letters raising various discovery disputes. ECF Nos. 80, 83. The Court held a conference on December 14, 2022, and requested additional briefing concerning StockX's demands for information and documents related to Nike's revenue from the sale of NFTs, digital sneakers and actual sneakers. ECF No. 85. The parties filed their letters on December 19, 2022. ECF Nos. 90, 91.

      StockX argues that Nike should be compelled to produce this revenue-related discovery based on Nike's theory that StockX has been unjustly enriched through its conduct. Specifically, StockX contends that Nike's Seventh Cause of Action for false advertising seeks disgorgement of StockX's profits for Vault NFTs and Nike sneakers advertised as "100% Verified Authentic." StockX relies on Nike's initial disclosures, in which Nike represented that it was pursuing a false advertising disgorgement remedy based on an unjust enrichment theory, stating: "StockX has also been unjustly enriched and profited in an amount to be determined through discovery." StockX argues that the Court of Appeals and district courts in this Circuit require a plaintiff to produce evidence establishing that *its* sales were diverted to a defendant to establish an unjust

enrichment remedy. See Burndy Corp. v. Teledyne Indus., Inc., 748 F.2d 767, 772 (2d Cir. 1984); Life Indus. Corp. v. Ocean Bio-Chem, Inc., 827 F. Supp. 926, 933 (S.D.N.Y. 1993).

In response, Nike first represents that it is not seeking any monetary relief (only injunctive relief) related to StockX's NFTs. For that reason alone, it argues that discovery into its NFT-related[1] revenue is not relevant to any claim or defense. The Court agrees with this position, and Nike's objections to RFP Nos. 54-56 and Notice Topic 15 are sustained.

Second, with respect to Nike's false advertising and counterfeiting claim, Nike argues that *its* revenue is not relevant for two reasons: (i) it seeks statutory, not actual, damages for the sale of counterfeit Nike shoes; and (ii) it does not need to prove that StockX's conduct diverted revenue from Nike to be awarded damages for StockX's false advertising. The Court agrees with Nike, and its objections to Notice Topic 16 are sustained.

In brief, Burndy does not stand for the sweeping proposition that StockX assigns. Indeed, even in Burndy, the Court of Appeals recognized that damages "may be recoverable in a false designation of origin case even when the plaintiff's and defendants' products do not compete directly." Burndy, 748 F.2d 771, n.1 (citing Springs Mills, Inc. v. Ultracashmere House, Ltd., 724 F.2d 352, 357 (2d Cir. 1983)). Thus, to prevail on its false advertising claim and be awarded unjust enrichment profits, Nike does not need to establish that StockX's sales diverted sales from Nike – it will be sufficient to show that the StockX sales were ill-gotten. Finally, StockX suggests that it is entitled to this information to assist the trier of fact, arguing that evidence that Nike's sales may not have been diminished would be "highly relevant – even dispositive" to Nike's claims for damages. But Nike does not compete in the secondary market (where StockX

---

[1] At a conference conducted on December 30, 2022, the Court denied discovery into Nike's "Digital Sneakers," which includes, for example, virtual sneakers available for use in video games.

does) and so the fact that Nike continued to sell Air Jordans at a stable rate tells the trier of fact nothing about whether StockX was unjustly enriched by selling fakes.

Accordingly, Nike's objections are sustained and StockX is precluded from seeking the revenue-related discovery.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: January 9, 2023
New York, New York