

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/11/2023

January 4, 2023
V<small>IA</small> ECF

The Honorable Sarah Netburn
United States District Court, SDNY
40 Foley Square, Room 219
New York, New York 10007

Re:   *Nike, Inc. v. StockX LLC*, Case No. 1:22-cv-00983-VEC (S.D.N.Y.)

**Dear Judge Netburn:**

Plaintiff Nike, Inc. ("Nike") respectfully submits this letter pursuant to the Court's December 30, 2022 Order regarding the dispute over Nike's redactions to content in two documents: NIKE0039801 and NIKE0040131. Copies of these documents have been submitted to the Court under separate cover for *in-camera* review.

The two subject documents, properly produced as "Highly Confidential – Outside Counsel Eyes Only" under the Protective Order, are slide decks that primarily concern Nike's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As Nike has previously explained to the Court, this type of anti-counterfeiting documentation is some of Nike's most closely guarded and highly commercially sensitive information. Given the claims and defenses in this action, Nike did not redact from the documents any content related to Nike's anti-counterfeiting methodology.

Nike has good cause for the challenged redactions, all of which concern ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. In particular, Nike judiciously redacted from the two slide decks information about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The redacted content accounts for far less than half of the information contained in the documents and is decidedly not relevant to the claims and defenses at issue. In fact, this Court held less than a month ago that information and documents related to Nike's Grey Market Management program is not relevant to the claims and defenses at issue in this case and denied StockX's motion to compel production of the same. (Dkt. 95, Dec. 14, 2022 Hr'g Electronic Sound Recording Tr. at p. 20). Specifically, this Court held that "the documents related to the gray goods market or the backdoor market," were not relevant based "on the representation from Nike counsel that that is not part of the counterfeit 'allegations' against StockX." (*Id*.) This Court did not require Nike to produce this information on December 14, 2022, nor should it do so now.

In addition to being irrelevant, this information is highly commercially sensitive and Nike would be harmed by the disclosure of it to StockX. Although grey goods are not at issue in this litigation,

as Nike noted during the Dec. 14 hearing, StockX is presently ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ (Dkt. 95, Dec. 14, 2022 Hr'g Electronic Sound Recording Tr. at p. 18). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Given this fact, even if the documents are designated as Outside Counsel Eyes Only, the risk of inadvertent disclosure to StockX is too great.

Moreover, StockX "has not established a sufficient need for the discovery," (Dkt. 65), of information underlying the redactions. StockX cannot put forth any showing of particularized need because the redacted information concerns irrelevant and highly sensitive commercial information. While this Court also noted that "StockX can continue to explore [the grey market] issue if it chooses through publicly available discovery or a survey," (*id*.) the redacted content is neither publicly available nor does it concern any public perceptions of Nike's grey market management efforts. This information falls into the very same category of information that this Court already deemed not relevant and held need not be produced. (*Id*.)

Finally, Nike's redactions to these documents are proper for the same reason argued previously by StockX in connection with its own relevancy redactions to its draft shareholder documents. The Court may recall that StockX produced to Nike two heavily redacted "Shareholder Letters," which included redactions for responsiveness that were so extensive that they rendered the documents devoid of context and meaning. For example, in the twenty-page Q2 2021 Shareholder Letter (STX0190727), StockX redacted all but three sentences of text. Nike moved to compel the re-production of these documents in unredacted form on the grounds that StockX had not established good cause for its unilateral redaction of these admittedly responsive and relevant documents, especially given the Court's Stipulated Protective Order. (Dkt. 57.)

StockX's redacted documents, which StockX argued were commercially sensitive, could have been produced in unredacted form and designated as Outside Counsel Eyes' Only under the Protective Order. StockX however argued successfully to this Court that it had good cause to redact these documents for responsiveness because, according to StockX, the redacted information was highly commercially sensitive and not relevant to Nike's claims that StockX's Vault NFTs infringe and dilute Nike's famous trademarks. (*see* Dkt. 62 at 3 (citing *LPD New York, LLC v. Adidas Am., Inc.*, 2020 WL 6784179, at *1 (E.D.N.Y. Nov. 17, 2020)).

This Court agreed and denied Nike's motion to compel, finding that the information sought is largely irrelevant and highly sensitive commercial information and that Nike has not established a sufficient need for the discovery. (Dkt. 65). Here, Nike applied the Court's same reasoning to its production of NIKE0039801 and NIKE0040131, which contain highly sensitive commercial information that is neither relevant to Nike's claims nor StockX's defenses in this case.

In light of the Court's prior finding that responsiveness redactions are appropriate where "the information sought is largely irrelevant and highly sensitive commercial information" and the party seeking to compel such information has not shown a "sufficient need" (Dkt. 65), Nike respectfully requests that the Court sustain Nike's redactions to these documents and deny StockX's efforts to compel the production of this information.

Respectfully submitted,

*[signature: Tamar Duvdevani]*

Tamar Y. Duvdevani
*Counsel for Plaintiff Nike, Inc.*

cc: Counsel of Record via ECF

---

The Court has reviewed *in camera* the two subject documents and approves Nike's redactions.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: January 11, 2023
New York, New York

---