```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

NIKE, INC.,

                              **Plaintiff,**                22-CV-00983 (VEC)(SN)

        -against-                                    **ORDER**

STOCKX, LLC,

                              **Defendant.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      The Court has received the parties' January 6, 2023 letters raising various discovery disputes. The Court rules as follows:

      **Rule 30(b)(6) Witness Ron Faris.** StockX complains that Nike's witness was not prepared to testify about "why" Nike set its NFT prices at certain rates and "why" Nike priced its NFTs in cryptocurrency. StockX believes Nike's NFT pricing differences is relevant to the likelihood of confusion analysis. Nike contends that pricing methodology and strategies was outside the scope of Notice Topic 4. The Court finds that these sub-topics are not reasonably encompassed by Topic 4 and that the value of any strategy/methodology testimony is not sufficiently probative on the question of customer confusion to justify further deposition.

      StockX complains that Nike's witness was not prepared to testify about Nike's internal analyses on the impact of the secondary sneaker market on Nike's business (Notice Topic 12) or Nike's "plans" to enter the secondary sneaker market (Notice Topic 13). StockX contends that such testimony would be relevant to any Nike damages award because, it argues, StockX would be entitled to some sort of credit for the benefit to Nike of StockX's secondary marketplace. The Court has reviewed the relevant passages of Faris's testimony and is satisfied that the testimony

is adequate. Moreover, the purpose for which StockX seeks additional testimony is not sufficient to justify the burden of further deposition testimony on this subject.

**Nike's Data Science Documents.** Faris testified about the Data Science Team and that the team "will run analyses using the price in the secondary market." Faris Tr. 183:7-8. He was, however, unable to provide specific or detailed information about these analyses. StockX, accordingly, seeks production of reports from the Data Science Team that explain how the secondary market for sneakers affects Nike's primary sale business. Nike argues that this information is not relevant to any claim or defense. The Court, however, has already authorized discovery from Nike about the secondary marketplace and these documents meet the low standard of relevance. Accordingly, Nike must search for and produce documents held by the Data Science Team, during the relevant period, that analyze the secondary marketplace and its effect on Nike's primary sale business.

**Additional Nike Document Repositories.** StockX requests that Nike conduct additional searches of certain document repositories. Box is a cloud-based file sharing tool used by Nike employees to share files that exceed the file size limitation for email attachments. Nike reports that it has produced all hyperlinks to Box.com that were identified in relevant emails and conducted "a targeted collection of ESI from . . . the Box repositories of custodians." StockX takes issue with Nike's refusal to confirm that it has searched the Box repositories for "all potentially responsive documents." StockX, however, does not identify any known documents that were not produced or obvious gaps in the production. The Court is satisfied that Nike has met its discovery obligations and no further search is warranted.

StockX also demands that Nike search its employees WhatsApp or Telegram messages, even though they are not located on Nike servers. The parties' ESI Protocol defines "Document"

and "ESI" to include these messaging applications. ECF No. 47, III(B) & (C). It is unclear, however, that this Protocol would require a party to search such applications that are not under the custody and control of the corporate party. Nike reports that StockX has not searched its own employees' text messages despite testimony that they communicated on text platforms. The Court finds that, absent a mutual agreement, a corporate party is not required to search the private messaging applications of its employees.

**StockX Financial Documents.** The parties have reached an agreement on StockX's outstanding financial documents. The Court assumes this agreement covers the issues raised in Nike's first-filed letter. StockX has agreed to produce the responsive documents "on a rolling basis" and Nike requests "a date certain." Accordingly, StockX shall produce responsive documents on a rolling basis and complete such production by January 20, 2023.

## CONCLUSION

StockX's objections to the adequacy of the Rule 30(b)(6) witness's testimony with respect to Notice Topics 4, 12, and 13 are OVERRULED. No further deposition testimony is warranted. StockX's objections to Nike's refusal to conduct further searches of certain document repositories are OVERRULED. StockX's objections to Nike's refusal to search for certain relevant reports from the Nike Data Science Team are SUSTAINED, and Nike must produce responsive documents by January 20, 2023. StockX must produce responsive financial documents on a rolling basis and complete such production by January 20, 2023.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   January 11, 2023
         New York, New York