

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

March 20, 2023

Hon. Sarah Netburn, United States Magistrate Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 219
New York, New York 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VEC) (SN)

Dear Judge Netburn:

    Defendant StockX LLC ("StockX") submits this Letter Motion pursuant to Rule I.B of Your Honor's Individual Practices in Civil Cases to respectfully request the Court order reasonable and achievable interim deadlines for expert discovery in the above-captioned matter, which will allow the parties' experts a full and fair opportunity to consider the extensive discovery record in this case and any discovery that may yet be issued as a result of the parties' outstanding discovery disputes. StockX has conferred with Nike in an effort to reach agreement on reasonable interim deadlines, but the parties are at an impasse.

    **I.    Procedural Background**

    Interim deadlines for expert discovery have not been set in this case since the parties initially negotiated a discovery schedule in May 2022, when the only claims in this case related to StockX's Vault NFT program. At the time, the parties negotiated for opening expert reports to be due two weeks after the close of fact discovery, with rebuttal reports due approximately three weeks later, and six weeks for depositions (which included the December holidays).[1]

    Since those initial interim deadlines were negotiated, however, the scope of this case has expanded substantially. Nike filed its First Amended Complaint, adding counterfeiting and false advertising allegations to the claims at issue. The time for fact discovery has been extended three times, and the time for expert discovery was extended once as well. *See* ECF Nos. 63, 85, 131. While the parties have conferred about extensions to the overall discovery period, the parties had not previously conferred about the interim expert discovery deadlines since they were originally set in May 2022.

    During the extended fact discovery period, the parties have exchanged nearly 900,000 pages of documents; served and responded to dozens of interrogatories, including contention interrogatories; and taken 18 depositions, including two third-party depositions. Notably, a significant amount of substantive discovery has continued even since deposition testimony concluded. Since the last fact deposition of a Nike witness (on February 8, 2023), Nike has made

---

[1] The initial deadlines were for fact discovery to close on October 17, 2022; initial expert reports to be served on November 1, 2022; rebuttal expert reports to be served on December 6, 2022; and expert depositions to conclude by January 15, 2023.

four productions totaling 2,675 new documents. Likewise, since the last StockX fact witness was deposed (on February 23, 2023), StockX has made two additional productions consisting of 2,452 new documents. Although fact discovery is scheduled to close tomorrow, several fact discovery disputes remain open, including Nike's March 15 motion for additional document discovery and to reopen depositions.

II. **Reasonable and Appropriate Interim Expert Discovery Deadlines Are Necessary to Allow for Meaningful Consideration of the Fact Discovery Record**

Given the lengthy fact discovery period, and the fact that substantive discovery is being exchanged by the parties through the fact discovery deadline (and potentially after, depending on the Court's resolution of any remaining discovery disputes), it would be unreasonable and inappropriate to expect the parties' experts to be prepared to exchange opening reports within mere weeks of the fact discovery period closing. The issues in this case are complex and significant, and the parties, their experts, and ultimately the trier of fact, should not be prejudiced by an unnecessarily abbreviated discovery process.

The parties and their experts will be required to work through a substantial fact discovery record developed over eleven months, covering three separate and distinct categories of legal claims, and requests for both injunctive and monetary relief. Any schedule must also fairly account for the reality that both parties' experts (like the parties themselves and their counsel) will surely have competing obligations in other matters, including possible scheduling conflicts. StockX therefore requests that the Court enter the following schedule for interim deadlines within the expert discovery period:

- Affirmative Expert Reports Due: May 5, 2023 (45 days after the close of fact discovery);

- Rebuttal Expert Reports Due: June 2, 2023 (29 days after affirmative reports); and

- Expert Depositions: June 5 – July 14, 2023.

Notably, Nike has not identified any prejudice it would suffer through the discovery schedule proposed by StockX. Nike instead opposed StockX's proffered deadlines and proposed as an alternative a set of unjustifiably narrow interim deadlines that would have affirmative expert reports due on April 17 (less than 30 days after the close of fact discovery), rebuttal reports due on May 17, and depositions from May 22 through July 14. Nike's proffered reasoning for rejecting StockX's proposed schedule and insisting on its proposed alternative is purely hypothetical: that a lengthy deposition window may be necessary because of the possibility that there will be a dozen or more proffered experts, and holidays or vacations may render some counsel or experts unavailable. While Nike has indicated that it intends to oppose StockX's request, as Nike just recently requested a further three-week extension of the fact discovery period and is seeking still more fact discovery through its recent motion, it is difficult to understand what possible prejudice Nike would suffer from the reasonable interim expert discovery deadlines StockX proposed.

With substantive discovery materials being exchanged into the final days of fact discovery, and discovery disputes pending before the Court that may still add to the fact discovery record, the interim expert discovery deadlines should provide a reasonable period and not require experts to

hastily consider this newly produced evidence in forming their opinions. Expert discovery should not be subject to artificial scheduling limitations, and StockX's ability to mount a defense to Nike's claims should not be constrained by Nike's vacation schedules. Both parties' experts should have a full and fair opportunity to evaluate all of the recent—and perhaps still to come—discovery before submitting their opinions. If scheduling constraints around depositions were to materialize, the appropriate way to manage those issues would be through additional time in July or early August for those depositions to take place.

      In sum, there is good cause to provide both parties' experts with the appropriate time to analyze the complex factual record in this case and form their opinions after accounting for all relevant discovery. StockX believes that can be done with appropriate interim deadlines and without further extending the time to complete expert discovery but, in the event that deposition scheduling proves difficult, an extension of the expert discovery schedule would be far more appropriate than prejudicing the development of expert opinions and the parties' ability to prove or defend their case. StockX therefore respectfully requests this Court order its proposed schedule for affirmative and rebuttal expert reports as set forth above.

Respectfully submitted,

*/s/ Megan K. Bannigan*

Megan K. Bannigan

cc        All counsel of record (via ECF)