

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

March 24, 2023
VIA ECF

The Honorable Sarah Netburn, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

Re:    *Nike, Inc. v. StockX LLC*, Case No. 1:22-cv-00983-VEC (S.D.N.Y.)

Dear Judge Netburn:

Nike respectfully submits this letter in opposition to StockX's March 21, 2023 Letter-Motion (Dkt. 144, the "Motion"). For the reasons below, the Court should deny the Motion in its entirety.

I.    **Nike's Production is Complete and Complies with the Court's Prior Orders**

   A.    ***Nike produced all relevant, non-privileged information regarding its investigation and discovery of StockX's sales of counterfeit "Nike" products***

Nike's investigation into StockX's sale of counterfeit "Nike" products was straightforward: ███████████████████████████████████████████████████████████████████████ Nike produced all non-privileged documents related to this process months ago. Three Nike witnesses testified about this process for nearly 20 collective hours in January and February 2023. Nike has not withheld any non-privileged information about this process, nor does it have any motivation to do so: this information alone is sufficient to find StockX liable for counterfeiting.

Throughout discovery, StockX has questioned the sufficiency of Nike's discovery and pushed unfounded theories contradicted by the adduced evidence. StockX questioned Nike BP witnesses for hours about irrelevant topics, probing for irrelevant documents, but the Nike BP witnesses answered those questions anyway. Nike even produced two such documents (Exs. F & G to the Motion) to satisfy StockX, despite Nike's relevancy objections.[1] StockX now, in an irresponsible attempt to impugn Nike, grossly mischaracterizes those documents and ignores the testimony clearly explaining their purpose. StockX also misstates Nike's counsel's December 14, 2022

---

[1] StockX contends incorrectly that these two documents were responsive to its RFP No. 86 and that Nike therefore improperly withheld them. Even if, *arguendo*, they are responsive, Nike objected to producing documents responsive to RFP No. 86 on September 30, 2022. StockX complained about this objection on November 18, 2022, the parties met and conferred, and Nike maintained its objection. StockX did not further challenge Nike's objection.

truthful statements to the Court that Nike does **not** have documents for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 7 at 21:4-21), which Nike's BP witnesses also confirmed repeatedly under oath during their depositions. (*See infra*.)

*Nike's "Authentication" Process*: Nike BP witnesses testified about the process to determine whether a product is counterfeit, the same process that determined the products sold by StockX are counterfeit. (Ex. 1 at 298:14-299:5, 305:8-11; Ex. 2 at 189:16-24, 190:11-16; Ex. 3 at 202:13-16). Unlike StockX, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 1 at 16:2-11; Ex. 3 at 274:6-275:22.) As a result, again unlike StockX, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 4.) As repeatedly explained to StockX's counsel, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 5 at ¶ 7.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶ 8.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶ 8.) ▮▮▮▮▮▮▮▮▮▮ (Ex. 1 at 216:11-217:9); Nike produced this ▮▮▮▮▮▮ document months ago.

Nike's witnesses also testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 1 at 206:7-207:8; Ex. 3 at 60:15-61:3; Ex. 5 at ¶ 9.) Nike's witnesses repeatedly confirmed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[2] (Ex. 3 at 41:13-16; Ex. 1 at 212:25-213:9.) Nike thus accurately told the Court that it does **not** have documents related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 7 at 21:4-21; Ex. 5 at ¶ 5.)

StockX knows that Exhibits F and G to its Motion (Dkt. 144-6; Dkt. 144-7) are **not** documents related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 5 at ¶¶ 10-11.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶¶ 11-13.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 5 at ¶¶ 11-13; Ex. 2 at 22:18-24:14; Ex. 3 at 141:2-7); ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 5 at ¶¶ 10-13.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Throughout discovery and now before this Court, StockX conflates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Exs. 4, 6.) As Nike previously explained to this Court, StockX's contention that Nike ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ at issue here is a myth with no basis in fact.

███████████████████ (Ex. 5 at ¶ 14.) This document is thus irrelevant and does not establish StockX's outrageous claim that Nike was not truthful with this Court, and StockX knows that.

████████████████████████████████████████████████████████████████████████ (Ex. 5 at ¶ 10; Ex. 1 at 254:6-256:15.) ████████████████████████████████████████

████████ Like Exhibit F, this document is irrelevant and does not contradict Nike's representations.

***Nike's Digital Enforcement***: Contrary to StockX's misstatements of Nike testimony, Nike's ████████████████████████████████████████████████████████████ (Ex. 1 at 102:25-103:5.) Rather, ████████████████████████████████████████████████ (Ex. 3 at 42:25-43:5, 44:8-19.) For example, ████████████████████████████████████████████████████ (*Id*. at 37:22-38:25, 52:6-53:5.) This has nothing to do with StockX, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. (*Id*. at 72:17-20.) These documents are thus entirely irrelevant to this case.

***Documents related to Grey Market issues***: Contravening the Court's December 14, 2022 ruling (Ex. 7 at 52), StockX again seeks to pry into ████████████████ Nike's witnesses explained that, ████████████████ (Ex. 1 at 290:4-8.) ████████████████████████████████████████ and the non-privileged documents on that were produced long ago.

      B.    ***Nike produced documents pertaining to counterfeits on other marketplaces***

Pursuant to the Court's December 14, 2022 Order, Nike produced numerous documents and reports concerning ████████████████ StockX's charge that Nike violated this Order is meritless, and its "entitled" demand for unfettered discovery into Nike's awareness of suspected counterfeits on ***any*** online marketplace, ***anywhere*** in the world, at ***any*** time, is as unreasonable as it is irrelevant. ████████████████████████████████████████████████████████████████████████ (Ex. 3 at 70:12-22). As discussed above, ████████████████████████████████████ (Ex. 3 at 221:24-223:19.) ████████████████ (Ex. 3 at 215:18-25; Ex. 1 at 223:20-23.) StockX has not proffered any evidence that Nike is withholding other relevant and non-privileged documents. This fishing expedition into Nike's highly confidential BP work should be denied.

StockX also seeks another irrelevant category of documents: documents related to Nike's ████████████████████████████████████████

█████████████████████████████████████ One aspect of this ███████████ █████████████████████████████████████████████████████ (Ex. 8 at 196:9-11.) StockX claims that documents relating to this ███████ are somehow relevant here. StockX is wrong because ████████████████████████████████████████ has **nothing** to do with StockX selling counterfeit "Nike" product or its defenses to Nike's claim. StockX also ignores Nike testimony that ████████████████ (Ex. 8 at 197:8-24.) This request should also be denied.

### C. *Nike does not have "Authentication Reports" to produce*

StockX did not meet and confer with Nike on this issue. Had it done so, the parties might have resolved the issue without burdening the Court, as Nike would have explained that it did not produce ████████████████████████████████ because there are no ████████ to produce. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Ex. 1 at 64:9-14). ████████████████████████████████████████████████████████████ (Ex. 3 at 97:3-13; 98:5-9). ████████████████████████████████████ (*See* Ex. 9.) ████████████████ StockX objected to producing. StockX's request should be denied.[3]

## II. Nike's 30(b)(6) Witnesses Were Well-Prepared and Provided Adequate Testimony

### A. *Nike provided adequate testimony on Topic No. 35*

StockX deposed Heather Paulson, ████████████████████████████████████████ (Ex. 8 at 91:14.) regarding this Topic. To supplement her extensive personal knowledge, Ms. Paulson met with three other Nike employees, including the only current Nike employee that also worked on ███████████████████████ She also reviewed Nike's relevant production. This is appropriate and adequate preparation. *See e.g., First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.,* 2015 WL 13885012, at *2 (S.D.N.Y. July 7, 2015) (30(b)(6) witness with personal knowledge adequately prepared where they supplemented any gaps by reviewing relevant materials).

████████████████████████████████████████████████████████████████████████████ StockX, again, mischaracterizes Nike's documents and testimony to baselessly claim ███████████████ █████████████████████████████████████ (Mot. at 4.) In reality, ███████████████████████████ █████████████ (Ex. 8 at 84:8-11 ("████████████████████████████████████████████████ █████████████████████████████████████████████"). Mr. Pallett explained that

---

[3] StockX spins another wild conspiracy theory that Nike is "hiding" documents that would "████████ █████████████████████████████████████████████" (Mot. at 4). StockX is wrong and continues to mischaracterize the document attached to its Motion as Exhibit H, even after Nike witnesses discredited StockX's speculation and explained the facts. ███████████████████████████████ established that StockX sold counterfeit "Nike" product to ████████████. (Ex. 1 at 299:25-300:18.)

█████ (Ex. 1 at 136:19-139:25.) ███ ████████, long before StockX sold the counterfeit products at issue in this case. It has no relevance to the claims and defenses in this case.

Ms. Paulson provided testimony on ███████ despite its lack of relevance. She explained █ ████████ (Ex. 8 at 78:2-79:15), why ████████████ (*id*. 82:11-14; 82:24-83:9), and ████████████ (*id*. 84:25-85:9). StockX's assertion that Ms. Paulson's testimony had "gaps" is not true; to the contrary, she testified about which ████████████ (*id*. 87:20-88:11), who ████████████ (*id*. 267:8-11; 271:7-9), and why and when ████████ (*id*. at 85:19-21; 269:18-22). StockX's disappointment with the testimony on this Topic does not warrant additional testimony.

### B. *Nike provided adequate testimony on Topic Nos. 22, 23, and 28*

Barbara Delli Carpini, Vice President, Global Brand Protection and Digital IP Enforcement, was Nike's corporate designee on these Topics and was fully prepared. Not only did Ms. Delli Carpini meet with counsel, review documents, and speak to other Nike employees to prepare, she is "intimately familiar with [those] topics" because of her longstanding role at Nike. *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, 2009 WL 773344, at *3 (S.D.N.Y. Mar. 18, 2009).

For example, Ms. Delli Carpini testified in detail on Topic 22 ████████████ ████████████ (Ex. 3 at 56:7-61:22.) StockX's complaints here mainly deal with supposedly missing minor aspects of Nike's investigation into the fakes StockX sold it. Those details are outside this Topic's scope and squarely within Topic 31 ████████████ ████████████ for which Mr. Pallett was designated and testified.

StockX also omits that Ms. Delli Carpini was Nike's designee on only *part* of Topic 23. Ms. Delli Carpini was not designated as it relates to ██████ that was covered by Mr. Pallet. And, when StockX complained about her testimony on this Topic, Nike compromised and designated Mr. Pallett to testify on those portions as well. Through these designees, Nike provided adequate and complete testimony on Topic 23. (*See e.g.*, Ex. 3 at 123:19-134:13; Ex. 1 at 56:13-61:24).

Ms. Delli Carpini was also adequately prepared to testify on Topic No. 28: ████████ ████████████ ████████████ She testified ████████████ (Ex. 219:12-226:25.) Again, StockX's complaints about her testimony here concern details of Nike's investigation into specific fakes sold through StockX, a Topic about which Mr. Pallett was designated and testified. Accordingly, StockX's request should be denied.

\* \* \*

Accordingly, for the above reasons, StockX's Motion should be denied in its entirety.

Respectfully submitted,

Tamar Y. Duvdevani
*Counsel for Plaintiff Nike, Inc.*

cc: Counsel of Record via ECF