# Debevoise & Plimpton

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/12/2023

**MEMO ENDORSED**

April 11, 2023

Hon. Valerie E. Caproni
United States District Court for the Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

Dear Judge Caproni:

We represent Defendant StockX LLC ("StockX") in the above-referenced action. We write pursuant to the Court's April 7, 2023 Order directing the parties to submit any revised proposed redactions to Nike, Inc.'s Objection (ECF No. 143; "Objection") by Tuesday, April 11, 2023," (ECF No. 158; the "Order"). StockX has significantly limited the scope of the proposed redactions and now seeks to implement redactions narrowly tailored to respect the public's right of access to judicial documents. Nike consents to this revised proposal. Pursuant to Individual Rules 5(B)(iii)(c)-(d), a version of the Objection with proposed, revised redactions highlighted will be filed as a separate entry under seal, and a version of the Objection with proposed, revised redactions implemented will be filed as a separate entry in public view.

StockX proposes significantly limiting redactions of the Objection to (1) highly commercially sensitive business information and (2) the location of a customer's residence. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal citation and quotation marks omitted).

Two of StockX's proposed redactions relate to highly commercially sensitive business information. "[C]ourts have consistently found that confidential commercial information of a business – including confidential research, internal business documents and information about a business's operations are the proper subject of sealing." *PharmacyChecker.com LLC v. Nat'l Assoc. of Bds. of Pharm.*, No. 19-7577, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022) (sealing information concerning internal "business practices"); *see also Rodo Inc. v. Guimaraes*, No. 22-9736, 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (noting that sealing is particularly appropriate "when the confidential business information relates to a privately held company," and permitting redactions of information regarding the financial condition of a company). Courts have granted requests to seal where records "would aid '[c]ommercial competitors seeking an advantage over rivals.'" *United States Sec. & Exch. Comm'n v. Ahmed*, No. 15-675, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (granting a motion to seal employment agreements, including compensation and bonus structures, as well as purchase agreements that would provide competitors with a "free look" at business strategies).

Here, the redaction in the last sentence on page 4 corresponds to internal conversations concerning StockX's proprietary verification process. StockX verification is a key way in which StockX competes with, and differentiates itself from, other secondary marketplaces. Revealing this sensitive information to StockX's competitors would put StockX at a competitive disadvantage and provide its competitors with the very "advantage over rivals" other courts have sought to avoid. In addition, the redaction on page 2 corresponds to the results of a highly confidential, internal investigation. Other courts have treated internal "enforcement and investigative information," as commercially sensitive business information. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (where plaintiff narrowly tailored its redactions, sealing information including "(1) its advertising expenditures and plans, (2) its merchandising strategies, policies and sales, and (3) its enforcement policies and investigation information."). Redaction is appropriate under these circumstances as well.

The remaining redactions, which appear on pages 3-5, correspond to the location of third-party Roy Kim's residence. These redactions are warranted to protect Mr. Kim's competing privacy interests. StockX takes the privacy of its customers very seriously and, as a result, maintains the confidentiality of information such as customer addresses and states of residence. Courts have similarly protected the privacy interests of individuals by permitting redactions of personal addresses. *See Watson v. Manhattan Luxury Auto., Inc.*, No. 20-4572, 2022 WL 683008, at *1, 4 (S.D.N.Y. Mar. 8, 2022) (treating personal addresses as personal information and permitting the redaction of same); *Valassis Commc'n, Inc. v. News Corp.*, 17-7378, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (permitting the redaction of phone numbers and home addresses on the ground that "the personal privacy interests of relevant third-party individuals in information including personal cell phone numbers and home addresses outweighs the presumption of public access."). Accordingly, StockX requests that this Court similarly protect the location of Mr. Kim's residence.

StockX's proposed redactions are very narrowly tailored to minimize any intrusion upon the public's right to access judicial documents. The limited scope of the proposed redactions further weighs in favor of a finding that the competing interests StockX has identified outweigh the presumption of public access. *See Rodo Inc.*, 2022 WL 17742392 at *1 (granting a motion to seal where "redactions [we]re reasonable in scope and concern[ed] confidential business information). Accordingly, StockX respectfully requests that the Court grant StockX's request to implement the limited, proposed redactions.

Respectfully submitted,

*/s/ Megan K. Bannigan*
Megan K. Bannigan

cc       All counsel of record (via ECF)

---

Application GRANTED.

SO ORDERED.

*[signature: Valerie Caproni]*
04/12/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE