

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

April 12, 2023

**BY ECF**

Hon. Valerie E. Caproni
United States District Court for the Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

Dear Judge Caproni:

Pursuant to Your Honor's Individual Rule 5(B)(ii), Plaintiff Nike, Inc. ("Nike") and Defendant StockX LLC ("StockX" and together with Nike, the "Parties") respectfully submit this joint letter requesting the sealed treatment of StockX's Response to Nike' Objection to Magistrate Judge Netburn's March 23, 2023 Order Denying Nike's Motion to Compel (the "Response.").

**I.   StockX's Confidential Information**

StockX does not seek sealed treatment of any of the contents of its Response. StockX proposes a limited redaction to Exhibit D to its Response, at 26:8 of Roy Kim's deposition transcript, which corresponds to the dollar amount third-party Mr. Kim testified that he previously spent on the StockX platform. While there is a "presumption of access" to judicial documents, that access is not absolute and courts must "balance competing considerations against it." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Among these competing considerations are privacy interests of "innocent third parties," which "should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). Courts have protected the privacy interests of individuals by permitting redactions of personal financial information. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of "sensitive personal information of current and former employees of the parties and the affected third-parties, including . . . compensation.").

StockX's proposed redaction is narrowly tailored to protect Mr. Kim's sensitive financial information relating to his purchases on StockX's platform. This redaction is warranted to protect his privacy interests. *See Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sep. 26, 2022) ("Individuals' financial information, including their compensation, is considered private and can override even a strong presumption in favor of public access."). Because Mr. Kim is not a party to this action, if the Court believes the redacted information should not be sealed, StockX respectfully requests that the Court provide Mr. Kim with notice and an opportunity to be heard before ordering the public disclosure of his financial information.

## II. Nike's Confidential Information

StockX's Response quotes from and references material that was not before Magistrate Judge Netburn on Nike's Letter-Motion to Compel but which Nike has designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" pursuant to the July 14, 2022 Stipulated Protective Order entered in this case (Dkt. No. 52). Because StockX intends to place this new factual material before the Court over Nike's objection, the parties accordingly propose redacting portions of pages 4–5 and 16 of the Response, as well as sealing the entirety of Exhibits C and E.

The proposed redactions to StockX's Response and sealed Exhibits relate to Nike's highly confidential and commercially sensitive business information. As noted above, while there is a "presumption of access" to judicial documents, that access is not absolute and courts must "balance competing considerations against it." *Lugosch*, 435 F.3d at 119-20. "[C]ourts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information." *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (collecting cases); *see also PharmacyChecker.com LLC v. Nat'l Assoc. of Bds. of Pharm.,* No. 19-7577, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022) ("courts have consistently found that confidential commercial information of a business – including confidential research, internal business documents and information about a business's operations are the proper subject of sealing"). The proposed redactions to StockX's Response have been applied judiciously and are narrowly tailored to shield only information designated by Nike under the Stipulated Protective Order as containing highly confidential "anticounterfeiting and brand protection measures, including methods used to identify counterfeit, grey market, and/or other unauthorized goods" or other similarly commercially sensitive material. (Dkt. No. 52). The proposed sealed Exhibits contain testimony on Nike's "anticounterfeiting and brand protection measures" and was likewise designated by Nike as Highly Confidential unde the Protective Order. Courts have granted requests to seal where records "would aid '[c]ommercial competitors seeking an advantage over rivals.'" *United States Sec. & Exch. Comm'n v. Ahmed*, No. 15-675, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018).

Here, the proposed redactions and sealed Exhibits contain information relating to Nike's proprietary methodology for determining whether goods are genuine or counterfeit. This methodology is one of the tools Nike deploys to battle counterfeiting of its goods and protect consumers from harm caused by counterfeiting. Revealing this highly sensitive information would aid counterfeiters and other bad actors seeking an advantage over Nike's anticounterfeiting measures. Redaction and sealed treatment is thus appropriate under these circumstances. *See Lugosch*, 435 F.3d at 119-20.

As such, StockX is filing portions of its Response under seal pursuant to Paragraph 14 of the Protective Order and respectfully requesting that the Court approve appropriate

Hon. Valerie E. Caproni                                3                                April 12, 2023


redactions of the material in the Response that is covered by Nike's claims of confidentiality. Nike consents to StockX's motion to seal and otherwise reserves its rights to object to StockX placing before the Court new factual evidence that was not presented to Magistrate Judge Netburn on Nike's Letter-Motion to Compel.


Respectfully submitted,

| /s/ Tamar Y. Duvdevani | /s/ Megan K. Bannigan |
|---|---|
| **DLA PIPER LLP (US)** | Megan K. Bannigan |
| | David H. Bernstein |
| Tamar Y. Duvdevani | Jyotin Hamid |
| Marc E. Miller | Justin C. Ferrone |
| Andrew J. Peck | Kathryn C. Saba |
| Jared Greenfield | **Debevoise & Plimpton LLP** |
| 1251 Avenue of The Americas, 27th Fl. | 66 Hudson Boulevard |
| New York, NY 10020 | New York, New York, 10001 |
| Telephone: (212) 335-4500 | Telephone: (212) 909-6000 |
| Facsimile: (212) 335-4501 | |
| | Christopher S. Ford |
| Michael Fluhr | **Debevoise & Plimpton LLP** |
| 555 Mission Street, Suite 2400 | 650 California Street |
| San Francisco, CA 94105 | San Francisco, CA 94108 |
| Telephone: (415) 836-2500 | Telephone: (415) 738-5700 |
| Facsimile: (415) 836-2501 | |
| | David Mayberry |
| Melissa Reinckens | Rob Potter |
| 401 B Street, Suite 1700 | **Kilpatrick Townsend & Stockton LLP** |
| San Diego, CA 92101 | 1114 Avenue of the Americas |
| melissa.reinckens@us.dlapiper.com | New York, New York 10036 |
| | Telephone: (212) 775-8733 |
| Jane W. Wise | |
| 500 Eighth Street, NW | Jeffrey B. Morganroth |
| Washington, D.C. 20004 | **Morganroth & Morganroth, PLLC** |
| Telephone: (202) 799-4149 | 344 N. Old Woodward Ave, #200 |
| Facsimile: (202) 863-7849 | Birmingham, MI 48075 |
| | Telephone: (248) 864-4001 |
| *Attorneys for Plaintiff Nike, Inc* | |
| | *Attorneys for Defendant StockX LLC* |

cc        All counsel of record (via ECF)