UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NIKE, INC.,

                                    **Plaintiff,**

    -against-

STOCKX LLC,

                                   **Defendant.**
------------------------------------------------------------------X

22-CV-00983 (VEC)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/2023

**SARAH NETBURN, United States Magistrate Judge:**

        Defendant StockX LLC ("StockX") moves to compel Nike, Inc. ("Nike") to produce relevant documents related to Nike's (1) process for identifying counterfeit shoes, (2) awareness of counterfeits on secondary marketplaces, and (3) authentication reports from its proprietary app. StockX also moves to compel Nike to produce properly prepared Rule 30(b)(6) witnesses for certain Notice Topics. Nike opposes all relief.

**I.    Documents Related to the Identification Process**

        On December 14, 2022, the Court directed Nike to provide information related to any "secondary visual inspection" process that supplements Nike's proprietary technical review for determining counterfeit shoes. See Tr. of Hrg. at ECF No. 150, Ex. 7 at 21. StockX contends that Nike has failed to comply with this order because discovery has revealed categories of documents that Nike has created, used, and distributed to third parties as part of its process to identify counterfeit shoes. In response, Nike argues that these documents are not "training" material because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ It also argues that these documents are not related to a "secondary visual

inspection" because third parties are not responsible for counterfeit "inspections"; Nike relies on ▇▇▇▇▇▇ only to alert Nike of possible counterfeit products.

The Court is left with the possibility that Nike has not complied with its obligations because it is narrowly interpreting the Court's directive to search for and produce documents related to secondary visual inspections as limited to the team that ultimately identifies counterfeit shoes. For the avoidance of doubt, Nike must produce documents it uses, creates, or distributes that describe or identify possible "tells" of counterfeit products, even if the purpose of these materials is not to assist in an inspection by the reviewer but to trigger a more fulsome investigation by Nike.

The Court has previously prohibited discovery into the so-called grey market based on Nike's representation that the grey market is outside the scope of its claims. Accordingly, StockX is not entitled to documents that describe or identify possible "tells" of grey market goods. The fact that Nike's Brand Protection ("BP") team may collaborate with the Grey Market Management ("GMM") team to confirm suspicions of grey market goods does not render GMM team documents relevant.

## II. Documents Related to Counterfeits on Other Marketplaces

On December 14, 2022, the Court also ordered Nike to produce documents concerning its awareness of counterfeits in the secondary market other than StockX. See Tr. of Hrg. at ECF No. 144, Ex. 5 at 4. StockX contends that Nike has failed to comply with this order because witnesses testified about internal secondary market analyses and monthly reports from an outside vendor, which Nike has not produced. Nike responds that it has produced "numerous documents and reports" pertaining to counterfeits on other marketplaces, but does not respond to the specific

allegation raised by StockX. Nike Ltr., ECF No. 151 at 3. Nike also argues that documents concerning Nike's business evaluations of potential partnerships are not relevant.

The Court has previously ordered Nike to produce documents related to counterfeits in the secondary market, and StockX has identified specific documents that have not been produced. Nike's response does not address these deficiencies. Accordingly, Nike must produce the analyses described by the witnesses and the monthly reports generated by the outside vendor. Evidence of possible business partnerships is not relevant and need not be produced.

### III. Authentication Reports of Alleged Counterfeit Products

StockX seeks Nike's "authentication reports," which Nike witnesses testified are generated by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In its letter response, Nike contends that had the parties conferred, this issue would have been resolved because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 151 at 4. Accordingly, the parties are ORDERED to meet and confer to discuss the ability to generate "authentication reports." If a dispute remains, the parties should notify the Court and a conference will be scheduled to discuss the matter more fully.

### IV. Nike's Rule 30(b)(6) Testimony

StockX alleges that Nike's witness was inadequately prepared to testify on Topic No. 35. The witness, who had personal knowledge of the Topic, was adequately prepared and conducted reasonable due diligence to speak on the Topic. The Court also concludes that Topic No. 35 is of limited probative value to the contested issues and thus further deposition testimony is unwarranted.

Similarly, the Court finds that Nike's witness was adequately prepared to testify on Topic Nos. 22, 23, and 28, and any inadequacies were addressed by further designations. StockX is not entitled to further relief.

## CONCLUSION

Nike is ORDERED to produce documents it uses, creates, or distributes that describe or identify possible "tells" of counterfeit products, even if the purpose of these materials is not to assist in an inspection by the reviewer but to trigger a more fulsome investigation by Nike. It is further ORDERED to produce the analyses described by the witnesses and the monthly reports generated by the outside vendor. The parties are ORDERED to meet and confer with respect to the ability to generate "authentication reports." If a dispute remains, the parties should notify the Court and a conference will be scheduled to discuss the matter more fully. All other relief is DENIED. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 143 & 144, and file this Order under seal, with access restricted to the parties.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   April 7, 2023
         New York, New York