UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/26/2023

-------------------------------------------------------------- X
NIKE, INC., :
:
                              Plaintiff, :
:
               -against- : 22-CV-0983 (VEC)
:
STOCKX LLC, : ORDER
:
                          Defendant. :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on February 3, 2022, Plaintiff Nike, Inc. ("Nike"), filed this lawsuit, asserting claims for trademark infringement, false designation of origin, unfair competition, trademark dilution, and injury to business reputation, Dkt. 1;

WHEREAS on May 25, 2022, Nike amended its complaint to assert claims for counterfeiting and false advertising, Dkt. 39;

WHEREAS on December 6, 2022, the Court referred all discovery disputes to Magistrate Judge Netburn, Dkt. 77;

WHEREAS on March 15, 2023, Nike moved to compel Defendant StockX LLC ("StockX") to produce, *inter alia*, documents and communications relating to allegedly counterfeit Nike products sold to Roy Kim, Mot., Dkt. 135;

WHEREAS on March 20, 2023, StockX opposed the motion to compel, Opp., Dkt. 140;

WHEREAS on March 23, 2023, Magistrate Judge Netburn denied, without leave to refile, Nike's motion to compel as to the documents relating to an internal investigation of allegedly counterfeit shoes sold to Roy Kim, Dkt. 148;

WHEREAS on April 4, 2023, pursuant to Federal Rule of Civil Procedure 72(a), Nike objected to Magistrate Judge Netburn's order denying the motion to compel production of

documents relating to an internal investigation of the sale of allegedly counterfeit shoes to Roy Kim, Obj., Dkt. 155;

WHEREAS on April 11, 2023, StockX opposed Nike's objection, Resp., Dkt. 166;

WHEREAS the Court may modify or set aside a magistrate judge's order on a non-dispositive issue such as this one if it is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990);

WHEREAS a ruling is "clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed," and is "contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (cleaned up); *see also Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (noting that review of a magistrate judge's order on a non-dispositive issue is "highly deferential," *id.* (internal quotation omitted)); and

WHEREAS, because a magistrate judge has "broad discretion" over discovery determinations, "a party seeking to overturn a discovery order bears a heavy burden," *Shim-Larkin v. City of New York*, 16-CV-6099, 2020 WL 5758751, at *1 (S.D.N.Y. Sept. 28, 2020) (cleaned up) (Nathan, J.); *see also Edmonds v. Seavey*, No. 08-CV-5646, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009).

IT IS HEREBY ORDERED that Nike's objection is SUSTAINED as to the conclusions reached by StockX when it investigated the authenticity of the shoes sold to Mr. Kim.

Nike's objection is limited to the Magistrate Judge's decision to the extent it includes materials containing "the conclusions that StockX's authenticators reached upon review of Mr.

Kim's returned shoes;" Nike asserts that the work product privilege does not protect those conclusions, and even if it did, StockX waived the privilege.[1]  Obj. at 19.  StockX argues that the Magistrate Judge appropriately found that StockX's conclusions regarding whether the shoes returned by Mr. Kim were counterfeit are protected by the work product privilege.  Resp. at 2.  The Court finds that Nike has adequately carried its burden of demonstrating that the law clearly requires StockX to produce the results of its authentication process as conducted on shoes returned by Mr. Kim.  The work product privilege does not protect StockX's conclusions as to whether some or all of the shoes sold to Mr. Kim were counterfeit, and, even if it did, that privilege was waived when StockX's employee, Russell Amidon, testified that StockX's internal authentication process found that some of those shoes were possibly inauthentic.[2]  Mot. Ex. 1 ("Amidon Deposition"), Dkt. 135 at 90.

"Work product protection is a judicially created doctrine (since codified at Rule 26(b)(3), Fed. R. Civ. P.) that provides a lawyer with a zone of privacy in her work, 'free from unnecessary intrusion by opposing parties and their counsel.'"  *S.E.C. v. Gupta*, 281 F.R.D. 169, 171 (S.D.N.Y. 2012) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)).  The work product doctrine applies to any material that "(1) is a document or a tangible thing, (2) that was

---

[1] Nike's motion to compel before Magistrate Judge Netburn sought a much broader swath of materials, including, "all documents and communications related to StockX's 'reauthentication' of Mr. Kim's shoes" and a deposition of "Mr. Lopez to answer questions regarding the same."  Mot., Dkt. 135 at 3.

[2] Because the Court finds that any work product privilege was waived by Mr. Amidon's testimony regarding StockX's conclusions regarding the authenticity of the shoes sold to Mr. Kim, the Court need not decide Nike's alternative arguments that Mr. Lopez's testimony regarding the same (in which StockX raised a privilege objection), StockX's disclosure of the results to Mr. Kim, and Mr. Kim's discussion of his conversations with StockX in an interview with the magazine *Complex* waived work-product privilege.  *See* Obj. at 23; Mot. Ex. 2 at 290.  The Court notes, however, that disclosing the results of StockX's authentication process to Mr. Kim, who was a third party actively in discussions with Nike, "substantially increase[d] the opportunity for potential adversaries to obtain the information."  *Cellco P'Ship d/b/a Verizon Wireless v. Nextel Commc'n, Inc.*, No. 03-CV-725, 2004 WL 1542259, at *1 (S.D.N.Y. July 9, 2004) (internal quotation omitted); *see also In re Circle K. Corp.*, 199 B.R. 92, 100 (S.D.N.Y. 1996) (examining whether it was "reasonable to assume" that a litigant's disclosure to a third party would reach the litigant's adversary); Resp. Ex. 1, Dkt. 166 at 308.

prepared in anticipation of litigation, and (3) was prepared by or for a party, or by its representative." *Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 341 F.R.D. 10, 13 (S.D.N.Y. 2022) (cleaned up). If the assertion of work product privilege is challenged, "the party asserting the protection must submit evidence, by way of affidavit, deposition testimony or otherwise, establishing only the challenged elements of the applicable privilege or protection, with the ultimate burden of proof resting with the party asserting the privilege or protection." *Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*, No. 19-CV-9193, 2023 WL 315072, at *9 (S.D.N.Y. Jan. 19, 2023).

Even if a party establishes the existence of work product privilege, the protection is not absolute and "may be waived if the work product is voluntarily disclosed." *Gupta*, 281 F.R.D. at 171. "A party waives the work product protection by taking actions inconsistent with . . . its purpose, such as disclosing work product to its adversary . . . ." *N.Y. Times v. U.S. Dep't of Justice*, 939 F.3d 479, 494 (2d Cir. 2019).

StockX has not carried its burden of establishing, with specificity, that the work product doctrine attached to its authenticators' conclusions regarding the shoes sold to Mr. Kim. *See Monterey Bay Military Hous., LLC*, 2023 WL 315072, at *10 (noting that "failure to furnish an adequate privilege log" or provide detailed descriptions of privileged documents is grounds for finding waiver). StockX neither included documents relating to its authentications of the shoes sold to Mr. Kim in its privilege log[3] nor specified the documents over which it was asserting

---

[3] StockX does not refute this point but, much like the proverbial pot calling the kettle black, states only that "StockX (like Nike) did not identify any privileged documents on its privilege log that post-dated the filing of the lawsuit." Resp. at 5. Although the parties may have "agreed at the outset of discovery not to log privileged documents post-dating the complaint," Opp., Dkt. 140 at 3 n.2, no agreement between the parties can waive StockX's legal obligation to detail the documents over which it seeks to assert privilege. *See Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 743 (S.D.N.Y. 1993) ("In requiring a party to prove the factual basis for its claims of privilege, the courts generally look to a showing based on affidavits or equivalent statements that address each document at issue.").

work product privilege "with sufficient identifying information" in the initial briefing before Magistrate Judge Netburn or in its opposition to Nike's objection. *Chevron Corp. v. Donziger*, No. 11-CV-691, 2013 WL 4045326, at *3 (S.D.N.Y. Aug. 9, 2013); *see also* Mot. at 2 (noting that no documents regarding the authentication were included on StockX's privilege log)

While it appears that certain details of the authentication process may have been directed by counsel, according to StockX, authentication is generally part of its normal business practices. StockX states that, if a customer such as Mr. Kim questions the authenticity of a product sold on its platform, StockX requests that the product be returned, after which "senior authenticators review the product to determine whether it meets StockX's standards." Resp. at 3. Stock X's normal authentication process for returns had begun as early as July 7, 2022, before StockX's counsel even became aware of the allegedly counterfeit shoes on July 8, 2022.[4] *See* Mot. Ex. 4 at 1 (email dated July 7, 2022, noting that StockX requested the shoes be returned "for additional evaluation"); Opp. Ex. 3 ¶ 4.

The Court concludes that the determination of whether the shoes sold to Mr. Kim were authentic was made "as a business matter," even if StockX expected that "the results might be useful in . . . litigation." *Koch v. Greenberg*, No. 07-CV-9600, 2012 WL 1449186, at *6 (S.D.N.Y. Apr. 13, 2012); *see also In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 221 (S.D.N.Y. 2001) ("Documents prepared in the ordinary course of business, or that would have been created whether or not litigation was anticipated, are not protected by work-product immunity." (citation omitted)); *Monterey Bay Military Hous., LLC*, 2023 WL 315072, at *10.

---

[4] StockX asserts that, after receiving Nike's July 25, 2022, letter, StockX's counsel directed "an investigation . . . into the shoes in question," and provided "specific instructions . . . as to what [StockX] needed the authentication team . . . to do in order to understand the nature of Nike's claims that the shoes were counterfeit . . . ." Opp. Ex. 3, Dkt. 140 ¶ 6. While StockX's counsel may have controlled the manner of authentication, StockX does not dispute that it would have sought to determine whether the shoes were authentic as a routine business matter, regardless of whether litigation was pending or anticipated.

Even if the Court were to overlook these issues and find that the work product privilege applied, StockX would have waived it. The Second Circuit has "looked to common sense to define the limits of the work product doctrine, and common sense suggests that verbal description of the contents of a document, if sufficiently specific, is as inconsistent with the maintenance of secrecy of that document as would be disclosure of the document itself." *New York Times Co.*, 939 F.3d at 495 (cleaned up);[5] *see also Am. Oversight v. U.S. Dep't of Justice*, 45 F.4th 579, 593 (2d Cir. 2022). Mr. Amidon testified to the conclusions of StockX's authentication process during his deposition; StockX cannot now claim those same conclusions are privileged. *See* Amidon Deposition at 90.

In parting, the Court notes that the bickering in the parties' briefs, and their numerous letters to this Court, have veered toward the unprofessional in a manner unbecoming the experienced and competent counsel who are appearing in this matter. The Court expects counsel to work together professionally and collegially in the future.

**SO ORDERED.**

**Date: April 26, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[5] StockX attempts to distinguish *New York. Times v. United States Department of Justice*, 939 F.3d 479 (2d Cir. 2019), by stating that "[n]o employee with knowledge of the investigation or its findings disclosed information to Nike, and StockX has not disclosed or discussed the contents of any protected work product in depositions or elsewhere." Resp. at 18. As StockX concedes, however, Mr. Amidon testified, without any assertion of privilege from StockX counsel, that the investigation team informed him that the shoes may have been counterfeit. *Id*. at 17; *see also* Mot. Ex. 1 ("Amidon Deposition"), Dkt. 135 at 90. This is enough to waive privilege as to the conclusions of the investigation, although not, perhaps as StockX fears, "the details of StockX's legal investigation." Resp. at 19.