**Debevoise & Plimpton**

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

**Megan K. Bannigan**
Partner
mkbannigan@debevoise.com
+1 212 909 4879

August 4, 2023

Hon. Sarah Netburn, United States Magistrate Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 219
New York, New York 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

Dear Judge Netburn:

StockX LLC ("StockX") respectfully submits this response to the letter motion of Nike, Inc. ("Nike," together the "Parties") to compel StockX to produce additional discovery months after the close of fact discovery in this case (ECF No. 178, the "Motion"). Per its Motion, Nike seeks ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The Motion should be denied in its entirety as Nike has failed to show good cause for its delay.

I.  **Nike Failed to Act with Diligence During Fact Discovery.**

Fact discovery in this case closed on March 21, 2023 – more than four months ago – after three extensions of the fact discovery period. While Nike points to a multi-factor test to determine whether there is good cause to re-open discovery now, the Second Circuit has made clear that the "*primary* consideration" when considering whether to modify a scheduling order "is whether the moving party can demonstrate diligence" during the discovery period. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (emphasis added); *see also Gen. Elec. Co. v. APR Energy PLC*, No. 19 CV 3472, 2021 WL 6063597, at *3 (S.D.N.Y. Dec. 22, 2021) (declining to reopen fact discovery, noting "when determining whether 'good cause' exists, 'the primary consideration is whether the moving party can demonstrate diligence.'") (citing *Kassner*, 496 F.3d at 244).  While "some courts have considered additional 'good cause' factors at their own discretion, . . . the 'application of these additional factors is not mandatory and some courts choose not to consider them.'"  *Id.* at *3 (quoting *Forte v. City of New York*, No. 16 CV 560, 2021 WL 878559, at *2 (S.D.N.Y. Mar. 8, 2021); *Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) ("In some situations, courts do not apply these factors and we do not believe their application to be mandatory.").

Nike cannot demonstrate that it acted with diligence here, and its Motion presents an incomplete account of the fact discovery process in this case.  During the year-long fact discovery period, StockX ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

1  *See* ECF No. 178, Ex. 4 (STX0772981).

2  *See* Exs. A (STX0774239) and B (STX0774240).

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■[redacted]■■  ■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■[redacted]

In addition to this document discovery from StockX itself, Mr. Kim himself testified at deposition that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■[redacted]

Nike's lack of diligence in reviewing that discovery, requesting additional information and/or deposing witnesses ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■, means there is not good cause to re-open fact discovery now.  Nike's only attempt to excuse its lack of diligence is ■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■. That argument is unavailing for two reasons.

*First*, since at least July 2022, Nike has been aware ■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■[redacted]■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■[redacted]■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

---

[3]    Ex. C, R. Amidon Tr. 95:16-96:6.

[4]    ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■.

[5]    Ex. F, R. Kim Tr. 131:18-132:4; 135:23-136:13.

[6]    Indeed, when the Parties met and conferred on this issue, counsel for Nike unequivocally stated ■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■.

[7]    *See, e.g.*, ECF No. 178, Ex. 4 (STX0772981).

███████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████[8]

Despite its unquestionable awareness of this email, Nike did not ask a single question during fact discovery about ██████████████████████████████, either at any deposition or through other discovery devices. In particular, despite noticing multiple related topics for Mr. Huber's first deposition as a 30(b)(6) witness, Nike did not ask even a single question about ██████████████████████████████████████████████, despite concluding the deposition with more than an hour left available on the record.[9]

*Second*, Nike's present request does not seek documents related to the purportedly new information it identifies. ████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████. *See Oliver v. Am. Express Co.*, No. 19 CV 566, 2022 WL 18998430, at *3-4 (E.D.N.Y. Nov. 14, 2022) (finding Plaintiff could not use deposition testimony to "excuse their failure to seek the requested information during the discovery period, which had already ended," where the information's "existence and purpose were disclosed much earlier, while discovery was ongoing").

Nike's theory of relevance is also inconsistent with the information it is seeking. ████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████.

Nike's longstanding awareness during the fact discovery period of the existence of the information it now seeks also renders Nike's cited cases entirely distinguishable. Those cases rested on the premise that the party seeking untimely discovery did not know about the existence of the documents being sought. *See BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, No. 14 CV 9367, 2017 WL 11810957, at *3 (S.D.N.Y. Dec. 26, 2017) (permitting an untimely document request that was based on "information that the questioner learn[ed] of during the course of the deposition"); *Scantibodies Lab'y, Inc. v. Church & Dwight Co.*, No. 14 CV 2275, 2016 WL 11271874, at *1, 39 (S.D.N.Y. Nov. 4, 2016), *report and recommendation adopted*, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017) (permitting follow-up document requests where a witness "identif[ies] relevant documents not produced" and where plaintiff had "engage[d] in significant obstruction and delay of the discovery process" and "repeatedly frustrat[ed] Defendant's ability to discover the basis for Plaintiff's damages claims"); *Jackson v. Novell, Inc.*, No. 94 CV 3593, 1995 WL 144802, at *1 (S.D.N.Y. Apr. 3, 1995) (permitting an

---

[8] *Id.* at STX0772982.

[9] Ex. G, Notice of Deposition of StockX, LLC, Topic Nos. 28, 29, 30, and 31.

untimely document request where the "document's existence" was unknown to deposing party's counsel prior to the deposition).[10]

That is not the case here: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As a result, Nike cannot show "excusable neglect" or that "despite its having exercised diligence, the applicable deadline could not have been reasonably met," and this Court should accordingly deny Nike's motion as untimely. *Al-Anesi v. City of New York*, No. 18 CV 8439, 2021 WL 4554628, at *2 (S.D.N.Y. Oct. 5, 2021) (declining to re-open fact discovery where plaintiff "never made an application to the Court seeking to compel the depositions of the two witnesses" and failed to seek testimony from knowledgeable witnesses despite having every opportunity to do so).

Nike's attempt to argue that StockX would not be prejudiced by this late request does not change the outcome, as courts in this District have held that when considering whether a movant has shown good cause to modify a scheduling order, "[i]t is not sufficient to show an absence of prejudice" to the non-movant. *Gardner-Alfred v. Fed. Reserve Bank of N.Y.*, No. 22 CV 1585, 2023 WL 2366916, at *2 (S.D.N.Y. Mar. 6, 2023) (citing *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19 CV 2345, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020)) (denying a plaintiff's motion to compel untimely discovery). Yet StockX would be prejudiced by re-opening fact discovery four months after it closed, including by having to incur additional costs at this late stage, and because the parties are currently diligently working to complete expert discovery. Expert depositions are well underway, with key depositions – such as StockX's deposition of Nike's expert witness on the issue of counterfeiting – already completed. Nor is the absence of a trial date in this action dispositive. *See Trombetta v. Novocin*, No. 18 CV 993, 2023 WL 2388722, at *4 (S.D.N.Y. Mar. 7, 2023) (declining to reopen fact discovery despite not having a trial date set).

### II. Nike Did Not Object to the Completeness of StockX's Productions During Fact Discovery.

The fact that Nike now claims in its Motion that the information it seeks may have been responsive to requests for production made during fact discovery only further demonstrates Nike's lack of diligence. StockX responded to the requests for production Nike identifies in the Motion by stating clearly what StockX would and would not produce, and Nike failed to raise this issue to the Court or even seek a pre-motion meet and confer relating to the information it now seeks during the fact discovery period.[12] That is exactly the kind of notice Courts look to

---

[10] Several of Nike's other cited cases do not even concern the issue of untimely document requests, but instead address whether a party should be allowed to reopen discovery to depose a witness regarding newly produced documents – a nonissue here, given StockX already agreed to and conducted a second Rule 30(b)(6) deposition upon Nike's request.

[11] Indeed, both historically and throughout this litigation, StockX has made clear to Nike that StockX is open to working collaboratively to address the sources of counterfeit goods, since StockX was founded on a commitment to protecting consumers through its in-person verification of every product sold on its platform.

[12] *See* Ex. H, StockX's Responses and Objections to Nike's Fourth Requests for Production.

when determining that it would not be appropriate to reopen discovery. *See Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011) (refusing to re-open discovery, noting that "Defendants' position on the issues . . . was made clear early and often," noting Defendant's objections its response to Plaintiff's RFPs).

Despite Nike's assertions in the Motion, StockX never agreed to produce ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. In particular, StockX objected to RFP No. 231 "to the extent it [sought] to require StockX to determine or admit that any product is a 'counterfeit Nike product' without specificity and where Nike has the burden of proof as to its claims."[13]  After meeting and conferring, StockX agreed to produce only "non-duplicative, non-privileged documents in [StockX's] possession, custody or control, if any, during the Relevant Time Period, that are sufficient to show the source of any Nike Product sold on the StockX platform that was returned to StockX where StockX understood the returning customer believed the returned product was not authentic."[14]

StockX produced that information on November 22, 2022: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Nike did not put forth any further requests for discovery ▇▇▇▇▇▇▇▇▇ during the fact discovery period. Nike did not even question witnesses about this issue, despite serving a 30(b)(6) notice with a host of related topics and concluding its 30(b)(6) deposition early.[15]

The cases Nike relies upon in its letter motion focus on inapposite scenarios in which a party did not produce documents responsive to a prior discovery request or willfully failed to comply with a discovery order. Neither is the case here. In *BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, this Court allowed for a single, targeted document request, noting the materials "were called for by [the demanding party's] earlier discovery demands." No. 14 CV 9367, 2017 WL 11810957, at *3 (S.D.N.Y. Dec. 26, 2017).  In *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, this Court only reopened discovery after noting the record of Plaintiff's "inconsistent, and therefore unreliable, statements regarding the responsiveness standard it applied during discovery." 328 F.R.D. 100, 123–25 (S.D.N.Y. 2018).

Unlike in either of these cases, StockX made clear to Nike the scope of what it would produce. Nike declined to pursue the issue during the fact discovery period, and its failure to do so represents a lack of "diligence in conducting discovery" that should not be rewarded by re-opening fact discovery at this late stage. *Gen. Elec. Co.*, 2021 WL 6063597 at *4.  Courts in this District have routinely declined to re-open fact discovery "[w]here a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed," and this Court should decline to do so here. *Gucci*, 790 F. Supp. 2d at 140.

---

[13]   *See id.*  Even assuming *arguendo* that the material Nike now seeks was called for by its requests for production, Nike's delay in bringing this motion to compel is even more inexcusable, since Nike failed to demand production or move to compel during the fact discovery period.

[14]   Ex. I, StockX Letter to Nike (October 5, 2022).

[15]   *See, e.g.*, Ex. G, Topic Nos. 28, 29, 30, and 31.

Respectfully submitted,

*/s/ Megan K. Bannigan*

Megan K. Bannigan


cc             All counsel of record (via ECF)