# Exhibit H

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NIKE, INC., | | |
| | Plaintiff, | No.: 1:22-cv-00983-VEC |
| v. | | |
| STOCKX LLC, | | |
| | Defendant. | |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Defendant StockX LLC ("StockX"), by and through its undersigned counsel, hereby objects and responds (these "Responses and Objections") to Plaintiff Nike, Inc.'s ("Nike") Fourth Set of Requests for Production of Documents and Things to Defendant StockX LLC, dated August 12, 2022 (each individually a "Request," collectively the "Fourth Set of Requests for Production"). Subject to the following Objections and unless stated otherwise, pursuant to the ESI protocol for this case, and in accordance with any protective order agreed to by the parties and ordered by the Court, StockX will produce to Plaintiff, on a rolling basis, pursuant to the schedule agreed upon by the parties, copies of non-privileged, responsive documents within its custody and control.

These Responses and Objections are based on information currently available to StockX. StockX reserves the right to amend, supplement, and/or modify its Responses and Objections at

any time in the event that it obtains additional or different information.

## INTRODUCTORY STATEMENT

Nothing in StockX's Responses and Objections herein shall be construed as a waiver of StockX's rights to: (i) object on the grounds of competency, relevance, materiality, hearsay, admissibility, or any other proper grounds to the use of any information provided in response to this Third Set of Requests for Production, or the subject matter thereof, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents in this or any other action; (iii) object on any grounds to any request for further responses to this Third Set of Requests for Production or any other discovery requests; or (iv) assert the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protections against disclosure.

All of the Objections to Definitions and Instructions set forth herein are incorporated into each of the Specific Responses and Objections to the Requests set forth below and have the same force and effect as if fully set forth therein.  Any objection or lack of an objection to any portion of a Request shall not be deemed an admission that StockX has documents sought in such Request.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.      StockX objects to the definitions of "Identity," "Identify," or "Identification," to the extent they exceed the requirements and definitions set forth in the FRCP and Local Rules.

2.      StockX objects to the definition of "Accused Products" as ambiguous and unduly burdensome to the extent it includes "all . . . future Vault NFTs bearing Nike trademarks and/or

Nike products" which are not yet in existence and which may not yet have been conceived of.

3.     StockX objects to the definition of "Nike product" as vague and ambiguous to the extent it purports to encompass physical, tangible, goods designed, produced, manufactured, distributed, marketed, sold and/or offered for sale by Nike under some other brand name or trademark.  StockX will interpret "Nike product" to mean products bearing the Nike trademarks identified in paragraph 31 of Nike's First Amended Complaint.

4.     StockX objects to the definition of "Nike trademark" as vague, ambiguous, overbroad and unduly burdensome to the extent it purports to include all "unregistered trademarks and service Marks" Nike may claim to own without identification or specificity beyond the marks listed in the First Amended Complaint.   StockX accordingly will interpret the term "Nike trademark" to refer to those trademarks referenced in Nike's First Amended Complaint at Paragraph 31.

5.     StockX objects to the definition of "NFT" or "non-fungible token" as vague and ambiguous in that it does not clearly define what it means to be a "blockchain-based asset" and to the extent it suggests that only NFTs that are traded "on-chain" can be described as NFTs.

6.     StockX objects to the definition of "Vault NFT business" to the extent that it includes the "engineering [and] coding" of Vault NFTs, on the ground that it is unduly burdensome, irrelevant to the claims or defenses, and disproportionate to the needs of this Action.

7.     StockX objects to the definition of "individuals affiliated with StockX" as vague, ambiguous, overbroad and unduly burdensome to the extent it purports to encompass any and all persons who may be or may have been employed by or affiliated with third parties or independent contractors with whom StockX contracted that are otherwise unknown to StockX.

8.      StockX objects to the definition of "Advertising Claims" as vague, ambiguous, overly broad and unduly burdensome to the extent it purports to encompass unstated and unspecified claims "without limitation" to those referenced in the First Amended Complaint. StockX accordingly will interpret the term "Advertising Claims" to refer to those claims specifically identified in Nike's First Amended Complaint at Paragraphs 50-53, 110 and 172.

9.      StockX objects to Instruction Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, and 16 on the ground that each imposes burdens or obligations on StockX beyond those required by the Federal Rules of Civil Procedure, Local Rules for the United States District Court for the Southern District of New York, or binding case law.  StockX will comply with its obligations under the Federal and Local Rules when responding to these Interrogatories.

## RELEVANT TIME PERIOD

1.      StockX objects to the relevant time period as overbroad, on the ground that StockX first considered, discussed, evaluated, or planned entering the NFT marketplace in the Fall of 2020 and certainly later than January 1, 2020.  StockX and Nike have already met and conferred and agreed on a Relevant Time Period of July 1, 2020 through May 25, 2022.  Except where otherwise stated, StockX will apply the agreed-upon Relevant Time Period to Nike's Fourth Set of Requests for Production.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 221:

*To the extent not already produced, Documents sufficient to show the source and amount of all revenues, cost of goods sold, gross profits, operating expenses, and operating income earned by StockX quarterly since January 1, 2020.*

**RESPONSE NO. 221:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein. StockX further objects to this Request on the ground that is overly broad and unduly burdensome because it requests documents that are irrelevant to any of the claims or defenses at issue in the litigation insofar as it seeks discovery into "all revenues, cost of goods sold, gross profits, operating expenses, and operating income earned by StockX" without any nexus to the claims alleged in Nike's FAC. StockX further objects to this Request as overly broad and unduly burdensome to the extent it calls for any responsive Documents produced to provide "quarterly" figures. Documents produced, if any, will be produced as they are maintained in the ordinary course of business. StockX further objects to this Request to the extent that it is duplicative of RFP Nos. 89, 95, 144, 188, and 201.

Subject to and without waiving the foregoing objections, StockX will undertake targeted and reasonable efforts to identify, review, and produce non-duplicative, non-privileged documents in its possession, custody, or control, if any, during the Relevant Time Period, that are sufficient to show its revenues and profits, if any, from the Accused Products and any Nike Products sold on the StockX platform.

**REQUEST NO. 222:**

> *Documents sufficient to show, on a quarterly basis since January 1, 2020, the quantity or unit sales, price, commissions, returns, discounts, and Your revenues by transaction for Nike-branded products sold on the StockX Website or StockX App.*

**RESPONSE NO. 222:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated

herein.  StockX further objects to this Request on the ground that is overly broad and unduly

burdensome by requesting documents that are irrelevant to any of the claims or defenses at issue

in the litigation insofar as it seeks discovery into "the quantity or unit sales, price, commissions,

returns, discounts and [StockX's] revenues by transaction" for all Nike-branded products sold on

the StockX Website or StockX App dating back to January 1, 2020, without limitation and

without any nexus to the claims alleged in Nike's FAC.  StockX further objects to this Request

as overly broad and unduly burdensome to the extent it calls for any information concerning

StockX's revenues for all Nike-branded products to be broken down "by transaction."

Documents produced, if any, will be produced as they are maintained in the ordinary course of

business.  StockX further objects to this Request to the extent that it is duplicative of RFP Nos.

89, 95, 144, 188, 201, and 221.

Subject to and without waiving the foregoing objections, StockX will undertake targeted

and reasonable efforts to identify, review, and produce non-duplicative, non-privileged

documents in its possession, custody, or control, if any, during the Relevant Time Period, that

are sufficient to show its revenues and profits, if any, from any Nike Products sold on the

StockX platform.

**REQUEST NO. 223:**

> *Documents sufficient to show, on a quarterly basis since January 1, 2020, any costs*
> *incurred by StockX to sell or offer for sale Nike-branded products on the StockX*
> *Website or StockX App.*

6

**RESPONSE NO. 223:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request on the ground that is overly broad and unduly burdensome and requesting documents that are irrelevant to any of the claims or defenses at issue in the litigation insofar as it seeks discovery into "any costs incurred by StockX to sell or offer for sale Nike-branded products" without any nexus to the claims alleged in Nike's FAC. StockX further objects to this Request as overly broad and unduly burdensome to the extent it calls for any responsive Documents produced to provide "quarterly" numbers.  Documents produced, if any, will be produced as they are maintained in the ordinary course of business. StockX further objects to this Request to the extent that it is duplicative of RFP Nos. 89, 95, 144, 188, 201, 221 and 222.

Subject to and without waiving the foregoing objections, StockX will undertake targeted and reasonable efforts to identify, review, and produce non-duplicative, non-privileged documents in its possession, custody, or control, if any, during the Relevant Time Period, that are sufficient to show its costs incurred, if any, from any Nike Products sold on the StockX platform.

**REQUEST NO. 224:**

> *To the extent not already produced, Documents sufficient to show, on a quarterly basis since January 1, 2021, any costs incurred by StockX to sell or offer for sale Nike Vault NFTs on the StockX Website or StockX App.*

**RESPONSE NO. 224:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request as overly broad and unduly burdensome to the

extent it calls for any responsive Documents produced to provide "quarterly" numbers.

Documents produced, if any, will be produced as they are maintained in the ordinary course of

business.  StockX further objects to this Request to the extent that it is duplicative of RFP Nos.

89, 95, 144, 188, 201, 221 222 and 223.

Subject to and without waiving the foregoing objections, StockX will undertake targeted

and reasonable efforts to identify, review, and produce non-duplicative, non-privileged

documents in its possession, custody, or control, if any, during the Relevant Time Period, that

are sufficient to show its costs incurred, if any, from any Accused Products sold on the StockX

platform.

**REQUEST NO. 225:**

> *Documents sufficient to show, on a quarterly basis since January 1, 2020, the*
> *revenues directly or indirectly derived from StockX's use, advertisement,*
> *marketing, and/or promotion of the Advertising Claims, and the costs associated*
> *with marketing the Advertising Claims.*

**RESPONSE NO. 225:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated

herein.  StockX further objects to this Request on the ground that the phrase "Advertising

Claims" is vague, ambiguous, overly broad and unduly burdensome to the extent it purports to

encompass unstated and unspecified claims "without limitation" to those referenced in the First

Amended Complaint.  StockX accordingly will interpret the term "Advertising Claims" to refer

to those claims specifically identified in Nike's First Amended Complaint at Paragraphs 50-53,

110 and 172.  StockX further objects to this Request as overly broad and unduly burdensome to

the extent it calls for any responsive Documents produced to provide quarterly numbers since

January 1, 2021.  Documents produced, if any, will be produced as they are maintained in the ordinary course of business.  StockX further objects to this Request to the extent that it is duplicative of RFP Nos. 89, 95, 144, 188, 201, 221 222, 223, and 224. StockX further objects to the request as vague and ambiguous, because it does not define or explain what it means by revenues "directly or indirectly derived" from the Advertising Claims.

Subject to and without waiving the foregoing objections, StockX responds that no documents exist that are responsive to this request.

**REQUEST NO. 226:**

*To the extent not already produced, all Documents and Communications concerning expected, forecast, planned, or budgeted increases in sales, revenues, profits, or customer retention because of the adoption of the Advertising Claims since January 1, 2020.*

**RESPONSE NO. 226:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request on the ground that the phrase "Advertising Claims" is vague, ambiguous, overly broad and unduly burdensome to the extent it purports to encompass unstated and unspecified claims "without limitation" to those referenced in the First Amended Complaint.  StockX accordingly will interpret the term "Advertising Claims" to refer to those claims specifically identified in Nike's First Amended Complaint at Paragraphs 50-53, 110 and 172.  StockX further objects to this Request as overly broad to the extent it calls for "all Documents and Communications" regarding multiple topics including "expected, forecast, planned, or budgeted increases in sales, revenues, profits, or customer retention" that relate in any way to the Advertising Claims.  StockX further objects to this Request on the ground that it

9

is vague and ambiguous insofar as it is unclear what it means for "expected, forecast, planned, or

budgeted increases in sales, revenues, profits, or customer retention" to be "because of the

adoption of the Advertising Claims." StockX further objects to this Request to the extent that it

is duplicative of RFP No. 135.

Subject to and without waiving the foregoing objections, StockX responds that no

documents exist that are responsive to this request.

**REQUEST NO. 227:**

> *To the extent not already produced, all monthly or quarterly internal financial reports since January 1, 2020 that were prepared for StockX management, leadership, or executives, including actual and projected revenues, costs, profits, and comparisons of projected or budgeted amounts to actual results.*

**RESPONSE NO. 227:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated

herein. StockX further objects to this Request on the ground that is overly broad and unduly

burdensome, disproportional to the needs of the case and requesting documents that are

irrelevant to any of the claims or defenses at issue in the litigation insofar as it demands that

StockX produce each and every internal financial report since January 2020 without any

limitation and without any nexus to the claims alleged in Nike's FAC. StockX further objects to

this Request as overly broad and unduly burdensome to the extent it calls for any responsive

Documents produced to provide "monthly" or "quarterly" information. Documents produced, if

any, will be produced as they are maintained in the ordinary course of business. StockX further

objects to this Request to the extent that it is duplicative of RFP Nos. 89, 95, 144, 188, 201, 221

222, 223 and 224.

Subject to and without waiving the foregoing objections, StockX will not produce Documents in response to Request No. 227 as drafted but agrees to meet and confer with Nike to narrow the scope of this Request and to better understand the types of non-duplicative materials Nike seeks to obtain in response.

**REQUEST NO. 228:**

*Documents sufficient to identify any premium at which the Vault NFT sold over the cost to acquire the physical Nike product from StockX.*

**RESPONSE NO. 228:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request on the ground that the phrase "Nike products" is vague and ambiguous to the extent it purports to encompass physical, tangible, goods designed, produced, manufactured, distributed, marketed, sold and/or offered for sale by Nike under some other brand name or trademark.  StockX will interpret "Nike products" to mean products bearing the Nike trademarks identified in paragraph 31 of Nike's First Amended Complaint.  StockX further objects to this Request as vague and ambiguous because it does not explain what it means to "acquire the physical Nike product from StockX" in connection with a Vault NFT.  StockX further objects to this request as vague because the cost of a Vault NFT is identical to "the cost to acquire the physical Nike product from StockX" and it is accordingly unclear what "premium" the request refers to.  StockX further objects to this Request to the extent it seeks information regarding the cost of products on StockX's platform that is publicly available.

Subject to and without waiving the foregoing objections, StockX responds that no documents exist that are responsive to this request.

**REQUEST NO. 229:**

*Documents sufficient to show the source (i.e., seller of the product that was authenticated by StockX and shipped to the end customer) of each counterfeit Nike product, known or unknown to be counterfeit at the time of shipment, sold on the StockX Website or StockX App.*

**RESPONSE NO. 229:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request on the ground that the phrase "Nike products" is vague and ambiguous to the extent it purports to encompass physical, tangible, goods designed, produced, manufactured, distributed, marketed, sold and/or offered for sale by Nike under some other brand name or trademark.  StockX will interpret "Nike products" to mean products bearing the Nike trademarks identified in paragraph 31 of Nike's First Amended Complaint.  StockX further objects to this request to the extent it seeks to require StockX to determine or admit that any product is a "counterfeit Nike product" without specificity and where Nike has the burden of proof as to its claims.  StockX further objects to this Request as overly broad and unduly burdensome insofar as it does not request the production of Documents as they are kept in the ordinary course of business.

Subject to and without waiving the foregoing objections, StockX will not produce documents in response to Request No. 229 as drafted, but agrees to meet and confer with Nike as to which specific Nike Products sold on the StockX platform Nike alleges were counterfeit in order to enable StockX to respond to this request.

**REQUEST NO. 230:**

*Documents sufficient to show the source (i.e., seller of the product that was authenticated by StockX and shipped to the end customer) of each Nike product*

*sold on the StockX Website or StockX App that were returned because the Nike product was claimed to be counterfeit.*

**RESPONSE NO. 230:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request on the ground that the phrase "Nike products" is vague and ambiguous to the extent it purports to encompass physical, tangible, goods designed, produced, manufactured, distributed, marketed, sold and/or offered for sale by Nike under some other brand name or trademark.  StockX will interpret "Nike products" to mean products bearing the Nike trademarks identified in paragraph 31 of Nike's First Amended Complaint.  StockX further objects to this request because it seeks to require StockX to determine the intention of unknown and unspecified third parties.  StockX further objects to this Request as overly broad and unduly burdensome insofar as it does not request the production of Documents as they are kept in the ordinary course of business.

Subject to and without waiving the foregoing objections, StockX will undertake targeted and reasonable efforts to identify, review, and produce non-duplicative, non-privileged documents in its possession, custody, or control, if any, during the Relevant Time Period, that are sufficient to show the source of any Nike Product sold on the StockX platform that was returned to StockX where StockX understood the returning customer believed the returned product was not authentic.

**REQUEST NO. 231:**

> *For each source of Nike products responsive to Request Nos. 229 or 230, Documents sufficient to show the quantity or unit sales, style, and size of the Nike products offered for sale on the StockX Website or StockX App and any revenue derived by StockX from the sale of such products.*

**RESPONSE NO. 231:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein. StockX incorporates by reference its objections to RFP Nos. 229 and 230 as if fully stated herein. StockX further objects to RFP No. 231 to the extent it is duplicative of RFP No. 222. StockX further objects to this Request because, to the extent it is not duplicative, it seeks information that is not relevant to any party's claims or defenses in this action.

Subject to and without waiving the foregoing objections, StockX will not produce documents in response to Request No. 231 but agrees to meet and confer with Nike to narrow the scope of this Request and to better understand the types of non-duplicative materials Nike seeks to obtain in response and their relevance to Nike's claims in the FAC.

**REQUEST NO. 232:**

> *To the extent not already produced, Documents sufficient to show StockX's business plans, prospectuses, offering memorandums, or other Documents and Communications concerning StockX's business, competitive advantages and/or disadvantages, and competitors.*

**RESPONSE NO. 232:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein. StockX further objects to this Request to the extent it is duplicative of RFP Nos. 16, 94, 146, 147, 148, 149, 168, and 184. StockX further objects to this Request as overly broad, unduly burdensome and disproportional to the needs of the case insofar as it seeks Documents sufficient

to show StockX's business plans generally, without any nexus to the claims or defenses at issue in the FAC and without any reference or regard for use of Nike trademarks or Nike products. StockX further objects to this Request on the ground that the request for documents sufficient to show "other Documents and Communications concerning StockX's business, competitive advantages, and/or disadvantages, and competitors" is vague and ambiguous.

Subject to and without waiving the foregoing objections, StockX will not produce documents in response to Request No. 232 but agrees to meet and confer with Nike to narrow the scope of this Request and to better understand the types of non-duplicative materials Nike seeks to obtain in response and their relevance to Nike's claims in the FAC.

**REQUEST NO. 233:**

> *To the extent not already produced, Documents and Communications concerning competitors, comparing competitor product and service offerings, competitor advantages and/or disadvantages, product pricing, market segments and market share.*

**RESPONSE NO. 233:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request to the extent it is duplicative of RFP Nos. 10, 67, and 168.  StockX further objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks Documents "comparing competitor product and service offerings, competitor advantages and/or disadvantages, product pricing, market segments and market share" that have no nexus to the claims in the FAC.  StockX further objects to this Request as vague and ambiguous for failing to define the term "competitor."  StockX understands the term competitor in the context of Nike's

15

FAC to mean other secondary market platforms that offer vaulted products or NFTs that act as claim tickets for physical goods.

Subject to and without waiving the foregoing objections, StockX will not produce documents in response to Request No. 231 but agrees to meet and confer with Nike to narrow the scope of this Request and to better understand the types of non-duplicative materials Nike seeks to obtain in response and their relevance to Nike's claims in the FAC.

**REQUEST NO. 234:**

*Documents sufficient to show StockX's chart of accounts.*

**RESPONSE NO. 234:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this request as overbroad, unduly burdensome, disproportional to the needs of the case, duplicative, and, to the extent non-duplicative, not relevant to any claims or defenses at issue in the litigation.  StockX accordingly will not produce documents in response to RFP No. 234.

**REQUEST NO. 235:**

*Documents and Communications sufficient to show analyses or breakdowns of expenses by the nature of the expense (e.g., expenses classified as fixed or variable).*

**RESPONSE NO. 235:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request on the ground that is overly broad and unduly burdensome and requesting documents that are irrelevant to any of the claims or defenses at issue in the litigation insofar as it seeks Documents and Communications concerning "analyses

16

or break downs of expenses" without any nexus to the claims alleged in Nike's FAC.  StockX

further objects to this Request as overly broad and unduly burdensome to the extent it asks

StockX to prepare analyses of expenses "by the nature of the expense (e.g., expenses classified

as fixed or variable).  Documents produced, if any, will be produced as they are maintained in

the ordinary course of business.  StockX further objects to this Request to the extent that it is

duplicative of RFP Nos. 89, 95, 144, 188, 201, 221 222, 223, and 224, and, to the extent non-

duplicative, not relevant to any claims or defenses at issue in this litigation.  StockX accordingly

will not produce documents in response to Request No. 235.

**REQUEST NO. 236:**

> *All Documents which summarize StockX's overhead, indirect or other cost pool
> allocations for the sale of products on the StockX Website or StockX App.*

**RESPONSE NO. 236:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated

herein.  StockX further objects to this Request as overly broad, unduly burdensome, and

disproportional to the needs of the case to the extent it seeks "[a]ll Documents which summarize

StockX's overhead, indirect, or other cost pool allocations" for all products sold on StockX's

Website or the StockX App. The request has no nexus to the claims in the FAC and is unlimited

in any material respect.  StockX further objects to the Request as vague and ambiguous insofar

as it fails to define the phrase "indirect or other cost pool allocations for the sale of products."

StockX does not understand what, precisely, Nike seeks.  StockX further objects to this Request

to the extent it is duplicative of RFP Nos. 89, 95, 144, 188, 201, 221 222, 223, 224 and 225, and,

to the extent non-duplicative, not relevant to any claims or defenses at issue in this litigation.

StockX accordingly will not produce documents in response to Request No. 236.

**REQUEST NO. 237:**

*Documents sufficient to show the earliest date that You verified as authentic a product that was later determined to be counterfeit.*

**RESPONSE NO. 237:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request on the ground that it does not request for the production of Documents as they are kept in the ordinary course of business.  StockX further objects to this Request as seeking Documents that have no relevance to Nike's claims in the FAC, as it is not limited by reference to the Nike Products that form the basis of Nike's claims.  StockX further objects to this request to the extent it is duplicative of RFP Nos. 187, 199, and 200.  Subject to and without waiving the foregoing objections, StockX will not produce documents in response to Request No. 237.

**REQUEST NO. 238:**

*Documents sufficient to show the earliest date that You verified as authentic a Nike product that was later determined to be counterfeit.*

**RESPONSE NO. 238:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated herein.  StockX further objects to this Request on the ground that it does not request for the production of Documents as they are kept in the ordinary course of business.  StockX further objects to this request to the extent it is duplicative of RFP Nos. 187, 199, 200 and 237.

Subject to and without waiving the foregoing objections, StockX will undertake targeted and reasonable efforts to identify, review, and produce non-duplicative, non-privileged

18

documents in its possession, custody, or control, if any, during the Relevant Time Period, that

are responsive to this Request.

**REQUEST NO. 239:**

> *Documents sufficient to show the earliest date that You first publicly used the following statements in connection with products sold on the StockX Website or StockX App: (1) "100% Verified Authentic"; (2) "Every item sold goes through our proprietary multi-step verification process with our team of expert authenticators"; (3) StockX's authentication process uses "100+ data points"; (4) StockX "authenticators are better equipped than anyone to ensure a product's authenticity"; (5) "StockX's "multi-step verification process"; (6) StockX's "proprietary" authentication process; (7) "Guaranteed Authenticity" as related to products sold on the StockX platform; (8) StockX's authentication process uses "Advanced Technology"; (9) StockX's authentication process uses "Quality Assurance"; (10) StockX's "99.96 authentication accuracy rate"; (11) "Always Authentic, Never Fake"; (12) "Guaranteed Authenticity. Every item. Every time. Shop on StockX with complete confidence knowing every purchase is Verified Authentic."; and (13) "A final check in our authentication practice, our QA experts ensure nothing slips through the cracks.".*

**RESPONSE NO. 239:**

StockX incorporates its Objections to Definitions and Instructions as if fully stated

herein.  StockX further objects to the Request on the ground that it seeks only publicly available

information that is equally available to Nike.  StockX further objects to the Request on the

grounds that it is overly broad, unduly burdensome, and disproportional to the needs of the case

to the extent it seeks documents from outside of the Relevant Time Period.

Subject to and without waiving the foregoing objections, StockX will undertake targeted

and reasonable efforts to identify, review, and produce non-duplicative, non-privileged

documents in its possession, custody, or control, if any, during the Relevant Time Period, that

are responsive to this Request.

Dated:   September 12, 2022
         New York, New York

DEBEVOISE & PLIMPTON LLP

By: */s/   Megan K. Bannigan*
David H. Bernstein (dhbernstein@debevoise.com)
Megan K. Bannigan (mkbannigan@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Christopher S. Ford (csford@debevoise.com)
Justin Ferrone (jcferrone@debevoise.com)
Kathryn C. Saba (ksaba@debevoise.com)
919 Third Avenue
New York, New York, 10022
(212) 909-6000

KILPATRICK TOWNSEND & STOCKTON LLP
David Mayberry
(DMayberry@kilpatricktownsend.com)
Rob Potter (RPotter@kilpatricktownsend.com)
1114 Avenue of the Americas
New York, New York 10036
(212) 775-8733

MORGANROTH & MORGANROTH PLLC
Jeffrey B. Morganroth
(Jmorganroth@morganrothlaw.com)
167 East 61st Street, #23ª
New York, New York 10065
(248) 864-4000

*Attorneys for StockX LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2022, a true and correct copy of StockX's Responses and Objections to Nike's Fourth Set of Requests for Production of Documents and Things was served on all counsel of record for Plaintiff Nike, Inc. via email, as agreed to by the parties as the preferred method of service:

tamar.duvdevani@us.dlapiper.com
andrew.peck@us.dlapiper.com
marc.miller@us.dlapiper.com
jared.greenfield@us.dlapiper.com
michael.fluhr@us.dlapiper.com
Melissa.Reinckens@dlapiper.com
jane.wise@us.dlapiper.com

BY: /s/ *Justin C. Ferrone*