UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NIKE, INC.,

                             **Plaintiff,**                         22-CV-00983 (VEC)(SN)

     -against-                                              **ORDER**

STOCKX LLC,

                            **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On August 3, 2023, Plaintiff moved the Court to compel Defendant to produce a narrow subset of information related to certain sellers who sold counterfeit Nike products through StockX's platform (the "Sellers"). ECF No. 178. Because fact discovery closed on March 21, 2023, Defendant opposes this motion and asserts that Plaintiff has failed to show good cause for this delayed discovery request. ECF No. 182. The Court GRANTS Plaintiff's motion.

## DISCUSSION

       As a general rule, courts have discretion to re-open discovery when there is good cause. Ciaramella v. Zucker, No. 18-CV-6945 (MKV)(SLC), 2021 WL 4206779, at *1 (S.D.N.Y. Aug. 10, 2021). "[A] finding of "good cause" depends on the diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Courts may also consider "1) the imminence of trial; 2) whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead to relevant evidence."

Krawec v. Kiewit Constructors Inc., No. 11-CV-0123 (LAP), 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013).

The docket in this case reflects Plaintiff's diligence throughout fact discovery. See ECF Nos. 76, 90, 98, 107, 126, 130, 136. Moreover, Plaintiff was diligent in obtaining discovery related to the counterfeit shoes sold to Mr. Roy Kim. Despite only learning about the Sellers during a June 29, 2023 deposition, Plaintiff first requested information pertaining to the counterfeit shoes sold to Mr. Kim on July 25, 2022. During a February 23, 2023 deposition of another StockX employee, Defendant objected to questions that might have identified information about the Sellers. The Court eventually compelled production related to the counterfeit shoes sold to Mr. Kim on April 26, 2023. On May 24, 2023, Defendant finally agreed to the June 29, 2023 deposition, at which a StockX employee identified relevant documents not previously produced. Plaintiff should be permitted to make a follow-up request for these documents. See Scantibodies Lab'y, Inc. v. Church & Dwight Co., No. 14-CV-2275 (JGK)(DF), 2016 WL 11271874, at *39 (Nov. 4, 2016), report and recommendation adopted, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017) (holding that when a deposed witness identifies relevant documents not previously produced the opposing party should be permitted to make a request for follow-up documents).

Other factors support Plaintiff's motion. While Defendant opposes Plaintiff's request for documents, the history of this dispute illustrates that Plaintiff could not have foreseen the need for this specific discovery request. Further, given the parties' September 7, 2023 expert discovery deadline, there is no trial date to delay.

Finally, Nike's request for documents identifying the number of times the Sellers successfully sold products on StockX's platform is clearly relevant to its claims.

## CONCLUSION

Plaintiff's motion is GRANTED. The Clerk of Court is requested to terminate the motions at ECF Nos. 178 and 179.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:  August 11, 2023
        New York, New York