**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

October 20, 2023

**BY ECF**

Hon. Valerie E. Caproni
United States District Court for the Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

Dear Judge Caproni:

  Pursuant to the Court's October 16, 2023 Order (ECF No. 200), Defendant StockX LLC ("StockX") respectfully requests to seal portions of the Parties' motions to preclude expert testimony (the "Motions") that include StockX's non-public financial data and additional competitively sensitive information such as descriptions of StockX's highly confidential authentication process, StockX's internal communications regarding product design, and data on StockX's customers.  Specifically StockX seeks to seal Duvdevani Declaration Exhibits 4-7, 13, and 22 (ECF Nos. 194-4 through 194-7, 194-13, and 194-25) in their entirety, and to apply narrowly-tailored redactions to portions of the Parties' motions to preclude expert testimony (the "Motions"), including StockX's memorandum of law in support of its Motion (ECF No. 190); Ford Declaration Exhibits A-C, F-G, I-K, O, and Q (ECF Nos. 201-1 through 201-3, 201-6, 201-7, 201-9 through 201-11, 201-15, 201-17); Nike's memorandum of law in support of its Motion (ECF No. 193); and Duvdevani Declaration Exhibits 1, 8-10, 16, and 21 (ECF Nos. 194-1, 194-8 through 194-10, 194-19, and 194-24).  *See* Appendix A (identifying the portions of the Parties' Motions that StockX is seeking to seal in their entirety and to narrowly redact).  StockX is filing under seal concurrently with this letter motion a copy of its memorandum of law and the Ford Declaration with highlighting showing both parties' proposed redactions.

  Although there is a presumption of public access to judicial documents, *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019), courts must "balance competing considerations against" that presumption, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted).  For a *Daubert* motion, the presumption of public access is "generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown*, 929 F.3d at 50.  Considerations that may outweigh the presumption of public access include the protection of a party's confidential or competitively sensitive business information.  *See, e.g.*, *Mahood v. Noom*, No. 20 CV 3677, 2021 WL 214299, at *2 (S.D.N.Y. Jan. 20, 2021) (approving redaction of "confidential, competitively-sensitive" usage and revenue data and collecting cases); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that these interests establish a "venerable common law exception to the presumption of access").

I. **StockX's Proposed Redactions to the *Daubert* Motions**

   A. **Certain Nonpublic StockX Financial Data**

StockX seeks to seal Duvdevani Declaration Exhibit 22 (ECF No. 194-25) and to redact limited portions of the Parties' memoranda of law (ECF Nos. 190 and 193) and supporting exhibits – Ford Declaration Exs. A-C and O and Duvdevani Declaration Exs. 1, 16, and 21 (ECF Nos. 201-1, 201-2, 201-3, 197-15, 194-1, 194-19, 194-24) – which contain highly-confidential financial information from StockX's non-public audited financial statements, including StockX's confidential profit and loss statements. StockX's proposed redactions are limited to the specific financial data reflecting its profits, revenues, and expenses, as well as data revealing the specific number of trades on its platform. StockX seeks to seal Ex. 22 (ECF No. 194-25) in its entirety, because it reveals the total number of trades on its platform over time, which is highly confidential information regarding StockX's business.

The requested redactions in this category should be granted for two reasons. First, as a private company, StockX's financial statements have not previously been publicly released. *See Mahood*, 2021 WL 214299, at *2 (granting motion to seal a private company's revenue and financial information); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 CV 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting motion to redact "confidential … accounting and financial information"); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17 CV 7378, 2020 WL 2190708, at *3-4 (S.D.N.Y. May 5, 2020) (permitting redaction of "financial metrics (such as pricing, costs, revenue, and profits)" and "business information of its active business units, such as … financial metrics").

Second, public disclosure of this information would be highly detrimental because it would reveal detailed information about StockX's financial condition, long-term business plans, revenue streams, and expense structures to the marketplace, including StockX's competitors, business partners, customers, and prospective customers. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redactions of "details of Microsoft's sources of revenue and the amounts of its revenue and sales" and "specific revenue amounts from certain offerings").

StockX's limited redactions leave the substance of the expert reports and testimony undisturbed, while protecting only the most narrow subset of information that would be detrimental for StockX's business and partnerships if made publicly available. Narrowly-tailored redactions of such highly confidential financial information are regularly granted, particularly with respect to private companies. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact "specific business information and strategies," which, if revealed, would "provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14 CV 1308, 2016 WL 1276450, at

*11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning sales and revenue because "Plaintiffs would be competitively harmed if they were revealed").

      B.      **Certain Nonpublic Competitively Sensitive Information about StockX's Business Plans & Commercial Interests**

StockX also seeks to protect from public disclosure information concerning its confidential business relationships and commercial strategies, including witness testimony on StockX's highly confidential authentication process, StockX's internal communications regarding product design, data on the number of and geography of StockX's sellers, and customer contact information. To protect this information, StockX seeks to seal five exhibits in their entirety – Duvdevani Declaration Exhibits 4-7 and 13 (ECF Nos. 194-4, 194-5, 194-6, 194-7, 194-13) – and to redact portions of the Parties' Motions including the Parties' memoranda of law (ECF Nos. 190 and 193); Ford Declaration Exs. A-C, F-G, I-K, and Q (ECF Nos. 201-1 through 201-3, 201-6, 201-7, 201-9 through 201-11, and 201-17); and Duvdevani Declaration Exs. 1, 8-10, 16, and 21 (ECF Nos. 194-1, 194-8 through 194-10, 194-19, and 194-24).

StockX's proposed redactions relate to StockX's highly confidential and commercially sensitive business plans, authentication processes, product development materials, and customer data. StockX has proposed redactions judiciously and only to StockX's highly confidential, commercially sensitive information. Public disclosure of this information would put StockX at a distinct competitive disadvantage. For example, disclosure of StockX's discussions and presentations on business strategy would reveal StockX's avenues for growth and allow competing marketplaces to unfairly leverage that information to undermine StockX's initiatives. *Amodeo,* 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."). In addition, non-public and sensitive discussions regarding StockX's authentication process, development of the Vault NFT program, and StockX's supply chain optimization methods warrant sealing, as they could "give [] competitors valuable insight into [StockX's] business practices" and contain "highly proprietary material concerning the defendants' . . . product development." *PharmacyChecker.com LLC*, No. 19-CV-07577-KMK, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022).

The five documents that StockX seeks to seal in full – Duvdevani Declaration Exhibits 4–7 and 13 – consist of three internal StockX documents that discuss StockX's growth strategy, one internal StockX user segmentation study used to "inform" StockX on "how to gain momentum" in the marketplace, and highly confidential customer and sales data. *See* ECF Nos. 194-4, 194-5, 194-6, 194-7, 194-13, and 194-22. *PharmacyChecker.com*, 2022 WL 4956050, at *2 ("[C]ourts have consistently found that confidential commercial information of a business – including confidential research, internal business documents and information about a business's operations are the proper subject of sealing.").

Despite the presumption of access to judicial documents, courts in this district routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information. *See Louis Vuitton Malletier*, 97 F. Supp. 3d at 511; *Playtex*

*Prods.*, 2016 WL 1276450, at *11. Here, StockX's interest in protecting this limited amount of competitively sensitive business information outweighs the presumption of public access and sealing is appropriate under these circumstances.

Respectfully submitted,

*/s/ Megan K. Bannigan*
Megan K. Bannigan
David H. Bernstein
Jyotin Hamid
Justin C. Ferrone
Kathryn C. Saba
**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, New York, 10001
Telephone: (212) 909-6000

Christopher S. Ford
**Debevoise & Plimpton LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700

David Mayberry
Rob Potter
**Kilpatrick Townsend & Stockton LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8733

Jeffrey B. Morganroth
**Morganroth & Morganroth, PLLC**
344 N. Old Woodward Ave, #200
Birmingham, MI 48075
Telephone: (248) 864-4001

*Attorneys for Defendant StockX LLC*


cc		All counsel of record (via ECF)

## Appendix A

### Proposed Confidential Treatment of StockX's *Daubert* Filing

| Document ECF No. | Filing Name | Proposed Confidential Treatment |
|---|---|---|
| 189 | StockX Notice of Motion to Preclude | None |
| 196 | StockX Memorandum of Law in Support | Proposed Redactions |
| 197 | Declaration of Christopher S. Ford | None |
| 197-1 | Ford Declaration Exhibit A: Hansen First Amended Report | Proposed Redactions |
| 197-2 | Ford Declaration Exhibit B: Hansen Second Rebuttal Report | Proposed Redactions |
| 197-3 | Ford Declaration Exhibit C: Hansen Deposition Transcript | Proposed Redactions |
| 197-4 | Ford Declaration Exhibit D: Stec Rebuttal Report | None |
| 197-5 | Ford Declaration Exhibit E: Stec Deposition Transcript | None |
| 197-6 | Ford Declaration Exhibit F: Kammel Report | Proposed Redactions |
| 197-7 | Ford Declaration Exhibit G: Kammel Rebuttal Report | Proposed Redactions |
| 197-8 | Ford Declaration Exhibit H: Kammel | Proposed Redactions |

Hon. Valerie E. Caproni 6 October 20, 2023

| Document ECF No. | Filing Name | Proposed Confidential Treatment |
|---|---|---|
|  | Deposition Transcript |  |
| 197-9 | Ford Declaration Exhibit I: McNew Report | Proposed Redactions |
| 197-10 | Ford Declaration Exhibit J: McNew Rebuttal Report | Proposed Redactions |
| 197-11 | Ford Declaration Exhibit K: McNew Deposition Transcript | Proposed Redactions |
| 197-12 | Ford Declaration Exhibit L: Simonson Report | Proposed Redactions |
| 197-13 | Ford Declaration Exhibit M: Simonson Rebuttal Report | None |
| 197-14 | Ford Declaration Exhibit N: Simonson Deposition Transcript | None |
| 197-15 | Ford Declaration Exhibit O: Vigil Report | Proposed Redactions |
| 197-16 | Ford Declaration Exhibit P: A-CAPP Article | None |
| 197-17 | Ford Declaration Exhibit Q: Tucker Report | Proposed Redactions |
| 197-18 | Ford Declaration Exhibit R: McNew Report in Fabian v. Nano | None |
| 197-19 | Ford Declaration Exhibit S: Simonson Report in Mary Kay v. Weber | None |