**Debevoise
&Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

November 10, 2023

**BY ECF**

Hon. Valerie E. Caproni
United States District Court for the Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

Dear Judge Caproni:

  Pursuant to the Court's November 3, 2023 Order (ECF No. 213), Defendant StockX LLC ("StockX") respectfully requests to seal limited portions of the Parties' oppositions to the motions to preclude expert testimony filed on October 13, 2023 (the "*Daubert* Oppositions"; ECF Nos. 209-211, 214) that include StockX's non-public financial data and additional competitively sensitive information such as data on StockX's highly confidential authentication process, StockX's internal communications regarding product design, and data on StockX's customers. StockX's proposed redactions are consistent with StockX's prior motion to seal portions of the Parties' motions to preclude expert testimony (ECF No. 205), and Nike does not oppose StockX's requests. Specifically, StockX seeks:

- To seal entirely three non-public internal StockX documents containing proprietary and confidential StockX information (Ford Declaration Exhibits C and K (ECF Nos. 210-3 and 210-11) and Duvdevani Exhibit 12 (ECF No. 214-12)), and

- To apply narrowly-tailored redactions to portions of the Parties' *Daubert* Oppositions, including StockX's opposition brief (ECF No. 209); Nike's opposition brief (ECF No. 211); and Duvdevani Exhibits 1, 2, and 7 (ECF Nos. 214-1, 214-2, and 214-7).

StockX is filing under seal concurrently with this letter motion a copy of its opposition brief with highlighting showing both parties' proposed redactions. (StockX is not re-filing the Ford Declaration, as no party is proposing redactions to any portion of that Declaration or its exhibits, though both Nike and StockX are seeking to fully seal certain exhibits that are identified herein by the ECF number of the original filing.) *See also* Appendix A (identifying the portions of the Parties' opposition filings that StockX is seeking to seal in their entirety and to narrowly redact).

  Although there is a presumption of public access to judicial documents, *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019), courts must "balance competing considerations against" that presumption, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). For filings submitted in connection with non-dispositive motions

such as the parties' *Daubert* briefs, the presumption of public access is "generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown*, 929 F.3d at 50. The protection of a party's confidential or competitively sensitive business information may outweigh the presumption of public access. *See, e.g.*, *Mahood v. Noom*, 2021 WL 214299, at *2 (S.D.N.Y. Jan. 20, 2021) (approving redaction of "confidential, competitively-sensitive" usage and revenue data and collecting cases); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that these interests establish a "venerable common law exception to the presumption of access").

### I. StockX's Proposed Redactions to the *Daubert* Motions

#### A. Certain Nonpublic StockX Financial Data

StockX seeks to redact limited portions of the Nike's memorandum of law (ECF No. 211) and Duvdevani Declaration Exhibit 2 (ECF Nos. 214-2), which contain highly-confidential financial information from StockX's non-public audited financial statements, including StockX's confidential profit and loss statements. StockX's proposed redactions are limited to specific financial data reflecting its profits, revenues, and expenses. The requested redactions in this category should be granted for two reasons.

*First*, as a private company, StockX's financial statements have not previously been publicly released. Courts have held that the sensitivity of such data can outweigh any presumption of public access. *See Mahood*, 2021 WL 214299, at *2 (granting motion to seal a private company's revenue and financial information); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting motion to redact "confidential … accounting and financial information"); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3-4 (S.D.N.Y. May 5, 2020) (permitting redaction of "financial metrics (such as pricing, costs, revenue, and profits)" and "business information of its active business units, such as … financial metrics").

*Second*, public disclosure of this information would be highly detrimental because it would reveal detailed information about StockX's financial condition, long-term business plans, and revenue streams. Courts routinely grant requests to seal such sensitive financial data. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redactions of "details of Microsoft's sources of revenue and the amounts of its revenue and sales" and "specific revenue amounts from certain offerings").

StockX's limited redactions leave the substance of the expert reports and testimony undisturbed, while protecting only a narrow subset of information that would be detrimental for StockX's business and partnerships if made publicly available. Courts regularly approve such narrowly-tailored redactions of such highly confidential financial information, particularly with respect to private companies. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact

"specific business information and strategies," which, if revealed, would "provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning sales and revenue because "Plaintiffs would be competitively harmed if they were revealed").

### B.   Certain Nonpublic Competitively Sensitive Information about StockX's Business Plans & Commercial Interests

StockX also seeks to seal information concerning its confidential business relationships and commercial strategies, including witness testimony on StockX's highly confidential and proprietary authentication process; internal communications and presentations regarding StockX's product design; and a board presentation on StockX's business growth strategy. To protect this information, StockX seeks to seal three exhibits in their entirety – Duvdevani Declaration Exhibit 12 (ECF No. 214-12) and Ford Declaration Exhibits C and K (ECF Nos. 210-3 and 210-11) – and to redact portions of the StockX's memorandum of law (ECF No. 209) and Duvdevani Declaration Exhibits 1, 2, and 7 (ECF Nos. 214-1, 214-2, and 214-7).

StockX requests to seal its highly confidential and commercially sensitive business plans, authentication processes, product development materials, and customer data. StockX has proposed redactions judiciously and only to StockX's most highly confidential, commercially sensitive information. Public disclosure of this information would put StockX at a distinct competitive disadvantage. For example, disclosure of StockX's discussions and presentations on business strategy would reveal StockX's avenues for growth and allow competing marketplaces to unfairly leverage that information to undermine StockX's initiatives. *Amodeo,* 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."). In addition, non-public data on StockX's authentication process and sensitive discussions regarding the development of the Vault NFT program are comprised of "highly proprietary material concerning [StockX's] . . . product development," *see GoSMiLE, Inc. v. Levine*, 769 F.Supp.2d 630, 650 (S.D.N.Y. 2011) (granting motion to seal materials concerning product development), and could "give [] competitors valuable insight into [StockX's] business practices," *see PharmacyChecker.com LLC*, No. 19 CV 07577, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022) (granting motion to seal documents that would reveal "current business practices").

StockX has not proposed redactions to internal documents containing information that has since become public; for example, StockX does not request to seal internal communications pertaining to StockX's Vault NFT program that were ultimately publicly disclosed.

The three documents that StockX seeks to seal in full – Duvdevani Declaration Exhibit 12 and Ford Declaration Exhibits C and K – are internal and non-public StockX documents: (1) a highly confidential presentation on StockX's NFT product development; (2) an internal StockX user segmentation study used to "establish[] a benchmark for StockX in the United States relative to its core competitors" in the marketplace; and (3) an internal

board presentation containing non-public financial data and projections, as well as competitively sensitive growth strategy.  *See* ECF Nos. 214-12, 210-11, and 210-3; *PharmacyChecker.com*, 2022 WL 4956050, at *2 ("[C]ourts have consistently found that confidential commercial information of a business – including confidential research, internal business documents and information about a business's operations are the proper subject of sealing.").

Courts in this district routinely determine that the disclosure of a party's confidential or competitively sensitive business information is not required and the interest in maintaining confidentiality over such information outweighs any presumption of public access.  *See Louis Vuitton Malletier*, 97 F. Supp. 3d at 511; *Playtex Prods.*, 2016 WL 1276450, at *11.  Here, StockX's interest in protecting this limited amount of competitively sensitive business information outweighs the presumption of public access and sealing is appropriate under these circumstances, and StockX accordingly requests that the Court approve its proposed redactions.

Respectfully submitted,

*/s/ Megan K. Bannigan*
Megan K. Bannigan
David H. Bernstein
Jyotin Hamid
Justin C. Ferrone
Kathryn C. Saba
**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, New York, 10001
Telephone: (212) 909-6000

Christopher S. Ford
**Debevoise & Plimpton LLP**
650 California Street
San Francisco, CA  94108
Telephone: (415) 738-5700

David Mayberry
Rob Potter
**Kilpatrick Townsend & Stockton LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8733

Jeffrey B. Morganroth
**Morganroth & Morganroth, PLLC**
344 N. Old Woodward Ave, #200
Birmingham, MI 48075
Telephone: (248) 864-4001

Hon. Valerie E. Caproni                                    5                                    November 10, 2023

*Attorneys for Defendant StockX LLC*

cc       All counsel of record (via ECF)

# Appendix A

## Proposed Confidential Treatment of the Parties' Opposition Filings

| Document ECF No. | Filing Name | Proposed Confidential Treatment |
|---|---|---|
| 209 | StockX's Memorandum of Law in Opposition to Nike's Motion to Exclude the Expert Testimony of Sarah Butler, Robert Vigil, and DeJongh Wells | Proposed Redactions |
| 210 | Declaration of Christopher S. Ford | None |
| 210-1 | Ford Declaration Exhibit A: Butler Deposition Transcript Excerpts | None |
| 210-2 | Ford Declaration Exhibit B: Butler Declaration | None |
| 210-3 | Ford Declaration Exhibit C: STX0090109 | Seal in Full |
| 210-4 | Ford Declaration Exhibit D: Wells Deposition Transcript Excerpts | None |
| 210-5 | Ford Declaration Exhibit E: NIKE0036670 | None |
| 210-6 | Ford Declaration Exhibit F: Sneakerhead Survey Article | None |
| 210-7 | Ford Declaration Exhibit G: New York Times Article | None |
| 210-8 | Ford Declaration Exhibit H: Forbes Article | None |

Hon. Valerie E. Caproni                    7                     November 10, 2023

| Document ECF No. | Filing Name | Proposed Confidential Treatment |
|---|---|---|
| 210-9 | Ford Declaration Exhibit I: *Nike v. By KIY* Complaint | None |
| 210-10 | Ford Declaration Exhibit J: *Nike v. Ho* Complaint | None |
| 210-11 | Ford Declaration Exhibit K: STX0021868 | Seal in Full |
| 211 | Nike's Memorandum of Law in Opposition to StockX's Motion to Preclude the Testimony of John Hansen, Jeffery Stec, Kari Kammel, Steven McNew, and Itamar Simonson | Proposed Redactions |
| 214 | Declaration of Tamar Y. Duvdevani | None |
| 214-1 | Duvdevani Declaration Exhibit 1: Hansen Deposition Transcript Excerpts | Proposed Redactions |
| 214-2 | Duvdevani Declaration Exhibit 2: Hansen Rebuttal Report | Proposed Redactions |
| 214-3 | Duvdevani Declaration Exhibit 3: Kammel Deposition Transcript Excerpts | None |
| 214-4 | Duvdevani Declaration Exhibit 4: LaMagna Deposition Transcript Excerpts | None |
| 214-5 | Duvdevani Declaration Exhibit 5: McNew Deposition Transcript Excerpts | None |
| 214-6 | Duvdevani Declaration Exhibit 6: Kominers Report | None |

Hon. Valerie E. Caproni                                         8                                         November 10, 2023

| Document ECF No. | Filing Name | Proposed Confidential Treatment |
|---|---|---|
| 214-7 | Duvdevani Declaration Exhibit 7: Kominers Rebuttal Report | Proposed Redactions |
| 214-8 | Duvdevani Declaration Exhibit 8: Klein Deposition Transcript Excerpts | None |
| 214-9 | Duvdevani Declaration Exhibit 9: Klein Rebuttal Report | None |
| 214-10 | Duvdevani Declaration Exhibit 10: Simonson Deposition Transcript Excerpts | None |
| 214-11 | Duvdevani Declaration Exhibit 11: Neal Deposition Transcript Excerpts | None |
| 214-12 | Duvdevani Declaration Exhibit 12: STX0018415-18451 | Seal in Full |