

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

November 10, 2023
*V<small>IA</small> ECF*

The Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

**Re:**   *Nike, Inc. v. StockX LLC*, **No. 22 CV 00983 (VEC) (S.D.N.Y.)**

**Dear Judge Caproni:**

Pursuant to the Your Honor's Individual Rule 5(B)(ii), the Stipulated Protective Order ¶ 14 (Dkt. No. 52), and the Court's November 6, 2023 Order (Dkt. No. 213), Plaintiff Nike, Inc. ("Nike") respectfully submits this request seeking the sealed treatment of its Confidential Information referenced or quoted in Nike's and Defendant StockX LLC's ("StockX") November 3, 2023 Opposition Motions to exclude proffered expert testimony (Dkt. Nos. 209-210, 211, 214). Concurrently with the filing of this Letter-Motion, Nike is also filing, under seal, its Opposition Memoranda of Law and Exhibits in support of its Motion with both parties' proposed redactions highlighted for the Court's review.

Subject to the Court's approval, Nike proposes to redact the Confidential Information that it designated pursuant to the Stipulated Protective Order and that is referenced in: Exhibits 2, 3 and 7 to the Duvdevani Declaration (Dkt. Nos. 214-2, 214-3, 214-7) and StockX's Memorandum of Law (Dkt. No. 209) (collectively, "Nike's Proposed Redactions.")  Nike also proposes sealing, in its entirety, Exhibit E to the Ford Declaration (Dkt. No. 210-5) ("Nike's Proposed Sealing.")

Sealed treatment of Nike's Proposed Redactions and Sealing is appropriate in light of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of public access.  *Id.* (internal citation and quotation marks omitted).  "[C]ourts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information."  *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (collecting cases).  "[C]ourts may deny access to records that contain "sources of business information that might harm a litigant's competitive standing." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022) (internal quotations) (collecting cases).

Nike's Proposed Redactions relate to the details of Nike's highly confidential anticounterfeiting and brand protection efforts, including Nike's anti-counterfeiting processes and procedures and



proprietary brand protection tools as well as Nike brand protection's analyses of the harms that flow from the distribution of counterfeit goods. "[T]he details of [Nike's] anti-counterfeiting program include business information that might harm [its] competitive standing and reveal trade secrets if publicly disclosed." *Fossil Grp., Inc. v. Angel Seller LLC*, 2022 WL 3347219, at *5 (E.D.N.Y. Aug. 12, 2022) (internal quotations omitted) (sealing "highly confidential brand protection anti-counterfeiting" information). Indeed, "certain of the information relevant to [Nike's] anti-counterfeiting efforts could be a useful roadmap for a would-be counterfeiter." *Id.* (internal quotations omitted).

Nike's Proposed Redactions and Nike's Proposed Sealing, to the extent not directly related to its anti-counterfeiting strategy, are "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y.1998)). "Courts applying the Second Circuit's *Lugosch* standard have recognized the sensitivity of confidential business strategies and practices, and have permitted the sealing of such information." *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022). Nike's Proposed Redactions and Proposed Sealing cover its "internal analyses" of business strategy and harm from counterfeiting, which, if revealed, "'might harm [Nike]'s competitive standing in the market.'" *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (quoting *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014)). These redactions and sealing are "narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed." *Id.* at *3.

Nike's Proposed Sealing contains the type of confidential and sensitive business information that Courts routinely seal. *See Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing exhibits related to *inter alia* "qualitative market research").

Nike also does not object to StockX's proposed redactions for the Confidential Information that it designated pursuant to the Stipulated Protective Order and that is referenced in: StockX's Memorandum of Law (Dkt. No. 209); Nike's Memorandum of Law (Dkt. No. 211); and Exhibits 1, 2, and 7 to the Duvdevani Exhibits (Dkt. Nos 214-1, 214-2, 214-7); as well as StockX's proposed sealing of Exhibits 12 to the Duvdevani Declaration (Dkt. No. 214-12) and Exhibits C and K to the Ford Declaration (Dkt. Nos. 210-3, 210-11) in their entirety.



November 10, 2023
Page Three

Nike's Proposed Redactions and Sealing have been applied judiciously and are narrowly tailored to shield only Confidential Information designated under the Stipulated Protective Order as containing "anticounterfeiting and brand protection measures, including methods used to identify counterfeit, grey market, and/or other unauthorized goods" or other commercially sensitive material. Accordingly, Nike respectfully requests that the Court grant Nike's request to implement the limited, proposed redactions and sealing.

Respectfully submitted,

By: */s/ Tamar Y. Duvdevani*

**DLA PIPER LLP (US)**

Tamar Y. Duvdevani
Marc E. Miller
Michael D. Hynes
Andrew J. Peck
Jared Greenfield
1251 Avenue of The Americas, 27th Fl.
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Michael Fluhr
555 Mission Street, Suite 2400
San Francisco, CA 94105
Telephone: (415) 836-2500
Facsimile: (415) 836-2501

Melissa Reinckens
4365 Executive Drive
Suite 1100
San Diego, CA 92121
melissa.reinckens@us.dlapiper.com
Telephone: (858) 677-1400
Facsimile: (858) 677-1401

Jane W. Wise
500 Eighth Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4149
Facsimile: (202) 863-7849

*Attorneys for Plaintiff Nike, Inc.*