Case 1:22-cv-00983-VEC   Document 231   Filed 11/29/23   Page 1 of 6



**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

**Megan K. Bannigan**
Partner
mkbannigan@debevoise.com
+1 212 909 4879

November 29, 2023

**BY ECF**

Hon. Valerie E. Caproni
United States District Court for the Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

Dear Judge Caproni:

      Pursuant to the Court's November 19, 2023 Order (ECF No. 228), Defendant StockX LLC ("StockX") respectfully requests to seal limited portions of the parties' replies to their respective *Daubert* motions to preclude proffered expert testimony (the "*Daubert* Replies"; ECF Nos. 223-226), which include StockX's non-public financial data and additional competitively sensitive information such as StockX's value proposition and positioning in the marketplace.  StockX's proposed redactions are consistent with StockX's prior motions to seal portions of the parties' motions to preclude expert testimony (ECF Nos. 205, 215), and Plaintiff Nike, Inc. ("Nike"), does not oppose StockX's requests.  Specifically, StockX seeks:

- To apply a single, narrowly-tailored redaction to StockX's reply brief (ECF No. 223), and

- To apply limited, narrowly-tailored redactions to Nike's reply brief (ECF No. 224).

  StockX is filing under seal concurrently with this letter motion a copy of its reply brief with highlighting showing both parties' proposed redactions, as well as version of the Ford Declaration and the associated Exhibits A-E, showing Nike's proposed redactions.  *See also* Appendix A (identifying the portions of the *Daubert* Replies that StockX is seeking to seal in their entirety and to narrowly redact).

      Although there is a presumption of public access to judicial documents, *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019), courts must "balance competing considerations against" that presumption, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted).  For filings submitted in connection with non-dispositive motions such as the parties' *Daubert* motions, the presumption of public access is "generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown*, 929 F.3d at 50.  The protection of a party's confidential or competitively sensitive business information may outweigh the presumption of public access.  *See, e.g.*, *Mahood v.*

*Noom*, No. 20 CV 3677, 2021 WL 214299, at *2 (S.D.N.Y. Jan. 20, 2021) (approving redaction of "confidential, competitively-sensitive" usage and revenue data and collecting cases); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that these interests establish a "venerable common law exception to the presumption of access").

## I. StockX's Proposed Redactions to the *Daubert* Motions

### A. Certain Nonpublic StockX Financial Data

StockX seeks to redact only a single sales figure from footnote 4 on page 2 of StockX's *Daubert* Reply (ECF No. 223). This is a highly-confidential sales figure from StockX's non-public audited financial statements, and StockX's proposed redaction leaves the substance of the footnote and brief undisturbed. StockX's singular redaction in this category should be granted for three reasons.

*First*, as a private company, StockX's financial statements have not previously been publicly released. Courts have held that the sensitivity of such data can outweigh any presumption of public access. *See Mahood*, 2021 WL 214299 at *2 (granting motion to seal a private company's revenue and financial information); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 CV 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting motion to redact "confidential … accounting and financial information"); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17 CV 7378, 2020 WL 2190708, at *3-4 (S.D.N.Y. May 5, 2020) (permitting redaction of "financial metrics (such as pricing, costs, revenue, and profits)" and "business information of its active business units, such as … financial metrics").

*Second*, public disclosure of this information would be highly detrimental because it would reveal information about StockX's financial condition, and courts routinely grant requests to seal such sensitive financial data. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *Kewazinga Corp. v. Microsoft Corp.*, No. 18 CV 4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redactions of "details of Microsoft's sources of revenue and the amounts of its revenue and sales" and "specific revenue amounts from certain offerings").

*Third,* courts regularly approve such narrowly-tailored redactions of such highly confidential financial information, particularly with respect to private companies. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit,'" (internal citation omitted)); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14 CV 1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016)

(granting request to seal documents concerning sales and revenue because "Plaintiffs would be competitively harmed if they were revealed").

### B. Certain Nonpublic Competitively Sensitive Information about StockX's Business Strategy & Commercial Interests

StockX also seeks to seal limited information concerning its confidential business relationships and commercial strategies, including witness testimony on StockX's highly confidential and proprietary authentication process, and information regarding an internal analysis of sales data from a StockX competitor. To protect this information, StockX seeks to apply limited, narrowly tailored redactions to Nike's reply brief (ECF No. 224).

StockX requests to seal highly confidential and commercially sensitive information about StockX's business strategy and authentication processes. StockX has proposed redactions judiciously and only to StockX's most highly confidential, commercially sensitive information. Public disclosure of this information would put StockX at a distinct competitive disadvantage. For example, disclosure of StockX's value proposition and positioning in the marketplace would allow competing marketplaces to unfairly leverage that information to undermine StockX's initiatives. *Amodeo,* 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy,* No. 19 CV 07577, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022) ("Records which would aid 'commercial competitors "seeking an advantage over rivals" are among those documents the confidentiality of which may outweigh the public's presumption of access.'").

In addition, sensitive information regarding an internal analysis of sales data from StockX and a StockX competitor reflects "confidential research, internal business documents and information about a business's operation" that courts consistently find are the "proper subject of sealing." *PharmacyChecker.com,* 2022 WL 4956050 at *2; *see also City of Providence v. BATS Glob. Markets, Inc.,* No. 14 CV 2811, 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) (sealing an internal presentation containing "peer comparison analyses and information on [] market data strategy, initiatives, and revenue potential going forward" because disclosure of such information could cause "significant" harm to defendant's competitive standing).

Courts in this district routinely determine that the disclosure of a party's confidential or competitively sensitive business information is not required and the interest in maintaining confidentiality over such information outweighs any presumption of public access. *See Louis Vuitton Malletier,* 97 F. Supp. 3d at 511; *Playtex Prods.,* 2016 WL 1276450 at *11. Here, StockX's interest in protecting this limited amount of competitively sensitive business information outweighs the presumption of public access and sealing is appropriate under these circumstances. StockX accordingly requests that the Court approve

its proposed redactions.

Respectfully submitted,

*/s/ Megan K. Bannigan*
Megan K. Bannigan
David H. Bernstein
Jyotin Hamid
Justin C. Ferrone
Kathryn C. Saba
**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, New York, 10001
Telephone: (212) 909-6000

Christopher S. Ford
**Debevoise & Plimpton LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700

David Mayberry
Rob Potter
**Kilpatrick Townsend & Stockton LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8733

Jeffrey B. Morganroth
**Morganroth & Morganroth, PLLC**
344 N. Old Woodward Ave, #200
Birmingham, MI 48075
Telephone: (248) 864-4001

*Attorneys for Defendant StockX LLC*


cc	All counsel of record (via ECF)

# Appendix A

# Proposed Confidential Treatment of the Parties' Reply Filings

| Document ECF No. | Filing Name | Proposed Confidential Treatment |
|---|---|---|
| 223 | StockX's Reply Memorandum of Law in Support of StockX's Motion to Exclude the Testimony of John Hansen, Jeffrey Stec, Kari Kammel, Steven McNew, and Itamar Simonson | StockX and Nike Proposed Redactions |
| 226 | Declaration of Christopher S. Ford | None |
| 226-1 | Ford Declaration Exhibit A: Nike's Fourth Amended Initial Disclosures | Nike Proposed Redactions |
| 226-2 | Ford Declaration Exhibit B: Kammel Deposition Transcript Excerpts | Nike Proposed Redactions |
| 226-3 | Ford Declaration Exhibit C: Delli Carpini Deposition Transcript Excerpts | Nike Proposed Redactions |
| 226-4 | Ford Declaration Exhibit D: StockX's Fourth Set of Interrogatories | None |
| 226-5 | Ford Declaration Exhibit E: Simonson Deposition Transcript Excerpt | None |
| 224 | Nike's Reply Memorandum of Law in Support of Nike's Motion to Exclude the Testimony of Sarah Butler, Robert Vigil, | StockX Proposed Redactions |

| Document ECF No. | Filing Name | Proposed Confidential Treatment |
|---|---|---|
|  | and DeJongh Wells |  |
| 225 | Declaration of Tamar Y. Duvdevani | None |
| 225-1 | Duvdevani Declaration Exhibit 1: Butler Deposition Testimony Excerpts in *Golo, LLC* v. *Goli Nutrition Inc.* | None |