

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

December 8, 2023
*VIA ECF*

The Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

**Re:   *Nike, Inc. v. StockX LLC*, No. 22 CV 00983 (VEC) (S.D.N.Y.)
        Notice of Supplemental Authority**

**Dear Judge Caproni:**

We write on behalf of plaintiff Nike, Inc. ("Nike") in the above-referenced action against defendant StockX, LLC ("StockX") to notify the Court of the December 5, 2023 Memorandum Opinion issued by The United States Court of Appeals for the Second Circuit in *Vans, Inc. v. MSCHF Prod. Studio, Inc.,* No. 22-1006, 2023 WL 8385065 (2d Cir. Dec. 5, 2023) (attached as Exhibit A).

This trademark and trade dress infringement case concerned defendant MSCHF's "Wavy Baby" shoes, which purport to parody plaintiff Vans' "Old Skool" shoes. *Vans*, 2023 WL 8385065, at *1. The *Vans* panel affirmed the district court's order preliminarily enjoining MSCHF's marketing and sale of the Wavy Baby shoes, which Vans alleged infringed its trademarks and trade dress. *See id.* at *1, *4-10. The panel applied *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023), rejected MSCHF's *Rogers v. Grimaldi* defense, and concluded that "no special First Amendment protections apply to insulate MSCHF against Vans' trademark infringement claim." *Id.* at *1. The panel further affirmed the district court's order requiring MSCHF to place into escrow its gross revenues from sales of the Wavy Baby shoes. *See id.* at *1, *10-11.

The Second Circuit's statement on the burden framework for disgorgement of defendant's profits under 15 U.S.C. § 1117(a) is relevant to the pending *Daubert* motions here. In *Vans*, MSCHF argued that the district court erred in requiring it to escrow its gross revenues, rather than its net profits. *See Vans*, 2023 WL 8385065, at *10. Specifically, MSCHF argued:

> The District Court also erred in requiring MSCHF to escrow its gross revenues. No authority permits the District Court to require the escrow of MSCHF's gross revenues. Even if the District Court were to limit the escrow order to MSCHF's net profits, it would still be contrary to law, because it is not "ancillary to the final relief" sought by Vans in this case, and because the return of MSCHF's revenues to confused consumers is unrelated to any harm

December 8, 2023
Page Two

        purportedly suffered by Vans and to any remedies sought in Vans' complaint.

Brief for Defendant-Appellant at 63, *Vans, Inc. v. MSCHF Prod. Studio, Inc.,* No. 22-1006, Dkt. No. 39 (June 17, 2022).

The Second Circuit rejected MSCHF's argument and held that, "[u]nder 15 U.S.C. § 1117, Vans is entitled to MSCHF's profits, damages, and attorneys' fees if it establishes trademark infringement under the Lanham Act." *Vans*, 2023 WL 8385065, at *11. The Second Circuit also rejected MSCHF's argument that the district court could order MSCHF to escrow only *net profits* because, as the panel noted, Vans "sought an accounting" of MSCHF's profits and was therefore required to prove MSCHF's sales only. *Id*. The burden then shifts to MSCHF to prove all elements of costs of deduction claimed. *Id.* ("In assessing profits, the plaintiff is required to prove the defendant's sales only; the defendant must prove all elements of cost or deduction claimed.") (citing 15 U.S.C. § 1117(a)).

The *Vans* panel's statement of the parties' burdens in assessing defendant's profits under § 1117 is relevant to StockX's Motion to Preclude the testimony of Nike's damages expert John Hansen. (Dkt. No. 189.) The parties briefed the issue of whether Nike (via its damages expert) is required to prove StockX's sales only and whether StockX is required to prove which portion, if any, of its sales of falsely advertised Nike goods may be deducted from the profits calculation. (*See* Dkt. No. 190 at 3-4; Dkt. No. 211 at 1-3; Dkt. No. 223 at 1,3.) Nike respectfully submits that *Vans* supports its position that StockX's motion to preclude Hansen improperly shifts StockX's burden under § 1117 to Nike, and therefore provides this Notice of Supplemental Authority to the Court.

Respectfully submitted,

                                                  By: */s/ Tamar Y. Duvdevani*

                                                  **DLA PIPER LLP (US)**

                                                  Tamar Y. Duvdevani
                                                  Marc E. Miller
                                                  Michael D. Hynes
                                                  Andrew J. Peck
                                                  Jared Greenfield
                                                  1251 Avenue of The Americas, 27th Fl.
                                                  New York, NY 10020
                                                  Telephone: (212) 335-4500
                                                  Facsimile: (212) 335-4501

                                                  Michael Fluhr
                                                  555 Mission Street, Suite 2400
                                                  San Francisco, CA 94105

December 8, 2023
Page Three

Telephone: (415) 836-2500
Facsimile: (415) 836-2501

Melissa Reinckens
4365 Executive Drive
Suite 1100
San Diego, CA 92121
melissa.reinckens@us.dlapiper.com
Telephone: (858) 677-1400
Facsimile: (858) 677-1401

Jane W. Wise
500 Eighth Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4149
Facsimile: (202) 863-7849

*Attorneys for Plaintiff Nike, Inc.*