

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

VIA ECF

December 15, 2023

Hon. Valerie E. Caproni
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VEC) (SN)

Dear Judge Caproni:

We represent Defendant StockX LLC ("StockX") in the above-captioned matter and write in response to the Notice of Supplemental Authority submitted by Plaintiff Nike, Inc. ("Nike") on December 8, 2023 (ECF No. 234 ("Nike Letter")).

The Second Circuit's December 5, 2023 Memorandum Opinion in *Vans, Inc. v. MSCHF Prod. Studio, Inc.,* No. 22-1006, 2023 WL 8385065 (2d Cir. Dec. 5, 2023) (ECF No. 234-1) does not support Nike's position in connection with the parties' pending *Daubert* motions that Nike is not required to show a causal connection between StockX's alleged false advertising and the profits Nike is asking the Court to disgorge. Nor does *Vans* call into question any of the decisions cited by StockX in its briefing that explain why false advertising plaintiffs' damages experts who ignore causation are subject to exclusion. *See* StockX Reply, ECF No. 223, at pp. 1-3.

Unlike StockX's cited opinions, the *Vans* opinion says nothing about the admissibility of expert testimony, and does not address the burden of proof of causation either with respect to disgorgement or in false advertising cases generally. *Vans* is a trademark and trade dress infringement case that does not involve any false advertising claim, and thus does not bear on the burden of proof of causation in the false advertising context. Moreover, the district court ordered the escrow at issue in *Vans* so that funds could be returned to purchasers if Vans established its entitlement to that remedy. The district court did not order disgorgement, and the requisites for disgorgement were not before the Second Circuit.

Instead, the "central issue" before the Second Circuit was "whether and when an alleged infringer who uses another's trademarks for parodic purposes is entitled to heightened First Amendment protections, rather than the Lanham Act's traditional likelihood of confusion inquiry." *Id.,* at *1. Only after devoting ten pages to that issue did the *Vans*

panel briefly consider defendant MSCHF's additional argument that the district court abused its discretion by ordering MSCHF to escrow "any funds received from all orders taken to date for the Prohibited Shoes so that, if Vans prevails in this action, [MSCHF] may return those funds to customers who ordered [MSCHF's] Prohibited Shoes under the mistaken belief that Vans was the source of the shoes or otherwise approved or sponsored the shoes." *Id.* at *10.

Consistent with the fact that the proof required to establish entitlement to disgorgement was not an issue before the *Vans* Court, the only "statement" the Second Circuit made "of the parties' burdens in assessing defendant's profits under [15 U.S.C.] § 1117" (Nike Letter, p. 2) was a nearly word-for-word recitation of the statutory language as it applies in trademark infringement cases.  The *Vans* parties did not brief, and the opinion did not address, when disgorgement damages are appropriate, or the implications of the statutory requirements that disgorgement is "subject to the principles of equity" and "shall constitute compensation and not a penalty." (15 U.S.C. § 1117(a)).  Nor did the *Vans* Court say anything to address false advertising damages, or call into question the multiple precedents in the Southern District of New York and elsewhere in which courts have excluded false advertising plaintiffs' damages experts who failed to consider or establish causation.  *See* StockX Reply, ECF No. 223, at p. 2.

Because the *Vans* opinion contains neither new law nor any discussion relevant to the issue briefed by the parties, it is not relevant to the parties' pending *Daubert* motions and offers no support for Nike's arguments regarding the admissibility of expert testimony relating to disgorgement of profits in connection with its false advertising claim.

Respectfully submitted,

*/s/ Megan K. Bannigan*

Megan K. Bannigan



cc       All counsel of record (via ECF)