# Exhibit 10

Redacted Public Version

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2           FOR THE NORTHERN DISTRICT OF NEW YORK
 3                       ---oOo---
 4
 5   NIKE, INC.,              )
                              )
 6           Plaintiff,       )
                              )
 7   vs.                      )   No. 1:22-cv-00983-VEC
                              )
 8   STOCKX LLC,              )
                              )
 9           Defendant.       )
     _____)
10
11
12         H I G H L Y   C O N F I D E N T I A L
13            OUTSIDE ATTORNEYS' EYES ONLY
14         VIDEOTAPED DEPOSITION OF JOHN LOPEZ
15              SAN FRANCISCO, CALIFORNIA
16             THURSDAY, FEBRUARY 23, 2023
17
18
19
20
21   STENOGRAPHICALLY REPORTED BY:
22   ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR ~
23   CSR LICENSE NO. 9830
24   JOB NO. 5688745
25
```

Page 2

```
 1       UNITED STATES DISTRICT COURT
 2     FOR THE NORTHERN DISTRICT OF NEW YORK
 3            ---oOo---
 4
 5   NIKE, INC.,          )
 6                        )
          Plaintiff,      )
 7                        )
     vs.          ) No. 1:22-cv-00983-VEC
 8                        )
     STOCKX LLC,          )
 9                        )
          Defendant.      )
10   _____)
11
12
13
14       Videotaped Deposition of John Lopez, taken
15   on behalf of the Plaintiff, Pursuant to Notice, on
16   Thursday, February 23, 2023, beginning at
17   9:27 a.m., and ending at 6:55 p.m., before me,
18   ANDREA M. IGNACIO, CSR, RPR, CCRR, CRR, CLR ~
19   License No. 9830.
20
21
22
23
24
25
```

Page 3

```
 1   A P P E A R A N C E S:
 2
 3   FOR THE PLAINTIFF:
 4       DLA PIPER
 5       By: MARC E. MILLER, Esq.
 6            GABRIELLE VELKES
 7       1251 Avenue of the Americas, 27th Floor
 8       New York, New York 10020
 9       212.335.4500
10       marc.miller@us.dlapiper.com
11
12   FOR THE DEFENDANTS:
13       By: CHRISTOPHER S. FORD, Esq.
14            MAI-LEE PICARD, Esq.
15       650 California Street
16       San Francisco, California 94108
17       415.738.5705
18       csford@debevoise.com
19
20   ALSO PRESENT: Peter Yaroschuk, Videographer
21            Kevin Adams, StockX LLC
22               ---oOo---
23
24
25
```

Page 4

```
 1              I N D E X
 2
 3   WITNESS: John Lopez
 4
 5   EXAMINATION                        PAGE
 6   BY MR. MILLER                        9
 7   BY MR. FORD                        296
 8
 9          E X H I B I T S
10   EXHIBIT                            PAGE
11   Exhibit 1   Plaintiff Nike, Inc.'s Amended    48
12           Notice of Deposition of John Lopez
13   Exhibit 2   Defendant's Objections and       48
14           Responses to Plaintiff's Second
15           Set of Interrogatories
16   Exhibit 3   Seasonal Authenticator at StockX  59
17   Exhibit 4   Authenticator at StockX          60
18           West Caldwell, NJ
19   Exhibit 5   Team Leader, Authentication and  60
20           Quality Assurance at StockX
21   Exhibit 6   Page Vault, Bates NIKE0006785 -  90
22           '89
23   Exhibit 7   Job Descriptions Sneaker        115
24           Authenticator I, II, III, Bates
25           STX0114754 - '57
```

Page 5

```
 1          E X H I B I T S
 2   EXHIBIT                            PAGE
 3   Exhibit 8   Sneaker Authentication Standard 132
 4           Operating Procedure, Bates
 5           STX0752605 - '42
 6   Exhibit 9   Planet Nike Deck, Bates         179
 7           STX02033509 - '673
 8   Exhibit 10  Nike Dunk Low Retro White Black 197
 9           (2021), Bates STX0069511 - '24
10   Exhibit 11  Jordan 1 High OG SP Fragment    204
11           design x Travis Scott, Bates
12           STX0058653 - '69
13   Exhibit 12  Nike SB Dunk Low What The       204
14           Paul - Fake Comparison, Bates
15           STX0058670 - '93
16   Exhibit 13  12-18-20 Email Re: Auth App     209
17           Updates/Grateful Dead SB Breakdown
18           Bates STX0106086 - '87
19   Exhibit 14  10-18-21 Email Re: Weekly       216
20           Sneaker Product Update - 10/18
21           Bates STX0106315 - '16
22   Exhibit 15  2-1-22 - 3-1-22 Short Message   224
23           Report, Bates STX0076158 - '71
24   Exhibit 16  Authentication Project          240
25           Metrics/Data, Bates STX0018010 - '14
```

2 (Pages 2 - 5)

Page 6

| EXHIBIT | | PAGE |
|---|---|---|
| Exhibit 17 | 3-22-21 - 3-28-21 Outline of Conversations, Bates STX0545514 - '30 | 250 |
| Exhibit 18 | Authentication Failure Comms Policy, Bates STX0169271 - '72 | 265 |
| Exhibit 19 | 1-4-22 Email, Subject: Fake - return, ref for John to look into seller and checker, Bates ZK_NIKE_010019 - '29 | 271 |
| Exhibit 20 | 1-5-22 Email Re: Fake - return, ref for John to look into seller and checker, Bates ZK_NIKE_010032 | 271 |
| Exhibit 21 | 3-31-22 Email Re: Lots warning signs, Bates ZK_NIKE_010404 - '24 | 277 |
| Exhibit 22 | 3-31-22 Email Re: Lots warning signs, Bates ZK_NIKE_010428 - '29 | 277 |
| Exhibit 23 | 12-18-20 Email Re: ? Bates ZK_NIKE_ 007765 - '75 | 277 |
| Exhibit 24 | 12-22-20 Email Re: ? Bates ZK_NIKE_ 007780 - '81 | 277 |
| Exhibit 25 | 8-2-22 Email Re: Instagram post Bates STX0772942 - '45 | 285 |

---oOo---

Page 7

DEPOSITION PROCEEDINGS
THURSDAY, FEBRUARY 23, 2023
---oOo---

THE VIDEOGRAPHER: Good morning. We are going on the record at 9:27 a.m. on February 23rd, 2023.

Please note that microphones are sensitive and may pick up whispering, private conversations, and cellular interference.

Please turn off all cell phones or place them away from the microphones, as they can interfere with the deposition audio.

Audio and video recording will continue to take place unless all parties agree to go off the record.

This is Media 1 of the video-recorded deposition of John Lopez. Taken by counsel for Plaintiff.

In the matter of Nike Incorporated versus StockX LLC. Filed in the United States District Court for the Southern District of New York. Case number is 122-CV-00983 VEC.

This deposition is being held at 555 Mission

Page 8

Street, Suite 2400, San Francisco, California 94105.

My name is Peter Yaroschuk from the firm Veritext. I am the videographer.

The court reporter is Andrea Ignacio from the firm Veritext.

I am not related to any party in this action, nor am I financially interested in the outcome.

Counsel and all present, please now state your appearances and affiliations for the record.

If there are any objections to proceeding, please state them at the time of your appearance, beginning with the noticing attorney.

MR. MILLER: Good morning. This is Marc Miller from DLA Piper, on behalf of Plaintiff Nike Inc.

And I'm joined by Gabby Velkes, also of DLA Piper.

MR. FORD: Christopher Ford, Debevoise & Plimpton, on behalf of defendant StockX.

With me are my colleague Mai-Lee Picard, and Kevin Adams with in-house counsel at StockX.

THE VIDEOGRAPHER: Thank you.

Will the court reporter please swear in the witness.

Page 9

JOHN LOPEZ,
having been first duly sworn
by the Certified Court Reporter,
testified as follows:

EXAMINATION
BY MR. MILLER:
Q Good morning, Mr. Lopez.
A Good morning.
Q My name is Marc Miller. I represent the plaintiff Nike in this case. Thank you for coming in.
So I just want to go over a couple of ground rules that your counsel may have advised you of.
First, let me ask you: Have you ever had your deposition taken before?
A No, I have not.
Q Okay. So our purpose here is for me to ask you some questions. You need to answer those questions to the best of your ability by telling the truth, the whole truth, and nothing but the truth, as you just took an oath to do.
A Sure.
Q If you don't hear a question that I've asked, please let me know, and I'll be happy to repeat it.
If don't understand my question for some

|  |  |
|---|---|
| Page 178 | Page 180 |

```
                                                   Page 178
 1  frequently visit from one to two days a week.
 2     Q   To which one?
 3     A   To the Tempe -- Phoenix -- I'm sorry --
 4  Tempe, Arizona, authentication center.
 5     Q   Do you live in Arizona?
 6     A   Currently, yes.
 7     Q   Do you know what the current UPH for
 8  authenticators working in the Tempe, Arizona, is?
 9     A   I do not.
10     Q   Can a StockX authenticator, following the
11  sneaker authentication SOP and performing all ▌ steps
12  of the SOP, determine whether a Nike shoe that it
13  authenticated is genuine or not genuine?
14         MR. FORD:  Objection to form.
15         THE WITNESS:  When they finish their sneaker
16  authentication SOP, they make a decision on whether
17  that product meets StockX standards or not.
18         MR. MILLER:  Q.  But can a StockX
19  authenticator, following the sneaker authentication
20  SOP and performing all ▌ steps of that SOP, determine
21  whether a Nike shoe that the authenticator
22  authenticated was manufactured in a Nike manufacturing
23  facility or not?
24         MR. FORD:  Objection to form.
25         THE WITNESS:  They cannot make that
```

```
                                                   Page 179
 1  determination, no.
 2         MR. MILLER:  Q.  Why not?
 3     A   Again, our platform is based on our sellers,
 4  and our sellers are -- remain anonymous.  So we don't
 5  ask or -- or even know where our -- the products that
 6  come into authentication centers come from.
 7         (Document marked Exhibit 9
 8          for identification.)
 9         MR. MILLER:  9.  All right.
10     Q   Mr. Lopez, you've been handed a document
11  marked as Exhibit 9 by the court reporter.  It's
12  bearing Bates stamps STX0203509 through '0203673.
13         Do you see that?
14     A   Yes, I do.
15     Q   Okay.  It's a large document.  So just take a
16  moment to leaf through it, and let me know if you
17  recognize this document.
18     A   Yes, I am familiar with this particular
19  document.
20     Q   Okay.  What is this document?
21     A   This is a training deck named Planet -- I'm
22  sorry -- "Planet Nike."
23     Q   Who at StockX created this training deck
24  called Planet Nike?
25     A   From my understanding, this was created by
```

```
                                                   Page 180
 1  Chaz Greene.
 2     Q   Who is Chaz Greene?
 3     A   Chaz Greene is one of our training or people
 4  development team members.
 5     Q   Did anyone else at StockX assist Mr. Greene
 6  in preparing this?
 7     A   I don't know.
 8     Q   Sorry.  Were you just showing a page to your
 9  counsel?
10     A   Yes, I was.
11     Q   Which page?
12     A   The GR versus Nike skateboarding.
13     Q   Why were you showing that one to your
14  counsel?
15     A   I pre- -- I previously asked the difference.
16  Sorry.
17         MR. FORD:  I'm not -- going to direct you not
18  to discuss previous conversations that you've had with
19  counsel.
20         THE WITNESS:  Sorry.
21         MR. MILLER:  Q.  And just so I'm clear,
22  you're showing him that particular page because it's
23  related to something you discussed?
24         That's just a yes-or-no question.
25     A   Yes.
```

```
                                                   Page 181
 1     Q   Sorry.  I believe my prior question was:  Do
 2  you know whether anyone at StockX assisted Mr. Greene
 3  in preparing this deck?
 4     A   I don't know.
 5     Q   And who is the intended audience for this
 6  training deck?
 7     A   The intended audience would be any new hires
 8  that are going through the training.
 9     Q   New hires within any department in StockX, or
10  new hire authenticators?
11     A   New hire authenticators; specifically,
12  sneaker authenticators.
13     Q   And does Mr. Greene present this training
14  using this deck to those new hire sneaker
15  authenticators?
16     A   To my understanding, yes.
17     Q   Does he do that in person or over Zoom?
18     A   That I am not sure of.
19     Q   Have you ever sat in on one of Mr. Greene's
20  training sessions with new hire authenticators?
21     A   I have not, no.
22     Q   Did you have any input into what's in this
23  deck?
24     A   The only thing I can recall was him asking
25  for feedback once this was completed.
```

```
                                              Page 302
 1      CERTIFICATE OF STENOGRAPHIC REPORTER
 2
 3      I, ANDREA M. IGNACIO, hereby certify that the
 4  witness in the foregoing deposition was by me sworn to
 5  tell the truth, the whole truth, and nothing but the
 6  truth in the within-entitled cause;
 7      That said deposition was taken in shorthand
 8  by me, a disinterested person, at the time and place
 9  therein stated, and that the testimony of the said
10  witness was thereafter reduced to typewriting, by
11  computer, under my direction and supervision;
12      That before completion of the deposition,
13  review of the transcript [x] was [ ] was not
14  requested.  If requested, any changes made by the
15  deponent (and provided to the reporter) during the
16  period allowed are appended hereto.
17      I further certify that I am not of counsel or
18  attorney for either or any of the parties to the said
19  deposition, nor in any way interested in the event of
20  this cause, and that I am not related to any of the
21  parties thereto.
22  Dated: 2-27-23
23
24  _____
25      ANDREA M. IGNACIO, RPR, CRR, CCRR, CLR, CSR No. 9830
```

```
                                              Page 303
 1          E R R A T A S H E E T
 2
 3  PAGE_____ LINE_____ CHANGE_____
 4  _____
 5  REASON_____
 6  PAGE_____ LINE_____ CHANGE_____
 7  _____
 8  REASON_____
 9  PAGE_____ LINE_____ CHANGE_____
10  _____
11  REASON_____
12  PAGE_____ LINE_____ CHANGE_____
13  _____
14  REASON_____
15  PAGE_____ LINE_____ CHANGE_____
16  _____
17  REASON_____
18  PAGE_____ LINE_____ CHANGE_____
19  _____
20  REASON_____
21  _____       _____
22     John Lopez                    Date
23
24
25
```

DocuSign Envelope ID: D76033C8-FE77-45F4-8F77-1BC36ADFA851

**Deposition Date: 2/23/2023**
**Deponent: John Lopez – Errata Sheet**
**Case Name: *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC)**

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 12:4 | employee team member | employee **or** team member | Transcription Error |
| 33:9 | **a** numerous **of** things | numerous things | Clarification |
| 103:4 | to base **it or represent** | to base **around that** | Transcription Error |
| 103:11-12 | products that we **received** | products that we **receive** | Transcription Error |
| 104:18 | we do **pull** data | we do **hold** data | Transcription Error |
| 106:17 | a specific product has **gone** | a specific product has **gotten** | Transcription Error |
| 111:12 | any quality issue | any quality **issues** | Transcription Error |
| 122:4 | I can speak **in** authentication | I can speak **on** authentication | Transcription Error |
| 134:10 | I cannot **cite** | I cannot **say** | Transcription Error |
| 144:1 | **That** is used | **It** is used | Transcription Error |

DocuSign Envelope ID: D76033C8-FE77-45F4-8F77-1BC36ADFA851

| **Deposition Date:** 2/23/2023<br>**Deponent:** John Lopez – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 148:23-24 | appear an inauthentic or **suspect an** inauthentic product | appear **in** an inauthentic or **suspected** inauthentic product | Transcription Error |
| 157:24-25 | I would say it is part of the **storytelling** if something is suspected inauthentic. | I would say it is part of the **story telling** if something is suspected inauthentic. | Transcription Error |
| 163:15 | authentic products would **come from** | authentic products would **smell like** | Clarification |
| 168:4 | Objection. | Objection **to form** | Transcription Error |
| 171:18 | troubling **an issue** | troubling **a shoe** | Transcription Error |
| 180:17-18 | I'm **not --** going to direct you not to discuss | I'm going to direct you not to discuss | Clarification |
| 188:8-9 | shoes matching up**. Again**, **that's** the size and the style code is correct. | shoes matching up**, again**, **that** the size and the style code is correct. | Transcription Error |
| 210:18 | currently **on** practice | currently **in** practice | Transcription Error |
| 254:14 | **call** their SOP | **follow** their SOP | Transcription Error |

2

DocuSign Envelope ID: D76033C8-FE77-45F4-8F77-1BC36ADFA851

| **Deposition Date:** 2/23/2023<br>**Deponent:** John Lopez – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 271:22 | No. **ZKNIKE010019**, and Exhibit 20 is **ZKNIKE010032**. | No. **ZK_NIKE_010019**, and Exhibit 20 is **ZK_NIKE_010032**. | Typographical Error |
| 275:12 | Just **this right here.** | Just**, say, this entire region.** | Transcription Error |
| 279:3 | Cool **Gray** Jordan 11 | Cool **Grey** Jordan 11 | Typographical Error |
| 280:11 | **on** towards the upper | towards the upper | Clarification |
| 280:21 | Cool **Gray** Jordan 11 | Cool **Grey** Jordan 11 | Typographical Error |

    I, John Lopez, do hereby certify under penalty of perjury that I have read the foregoing transcript of my deposition taken on February 23, 2023; that I have made such corrections as appear noted herein; and that my testimony as contained herein, as corrected, is true and correct.

DATED this 24th day of March, 2023.

*John Lopez Jr*
John Lopez

3