# Exhibit 01

Redacted Public Version

Page 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

     Plaintiff,

       vs.             Case No. 1:22-cv-00983
                                VEC
STOCKX LLC,

     Defendant.
_____

VIDEO DEPOSITION OF JOHN L. HANSEN
San Francisco, California
Thursday, August 31, 2023
Volume 1

STENOGRAPHICALLY REPORTED BY:
REBECCA L. ROMANO, RPR, CSR, CCR
California CSR No. 12546
Nevada CCR No. 827
Oregon CSR No. 20-0466
Washington CCR No. 3491
JOB NO. 6015329
PAGES 1 - 286

Page 2

1  UNITED STATES DISTRICT COURT
2  FOR THE SOUTHERN DISTRICT OF NEW YORK
3
4  NIKE, INC.,
5
       Plaintiff,
6
       vs.          Case No. 1:22-cv-00983
7                   VEC
   STOCKX LLC,
8
       Defendant.
9  _____
10
11
12
13
14
15
16
17     DEPOSITION OF JOHN L. HANSEN, taken on
18  behalf of the Defendant, at Debevoise & Plimpton
19  LLP, 650 California Street, 31st Floor,
20  San Francisco, California, commencing at 9:05 a.m.,
21  Thursday, August 31, 2023 before REBECCA L. ROMANO,
22  a Certified Shorthand Reporter, Certified Court
23  Reporter, Registered Professional Reporter.
24
25

Page 3

1     APPEARANCES OF COUNSEL
2
3  For the Plaintiff:
4     DLA PIPER LLP (US)
5     BY: MARC E. MILLER
6     Attorney at Law
7     1251 Avenue of the Americas
8     New York, New York 10020-1104
9     (212) 335-4500
10    marc.miller@dlapiper.com
11
12 For the Defendant:
13    DEBEVOISE & PLIMPTON
14    BY: CARL RIEHL
15    BY: CLARA CORREA
16    Attorneys at Law
17    66 Hudson Boulevard
18    New York, New York 10001
19    (212) 909-6000
20    criehl@debevoise.com
21    ccorrea@debevoise.com
22
23
24
25  /////

Page 4

1     APPEARANCES OF COUNSEL(cont'd)
2
3  For the Defendant:
4     DEBEVOISE & PLIMPTON
5     BY: CHRISTOPHER S. FORD
6     Attorney at Law
7     650 California Street
8     31st Floor
9     San Francisco, California 94108
10    (415) 738-5700
11    csford@debevoise.com
12
13
14 ALSO PRESENT:
15    Kevin Adams, Deputy General Counsel at StockX
16    Cassia Leet, Videographer
17
18
19
20
21
22
23
24
25  /////

Page 5

1           I N D E X
2  DEPONENT                    EXAMINATION
3  JOHN L. HANSEN                 PAGE
   VOLUME 1
4
5  BY MR. RIEHL                    13
6
7
8           E X H I B I T S
9  NUMBER                         PAGE
10         DESCRIPTION
11 Exhibit 1   First Amended Expert Report of   13
12         John Hansen and Attachments,
13         dated May 30, 2022;
14
15 Exhibit 2   Exhibit 16 to the 12/2/2022     38
16         Deposition of Jacob Fenton;
17
18 Exhibit 3   Exhibit 3 to the John Hansen    40
19         8/31/2022 Deposition;
20
21 Exhibit 4   Exhibit 14 to the 12/2/2022     43
22         Deposition of Jacob Fenton;
23
24
25  /////

2 (Pages 2 - 5)

Page 6

E X H I B I T S(cont'd)

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 5 | Deposition transcript of the 12/2/2022 deposition of Jacob Fenton; | 44 |
| Exhibit 6 | StockX Terms and Conditions of Use, Last Updated December 25, 2019; | 54 |
| Exhibit 7 | StockX Terms and Conditions of Use, Last Updated January 18, 2022; | 63 |
| Exhibit 8 | Deposition transcript of the January 10, 2023 deposition of Barbara Delli Carpini; | 69 |
| Exhibit 9 | Notice of Deposition of Nike, Inc. marked as Exhibit 1 in Barbara Delli Carpini's deposition; | 70 |

/////

Page 7

E X H I B I T S(cont'd)

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 10 | Expert Witness Report of Kari Kammel, May 5, 2023; | 84 |
| Exhibit 11 | Email dated 5/26/2022, Subject: Counterfeit SB dunks?; | 107 |
| Exhibit 12 | Exhibit 12 to the Jacob Fenton deposition dated 12/2/2022; | 142 |
| Exhibit 13 | Second Expert Rebuttal Report of John L. Hansen dated July 5, 2023; | 152 |
| Exhibit 14 | Expert Rebuttal Report of John L. Hansen dated June 2, 2023; | 173 |
| Exhibit 15 | StockX Web Pages, NIKE0006785 - NIKE0006790; | 197 |
| Exhibit 16 | Deposition Transcript of Roy Ikhyun Kim taken on February 8, 2023; | 206 |

Page 8

E X H I B I T S(cont'd)

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 17 | StockX US Brand Perception Study November 2019, STX0021868 - STX0021951; | 214 |
| Exhibit 18 | StockX US Brand Tracker November 2020, STX0092496 - STX0092544; | 217 |
| Exhibit 19 | StockX x Decode_M US Segmentation Report March 2022, STX0018799 - STX0018840; | 222 |
| Exhibit 20 | Principles of Economics Eleventh Edition; | 239 |
| Exhibit 21 | First Amended Rebuttal Expert Report of Robert L. Vigil, Ph.D. dated August 21, 2023; | 249 |

/////

Page 9

E X H I B I T S(cont'd)

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 22 | The New York Times Article - Buy Low-Tops, Sell High-Tops: StockX Sneaker Exchange is Worth $1 Billion; | 278 |
| Exhibit 23 | Expert Report of Robert L. Vigil, Ph.D. dated May 5, 2023. | 279 |

/////

Page 10

1  San Francisco, California;
2  Thursday, August 31, 2023
3  9:05 a.m.
4  ---o0o---
5
6  THE VIDEOGRAPHER: Good morning. We are
7 going on the record at 9:05 a.m. on August 31st,
8 2023.
9  Please note that the microphones are
10 sensitive and may pick up whispering and private
11 conversations.
12  Audio and video recording will continue
13 to take place, unless all parties agree to go off
14 the record.
15  This is Media Unit 1 of the
16 video-recorded deposition of John L. Hansen, taken
17 by counsel for Defendant in the matter of Nike Inc.
18 versus StockX LLC, filed in the United States
19 District Court for the Southern District of
20 New York, Civil Action No. 1:22-cv-00983-VEC.
21  The location of this deposition is
22 650 California Street, 31st Floor,
23 San Francisco, California 94108.
24  My name is Cassia Leet, representing
25 Veritext Legal Solutions, and I am the

Page 11

1 videographer. The court reporter is Rebecca Romano
2 from the firm Veritext Legal Solutions.
3  I am not related to any party in this
4 action, nor am I financially interested in the
5 outcome.
6  Would counsel and all present please
7 state your appearances and affiliations for the
8 record, beginning with the noticing attorney.
9  MR. RIEHL: Yes. I'm Carl Riehl from
10 Debevoise & Plimpton for Defendants StockX. With
11 me today from Debevoise & Plimpton are Clara Correa
12 and Chris Ford and, from StockX, Kevin Adams.
13  (Discussion off the stenographic record.)
14  MR. MILLER: Good morning. This is
15 Marc Miller, DLA Piper, on behalf of Nike Inc.
16  THE VIDEOGRAPHER: Thank you.
17  Would the court reporter please swear in
18 the witness, and then counsel may proceed.
19  THE COURT REPORTER: If you could raise
20 your right hand for me, please.
21  THE DEPONENT: (Complies.)
22  THE COURT REPORTER: You do solemnly
23 state, under penalty of perjury, that the testimony
24 you are about to give in this deposition shall be
25 the truth, the whole truth and nothing but the

Page 12

1 truth?
2  THE DEPONENT: I do.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25 /////

Page 13

1  JOHN L. HANSEN,
2 having been administered an oath, was examined and
3 testified as follows:
4  (Exhibit 1 was marked for identification
5 by the Court Reporter and is attached hereto.)
6  EXAMINATION
7 BY MR. RIEHL:
8  Q. Good morning, Mr. Hansen. How are you
9 today?
10  A. I'm fine. Thank you.
11  Q. As you heard, I'm Carl Riehl, an attorney
12 with Debevoise & Plimpton representing the
13 defendants, StockX.
14  Can you please state your name for the
15 record.
16  A. John Loren Hansen, J-O-H-N, L-O-R-E-N,
17 H-A-N-S-E-N.
18  Q. Are you represented by counsel for
19 purposes of today's deposition?
20  A. I'm not.
21  Q. And did you take any steps to prepare for
22 your deposition today?
23  A. Yes.
24  Q. What did you do to prepare?
25  A. In the course of my work on this

4 (Pages 10 - 13)

| | |
|---|---|
| Page 130 | Page 132 |

Page 130
1  THE DEPONENT: I'm not aware of
2  information that would allow me to assess what
3  those customers would have done if they weren't
4  allowed to purchase those products on StockX.
5     Q. (By Mr. Riehl) Are you saying that
6  information doesn't exist, or it wasn't made
7  available to you, or you didn't ask for it in this
8  litigation?
9     MR. MILLER: Objection.
10    Q. (By Mr. Riehl) Or something else?
11    MR. MILLER: Objection.
12    THE DEPONENT: I -- I don't know whether
13 or not that type of information exists. It's not
14 relevant to my opinion because I'm not quantifying
15 diverted sales or actual lost Nike sales, so it
16 wasn't something that I pursued or requested. But
17 that may require additional information and/or
18 assumptions to be able to perform that type of
19 calculation.
20    Q. (By Mr. Riehl) And why weren't were you
21 quantifying diverted sales or actual lost sales?
22    MR. MILLER: Objection.
23    THE DEPONENT: For false advertising,
24 Nike's pursuing a remedy of disgorgement. They are
25 not pursuing lost profits from lost sales. So that

Page 131
1  wasn't a calculation that I was attempting to
2  perform.
3     Q. (By Mr. Riehl) Did you consider
4  analyzing lost sales at any point as part of your
5  work in connection with this matter?
6     MR. MILLER: Objection.
7     THE DEPONENT: It's a consideration in --
8  I don't want to say every case. But there are
9  available remedies. Those are up for
10 consideration, so depending on the facts and
11 circumstances, you may elect to pursue one remedy
12 versus another.
13    Q. (By Mr. Riehl) Prior to this case, have
14 you worked as an expert in a case in which you
15 presented a lost profits quantification that was a
16 false advertising case?
17    MR. MILLER: Objection.
18    THE DEPONENT: One comes to mind.
19    Q. (By Mr. Riehl) So there are techniques
20 you are aware of that can be used to quantify a
21 plaintiff's lost profits in a false advertising,
22 right?
23    MR. MILLER: Objection.
24    THE DEPONENT: It would depend on the
25 nature of the sales, the nature of the allegations,

Page 132
1  the specific facts and circumstances in that
2  situation, the competitive relationship with the
3  parties, information available from the consumer
4  about the actual and would-have-been or but-for
5  world, the competition between the parties.
6        So there may be any number of factors
7  that one would have to consider, and it would
8  depend on if you had information available that you
9  felt allowed you to perform such a calculation in a
10 reasonable and reliable manner.
11    Q. (By Mr. Riehl) In paragraph 57, you use
12 the phrase "difficult, if not impossible."
13       Do you know here whether it would be
14 impossible or nearly difficult?
15    MR. MILLER: Objection.
16    THE DEPONENT: I don't know one way or
17 the other.
18    Q. (By Mr. Riehl) It's not something you
19 investigated, right?
20    A. I didn't attempt to do it. So I -- I
21 wouldn't be able to answer that.
22    Q. And so is it fair to say you didn't do
23 anything in this case to determine whether any of
24 StockX's revenues were attributable to potential
25 customers purchasing Nike sneakers from StockX

Page 133
1  instead of from Nike or its authorized retailers?
2     MR. MILLER: Objection to form.
3     THE DEPONENT: I would characterize it
4  differently. I didn't attempt to quantify any lost
5  or diverted sales.
6     Q. (By Mr. Riehl) In your reports, you have
7  not calculated damages based on royalties, right?
8     A. I do not perform a royalty calculation.
9     Q. And you have not offered, in your
10 reports, any opinion about royalties or lost
11 royalties?
12    A. That's a fair characterization.
13    Q. Please turn to paragraph 38 of your first
14 amended report.
15    A. I'm sorry, did you say "38"?
16    MR. RIEHL: Yes.
17       Oh, I'm sorry, you misunderstood. I --
18 he needs to stay out. I'm sorry.
19    MR. FORD: Oh, he needs to stay out?
20    Q. (By Mr. Riehl) Yeah, I'm sorry.
21       In paragraph 38, starting on the one,
22 two, three, four, five -- sixth line toward the
23 end, you say that "if approximately ▇▇▇ ... of
24 StockX trades during the Relevant Period were
25 'passed in error' then an estimate of the number of

Page 282

1    THE VIDEOGRAPHER: Back on the record,
2 the time is 5:29 p.m.
3    MR. RIEHL: Mr. Hansen, I have no further
4 questions for you. Thank you very much for your
5 time today. I appreciate it.
6    THE DEPONENT: All right. Thank you.
7    MR. MILLER: And I don't have any
8 questions.
9    THE VIDEOGRAPHER: This concludes today's
10 deposition of John L. Hansen. The number of media
11 used was five and will be retained by
12 Veritext Legal Solutions.
13    The time is 5:29 p.m. We are off the
14 record.
15    (TIME NOTED: 5:29 P.M.)
16
17
18         ---o0o---

Page 283

1    I, JOHN L. HANSEN, do hereby declare under
2 penalty of perjury that I have read the foregoing
3 transcript; that I have made any corrections as
4 appear notes; that my testimony as contained
5 herein, as corrected, is true and correct.
6    Executed this ____ day of _____,
7 2023, at _____,_____.
8
9
10
11         _____
            JOHN L. HANSEN

Page 284

1    I, Rebecca L. Romano, a Registered
2 Professional Reporter, Certified Shorthand
3 Reporter, Certified Court Reporter, do hereby
4 certify:
5    That the foregoing proceedings were taken
6 before me remotely at the time and place herein set
7 forth; that any deponents in the foregoing
8 proceedings, prior to testifying, were administered
9 an oath; that a record of the proceedings was made
10 by me using machine shorthand which was thereafter
11 transcribed under my direction; that the foregoing
12 transcript is true record of the testimony given.
13    Further, that if the foregoing pertains to the
14 original transcript of a deposition in a Federal
15 Case, before completion of the proceedings, review
16 of the transcript [ ] was [X] was not requested.
17    I further certify I am neither financially
18 interested in the action nor a relative or employee
19 of any attorney or any party to this action.
20    IN WITNESS WHEREOF, I have this date
21 subscribed my name.
22
23 Dated: September 6, 2023
24         *Rebecca S. Romano*
           Rebecca L. Romano, RPR, CCR
25         CSR. No 12546

Page 285

1         DEPOSITION ERRATA SHEET
2 Case Name: Nike, Inc. vs. StockX, LLC
  Name of Deponent: John L. Hansen
3 Date of Deposition: August 31, 2023
  Job No.: 6015329
4 Reason Codes: 1. To clarify the record.
            2. To conform to the facts.
5           3. To correct transcript errors.
6 Page _____ Line _____ Reason _____
7 From _____ to _____
8 Page _____ Line _____ Reason _____
9 From _____ to _____
10 Page _____ Line _____ Reason _____
11 From _____ to _____
12 Page _____ Line _____ Reason _____
13 From _____ to _____
14 Page _____ Line _____ Reason _____
15 From _____ to _____
16 Page _____ Line _____ Reason _____
17 From _____ to _____
18 Page _____ Line _____ Reason _____
19 From _____ to _____
20 Page _____ Line _____ Reason _____
21 From _____ to _____
22 Page _____ Line _____ Reason _____
23 From _____ to _____
24 Page _____ Line _____ Reason _____
25 From _____ to _____

72 (Pages 282 - 285)

# DEPOSITION ERRATA SHEET

CASE: NIKE, INC. V. STOCKX, LLC
DATE OF DEPOSITION: AUGUST 31, 2023
WITNESS: JOHN L. HANSEN

| PAGE | LINE | FROM | TO | REASON |
|---|---|---|---|---|
| 23 | 10 | SeeMo | SIMO | Transcription error |
| 24 | 16 | relevant | relative | Transcription error |
| 83 | 5 | reflection | recollection | Transcription error |
| 134 | 11 | dollar | unit | Clarification |
| 136 | 9 | would | wouldn't | Transcription error |
| 139 | 4 | ■ | ■ | Clarification |
| 154 | 1 | improperly | properly | Transcription error |
| 155 | 20 | the number | a number | Transcription error |
| 155 | 20 | rationals | rationales | Transcription error |
| 159 | 19 | revenue | remedy | Transcription error |
| 175 | 7 | for | or | Transcription error |
| 190 | 12 | evidence I | evidence, I | Transcription error |
| 192 | 24 | are | a | Transcription error |
| 267 | 23 | Walpen (phonetic) | NFTs | Transcription error |
| 267 | 24 | entities, driving | charging | Transcription error |

I attest that all of the above is true.

Date: October 4, 2023

*/s/ John L. Hansen*

John L. Hansen