# Exhibit 08

Page 1

1

2      UNITED STATES DISTRICT COURT

       FOR THE SOUTHERN DISTRICT OF NEW YORK

3      Case No. 1:22-cv-00983-VEC

       ----------------------------------------x

4      NIKE, INC.,

5                            Plaintiff,

6            - against -

7      STOCKX LLC,

8                            Defendant.

9      ----------------------------------------x

10                      September 7, 2023

                        10:32 a.m.

11

12

13          VIDEOTAPED DEPOSITION of ROBERT

14     KLEIN, located at DLA Piper LLP, 1251

15     Avenue of the Americas, New York, New York

16     10020, before Anthony Giarro, a Registered

17     Professional Reporter, a Certified Realtime

18     Reporter and a Notary Public of the State

19     of New York.

20

21

22

23

24

25

Page 2

```
1
2   A P P E A R A N C E S :
3
4   DLA PIPER LLP
        Attorneys for Plaintiff
5     1251 Avenue of the Americas
        New York, New York 10020
6     212.335.4964
7   BY: TAMAR DUVDEVANI, ESQ.
        JANE WISE, ESQ.
8     tamar.duvdevani@dlapiper.com
        jane.wise@dlapiper.com
9
10  DEBEVOISE & PLIMPTON LLP
        Attorneys for Defendant
11    919 Third Avenue
        New York, New York 10022
12
      BY: KATE SABA, ESQ.
13      ABIGAIL LILES, ESQ.
        ksaba@debevoise.com
14      aeliles@debevoise.com
15
      KILPATRICK TOWNSEND & STOCKTON LLP
16    Attorneys for Defendant
        1144 Avenue of the Americas
17    New York, New York 10036
18  BY: ROBERT POTTER, ESQ.
        rpotter@kilpatricktownsend.com
19
20  ALSO PRESENT:
21      BOB RUDIS, Videographer
        LANCE RIECK, Videographer trainee
22
23
24
25
```

Page 3

```
1
2        S T I P U L A T I O N S
3
4       IT IS HEREBY STIPULATED AND AGREED,
5   by and among counsel for the respective
6   parties hereto, that the filing, sealing
7   and certification of the within deposition
8   shall be and the same are hereby waived;
9       IT IS FURTHER STIPULATED AND AGREED
10  that all objections, except as to form of
11  the question, shall be reserved to the time
12  of the trial;
13      IT IS FURTHER STIPULATED AND AGREED
14  that the within deposition may be signed
15  before any Notary Public with the same
16  force and effect as if signed and sworn to
17  before the Court.
18      *   *   *
19
20
21
22
23
24
25
```

Page 4

```
1
2         THE VIDEOGRAPHER:  Good
3   morning.  We are going on the record
4   at 10:32 a.m. on September 7th, 2023.
5   Please note the microphones are
6   sensitive and may pick up whispering
7   and private conversations.  Please
8   mute your mobile phones at this time.
9   Audio and video recording will
10  continue to take place unless all
11  parties agree to go off the record.
12        This is Media Unit 1 of the
13  video-recorded deposition of Robert
14  Klein, taken by counsel for the
15  plaintiff, in the matter of Nike,
16  Inc. versus StockX LLC filed in the
17  United States District Court,
18  Southern District of New York, Case
19  No. 1:22-cv-00983-VEC.  The location
20  of this deposition is DLA Piper LLP,
21  1251 Avenue of the Americas, New
22  York, New York.
23        My name is Robert Rudis.  I
24  am the videographer.  The court
25  reporter is Anthony Giarro.  And we
```

Page 5

```
1         ROBERT KLEIN
2   represent the firm Veritext Legal
3   Solutions.
4         I'm not related to any party
5   in this action, nor am I interested
6   in the outcome.
7         If there are any objections
8   to proceeding, please state them at
9   the time of your appearance.
10        Counsel and all present will
11  now please state their appearances
12  and affiliations for the record,
13  beginning with the noticing attorney.
14        MS. DUVDEVANI:  Tamar
15  Duvdevani, DLA Piper, on behalf of
16  Plaintiff Nike, Inc., joined by my
17  colleague, Jane Wise, also of DLA
18  Piper.  Good morning.
19        MS. SABA:  Kate Saba,
20  Debevoise & Plimpton, on behalf of
21  StockX.  With me is my colleague,
22  Abigail Liles, as well as my
23  co-counsel, Rob Potter, of Kilpatrick
24  Townsend.
25        THE VIDEOGRAPHER:  Will the
```

2 (Pages 2 - 5)

Page 6

ROBERT KLEIN

1          court reporter please swear in the
2          witness.  And counsel may proceed.
3   R O B E R T   K L E I N, after having
4   first been duly sworn by a Notary Public of
5   the State of New York, was examined and
6   testified as follows:
7   EXAMINATION BY
8   MS. DUVDEVANI:
9       Q     Good morning, Mr. Klein.
10      A     Good morning.
11      Q     As you heard, my name is
12  Tamar Duvdevani.  And I represent Nike in
13  this case.  We already premarked your
14  report as Exhibit 1.
15          (The above-referred-to
16          document was marked as Exhibit 1 for
17          identification, as of this date.)
18      Q     Including all of the
19  exhibits thereto, A through G.  I just
20  want to make sure that you have that in
21  front of you.
22      A     Did you get one for me?
23      Q     The marked one would be your
24  copy, sir.

Page 7

ROBERT KLEIN

1       A     Sorry.
2       Q     No problem.
3             Looks right?
4       A     It does.
5       Q     Let's get started then.
6             I take it you're represented
7   today by counsel?
8       A     Yes.
9       Q     And it's the same counsel
10  that's representing StockX in this case?
11      A     That's correct.
12      Q     Did you do anything to
13  prepare for today's deposition?
14      A     Yes.
15      Q     And what was that?
16      A     I re-read my report, the
17  reports of Itamar Simonson and the
18  complaint and answer in this matter, and
19  I met with counsel.
20      Q     And when you say you read
21  the complaint and answer, are you
22  referring to the first amended complaint
23  and the first amended answer?
24      A     I guess so.  I don't recall

Page 8

ROBERT KLEIN

1   specifically, the caption on it.  But I
2   would assume that that's what I read.
3       Q     Was it the same complaint
4   that you relied upon in connection with
5   your materials considered in your report?
6       A     Yes.
7       Q     So it's the first amended
8   complaint; fair?
9       A     Fair.
10      Q     How long did you spend
11  preparing?
12      A     Let's see.  Oh.  I guess in
13  addition, I read the -- or most of the
14  deposition of Itamar Simonson.  So I
15  spent probably six or seven hours reading
16  those various documents, reviewing them.
17      Q     Did you discuss your
18  deposition with anyone in advance of
19  today?
20      A     Yes.
21      Q     And who was that?
22      A     With counsel.
23      Q     You've been deposed before;
24  right?

Page 9

ROBERT KLEIN

1       A     Yes.
2       Q     Several times, I assume?
3       A     Yes.
4       Q     And you've even run into
5   Nike's expert, Mr. Simonson, in previous
6   litigation; right?
7       A     That's correct.
8       Q     And have you also testified
9   at trial?
10      A     Yes.
11      Q     Is that always been in your
12  capacity as a survey expert?
13      A     Yes.
14      Q     How many times?
15      A     How many times what?
16      Q     Have you testified at trial?
17      A     I think about 25.
18      Q     Have the opinions on which
19  you offered expert testimony ever been
20  challenged in any of those 25 instances?
21      A     Yes.
22      Q     Have any portions of your
23  testimony or a report before ever been
24  excluded by a court?

3 (Pages 6 - 9)

ROBERT KLEIN

1
2  A    I lost track of what your
3  question was.
4  Q    I'm asking if you've ever
5  conducted any research or done any
6  surveys to help form the statement in
7  paragraph 14 that we've been discussing
8  in some detail.
9  A    No, I haven't.
10  Q    By the way, would you be
11  able to create a survey to test that?
12      Let me be specific.
13      Would you be able to create
14  a survey to test whether or not consumers
15  who use the resale marketplace believe
16  that affiliation or approval are
17  required, solely based on their lack of
18  knowledge of the law, rather than any
19  actionable trademark confusion?  Is that
20  testable?
21  A    I don't see why it wouldn't
22  be.  But I haven't done such a survey.
23  Q    I think it would be an
24  interesting one.
25      Do you know who first sold

ROBERT KLEIN

1
2  the StockX Vault NFTs at issue in this
3  litigation?
4  A    I'm not sure I understand
5  your question.
6  Q    You understand that StockX
7  offered a product called the Vault NFTs;
8  right?
9  A    Yes.
10  Q    Who first sold those?  Was
11  it StockX or someone else?
12  A    Well, StockX created the
13  NFT.  But I guess I don't know
14  specifically.  I mean I can understand
15  situations in which someone might have
16  bought a pair of sneakers, and they'd
17  want to resell it, but they'd want to
18  resell it as an NFT.  So I guess to
19  answer your question, I don't know.  I'm
20  not sure who first sold the NFT.
21  Q    In paragraph 18 of your
22  report, so on the next page, you
23  state, "It is my understanding that
24  confusion stemming solely from the fact
25  that StockX is reselling Nike sneakers is

ROBERT KLEIN

1
2  neither legally relevant, nor a basis for
3  Nike's infringement claims in this case.
4  And in any event, my understanding of the
5  law is that the use of the word Nike and
6  the description of a secondary market
7  sale of a Nike shoe is a fair use."
8      Do you see that?
9  A    Yes.
10  Q    What is trademark fair use?
11  A    My understanding is that
12  trademark fair use is the use of a
13  trademark to accurately identify a
14  specific product.
15  Q    And where does that
16  understanding come from?
17  A    Probably from McCarthy on
18  trademarks.  But I don't know
19  specifically.
20  Q    Did you review McCarthy on
21  trademarks in connection with your work
22  in this case?
23  A    Not specifically, no.
24  Q    Other than McCarthy, do you
25  have any other sources that provided you

ROBERT KLEIN

1
2  with the definition of fair use that you
3  just provided?
4  A    No.  I mean I'm not a legal
5  expert.  So I think my understanding of
6  fair use is use that doesn't -- is
7  appropriate to describe goods.  In this
8  case, a trademark is to properly identify
9  the goods for sale.
10  Q    I know, by the way, in
11  paragraph 14 that you also used the term
12  first sale.
13      What is the first sale
14  doctrine?
15  A    My understanding of that is
16  that the first sale doctrine is that
17  after the initial sale of the -- of
18  goods, I could then turn around and
19  resell them and use the appropriate
20  trademarks to correctly identify them.
21  Q    And the goods at issue in
22  this case are the Vault NFTs; correct?
23  A    Well, the goods could be
24  anything.  But this is specifically about
25  Vault NFTs.

8 (Pages 26 - 29)

ROBERT KLEIN

1
2 many words?
3     A    No.  I think that's an
4 accurate description of the survey I
5 created.
6     Q      Wouldn't you agree with me
7 that the standard Eveready survey design
8 is also a single stimulus open-ended
9 response test control design?
10    A    Yes.  I believe that it's --
11 Eveready is sort of a subset of this
12 design, yes, but ask very specific
13 questions.
14    Q      An Eveready design uses a
15 single stimulus; correct?
16    A    In general, yes.
17    Q      And it uses open-ended
18 questions to elicit responses to that
19 stimulus; correct?
20    A    That's correct.
21    Q      What is the difference, if
22 any, between these two questions?  One,
23 what is the company who put out a
24 product; and, Two, what is the company
25 who created a product?

ROBERT KLEIN

1
2     A    Creating a product is I
3 believe -- refers more to the
4 manufacturing of the product, whereas
5 putting out -- when you say puts out the
6 product is a terminology you typically
7 use in surveys when we're not working for
8 the manufacturer of the product, which
9 might be a factory in China or something
10 like that, but the company whose brand or
11 name is associated with the product.
12    Q      And you would agree with me
13 that sometimes, the company who creates a
14 product is also the company who puts out
15 a product?
16    A    I'm sure that happens, yes.
17    Q      In your survey, did you ask
18 any questions about whether participants
19 believe that the company who created the
20 Vault NFT was affiliated with another
21 entity?
22    A    No.
23    Q      Why not?
24    A    The question was very simple
25 and straightforward, who created the NFT.

ROBERT KLEIN

1
2 And that was the issue that I was
3 addressing.
4     Q      So you didn't think it was
5 important to the analysis of likelihood
6 of confusion in this case to ask the
7 affiliation question?
8     A    No.  That's correct.
9     Q      By the way, are make and
10 created the same?
11    A    It'll depend on the product
12 and the specifics of the product.
13    Q      What about the Vault NFTs
14 are made and created the same?
15    A    I think similar meanings;
16 created is more precise.
17    Q      How so?
18    A    You know, an NFT is a
19 digital record.  And so making it is -- I
20 think becomes ambiguous, whereas create
21 is more specific, less ambiguous.
22    Q      You just said that an NFT is
23 a digital record.
24      Is that your definition of
25 NFT?

ROBERT KLEIN

1
2     A    I'm not an expert on NFTs.
3 So it's my understanding that an NFT is a
4 digital entry in a ledger that may be a
5 Blockchain, maybe not, that it exists as
6 a digital entry.
7     Q      Anything else?
8     A    NFTs in general, you mean?
9     Q      Sure.
10    A    No.  I think that's pretty
11 much my understanding.
12    Q      In your survey, did you ask
13 any questions about whether participants
14 believed that the company who created the
15 Vault NFT received approval or permission
16 to offer the NFT?
17    A    No.
18    Q      Why not?
19    A    That wasn't part of the --
20 it wasn't an appropriate question.
21    Q      Why not?
22    A    I'm trying to think how to
23 respond to that because it's not a
24 question that makes sense in this
25 context.

10 (Pages 34 - 37)

Page 138

```
1
2                    I N D E X
3
4               E X A M I N A T I O N
5
6        EXAMINATION   FURTHER EXAMINATION
7   Ms. Duvdevani    6  136
      Ms. Saba       134
8
9               E X H I B I T S
10
11  Exhibit         Description      Page
12  Exhibit 1        Expert report     6
13  Exhibit 2        Printout of a web  77
                    page
14
      Exhibit 3        Complaint       80
15
      Exhibit 4        Appendix G      87
16
      Exhibit 5        E-mail         126
17
18
19
20
21
22
23
24
25
```

Page 139

```
1
2           C E R T I F I C A T I O N
3
4
5        I, ANTHONY GIARRO, a Shorthand
6    Reporter and a Notary Public, do hereby
7    certify that the foregoing witness, ROBERT
8    KLEIN, was duly sworn on the date
9    indicated, and that the foregoing, to the
10   best of my ability, is a true and accurate
11   transcription of my stenographic notes.
12       I further certify that I am not
13   employed by nor related to any party to
14   this action.
15
16
17
       _____
18          ANTHONY GIARRO
19
20
21
22
23
24
25
```

Page 140

```
1
2              ERRATA SHEET
           VERITEXT/NEW YORK REPORTING, LLC
3               1-800-727-6396
4   330 Old Country Road    7 Times Square
    Mineola, New York 11501  New York, New
5   York 10036
6   NAME OF CASE:  Nike versus StockX
    DATE OF DEPOSITION: September 7, 2023
7   NAME OF DEPONENT:  Robert Klein
8
    PAGE LINE (S) CHANGE      REASON
9   ____|____|_____|_____
10  ____|____|_____|_____
11  ____|____|_____|_____
12  ____|____|_____|_____
13  ____|____|_____|_____
14  ____|____|_____|_____
15  ____|____|_____|_____
16  ____|____|_____|_____
17  ____|____|_____|_____
18  ____|____|_____|_____
19  ____|____|_____|_____
20  ____|____|_____|_____
21  _____
               ROBERT KLEIN
22
    SUBSCRIBED AND SWORN TO BEFORE ME
23  THIS ____ DAY OF _____, 20__.
24  _____  _____
     (NOTARY PUBLIC)  MY COMMISSION EXPIRES:
25
```

36 (Pages 138 - 140)

**Deposition Date:** 9/7/2023
**Deponent:** Robert Klein – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 12:15-16 | chairman **and** emeritus | chairman emeritus | Transcription Error |
| 17:16 | Converse-All Star | Converse All Star | Typographical Error |
| 19:15 | **incidents** in the country | **incidence** in the country | Transcription Error |
| 21:5 | **who** are sold by | **that** are sold by | Clarification |
| 24:20-22 | you **asked a consumer** question. **And** they will provide you with an answer. | **if** you **ask consumers** a question, **then** they will provide you with an answer. | Transcription Error/ Clarification |
| 24:24-25 | based on, you know, **their** thinking, that is something that might be required | based on, you know, thinking that is something that might be required | Transcription Error/ Clarification |
| 28:17-18 | McCarthy on **trademarks** | McCarthy on **Trademarks** | Typographical Error |
| 28:20-21 | McCarthy on **trademarks** | McCarthy on **Trademarks** | Typographical Error |
| 32:6 | 2022, not **23**. | 2022, not **2023**. | Typographical Error |
| 33:22 | test control | test-control | Typographical Error |
| 35:7-8 | when **we're** not **working** for the manufacturer | when **you're** not **looking** for the manufacturer | Transcription Error |

**Deposition Date:** 9/7/2023
**Deponent:** Robert Klein – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 36:13-14 | What about the Vault NFTs are made and created the same? | What about the Vault NFTs, are "made" and "created" the same? | Typographical Error |
| 40:8-9 | D14 says on the next page, "You will see a picture you might see while shopping | D14 says "**On** the next page, you will see a picture you might see while shopping | Typographical Error |
| 43:10-11 | the StockX Vault NFT, **Donk** Low, Retro White, Black | the StockX Vault NFT **Dunk** Low Retro White Black | Transcription Error |
| 44:2-4 | Why did you draw participants' attention to picture in the stimulus? | Why did you draw participants' attention to "picture" in the stimulus? | Typographical Error |
| 44:7 | picture image, whatever. | picture, image, whatever. | Typographical Error |
| 45:25-46:3 | So I **don't want to** speculate as to what the answer would be. | So I **could only** speculate as to what the answer would be. | Transcription Error |
| 52:22-23 | definition of sneakers, **sort of** dictionaries. | definition of sneakers, **from** dictionaries. | Transcription Error/ Clarification |
| 53:6-7 | **I** half remembering reading | **I'm** half remembering reading | Transcription Error |
| 54:9-10 | They may, collectible handbags | They may, **or** collectible handbags | Transcription Error |

**Deposition Date:** 9/7/2023
**Deponent:** Robert Klein – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 54:21 | potential for **resell** | potential for **resale** | Transcription Error |
| 54:24-25 | I don't know **what** the potential for **a resell** is **at**, but I think | I don't know **that** the potential for **resale** is, but I think | Transcription Error |
| 57:14-15 | There's a number on the hanger **that they** linked. | There's a number on the hanger; **they're** linked. | Transcription Error/ Clarification |
| 58:5-8 | I'm not sure I used the term linked in the survey, at least I don't recall which introduces the notion of Vault NFT. | I'm not sure I used the term linked in the survey, at least I don't recall. **It's not in INTRO3,** which introduces the notion of Vault NFT**s**. | Transcription Error |
| 59:3-4 | the dictionary but **standard dictionary**, standard English word. | the dictionary but **it's a** standard English word. | Transcription Error/ Clarification |
| 59:22-24 | What do you mean just taking an NFT corresponding to a physical trading card? | What do you mean**,** just taking **one of them,** "an NFT corresponding to a physical trading card"? | Transcription Error |
| 62:13-14 | I **rely** on **our** counsel to make sure that I accurately | I **relied** on counsel to make sure that I accurately | Transcription Error |
| 62:21-22 | I'm going to object**. Just** be careful because | I'm going to object **just to** be careful because | Transcription Error |

**Deposition Date:** 9/7/2023
**Deponent:** Robert Klein – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 65:4 | information about that. | information about **how that would happen.** | Transcription Error |
| 65:8-10 | That the same type of introduction to the set of issues that I had **was discussion that** was had with | That the same type of introduction to the set of issues that I had, a discussion, was had with | Transcription Error/ Clarification |
| 66:2 | sneakers or shoes StockX? | sneakers or shoes **is** StockX? | Transcription Error |
| 76:22 | Yeah. I'd just be guessing. | Yeah**,** I'd just be guessing. | Typographical Error |
| 84:7-9 | shoes that I could -- if I **don't have** the receipt, I could ask StockX to send to me | shoes that I could -- if I **only had** the receipt, I could ask StockX to send to me | Transcription Error/ Clarification |
| 84:18-19 | Nike **Donk** Low Retro White, Black | Nike **Dunk** Low Retro White Black | Transcription Error |
| 84:20-21 | Vault NFT **Donk** Low Retro White, Black | Vault NFT **Dunk** Low Retro White Black | Transcription Error |
| 84:20-23 | Vault NFT Nike **Donk** Low Retro White, Black | Vault NFT Nike **Dunk** Low Retro White Black | Transcription Error |
| 84:24-25 | against **or** a control | against a control | Transcription Error |

4

**Deposition Date:** 9/7/2023
**Deponent:** Robert Klein – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 89:17-19 | And respondents could provide a verbatim response **checked** the box | And respondents could provide a verbatim response **or check** the box | Transcription Error |
| 95:21-24 | Now, in response to Q4, what company do you believe created the sneaker referenced above or do you not know Respondents 825? Let's look. | Now, in response to Q4, **"what** company do you believe created the sneaker referenced above or do you not know**?"** Respondent 825**; let's** look. | Transcription Error |
| 97:11 | **Respondents** 6282 | **Respondent** 6282 | Transcription Error |
| 98:22 | Something like this | **When there is s**omething like this | Transcription Error |
| 102:3-4 | I don't know why they would see the trademark swoosh. | I don't know why they would **answer that they'd seen** the trademark swoosh. | Transcription Error |
| 106:22-23 | I'm quoting from text | I'm quoting from **a** text | Transcription Error |
| 107:4 | **Airware** | **AirWair** | Typographical Error |
| 107:9 | **Strong** Foods | **Sturm** Foods | Transcription Error |

**Deposition Date:** 9/7/2023
**Deponent:** Robert Klein – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 107:21-24 | no longer confusing, no longer references the product at issue in this case. It was just removing the picture and replacing it by the printed description. | no longer confusing, no longer references the product at issue. **In** this **case, it** was just removing the picture and replacing it by the printed description. | Transcription Error |
| 109:12-13 | **certain** marks | **asserted** marks | Transcription Error |
| 109:16 | yes. Nike word mark is one | yes**, the** Nike word mark is one | Transcription Error/ Clarification |
| 109:18 | the **Donk** Low mark | the **Dunk** Low mark | Transcription Error |
| 110:17 | that **Donk** | that **Dunk** | Transcription Error |
| 111:23 | Low **Donk** | Low **Dunk** | Transcription Error |
| 113:23-24 | Nike **Donk** Low Retro White, Black Shoes-**USM** 10 | Nike **Dunk** Low Retro White Black Shoes – **US M** 10 | Transcription Error |
| 114:11-12 | Nike **Donk** Low Retro White, Black Shoes-**USM** 10 | Nike **Dunk** Low Retro White Black Shoes – **US M** 10 | Transcription Error |
| 119:4-5 | then for the sneaker, **for the swoosh** sneaker and then for the NFT. | then for the sneaker**, or first for the** sneaker and then for the NFT. | Transcription Error |

**Deposition Date:** 9/7/2023
**Deponent:** Robert Klein – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 121:22-23 | Nike **Donk** Low Retro White, Black | Nike **Dunk** Low Retro White Black | Transcription Error |
| 122:2-3 | Nike **Donk** Low Retro White, Black | Nike **Dunk** Low Retro White Black | Transcription Error |
| 124:2 | **let's** them know | **lets** them know | Typographical Error |
| 125:24-126:2 | But it's not my first survey. **I'm** using **stimulated** web pages as a stimulus. | But it's not my first survey using **simulated** web pages as a stimulus | Transcription Error |
| 129:7-8 | **StockX** Vault NFT Nike SB **Donk** Low Ben & Jerry's Chunky Dunky | **StockX's** Vault NFT Nike SB **Dunk** Low Ben & Jerry's Chunky Dunky | Transcription Error |
| 129:9-10 | The one I used **is** a stimulus. | **That's not the** one I used **as** a stimulus. | Transcription Error |
| 135:19 | **creative** is more precise. | **"created"** is more precise. | Transcription Error |
| 135:25 | **creative** | **"created"** | Transcription Error |

I, Robert Klein, do hereby certify under penalty of perjury that I have read the foregoing transcript of my deposition taken on September 7, 2023; that I have made such corrections as appear noted herein; and that my testimony as contained herein, as corrected, is true and correct.

7

DATED this 6th day of October, 2023.

_____

Robert Klein