# Exhibit 11

Page 1

1    CONFIDENTIAL - ATTORNEYS' EYES ONLY
2         UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF NEW YORK
3

     NIKE, INC.,              :
4           Plaintiff,        :  Case No. 22-cv-983
                              :
5           v.                :
     STOCKX LLC,              :
6           Defendant.        :
     ------------------       :
7
8            VIDEOTAPE DEPOSITION OF:
9              DAVID T. NEAL, Ph.D.
10               NEW YORK, NEW YORK
11             FRIDAY, AUGUST 11, 2023
12
13
14
15
16
17
18
19
20
21
22
23
24   REPORTED BY:
     SILVIA P. WAGE, CCR, CRR, RPR
25   JOB NO. 5968173

Page 2

CONFIDENTIAL - ATTORNEYS' EYES ONLY

AUGUST 11, 2023
10:08 a.m.

Videotape deposition of DAVID NEAL, Ph.D., held at the offices of DLA PIPER LLP, 1251 Avenue of the Americas, 27th Floor, New York, New York, pursuant to agreement before SILVIA P. WAGE, a Certified Shorthand Reporter, Certified Realtime Reporter, Registered Professional Reporter, and Notary Public for the States of New Jersey, New York and Pennsylvania.

Page 4

CONFIDENTIAL - ATTORNEYS' EYES ONLY

I N D E X

| WITNESS: DAVID T. NEAL, Ph.D. | PAGE |
|---|---|
| EXAMINATION BY MS. DUVDEVANI | 8 |
| EXAMINATION BY MS. SABA | 154 |

E X H I B I T S

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Expert Rebuttal Report of David Neal, Ph.D., in Response to Expert Report of Dr. Itamar Simonson | 26 |
| Exhibit 2 | blown up revised version of Exhibit C | 26 |
| Exhibit 3 | Exhibit C: Neal Survey and Codebook | 27 |
| Exhibit 4 | Errata to the Expert Rebuttal Report of David T. Neal June 23, 2023 | 33 |
| Exhibit 5 | color printout of an NFT | 50 |
| Exhibit 6 | color printout of a white leather Nike sneaker | 63 |
| Exhibit 7 | color printout of XNFTs Collect What's Next NIKE0000055 to NIKE0000058 | 70 |
| Exhibit 8 | color printout from StockX | 78 |
| Exhibit 9 | document STX0018615 marked Highly Confidential - Attorneys' Eyes Only | 91 |
| Exhibit 10 | color printout from StockX | 121 |

PREVIOUSLY MARKED EXHIBITS

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| none | | |

Page 3

CONFIDENTIAL - ATTORNEYS' EYES ONLY

A P P E A R A N C E S:

DLA PIPER LLP (US)
Attorneys for Plaintiff
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
(212) 335-4500
Tamar.duvdevani@dlapiper.com
Jane.wise@us.dlapiper.com
BY: TAMAR DUVDEVANI, ESQ.
BY: JANE WISE, ESQ.

DEBEVOISE & PLIMPTON LLP
Attorneys for Defendants
919 Third Avenue
New York, New York 10022
(212) 909-6000
Ksaba@debevoise.com
BY: KATHRYN SABA, ESQ.

KILPATRICK TOWNSEND & STOCKTON LLP
Attorneys for Defendants
The Grace Building
1114 Avenue of the Americas
New York, New York 10036
(212) 775-8700
Rpotter@kilpatricktownsend.com
BY: ROBERT POTTER, ESQ.

A L S O  P R E S E N T:
PHIL GLAUBERSON
VIDEOGRAPHER

Page 5

CONFIDENTIAL - ATTORNEYS' EYES ONLY

- - -

DEPOSITION SUPPORT INDEX

- - -

Direction to Witness Not to Answer
Page Line

Request for Production of Documents
Page Line
  151      3

Stipulations
Page Line

Question Marked
Page Line

Reservation
Page Line
  150      14

Motion to Strike
Page Line

2 (Pages 2 - 5)

|  | Page 6 |  | Page 8 |
|---|---|---|---|
| 1 | CONFIDENTIAL - ATTORNEYS' EYES ONLY | 1 | CONFIDENTIAL - ATTORNEYS' EYES ONLY |
| 2 | THE VIDEOGRAPHER: Good morning. We | 2 | Vilabella Avenue, Coral Gables, Florida |
| 3 | are going on the record at 10:08 a.m., 8/11/23. | 3 | 33146-1719, after having been duly sworn, |
| 4 | Please note that microphones are | 4 | was examined and testified as follows: |
| 5 | sensitive and may pick up whispering and private | 5 | THE STENOGRAPHER: Thank you. |
| 6 | conversations. | 6 | You may proceed. |
| 7 | Please mute your phones at this time | 7 | EXAMINATION BY MS. DUVDEVANI: |
| 8 | and place them away from the microphones, as they | 8 | Q. Good morning, Dr. Neal. |
| 9 | can interfere with the audio. | 9 | A. Good morning. |
| 10 | Audio and video recording will | 10 | Q. It's Doctor, right? |
| 11 | continue to take place unless all parties agree | 11 | A. Yes. |
| 12 | to go off the record. | 12 | Q. Okay. Are you represented today? |
| 13 | This is Media Unit 1 of the video | 13 | A. I am. |
| 14 | recorded deposition of David Neal in the matter | 14 | Q. And who are you represented by? |
| 15 | of Nike Inc., versus StockX LLC filed in the | 15 | A. Kate Saba from Debevoise and Rob |
| 16 | United States District Court, Southern District | 16 | Potter from Kilpatrick Townsend. |
| 17 | of New York, 22-CV-983. | 17 | Q. Okay. Did you do anything to prepare |
| 18 | The location of this deposition is | 18 | for today's deposition? |
| 19 | DLA Piper LLP, 1251 Avenue of the Americas, New | 19 | A. I did. |
| 20 | York, New York. | 20 | Q. And what did you do? |
| 21 | My name is Phil Glauberson | 21 | A. I reviewed a number of documents |
| 22 | representing Veritext and I AM the Videographer. | 22 | including my report, Dr. Simonson's report, his |
| 23 | The Court Reporter is Silvia Wage | 23 | second report, i.e., his rebuttal report. I also |
| 24 | from Veritext. | 24 | re-reviewed the Complaint and the Answer and |
| 25 | I am not authorized to administer an | 25 | certain other documents, I believe, I did a high |

|  | Page 7 |  | Page 9 |
|---|---|---|---|
| 1 | CONFIDENTIAL - ATTORNEYS' EYES ONLY | 1 | CONFIDENTIAL - ATTORNEYS' EYES ONLY |
| 2 | oath. I am not related to any party in this | 2 | level review of yesterday. |
| 3 | action. Nor am I financially interested in the | 3 | Q. When you refer to the "Complaint" and |
| 4 | outcome. | 4 | an "Answer," do you mean the First Amended |
| 5 | If there are any objections to | 5 | Complaint and the First Amended Answer that |
| 6 | proceeding, please state them at the time of your | 6 | included the additional false advertising and |
| 7 | appearance. | 7 | counterfeiting claims? |
| 8 | Counsel will now state their | 8 | A. Yes. |
| 9 | appearances and affiliations for the record | 9 | Q. Okay. You've been deposed before? |
| 10 | beginning with the noticing attorney. | 10 | A. Correct. |
| 11 | MS. DUVDEVANI: Good morning. Tamar | 11 | Q. So you know the rules? |
| 12 | Duvdevani, DLA Piper on behalf of Plaintiff Nike | 12 | A. I do. |
| 13 | Inc. | 13 | Q. Okay. The only thing I'll just |
| 14 | I am joined by my colleague Jane Wise | 14 | remind you of is that I'll try to speak clearly |
| 15 | also of DLA Piper. | 15 | for the Court Reporter and not speak over you. |
| 16 | MS. SABA: Good morning. Kate Saba | 16 | And I just ask you to do the same. |
| 17 | of Debevoise & Plimpton on behalf of StockX. I'm | 17 | A. Okay. |
| 18 | joined by my co-counsel Rob Potter of Kilpatrick | 18 | Q. Okay. |
| 19 | Townsend. | 19 | A. Could I request that we make -- get |
| 20 | THE VIDEOGRAPHER: Will the Court | 20 | it a little bit cooler? |
| 21 | Reporter please swear in the witness. | 21 | Q. I -- |
| 22 | THE STENOGRAPHER: Dr. Neal, if you | 22 | A. We just walked -- I know you're |
| 23 | can please raise your right hand. | 23 | probably -- but we just walked over here, so I'm |
| 24 | DAVID T. NEAL, Ph.D., | 24 | a little hot. |
| 25 | Catalyst Behavioral Sciences LLC, 615 | 25 | Q. I already asked the reception -- |

|  |  |
|---|---|
| Page 42 | Page 44 |

### Page 42

CONFIDENTIAL - ATTORNEYS' EYES ONLY

    Q. Did you go onto OpenSea.com and search there?
    A. I don't recall.
    Q. Do you know what "OpenSea" is?
    A. No.
    Q. Alright. If you can turn to Page 24 of Exhibit F to your report.
    A. You said Exhibit F?
    Q. Yes, sir; Page 24.
    A. Okay, I have it.
    Q. And, by the way, am I right that Pages 24 through 26 show the test images respondents would have seen?
    A. Let me just create some space here, sorry.
    Q. Sure.
    A. And, sorry, can you just repeat your question?
    Q. Sure.
    I asked, am I right that Pages 24 through 26 show the test image respondents would have seen in your survey?
    A. Yes.
    Q. Okay. Where did you take this image

### Page 43

CONFIDENTIAL - ATTORNEYS' EYES ONLY

from?
    A. Directly from the StockX website.
    Q. Okay. So does this image show something that StockX is offering for sale?
    MS. SABA: Objection.
    A. I believe it's no longer offering any Vault NFTs or there was any key Vault NFTs.
    Q. Okay. Does this image show something that StockX had offered for sale in the past?
    A. That's my understanding, yes.
    Q. Okay. What is being offered for sale in this image?
    A. Well, I should, you know, note that I'm not a technical expert and I'm not a relevant likely purchaser in this category.
    But if you're asking me what the offering is --
    Q. Correct.
    A. -- my understanding is the offering is -- of the Vault NFT is -- involves a combination of the physical shoe and the NFT, which serves as a digital receipt recording ownership of that object.
    Q. And where did you get that

### Page 44

CONFIDENTIAL - ATTORNEYS' EYES ONLY

definition, if from anywhere?
    A. That is my understanding from reading the Complaint and the First Amended Complaint and the First Amended Answer. Primarily from there I would say.
    Q. Okay. You did mention the NFT aspect of this offer, correct?
    A. I did.
    Q. Okay. Do you know who created the NFT that's part of this offer?
    A. I do not know the answer to that.
    Q. Okay. Do you know if it was Nike?
    A. I believe it was not Nike.
    Q. Okay. Do you believe that it was StockX?
    A. That's my understanding. But I don't have technical certainty around that and that was not -- knowing that technical background, I don't think is relevant for the survey that I was conducting, which is focused on what consumers perceive.
    Q. Uh-huh.
    How did StockX communicate to consumers that it was offering Vault NFTs of the

### Page 45

CONFIDENTIAL - ATTORNEYS' EYES ONLY

ilk that we see on this image?
    MS. SABA: Objection.
    A. I think that's outside of the scope of my opinion, if you're asking me about how StockX markets these products.
    Q. Sure. We can start there.
    A. I think that's outside the scope of my opinion.
    Q. Okay.
    A. Cause I'm not a marketing expert. I haven't studied their marketing channels. So I don't -- yeah, I don't feel like I have the technical background to answer that question.
    Q. Okay. Do you know why consumers purchased StockX Vault NFTs?
    A. Again, I did not study that. I was here to design a rebuttal survey to measure confusion and a confusion survey does not delve into the motives of consumers. It focuses on whether they are confused or not.
    Q. Okay. If we could go to Page 73 of your report.
    A. Okay. Which...
    Q. Exhibit 1, main body.

| Page 134 | Page 136 |
|---|---|
| CONFIDENTIAL - ATTORNEYS' EYES ONLY | CONFIDENTIAL - ATTORNEYS' EYES ONLY |

Page 134

1    CONFIDENTIAL - ATTORNEYS' EYES ONLY
2    Nike word mark is retained is as part of the
3    description of the product -- and that, as I
4    understand it, I believe, it's from Paragraph 80
5    of the Amended Complaint -- makes reference to
6    the StockX's acceptable or, apparently,
7    acceptable use of Nike on receipts as describing
8    Nike physical products.
9      Q. Let's go to Page 65 of your report,
10   Paragraph 6.11.
11      I believe this is what you were just
12   talking about, correct?
13      A. Yes.
14      Q. Okay.
15      A. This is one section of my report that
16   relates to that. I believe there is an earlier
17   section as well.
18      Q. Okay. Does 6.11 explain why you used
19   the control imagery that you used?
20      A. In part.
21      Q. Okay. Where else does it explain why
22   you used the control imagery you used that you
23   and your graphic designer created seen on Page 31
24   of Exhibit F to your report?
25      A. I believe it starts -- there is a

Page 135

1    CONFIDENTIAL - ATTORNEYS' EYES ONLY
2   similar -- let me just have a look.
3      Paragraph 2.1.3.
4      Q. Okay. Paragraph 2.1.3, let's get
5   there.
6      A. It's on Page 6.
7      Q. Page 6; okay.
8      A. And 2.1.4, also, includes some of --
9   StockX's argumentation that's relevant to the
10   control as well.
11      Q. Okay.
12      A. And then the third element that I
13   mentioned was Dr. Simonson's own view of the
14   proper control. So his control removed, as mine
15   did, the image of the Nike shoe, including the
16   Nike Swoosh, and retained use of the Nike word
17   mark, as part of the overall control stimulus
18   that was presented.
19      So I would say in designing my
20   control, I'm relying, you know -- or I'm relying
21   primarily on the First Amended Complaint and on
22   StockX's Answer, as captured in part by
23   Paragraph 2.14 in my report, and the fact that we
24   need to have some way to describe the product at
25   issue to identify it, which I understand Nike

Page 136

1    CONFIDENTIAL - ATTORNEYS' EYES ONLY
2   does not object to.
3      Q. And you understand that based on
4   Paragraph 80 of the First Amended Complaint; is
5   that right?
6      A. That's one of the bases. I need to
7   go back and see if there are other sections of
8   the First Amended Complaint that referred to
9   that.
10      Q. Okay. Are there any other bases
11   listed in your report other than Paragraph 80 of
12   the First Amended Complaint?
13      A. I'd need to go through line by line
14   to verify, but that's the only one that comes to
15   mind now.
16      Q. Okay. Does a control stimulus need
17   to be non-infringing?
18      A. Yes, in the sense that it needs to
19   remove whatever is the alleged source of the
20   infringement. So the control should remove as
21   little as possible and yet still remove what is
22   alleged to be the source of infringement. And,
23   in that sense, it should be non-infringing with
24   respect to whatever is the alleged cause of
25   confusion.

Page 137

1    CONFIDENTIAL - ATTORNEYS' EYES ONLY
2      Q. Would it be proper to have a control
3   stimulus that demonstrated 100 percent base
4   confusion in responses?
5      A. That's -- that was unrelated and,
6   therefore, unrelated to trademark confusion?
7      Q. If your control just showed a hundred
8   percent of people being confused, even about the
9   control, would that be appropriate?
10      A. Well, you'd have to -- it would
11   depend on what the category was. So you could
12   imagine -- let me give you an extreme example.
13   You can imagine that Tide detergent, you know,
14   was -- tried to sue someone for using a "T"
15   related word for detergent and the container was
16   also orange. You might get -- and you changed
17   the "T" to something else but you kept the orange
18   container. You might get high confusion in the
19   control but driven by the orange color.
20      Or another example would be if
21   confusion in a category is just extremely high
22   for reasons unrelated to trademark confusion,
23   then you can get very high confusion levels. But
24   it's in a control group. And what that tells you
25   is that there is high confusion in that category

Page 154

1  CONFIDENTIAL - ATTORNEYS' EYES ONLY
2  Media Unit 3.  Going off the record at 2:15.
3      (Recess taken 2:15 to 2:31 p.m.)
4      THE VIDEOGRAPHER:  We're back on the
5  record at 2:31.  This will begin Media Unit
6  No. 4.
7      MS. DUVDEVANI:  Okay.  Subject to my
8  prior reservation and subject to any redirect, I
9  have no further questions.
10     MS. SABA:  I do have a few redirect
11 questions.
12 EXAMINATION BY MS. SABA:
13     Q.  Earlier you were asked about your
14 perception involving NFTs.
15         Have you ever purchased a NFT?
16     A.  No.
17     Q.  Are you likely to purchase an NFT?
18     A.  No.
19     Q.  Have you ever purchased collectible
20 sneakers?
21     A.  No, I have not.
22     Q.  Are you likely to purchase
23 collectible sneakers?
24     A.  No.
25     Q.  I have no further questions.

Page 155

1  CONFIDENTIAL - ATTORNEYS' EYES ONLY
2      MS. DUVDEVANI:  I was going to ask
3  those questions and I skipped them.
4      I have no further questions either.
5      THE VIDEOGRAPHER:  This will end
6  Media Unit No. 4 and conclude the deposition of
7  David Neal.  We are going off the record at
8  8/11/23.
9      (Time noted: 2:31 p.m.)
10
11     _____
           DAVID T. NEAL, Ph.D.
12
    Subscribed and sworn to before me
13
14  this _____ day of _____, 2023.
15
16     _____
              Notary Public
17
18
19
20
21
22
23
24
25

Page 156

1  CONFIDENTIAL - ATTORNEYS' EYES ONLY
2  C E R T I F I C A T E   O F   R E P O R T E R
3      I, SILVIA P. WAGE, a Certified Shorthand
4  Reporter, Certified Realtime Reporter and Registered
5  Reporter, herby certify that the witness in the
6  foregoing deposition was by me duly sworn to tell
7  the truth, the whole truth, and nothing but the
8  truth in the within-entitled cause; that said
9  deposition was taken down in shorthand by me, a
10 disinterested person, at the time and place
11 therein stated, and that the testimony of the
12 said witness was thereafter reduced to typewriting,
13 by computer, under my direction and supervision;
14 that before completion of the deposition, review
15 of the transcript [X] was [ ] was not requested.
16 If requested, any changes made by the deponent
17 (and provided to the reporter) during the period
18 allowed are appended hereto.
19     I further certify that I am not of counsel
20 or attorney for either or any of the parties to
21 the said deposition, nor in any way interested in
22 t_____that I am not
23 r_____thereto.
24
25

Page 157

1
2      ERRATA SHEET
       VERITEXT/NEW YORK REPORTING, LLC
3
    CASE NAME: Nike, Inc. v. Stockx, LLC
4   DATE OF DEPOSITION:  August 11, 2023
    WITNESS' NAME: David T. Neal, Ph.D.
5
    PAGE/LINE(s)/   CHANGE       REASON
6   ___/_____/_____/_____
    ___/_____/_____/_____
7   ___/_____/_____/_____
    ___/_____/_____/_____
8   ___/_____/_____/_____
    ___/_____/_____/_____
9   ___/_____/_____/_____
    ___/_____/_____/_____
10  ___/_____/_____/_____
    ___/_____/_____/_____
11  ___/_____/_____/_____
    ___/_____/_____/_____
12  ___/_____/_____/_____
    ___/_____/_____/_____
13  ___/_____/_____/_____
    ___/_____/_____/_____
14  ___/_____/_____/_____
    ___/_____/_____/_____
15  ___/_____/_____/_____
    ___/_____/_____/_____
16  ___/_____/_____/_____
    ___/_____/_____/_____
17  ___/_____/_____/_____
    ___/_____/_____/_____
18  ___/_____/_____/_____
19
20    _____
          DAVID T. NEAL, Ph.D.
21
    Subscribed and Sworn To
22  Before Me This_____Day
    of_____, 20  .
23
    _____
24    Notary Public
25  My Commission Expires_____

| **Deposition Date:** 8/11/2023<br>**Deponent:** David Neal, Ph.D. – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) | | | |
|---|---|---|---|
| Page(s):<br>Line(s) | Now Reads | Should Read | Reason |
| 12:18 | It'll come to me in a second. | Judge Paul S. Diamond of the Eastern District of Pennsylvania. | Clarification |
| 13:8 | **Childs** Hooker | **Charles** Hooker | Transcription Error |
| 18:22-23 | they, essentially, are a provider of the software, the online platform and we program that | they, essentially, are a provider of the software—the online platform—and we program that | Typographical Error |
| 20:4-5 | **I** need to go back and check my records. | **I'd** need to go back and check my records. | Transcription Error |
| 21:11 | used commonly by panel companies | used commonly **now** by panel companies | Transcription Error |
| 22:11 | **screen** questions | **screening** questions | Transcription Error |
| 23:6 | collectible **issue** purchases | collectible **shoe** purchasers | Transcription Error |
| 24:15-16 | I'm not aware of **the** source of data that would speak to that. | I'm not aware of **a** source of data that would speak to that. | Transcription Error |
| 28:18 | Well, **I** need to check | Well, **I'd** need to check | Transcription Error |

1

| **Deposition Date**: 8/11/2023<br>**Deponent**: David Neal, Ph.D. – Errata Sheet<br>**Case Name**: *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 31:2-3 | of anything else that I reviewed that is **in the same combat.** | of anything else that I reviewed that is **missing from that.** | Transcription Error |
| 32:14 | I do respect. | I do respect **him**. | Transcription Error/Clarification |
| 34:14 | they're mine | they're **minor** | Transcription Error |
| 36:12-13 | people call them data dictionary. | people call them **a** data dictionary. | Transcription Error |
| 40:8 | ensure **a** quality data | ensure quality data | Transcription Error |
| 40:22 | at least, two **other**. | at least, two **others**. | Transcription Error |
| 41:7 | I personally **used** | I personally **use** | Transcription Error |
| 43:7-8 | I believe it's no longer offering any Vault NFTs or **there was any key** Vault NFTs. | I believe **that** it's no longer offering any Vault NFTs or **at least any Nike** Vault NFTs | Transcription Error |
| 48:14-16 | Please carefully review the website, just as **if you would** considering purchasing one or more of the items shown. | Please carefully review the website, just as you would **if you were** considering purchasing one or more of the items shown. | Transcription Error |

2

| **Deposition Date**: 8/11/2023<br>**Deponent**: David Neal, Ph.D. – Errata Sheet<br>**Case Name**: *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 48:19-22 | Well, I don't think I said the description -- **they're** screening questions **that** are also, I think, relevant to what we're talking about here | Well, I don't think I said**. The** description -- **the** screening questions are also, I think, relevant to what we're talking about here | Transcription Error |
| 50:11-12 | allowed for people **who** enter the survey | allowed for people **to** enter the survey | Transcription Error |
| 50:13-15 | already had or intended to buy an NFT**,** specifically**,** corresponding to a physical pair of shoes | already had or intended to buy an NFT specifically corresponding to a physical pair of shoes | Typographical Error |
| 54:22 | likelihood confusion survey | likelihood **of** confusion survey | Transcription Error |
| 55:4-5 | the **question** should get at | the **questions** should get at | Transcription Error |
| 55:10-11 | that at a minimum to be plausibly **clarified** as a potential purchaser in this | that at a minimum**,** to be plausibly **classified** as a potential purchaser in this | Transcription Error |
| 57:25 | brand **verse** like an embellishment | brand **versus** like an embellishment | Transcription Error |
| 58:13-14 | I just haven't run a **survey** on that | I just haven't run a **study** on that | Transcription Error |

| **Deposition Date**: 8/11/2023<br>**Deponent**: David Neal, Ph.D. – Errata Sheet<br>**Case Name**: *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 62:14-16 | So this is a case where I was a rebuttal expert **but** Adidas America and Adidas v. Fashion Nova. | So this is a case where I was a rebuttal expert **for** Adidas America and Adidas v. Fashion Nova. | Clarification |
| 63:15 | **or Bate Stamp.** | **And it's not Bates Stamped.** | Transcription Error |
| 68:17-18 | is, **you know**, the only product to legibly show the Nike word mark | is, **I think**, the only product to legibly show the Nike word mark | Transcription Error |
| 68:19-20 | is one of only **of** a small number | is one of only a small number | Transcription Error |
| 69:11-12 | **No**, let me see. It was part of the imagery presented. | **Umm**, let me see. **Or as** part of the imagery presented. | Transcription Error |
| 69:12 | **I** need to | **I'd** need to | Transcription Error |
| 69:18 | StockX offered Vault NFTs | StockX offered **eight** Vault NFTs | Transcription Error |
| 71:11-13 | Are you asking me is the underlying shoe included in each of these NFTs and Nike shoe? | Are you asking me **"**is the underlying shoe included in each of these NFTs **a** Nike shoe?**"** | Typographical Error /Transcription Error |

4

| **Deposition Date:** 8/11/2023 <br> **Deponent:** David Neal, Ph.D. – Errata Sheet <br> **Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 72:10 | Retro Maniére, I'm not sure **that** that is a brand | Retro **A Ma** Maniére, I'm not sure **if** that is a brand | Transcription Error |
| 73:9 | it will encourage **several** respondents | it will encourage **survey** respondents | Transcription Error |
| 73:23 | **every ready**-type surveys | **Eveready**-type surveys | Typographical Error |
| 74:2-3 | Nike puts out product | Nike puts out **the** product | Transcription Error |
| 74:19 | It's more than it's not current | It's more than **that** it's not current | Transcription Error |
| 76:13-14 | had not been through an error updated. | had not been**,** through an error**,** updated. | Typographical Error |
| 78:14-15 | To the extent that **answer is off** conversations with Counsel | To the extent that **answers call for** conversations with Counsel | Transcription Error |
| 82:7 | a standard **every ready** | a standard **Eveready** | Typographical Error |
| 82:8-9 | to use in these **certain** circumstances | to use in these circumstances | Transcription Error |

5

| **Deposition Date**: 8/11/2023<br>**Deponent**: David Neal, Ph.D. – Errata Sheet<br>**Case Name**: *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) ||||
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 82:11-13 | I am aware of significant complexities around the resale context **and** that **raised** serious questions | I am aware of significant complexities around the resale context that **raise** serious questions | Transcription Error/Clarification |
| 82:13-14 | **ever ready** | **Eveready** | Typographical Error |
| 82:15 | **biassed** | **biased** | Typographical Error |
| 82:24 | **every ready** survey | **Eveready** survey | Typographical Error |
| 83:4-5 | **every ready** | **Eveready** | Typographical Error |
| 83:10 | **ever ready** | **Eveready** | Typographical Error |
| 83:12-13 | **ever ready** | **Eveready** | Typographical Error |
| 83:16-17 | **ever ready** | **Eveready** | Typographical Error |
| 83:18 | **ever ready** | **Eveready** | Typographical Error |
| 83:19 | **every ready** | **Eveready** | Typographical Error |
| 83:23 | **ever ready** | **Eveready** | Typographical Error |

6

| **Deposition Date**: 8/11/2023<br>**Deponent**: David Neal, Ph.D. – Errata Sheet<br>**Case Name**: *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 83:25-84:4 | he decided only the source questions were relevant after the fact abandoned analyzing the data from the second and third **question**. | he decided **that** only the source questions were relevant after the fact**, and** abandoned analyzing the data from the second and third **questions**. | Transcription Error |
| 84:8 | **ever ready** | **Eveready** | Typographical Error |
| 86:6-7 | **I** need to check the complaint | **I'd** need to check the complaint | Transcription Error |
| 86:16 | testimony for "How It Works" page | testimony for **the** "How It Works" page | Transcription Error |
| 87:22 | **disclaimer** language | **disclosure** language | Transcription Error |
| 90:4-5 | that is not a standard part of **a** reporting a confusion survey | that is not a standard part of reporting a confusion survey | Clarification |
| 90:14-15 | For the reasons we've been **discussion** | For the reasons we've been **discussing** | Transcription Error |
| 90:23-24 | look exactly **at** past purchasers | look exactly **like** past purchasers | Transcription Error |
| 93:8-9 | where the **data comes** from | where the **data's come** from | Transcription Error |

7

**Deposition Date:** 8/11/2023
**Deponent:** David Neal, Ph.D. – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 93:19 | to use Click Balancing approach | to use **the** Click Balancing approach | Transcription Error |
| 93:23 | past purchases of Vault NFTs. | past purchas**ers** of Vault NFTs. | Transcription Error |
| 93:25 | potential purchases | potential purchasers | Transcription Error |
| 94:5-6 | You **buy [sic]** people interested in that category of goods. | You **recruit** people interested in that category of goods. | Clarification |
| 94:9-13 | So -- and the lack of specificity, you know, there are more -- much more likely to be young and under 35 or does that mean you make 80 percent of your sample under 35 or does that mean you make 50 percent of your sample under 35. | So -- and the lack of specificity, you know, **"**there are more -- much more likely to be young and under 35**,"** **well,** does that mean you make 80 percent of your sample under 35 or does that mean you make 50 percent of your sample under 35**?** | Transcription Error |
| 97:3 | **I** need to check | **I'd** need to check | Transcription Error |
| 98:22 | **biassing** | **biasing** | Typographical Error |
| 100:18-19 | the general principle is **you** replicating marketplace **realities,** as much possible. | the general principle is replicating marketplace **reality** as much possible. | Transcription Error |

8

| **<u>Deposition Date</u>: 8/11/2023**<br>**<u>Deponent</u>: David Neal, Ph.D. – Errata Sheet**<br>**<u>Case Name</u>: *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)** | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 100:19-20 | I can't say that **that**, for example | I can't say that, for example | Transcription Error |
| 104:7-8 | marketplace **realty** | marketplace **reality** | Transcription Error |
| 104:11 | I **can** you | I **can't remember whether** you | Transcription Error |
| 105:25-106:2 | where did **respondent** see any information | where did **respondents** see any information | Transcription Error |
| 109:20 | Q3 **tough sell** | Q3 **test cell** | Transcription Error |
| 110:10 | see back of product service | see back of product/service | Typographical Error |
| 110:23 | But I looked at afterwards | But I looked at **it** afterwards | Transcription Error |
| 111:10-11 | **I** need to go back and check the programming **link notes** to know that for sure. | **I'd** need to go back and check the programming **language** notes to know that for sure. | Transcription Error/Clarification |
| 113:2-3 | you talking about consumers in the real world**.** | **are** you talking about consumers in the real world**?** | Transcription Error |
| 119:4-5 | Generally, looking at all the images of the **products** page **and** the **tests** and the | Generally, looking at all the images of the **product** page **in** the **test** and the | Transcription Error |

| **Deposition Date**: 8/11/2023<br>**Deponent**: David Neal, Ph.D. – Errata Sheet<br>**Case Name**: *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) ||||
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 121:13 | I **gest**. | I **jest**. | Typographical Error |
| 121:18 | I **gest**. | I **jest**. | Typographical Error |
| 122:15-18 | I don't -- I would need to check, but I don't believe **these** product detail information was part of the product display page at the time I took this screen shot. | I don't -- I would need to check, but I don't believe **this** product detail information was part of the product display page at the time I took this screen shot. | Transcription Error |
| 123:18 | "product **detail s**" | "product **details**" | Typographical Error |
| 125:3-4 | the evidence from the people who viewed the back of the card suggest that it has little impact. | the evidence from the people who viewed the back of the card **would** suggest that it has little impact. | Transcription Error |
| 126:24-25 | there are two ways **that are** disclaimers are present on this page. | there are two ways **the** disclaimers are present on this page. | Transcription Error |
| 127:15 | disclaimer makes the consumer perception **worst**. | disclaimer makes the consumer perception **worse** | Transcription Error |
| 128:16-17 | A "double-blind study" is **an,** essentially**,** a method of running a survey where | A "double-blind study" is essentially a method of running a survey where | Transcription Error |

10

**Deposition Date:** 8/11/2023
**Deponent:** David Neal, Ph.D. – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 128:23 | **unbiassed** | **unbiased** | Typographical Error |
| 129:11-12 | Is it possible for a survey design to provide **includes** to **our** participant | Is it possible for a survey design to provide **clues** to **a** participant | Transcription Error |
| 129:25-130:2 | that **bias there** answers | that **biased their** answers | Transcription Error /Typographical Error |
| 134:5-6 | makes reference to **the** StockX's | makes reference to StockX's | Clarification |
| 134:7 | use of Nike on receipts | use of **"Nike"** on receipts | Typographical Error |
| 136:6-7 | **I** need to go back | **I'd** need to go back | Transcription Error |
| 138:17 | Plaintiff's **mark** on the Vault NFT | Plaintiff's **marks** on the Vault NFT | Transcription Error |
| 138:25-139:2 | **cause** what does he remove? | **because** what does he remove? | Transcription Error |
| 139:3 | the **work** mark Nike | the **word** mark Nike | Transcription Error |
| 139:10 | he describes as a token | he describes **it** as a token | Transcription Error |
| 141:3 | drop down list of **yours** | drop down list of **years** | Transcription Error |

11

| **Deposition Date:** 8/11/2023 |||||
| :--- | :--- | :--- | :--- | :--- |
| **Deponent:** David Neal, Ph.D. – Errata Sheet |||||
| **Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) |||||
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** ||
| 142:11 | having **giving** inconsistent answers | having **given** inconsistent answers | Transcription Error ||
| 149:18 | to not **giving** you a coding | to not **give** you a coding | Transcription Error ||
| 150:15 | I am going to reserve time **and** potentially **to** call you again | I am going to reserve time **to** potentially call you again | Transcription Error ||
| 152:14 | those **tends** to be very short | those **tend** to be very short | Transcription Error ||

I, David Neal, Ph.D., do hereby certify under penalty of perjury that I have read the foregoing transcript of my deposition taken on August 11, 2023; that I have made such corrections as appear noted herein; and that my testimony as contained herein, as corrected, is true and correct.

DATED this 14th day of September, 2023.

_____
David Neal

12