# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE INC., <br>                         Plaintiff, <br> v. <br> STOCKX LLC, <br>                         Defendant. | Civil Action No.: 1:22-cv-00983-VEC |

## **PLAINTIFF NIKE, INC.'S FOURTH AMENDED INITIAL DISCLOSURES**

Plaintiff Nike, Inc. ("Nike") by and through its attorneys, provide the following fourth amended initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

## **PRELIMINARY STATEMENT**

Nike makes these Disclosures in good faith and to the best of its current abilities based on its current knowledge and the information reasonably available at this time. Nike reserves the right to supplement, correct, or otherwise amend these Disclosures in the event additional information becomes available, pursuant to Federal Rule of Civil Procedure 26.

These Disclosures are made without waiver of, and without prejudice to, any objections Nike may have regarding the discoverability or admissibility of the subject matter of these Disclosures, or any documents or individuals identified herein. Nike expressly reserves all objections, including but not limited to those based on: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; I undue burden; (f) materiality; (g) over-breadth; (h) inadmissibility in evidence of these disclosures or the subject matter thereof; and (i) producing proprietary and confidential business information, financial data, and/or trade secrets that belong to Nike or to individuals and entities with whom Nike conducts, or has conducted, business. All such objections are expressly reserved.

**Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party (Nike) may use to support its claims or defenses, unless the use would be solely for impeachment.**

Nike identifies the following persons that it believes have knowledge of relevant facts that Nike may use in support of its claims and defenses. The following is based on the information reasonably available to Nike as of the date hereof. Nike's investigations continue. Nike reserves the right to supplement and/or amend these disclosures when and as discovery commences and progresses, and/or as required by the applicable Federal Rules of Civil Procedure and local rules of the Court and/or in response to specific discovery requests by Plaintiff and other parties. Nike objects to any contact of any current or former Nike employees by Plaintiff, other parties, their respective counsel, or anyone acting on their behalf. Contact with these individuals may be arranged only through counsel for Nike.

| Name | Contact | Subject(s) |
|---|---|---|
| Ron Faris, Vice President & General Manager, Nike Virtual Studios | c/o DLA Piper US LLP<br><br>1 Bowerman Drive, Beaverton, Oregon 97005<br><br>May only be contacted through undersigned counsel. | Information concerning the asserted Nike marks (Nike, Swoosh, Nike Air Vapormax, Dunk, Jordan, Air Jordan, Jumpman); Nike's control over and use of the asserted Nike marks; Nike's principal business; Nike's activities in the virtual/digital marketplace; Nike's expansion into the NFT and metaverse space. |
| Melanie Harris, Vice President, Strategy & Development, Nike | c/o DLA Piper US LLP<br><br>1 Bowerman Drive, Beaverton, Oregon 97005<br><br>May only be contacted through undersigned counsel. | Information concerning the asserted Nike marks (Nike, Swoosh, Nike Air Vapormax, Dunk, Jordan, Air Jordan, Jumpman); Nike's control over and use of the asserted Nike marks; Nike's principal business; Nike's activities in the virtual/digital marketplace; Nike's expansion into the NFT and metaverse space. |

| Name | Contact | Subject(s) |
|---|---|---|
| Mike Child, Director, Digital Goods Strategy, Nike | c/o DLA Piper US LLP<br><br>1 Bowerman Drive, Beaverton, Oregon 97005<br><br>May only be contacted through undersigned counsel. | Nike's activities in the virtual/digital marketplace; Nike's expansion into the NFT and metaverse space. |
| Joe Pallett, Director, Brand Protection, Authentication & Innovation, Nike | c/o DLA Piper US LLP<br><br>1 Bowerman Drive, Beaverton, Oregon 97005<br><br>May only be contacted through undersigned counsel. | Nike's anticounterfeiting and brand protection activities; StockX LLC's sale of counterfeit "Nike" goods. |
| Kelsey Thompson, Vice President, Consumer Direct, Global Jordan Brand | c/o DLA Piper US LLP<br><br>1 Bowerman Drive, Beaverton, Oregon 97005<br><br>May only be contacted through undersigned counsel. | Information concerning the asserted Nike marks (Nike, Swoosh, Nike Air Vapormax, Dunk, Jordan, Air Jordan, Jumpman); Nike's control over and use of the asserted Nike marks. |
| Barbara Delli Carpini, Vice President, Global Brand Protection, Nike | c/o DLA Piper US LLP<br><br>8 Via Fratelli Castiglioni 20124 Milano MI Italy<br><br>May only be contacted through undersigned counsel. | Nike's anticounterfeiting and brand protection activities. |
| Roy Kim | 2032 Bravo Loop, Chula Vista, California 91915 | StockX LLC's sale of counterfeit "Nike" goods; StockX's false advertising claims. |
| Laura Rizza, Former Brand Protection Coordinator, Nike | c/o DLA Piper US LLP<br><br>May only be contacted through undersigned counsel. | Nike's anticounterfeiting and brand protection activities; StockX LLC's sale of counterfeit "Nike" goods. |
| Michael Malekzadeh | c/o Angeli Law Group<br><br>May only be contacted through counsel, Joanna T. Perini-Abbott, 121 SW Morrison St, Ste. 400, Portland, OR 97204; Telephone: (503) 954-223 | StockX LLC's sale of counterfeit "Nike" goods; StockX's false advertising claims. |

| Name | Contact | Subject(s) |
|---|---|---|
| ▉ | c/o DLA Piper US LLP ▉ May only be contacted through undersigned counsel. | Investigatory purchases of "Nike" goods on the StockX platform. |
| ▉ | c/o DLA Piper US LLP ▉ May only be contacted through undersigned counsel. | Investigatory purchases of "Nike" goods on the StockX platform. |

**Rule 26(a)(l)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on presently and reasonably available information and subject to Nike's continuing investigation, Nike has identified the following categories of documents, electronically stored information, and tangible things that are within the possession, custody, or control of Nike and/or its counsel, and which Nike may use to support its claims and defenses, including documents relating to:

- Nike's principal business;

- The asserted Nike trademarks (Nike, Swoosh, Nike Air Vapormax, Dunk, Jordan, Air Jordan, Jumpman), including strength and fame of these marks;

- Nike's use of the asserted trademarks including its advertising, promotional, and marketing efforts (both generally and specifically in the virtual/digital marketplace);

- Nike's activities in the virtual/digital marketplace;

4

- Nike's expansion into NFTs and the Metaverse;

- StockX LLC's sale of Nike products and the accused NFTs;

- Nike's anticounterfeiting and brand protection activities; and

- StockX LLC's sale of counterfeit "Nike" products.

Other documents that Nike may use to support its claims are in the possession, custody, or control of Defendant StockX LLC or non-parties.

Nike's investigation into this issue is ongoing. Nike identifies the categories of documents listed above without waiver of its rights to object to the production or admissibility of any particular document. Nike reserves the right to supplement, alter, or amend these disclosures with documents and information related thereto that may be discovered prior to trial. Nike will supplement these disclosures at the appropriate time in accordance with the Federal Rules of Civil Procedure. Nike also reserves its right to utilize additional documents, including, without limitation, any documents disclosed by any party in Rule 26(a)(1) Initial Disclosures, all documents disclosed in responses to written discovery by any party, all documents produced in discovery by any party, and all documents disclosed in deposition testimony or marked as deposition exhibits by any party.

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party.**

At this stage in this Action, and without the benefit of discovery and/or expert assistance, Nike is still investigating the extent of the harm that has resulted from StockX's infringing and diluting unauthorized use of Nike's Asserted Marks, sale of counterfeit Nike goods, and false and/or misleading statements to consumers. Nike has suffered actual damages in an amount to be determined through discovery, including lost royalties subject to expert calculation and testimony.

5

StockX has also been unjustly enriched and profited in an amount to be determined through discovery. For StockX's willful use of Nike's Asserted Marks in connection with the sale of counterfeit goods, Nike is also entitled to an award of up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just. Damages against StockX are subject to prejudgment interest and trebling, in addition to exemplary and punitive damages. StockX is also liable for Nike's attorneys' fees and costs. Nike reserves the right to further and/or amend supplement this disclosure.

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

At this time, Nike is not aware of any insurance agreements under which the insurer may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse payments made to satisfy a judgment. Should Nike become aware of applicable insurance as the facts of the case develop and the case proceeds, it will supplement these disclosures.

Date: November 10, 2022        By: */s/ Tamar Y. Duvdevani*

**DLA PIPER LLP (US)**
Tamar Y. Duvdevani
Marc E. Miller
Andrew J. Peck
Jared Greenfield
1251 Avenue of The Americas, 27th Fl.
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Michael Fluhr
555 Mission Street, Suite 2400
San Francisco, CA 94105

Telephone: (415) 836-2500
Facsimile: (415) 836-2501

Melissa Reinckens
401 B Street, Suite 1700
San Diego, CA 92101
melissa.reinckens@us.dlapiper.com

Jane W. Wise
500 Eighth Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4149
Facsimile: (202) 863-7849

*Attorneys for Plaintiff Nike, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2022, a true and correct copy of Nike, Inc.'s Fourth Amended Initial Disclosures was served on all counsel of record for Defendant StockX, LLC via email, as agreed to by the parties as the preferred method of service:

- Megan K. Bannigan – mkbannigan@debevoise.com
- David H. Bernstein – dhbernstein@debevoise.com
- Chris S. Ford – csford@debevoise.com
- Jyotin Hamid – jhamid@debevoise.com
- Justin Ferrone – jcferrone@debevoise.com
- Kate Saba – ksaba@debevoise.com
- J. David Mayberry – dmayberry@kilpatricktownsend.com
- Rob Potter – rpotter@kilpatricktownsend.com
- Jeffrey Morganroth – jmorganroth@morganrothlaw.com

BY: */s/ Marc E. Miller*