# EXHIBIT D

David H. Bernstein
(dhbernstein@debevoise.com)
Megan K. Bannigan
(mkbannigan@debevoise.com)
Jyotin Hamid
(jhamid@debevoise.com)
Christopher S. Ford
(csford@debevoise.com)
Justin Ferrone
(jcferrone@debevoise.com)
Kathryn C. Saba
(ksaba@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

David Mayberry
(DMayberry@kilpatricktownsend.com)
Rob Potter
(RPotter@kilpatricktownsend.com)
KILPATRICK TOWNSEND &
STOCKTON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 775-8733

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
NIKE, INC.,                                  :          No. 22-CV-983-VEC
:
                Plaintiff,     :
:
       v.                            :
:
STOCKX LLC,                                  :
:
              Defendant.     :
:
------------------------------------------------------------x

## DEFENDANT'S FOURTH SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP")

and the Local Rules of the United States District Courts for the Southern and Eastern

Districts of New York ("Local Rules"), including Local Rule 33.3, Defendant StockX

LLC ("StockX"), by its undersigned attorneys, Debevoise & Plimpton LLP, hereby

serves on Plaintiff Nike, Inc. ("Nike" or "You"), the following interrogatories

("Interrogatories") to be fully and separately responded to in writing in accordance with

the instructions and definitions below, and delivered to the offices of Debevoise &

Plimpton LLP, 919 Third Ave., New York, New York, 10022.

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests and rules of construction

set forth in Local Rule 26.3 are incorporated herein by reference.

2.      "Alleged Counterfeits" shall mean any shoes that Nike, in connection with

its Sixth Cause of Action in the Amended Complaint, alleges bear Counterfeits of the

Nike trademarks listed in paragraph 167 of the Amended Complaint.

3.      "Amended Complaint" shall mean the Amended Complaint You filed on

May 25, 2022, captioned *Nike, Inc. v. StockX LLC*, Case No. 22-CV-983, in the United

States District Court for the Southern District of New York (ECF No. 39).

4.      "Asserted Marks" shall refer to and have the same meaning as "Asserted

Marks" as defined in Paragraph 31 of the Amended Complaint.

5.      "Counterfeit" shall have the same meaning as that term is defined in the

Lanham Act, 15 U.S.C. § 1127.

6.       "Employee" shall mean current and former employees of, and shall apply

to anyone currently receiving, or anyone who at one time received, compensation from

You for work performed for that entity.

7.      "Genuine" shall mean not Counterfeit, as defined herein.

8.      "Nike" shall refer to You, Nike, Inc., and Your subsidiaries, along with

any Persons or agents acting on Nike's behalf.

9.      "Person" or "Persons" shall mean natural persons, corporations, or other legal entities, including, but not limited to, corporations, groups, associations, etc.

10.     "Representative" shall mean any person, agent, attorney, consultant, or other individual(s) or business entity(ies) in the employ of or otherwise acting on behalf of an entity.

11.     "Thing" shall mean any tangible object.  Any request for or reference to "documents" is also a request for or reference to "things."

12.     "Third-Party Websites" shall mean any other website, online marketplace or online platform where Nike goods are bought, sold, or traded including, but not limited to, eBay.com, Amazon.com, farfetch.com, and goat.com.

13.     "Vault NFTs" shall mean non-fungible tokens tied to physical products held in StockX's temperature-controlled, high-security vault and referenced in the Complaint.

14.     "Digital Sneakers" shall mean virtual sneakers, whether or not tied to a non-fungible token, that can be used as digital wearables for an avatar in virtual spaces or that can be seen through augmented reality filters.  This Definition includes but is not necessarily limited to Nike's "CryptoKicks" product(s).

## INSTRUCTIONS

1.      These Interrogatories shall be deemed continuing, and You are to supplement Your answers according to Fed. R. Civ. P. 26(e), if and when You obtain, or otherwise have in Your or Your counsel's possession, custody, or control, relevant

information in addition to, or in any way inconsistent with, Your initial answer to any Interrogatory. In no event shall supplemental answers be served upon StockX later than twenty (20) days after the discovery of relevant information, and further, in no event shall any supplemental answers be served any later than the date by which disclosures required by FRCP 26(a)(3) are due.

2.    The use of the masculine pronoun shall include the feminine and vice versa and shall be construed as necessary to bring within the scope of an Interrogatory all responses that might otherwise be outside of its scope.

3.    The present tense includes the past and future tenses.

4.    Each Interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation and shall be construed as being inclusive rather than exclusive. Questions regarding the interpretation of these Interrogatories should be resolved in favor of the broadest possible construction.

5.    Any and all examples or descriptions of relevant knowledge and information herein are illustrative only and do not limit the request to that particular knowledge or information, as if it were explicitly noticed that such request was "not limited to" the stated examples. Questions regarding the interpretation of these Interrogatories should be resolved in favor of the broadest possible construction.

6.    Responses to these Interrogatories shall include all non-privileged information in Your possession, custody, or control, including all knowledge or information in the possession, custody, or control of Your attorneys, as well as anyone investigating any matter relating to this lawsuit on Your or Your attorneys' behalf.

7.    The answers to Interrogatories must be furnished separately and fully in writing under oath or verification by You declaring, under penalty of perjury, that the answers are true and accurate to the best of Your current knowledge, information, and belief.  If an answer depends upon the knowledge of a person other than the person signing the answers, each such person should be identified in the answer.

8.    If an objection is raised to all or any part of an Interrogatory, You shall serve a response in accordance with FRCP 33(b), stating the grounds of the objection with sufficient specificity to permit determination of the basis for and propriety of such objection, including citations where legal authority is relied upon, and answering to the extent the Interrogatory is not objectionable.  If You contend that all or any part of a particular Interrogatory is ambiguous, You shall set forth in Your written response the allegedly ambiguous language and the interpretation of that language that you have adopted in responding to the Interrogatory in question.

9.    You shall not refer to the documents generally in lieu of answering; if the burden upon You of deriving an answer from documents is the same as it is upon StockX, You may elect to refer to documents which are specifically identified by bates number from which the response may be readily obtained.  Such a response constitutes a representation under oath by You or Your counsel that, after reasonable investigation, those conditions have been met.

10.    The full text of the Interrogatory (or part thereof) to which an answer is intended to respond is to be restated immediately preceding such answer.

11.     If at any time You obtain knowledge that the answer given in response to any Interrogatory was not correct when given or is no longer correct, a statement in writing under penalty of perjury consisting of the correct answer to such Interrogatory shall be promptly provided.

12.     If You assert that any item of information requested by an Interrogatory reflects or would reveal the substance of a privileged communication, please produce a log of such communications pursuant to FRCP 26(b)(5), at a mutually agreed upon date, with at least the following information set forth separately with respect to each withheld communication: (a) the nature of the privilege claimed; (b) the general subject matter of the communication; (c) the person who made the communication, whether oral or in writing; (d) if the communication was oral, all persons present while the communication was made; (e) if the communication was written, the author, addresses and any other recipients; (f) the relationship of the persons present to the person who made the communication; and (g) the date and location of the communication.

### INTERROGATORIES

**Interrogatory No. 23:** Identify each and every Alleged Counterfeit by its StockX order number and purchaser, that forms the basis for Nike's Sixth Cause of Action in the First Amended Complaint (ECF No. 39).

**Interrogatory No. 24:** Describe in detail why Nike believes StockX's uses of the Asserted Marks are dilutive, including a description of the products for which Nike claims the Asserted Marks are famous or well-known.

Dated:        December 6, 2022
               New York, New York

DEBEVOISE & PLIMPTON LLP

By: */s/ Megan K. Bannigan*
Megan K. Bannigan
(mkbannigan@debevoise.com)
David H. Bernstein
(dhbernstein@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Christopher S. Ford
(csford@debevoise.com)
Justin Ferrone (jcferrone@debevoise.com)
Kathryn C. Saba (ksaba@debevoise.com)

919 Third Avenue
New York, New York, 10022
(212) 909-6000

KILPATRICK TOWNSEND &
STOCKTON LLP

David Mayberry
(DMayberry@kilpatricktownsend.com)
Rob Potter
(RPotter@kilpatricktownsend.com)

1114 Avenue of the Americas
New York, New York 10036
(212) 775-8733

MORGANROTH LAW

Jeffrey B. Morganroth
167 East 61st Street, #23A
New York, New York 10065
(248) 864-4000
*Attorneys for Defendant StockX LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that, on December 6, 2022, I served a copy of Defendant StockX LLC's Fourth Set of Interrogatories on all counsel of record for Plaintiff Nike Inc., by email, as agreed to by the parties as the preferred method of service.


By: _/s/ Kathryn C. Saba_
       Kathryn C. Saba