

**MEMO ENDORSED**

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/7/2024

October 7, 2024
*V*IA ECF

The Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

**Re:**   *Nike, Inc. v. StockX LLC*, **No. 22 CV 00983 (VEC) (SN) (S.D.N.Y.)**

**Dear Judge Caproni:**

We represent Nike in connection with the above-referenced matter. On Friday October 4, 2024, without prior notice to Nike or leave of this Court, StockX filed an unauthorized surreply to Nike's motion for summary judgment (Dkt. No. 283) along with a related request to strike Nike's reply 56.1 Statement. (Dkt. No. 284.) StockX's unauthorized surreply papers are improper and should be disregarded. *Trombetta v. Novocin*, No. 18-cv-993, 2021 WL 6052198, at *13 (S.D.N.Y. Dec. 21, 2021) (striking docket entry containing sur-reply where party "neither sought nor received permission to file" and noting that sur-replies are not authorized under the Federal Rules, the local rules, or the Court's individual rules.); *Farmer v. Cnty. of Westchester*, No. 18-cv-2691, 2021 WL 4199944, at *5 (S.D.N.Y. Sept. 15, 2021) ("The Court does not consider Plaintiff's unauthorized sur-reply considering his failure to first seek leave to file such a sur-reply.").

Should the Court nonetheless be inclined to consider Stock's submission, Nike respectfully requests the opportunity to respond to the same to address why it lacks merit and contains waived arguments that could have been raised in StockX's opposition to Nike's summary judgment motion.

Nike thanks the Court for its attention to this matter.

Respectfully submitted,

By:  */s/ Tamar Y. Duvdevani*

Tamar Y. Duvdevani
*Counsel for Plaintiff Nike, Inc.*

cc. Counsel of Record via ECF

"Courts in this District have concluded that a reply Rule 56.1 statement constitutes a procedurally improper attempt to have the last word in a manner that is not contemplated by the local rules." *Mayaguez S.A. v. Citibank, N.A.*, 2022 WL 901627, at *9 (S.D.N.Y. Mar. 25, 2022) (cleaned up). Therefore, the Court STRIKES Nike's Statement of Additional Material Facts (Dkt. 280, ¶¶ 391-93).

To the extent it is necessary for the Court to address the other issues outlined in StockX's October 4, 2024, letter, it will do so when it adjudicates the outstanding motions. In the highly unlikely event that the Court requires further input from the parties as to any issue, it will order supplemental briefing.

On multiple occasions over the past two years, the Court has admonished the parties to work professionally with one another. *See* Dkts. 35, 171. This means, at a minimum, that the parties must make good faith efforts to resolve disputes collaboratively, seeking the Court's assistance only where it is absolutely necessary. The parties' ongoing failure to adhere to basic tenets of professionalism betrays extraordinary disrespect for one another and for the Court. Continued unprofessional behavior may result in sanctions.

SO ORDERED.

*[signature]* 10/7/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE