**Debevoise & Plimpton**

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

**Megan K. Bannigan**
Partner
mkbannigan@debevoise.com
+1 212 909 4879

October 24, 2024

**BY ECF**

Hon. Valerie E. Caproni
United States District Court for the Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

*Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN)

Dear Judge Caproni:

    Pursuant to the Court's August 9, 2024 Order (ECF No. 265), Defendant StockX LLC ("StockX") respectfully submits this letter-motion requesting sealed treatment of limited portions of the Parties' motions for summary judgment (ECF Nos. 255–257, 259–264, 268–273, 277–282; collectively, the "Motions"), which include copies of, and references to, StockX's sensitive and non-public financial data, non-public details regarding StockX's proprietary authentication process, personal data of StockX customers, and additional competitively sensitive information (including StockX's positioning in the marketplace, business plans, and market research). StockX's proposed redactions are consistent with StockX's prior motion to seal portions of the Parties' motions to preclude expert testimony (ECF Nos. 205, 215), which this Court granted (ECF No. 238), and Nike does not oppose StockX's requests. Specifically, StockX seeks:

- To apply limited, narrowly tailored redactions to the parties' briefs submitted in connection with StockX's Motion for Partial Summary Judgment (ECF Nos. 255, 270, and 277) and Nike's Motion for Partial Summary Judgment (ECF Nos. 259, 268, and 279);

- To apply limited, narrowly tailored redactions to the Parties' Rule 56.1 Statements, Counterstatements, and Responses (ECF Nos. 256, 260, 269, 272, 278, 280; together, the "Rule 56.1 Statements");

- To apply limited, narrowly tailored redactions to certain of the Parties' Exhibits (ECF Nos. 257-17, 21, 23, 34, 36, 50, 76, 86, 117, 121, 124; ECF Nos. 261-45, 46, 48, 49, 56, 63–64, 66–67, 72, 87–95, 99, 105, 109, 122–23, 135–39; ECF Nos. 262-11–13; ECF Nos. 263-A, B; ECF Nos. 271-18, 24, 29, 34, 40, 47–48, 50, 54–56, 59, 64, 73, 76, 78–79; ECF Nos. 273-12, 14, 19, 20, 22, 24, 27–32, 36–38, 41, 45, 52, 54–57, 62, 67, 68, 70, 81, 85–86, 91–97, 101, 104–05, 108, 114–16, 124, 127, 147; ECF Nos. 281-13, 17, 19, 21–22, 25, 27, 28, 31, 33, 35; and ECF Nos. 282-1, 3, 4, and 8), and to seal in their entirety a small subset of the Exhibits (ECF Nos. 257-35, 43–44, 75, 87–111, 113; ECF Nos. 261-43, 47, 71, 73–78, 81, 83–86, 97–98, 102, 119, 125–32, 134, 140–41, 144, 146–48, 153; ECF Nos. 271-10–15, 42, 53, 62, 63, 69–71, 74, 85, 87, 89–91, 94, 97; ECF Nos. 273-5, 6, 10, 34, 35, 58, 63, 64,73, 74,

84, 113, 118, 125, 126, 129–46, 148–51, 154–56; ECF Nos. 281-1–5, 8–10; and ECF Nos. 282-6, and 7).[1]

The chart attached as Appendix A provides an overview of StockX's requested sealing treatment for each of the filings identified above, along with a cross-reference to the justifications for sealing, which are set forth in greater detail below.

Pursuant to the Court's August 9, 2024 Order, the Parties exchanged their proposed redactions on October 17, 2024. Concurrent with this letter motion, StockX is filing under seal copies of the filings in connection with its Motion for Partial Summary Judgment (ECF Nos. 254–57, 270, 272–73, 277–78, and 282) to which the Parties' have proposed redactions. Nike's proposed redactions are shown in green highlighting and StockX's proposed redactions are shown in yellow highlighting. Nike will file under seal copies of the filings in connection with its Motion for Summary Judgment (ECF Nos. 258–64, 268–69, 271, 279–81) to which the Parties have proposed redactions, showing the parties' proposed redactions in the same colors of highlighting.

Although there is a presumption of public access to judicial documents at summary judgment, courts must "balance competing considerations against" that presumption, such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal citation omitted). The documents for which StockX requests sealed treatment contain confidential StockX financial data, competitively sensitive business information and strategies, and third-party customers' personal information, and StockX accordingly requests that the Court grant its motion to seal for the reasons set forth herein.

I.   **StockX's Proposed Redactions to the Motions**

   A.   **Certain Non-Public StockX Financial Data**

StockX seeks to redact limited StockX financial data from the Parties' briefing, Rule 56.1 Statements, and Exhibits with ECF Nos. 257-23, 50, 121, 124; 261-49; 271-48; 281-35; 282-8; as well as to seal in their entirety Exhibits with ECF Nos. 271-69–70; 273-73–74, 125–26, 130–44, and 154–56. The financial data for which StockX seeks sealed treatment includes StockX's non-public revenues, profits, losses, margins, EBITDA, and expenses (both company-wide and for specific subsets of StockX's offerings), as well as discussion of this data. StockX's redactions in this category should be granted for two reasons.

*First*, because StockX is a private company, the financial data for which StockX seeks sealed treatment has not been publicly released. Courts regularly approve narrowly tailored

---

[1] StockX also requests that its Responses to Nike, Inc.'s Additional Statement of Facts (ECF No. 284) and Declaration of Christopher S. Ford and Supporting Exhibits 1–2 (ECF No. 285) remain under seal. In light of the Court's October 7, 2024 Order striking Nike's Statement of Additional Material Facts (ECF No. 287), those documents are no longer relevant to the Court's "performance of the judicial function and useful in the judicial process," and accordingly, are not "judicial documents" to which the presumption of public access attaches. *See In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 85 (2d Cir. 2023) (internal citation omitted).

redactions of such highly confidential financial information, particularly with respect to private companies, because the sensitivity of such data can outweigh any presumption of public access. *See N. Star IP Holdings, LLC v. Icon Trade Servs., LLC,* 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024) (approving redaction of financial information in summary judgment briefing because "[d]etailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment.") (internal citation omitted); *Lexington Furniture Indus., Inc. v. Lexington Co., AB,* No. 19 CV 6239, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (approving redaction of "specific, non-public financial statements" at summary judgment); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving redactions of a closed business's confidential information in summary judgment filings).

*Second*, public disclosure of this information would be highly detrimental to StockX, because it would reveal information about StockX's financial condition. This is a separate, commonly accepted basis for sealed treatment in this Circuit. *See Kewazinga Corp. v. Microsoft Corp.*, No. 18 CV 4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redactions of "details of Microsoft's sources of revenue and the amounts of its revenue and sales" and "specific revenue amounts from certain offerings" in summary judgment filings); *Fairstein v. Netflix, Inc.,* No. 20 CV 8042, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (sealing proprietary information at summary judgment, as "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").

### B. Certain Non-Public Competitively Sensitive Information About StockX's Authentication Process, Business Strategy & Commercial Interests

StockX also requests sealed treatment of limited information concerning its confidential business relationships and commercial strategies, including information on StockX's highly confidential and proprietary authentication process, internal market research analyses, internal competitor analyses, and internal discussions regarding policy changes and future business plans. To protect this information, StockX seeks to apply limited, narrowly tailored redactions to the Parties' briefing, Rule 56.1 Statements, and Exhibits with ECF Nos. 257-17, 21, 23, 34, 36, 76, 86, 117; ECF Nos. 261-46, 48–49, 72, 95, 99; ECF Nos. 263-A, B; ECF Nos. 271-18, 24, 34, 40, 47–48, 50, 55–56; ECF Nos. 273-12, 14, 57, 86, 101, 127, 147; ECF No. 281-13; and ECF Nos. 282-3, 4, as well as to seal in their entirety Exhibits with ECF Nos. 257-35, 43–44, 75, 87–111, 113; ECF Nos. 261-43, 47, 71, 73–78, 81, 83–86, 97–98, 102, 119, 125–32, 134, 140–41, 144, 146–48, 153; ECF Nos. 271-10–15, 42, 53, 62–63, 70–71, 74, 85, 87, 89–91, 94, 97; ECF Nos. 273-5, 6, 10, 34–35, 58, 63–64, 73–74, 84, 113, 118, 125–26, 129–46, 148–51, 154–56; ECF Nos. 281-1–5, 8–10; and ECF Nos. 282-6, 7.

Courts in this Circuit routinely conclude that the disclosure of a party's confidential or competitively sensitive business information is not required and the interest in maintaining confidentiality over such information outweighs any presumption of public access. *See, e.g., Rekor Sys., Inc. v. Loughlin,* No. 19 CV 7767, 2022 WL 3020148, *17 (S.D.N.Y. July 29, 2022) (allowing sealing of "confidential business information" at summary judgment); *see also Fairstein,* 2023 WL 6164293, at *2 (explaining that these interests establish a "venerable common law exception to the presumption of access" at summary judgment) (internal citation omitted).

Here, StockX requests sealed treatment of highly confidential, commercially sensitive information about its internal operations, including its proprietary authentication process. Courts consistently find that internal business documents and information about a business's operation are the proper subject of sealing. *See Brunckhorst v. Bischoff,* No. 21 CV 4362, 2024 WL 4276201 (S.D.N.Y. Sept. 24, 2024) (allowing sealing of "business strategy information, confidential financial documents, pricing figures, and other items of a sensitive nature to business competition" at summary judgment because "business secrecy interests outweigh the presumption of public access."). StockX has proposed redactions judiciously and only requests to seal its most highly confidential, commercially sensitive information. Public disclosure of this information on StockX's internal operations would put the company at a distinct competitive disadvantage.

In addition, StockX requests sealed treatment of internal market research analyses, internal competitor analyses, and internal discussions regarding policy changes and future business plans. Courts routinely find that confidential research, internal business plans, and internal analyses of competitive standing—all of which competitors could leverage to their advantage—warrant sealed treatment. *See Fairstein,* 2023 WL 6164293, at *4 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); *see also City of Providence v. BATS Glob. Mkts., Inc.,* No. 14 CV 2811, 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) (sealing an internal presentation containing "peer comparison analyses and information on [] market data strategy, initiatives, and revenue potential going forward" at summary judgment because disclosure of such information could cause "significant" harm to defendant's competitive standing). Here, disclosure of StockX's non-public analyses of its positioning in the marketplace and StockX's confidential business plans would allow competing marketplaces to unfairly leverage that information to undermine StockX's initiatives.

StockX's interest in protecting this limited amount of competitively sensitive business information outweighs the presumption of public access and sealing is appropriate under these circumstances. StockX accordingly requests that the Court approve its request for sealed treatment as described above. *See, e.g., Louis Vuitton Malletier,* 97 F. Supp. 3d at 511 (granting motion to redact "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" at summary judgment) (internal citation omitted).

### C. Certain Instances of StockX Consumers' Personal Data

StockX also requests sealed treatment of limited instances of StockX customers' personal data. To protect this information, StockX seeks to apply limited, narrowly tailored redactions to Exhibits with ECF Nos. 261-45, 63–64, 66–67, 87–94, 105, 109, 122–23, 135–39; ECF Nos, 262-11–13; ECF Nos. 271-54, 59, 64, 73, 76, 78–79; ECF Nos. 273-19, 20, 22, 24, 27–32, 36–38, 41, 45, 52, 54–56, 62, 67–68, 70, 81, 85, 91–97, 104–05, 108, 114–16, 124; ECF Nos. 281-17, 19, 21–22, 25, 27–28, 31, 33; and ECF No. 282-1.

StockX customer data should be sealed to protect the privacy rights and interests of non-parties to this action. Customer information is commonly sealed by courts in this district applying the *Lugosch* standard. *See, e.g., Imig, Inc. v. Omi Elec. Appliance Compay Co., Ltd.,*

No. 16 CV 628, 2021 WL 9628853, at *2 (E.D.N.Y. Jan. 11, 2021) (permitting redactions "narrowly tailored to protect the identities of third parties, customers, and suppliers" at summary judgment); *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 CV 4352, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (holding that defendant's clients' "privacy interests . . . outweigh[ed] the presumption of access [at summary judgment], as the clients' identities ha[d] no bearing on th[e] case"); *PharmacyChecker.com LLC*, 2022 WL 4956050, at *3 (protecting confidential customer information at summary judgment and explaining that "[c]onfidential client or customer information is commonly sealed by courts applying the *Lugosch* standard"); *Brunckhorst,* 2024 WL 4276201, at *2 (allowing redaction of personal contact information at summary judgment due to "strong countervailing privacy interests").

Respectfully submitted,

*/s/ Megan K. Bannigan*
Megan K. Bannigan
David H. Bernstein
Jyotin Hamid
Christopher S. Ford
Kathryn C. Saba
**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, New York, 10001
Telephone: (212) 909-6000

David Mayberry
Rob Potter
**Kilpatrick Townsend & Stockton LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8733

Jeffrey B. Morganroth
**Morganroth & Morganroth, PLLC**
344 N. Old Woodward Ave, #200
Birmingham, MI 48075
Telephone: (248) 864-4001

*Attorneys for Defendant StockX LLC*

cc      All counsel of record (via ECF)