# Exhibit 69

*Redacted Public Version*

HIGHLY CONFIDENTIAL

Page 1

```
 1            IN THE UNITED STATES DISTRICT COURT.
 2            FOR THE SOUTHERN DISTRICT OF NEW YORK
 3
 4    NIKE, INC.,
 5                    Plaintiff,
 6            vs.                       Case No. 22-CV-983 (VEC)
 7    STOCKX, LLC,
 8                    Defendant.
 9    _____
10
11               HIGHLY CONFIDENTIAL
12
13            The Videotaped Deposition of JACOB FENTON,
14            Taken at 28 West Adams Avenue, Suite 1500,
15            Detroit, Michigan,
16            Commencing at 8:48  a.m.,
17            Friday, December 2, 2022,
18            Before Stenographic Shorthand Reporter,
19            Lori Ann Baldwin, CSR-5207, RPR, CRR.
20
21
22
23
24
25
```

HIGHLY CONFIDENTIAL

Page 2

1  APPEARANCES:
2
3  TAMAR Y. DUVDEVANI
4  GABRIELLE VELKES
5  DLA Piper LLP (US)
6  1251 Avenue of the Americas
7  New York, New York 10020-1104
8  212.335.4799
9  tamar.duvdevani@dlapiper.com
10 gabrielle.velkes@us.dlapiper.com
11    Appearing on behalf of Plaintiff.
12
13 CHRISTOPHER S. FORD
14 Debevoise & Plimpton LLP
15 650 California Street
16 San Francisco, California 94108
17 415.738.5705
18 csford@debevoise.com
19    Appearing on behalf of Defendant.
20
21
22
23
24
25 APPEARANCES (Continued)...

Page 3

1  APPEARANCES (Continued):
2
3  MEGAN K. BANNIGAN
4  CATHERINE WALSH
5  Debevoise & Plimpton LLP
6  919 Third Avenue
7  New York, New York 10022
8  212.909.6127
9  mkbannigan@debevoise.com
10 cwalsh@debevoise.com
11    Appearing on behalf of Defendant.
12
13 ALSO PRESENT:
14 Laura Lewis - In-house Counsel for StockX, LLC
15 Nicholas Houslander - Videographer

Page 4

1              TABLE OF CONTENTS
2  WITNESS                                PAGE
3  JACOB FENTON
4
5  EXAMINATION BY MS. DUVDEVANI:
6                    9
7  EXAMINATION BY MS. BANNIGAN:
8                   175
9              EXHIBITS
10 EXHIBIT                                 PAGE
11 (Exhibits attached to transcript.)
12
13 DEPOSITION EXHIBIT 1                     22
14 Defendant's Objections and Responses to
15 Plaintiff's First Set of
16 Interrogatories
17 DEPOSITION EXHIBIT 2                     25
18 Defendant's Objections and Responses to
19 Plaintiff's Second Set of
20 Interrogatories
21 DEPOSITION EXHIBIT 3                     33
22 STX0018015-STX0018026
23 DEPOSITION EXHIBIT 4                     38
24 STX0018406-STX0018414
25 DEPOSITION EXHIBIT 5                     52

Page 5

1  STX0018415-STX0018451
2  DEPOSITION EXHIBIT 6                     58
3  STX0018453-STX0018499
4  DEPOSITION EXHIBIT 7                     60
5  STX0019269-STX19273
6  DEPOSITION EXHIBIT 8                     64
7  STX0019778-STX0019779
8  DEPOSITION EXHIBIT 9                     66
9  STX0019820-STX0019832
10 DEPOSITION EXHIBIT 10                    71
11 STX0019985-STX0010006
12 DEPOSITION EXHIBIT 11                    81
13 STX0020185-STX0020188
14 DEPOSITION EXHIBIT 12                    84
15 STX0018010-STX0018014
16 DEPOSITION EXHIBIT 13                    93
17 STX0019984
18 DEPOSITION EXHIBIT 14                    94
19 STX0020225-STX0020268
20 DEPOSITION EXHIBIT 15                   102
21 STX0021182-STX0021188
22 DEPOSITION EXHIBIT 16                   107
23 STX0021481-STX0021498
24 DEPOSITION EXHIBIT 17                   112
25 STX0041984-STX0041988

2 (Pages 2 - 5)

Page 6

| | | |
|---|---|---|
| 1 | DEPOSITION EXHIBIT 18 | 117 |
| 2 | STX0043497-STX0043499 | |
| 3 | DEPOSITION EXHIBIT 19 | 118 |
| 4 | STX0053450-STX0053451 | |
| 5 | DEPOSITION EXHIBIT 20 | 124 |
| 6 | STX0061838-STX0061842 | |
| 7 | DEPOSITION EXHIBIT 21 | 128 |
| 8 | STX61927-STX61931 | |
| 9 | DEPOSITION EXHIBIT 22 | 138 |
| 10 | STX0092816 | |
| 11 | DEPOSITION EXHIBIT 23 | 146 |
| 12 | STX0096301-STX0096306 | |
| 13 | DEPOSITION EXHIBIT 24 | 147 |
| 14 | STX00928240-STX0092825 | |
| 15 | DEPOSITION EXHIBIT 25 | 156 |
| 16 | NIKE0038783-NIKE0038788 | |
| 17 | DEPOSITION EXHIBIT 26 | 157 |
| 18 | STX0097403 | |
| 19 | DEPOSITION EXHIBIT 27 | 161 |
| 20 | STX0097786-STX0097797 | |
| 21 | DEPOSITION EXHIBIT 28 | 166 |
| 22 | STX0099953-STX0099954 | |
| 23 | DEPOSITION EXHIBIT 29 | 169 |
| 24 | STX0169269-00169277 | |
| 25 | | |

Page 7

1 Detroit, Michigan
2 Friday, December 2, 2022
3 8:48 a.m.
4
5        VIDEO TECHNICIAN:  Good morning.  We are
6 going on the record at 8:48 a.m. on Friday,
7 December 2nd, 2022.  Please note that microphones are
8 sensitive and may pick up whispering, private
9 conversations, and cellular interference.  Please turn
10 off all cell phones or place them away from the
11 microphones as they can interfere with the deposition
12 audio.  Audio and video recording will continue to
13 take place unless all parties agree to go off the
14 record.
15        This is the videotaped deposition of
16 Jacob Fenton taken by counsel for the plaintiff in the
17 matter of Nike, Incorporated versus StockX, LLC filed
18 in the United States District Court for the Southern
19 District of New York, case number 22-cv-00983-VEC.
20        This deposition is being held at
21 28 West Adams Avenue in Detroit, Michigan, 48226.  My
22 name is Nicholas Houslander from the firm Veritext
23 Legal Solutions and I'm the videographer.  The court
24 reporter today is Lori Baldwin, from the firm Veritext
25 Legal Solutions.

Page 8

1        I am not authorized to administer an oath.
2 I am not related to any party in this action, nor am I
3 financially interested in the outcome.
4        Counsel and all present in the room will
5 now state their appearances and affiliations for the
6 record.  If there are any objection to the proceeding,
7 please state them at the time of your appearance
8 beginning with the noticing attorney.
9        MS. DUVDEVANI:  Good morning.  Tamar
10 Duvdevani, DLA Piper, on behalf of Nike, Inc.
11        MS. VELKES:  Good morning.  Gabrielle
12 Velkes from DLA Piper, on behalf of Nike, Inc.
13        MS. BANNIGAN:  Good morning.  Megan
14 Bannigan from Debevoise & Plimpton on behalf of
15 StockX.
16        With me today are my colleagues from
17 Debevoise & Plimpton, Christopher Ford and Catherine
18 Walsh, as well as Laura Lewis, in-house counsel for
19 StockX.
20        THE WITNESS:  Jacob Fenton.
21        THE REPORTER:  Sir, can I ask you to raise
22 you right hand, please?
23        JACOB FENTON,
24 Was thereupon called as a witness herein, and after
25 having first been duly sworn to testify to the truth,

Page 9

1 the whole truth and nothing but the truth, was
2 examined and testified as follows:
3        THE REPORTER:  Thanks.
4            EXAMINATION
5 BY MS. DUVDEVANI:
6 Q. Good morning, Mr. Fenton.
7 A. Good morning.
8 Q. Have you ever been deposed before?
9 A. No, I have not.
10 Q. I had a sense.  I -- I'm sure that Megan went over
11 some ground rules with you, so I'll be brief.  Most
12 important ground rule is to try not to talk over one
13 another so Lori doesn't kill us and so we can get a --
14 a clean transcript.
15        Even though we are keen to try to get out
16 of here as early as possible on this brisk Friday, the
17 day really is yours.  To the extent you need a break,
18 you just let me know, I will try to take a short break
19 every hour or so.  The only thing that I would ask of
20 you is not to ask for a break while a question is
21 pending, only after you answer a question.
22        Do you understand all that?
23 A. Yes.
24 Q. Okay.  Did you prepare for today's deposition?
25 A. Yes.

Page 90

[text redacted]

Page 91

[text redacted]

15  Q.  That's a very large number of people sending fake
16      products to StockX.  Would you agree with that?
17          MS. BANNIGAN:  Objection to form.
18  A.  I -- I love seeing this number.  I think it speaks to,
19      like, why we exist.  We've rejected hundreds of
20      millions of dollars of items because we literally
21      exist to combat counterfeits and to simplify the
22      experience for customers trying to get what they want
23      so when I see that, I see it as validation that
24      counterfeiting is alive and well and that there are
25      great partners like StockX to protect customers.

Page 92

1   BY MS. DUVDEVANI:
2   [redacted]

[text redacted]

18          MS. BANNIGAN:  Can we take a break?
19          MS. DUVDEVANI:  I was going to say.  Yeah,
20      we can take a break.
21          VIDEO TECHNICIAN:  We are going off the
22      record.  It is 11:17 a.m.
23          (Off the record at 11:17 a.m.)
24          (Back on the record at 11:25 a.m.)
25          VIDEO TECHNICIAN:  We are back on the

Page 93

1   record, the time is 11:25 a.m.
2           MARKED FOR IDENTIFICATION:
3           DEPOSITION EXHIBIT 13
4           STX0019984
5           11:25 a.m.
6   BY MS. DUVDEVANI:
7   Q.  Mr. Fenton, the court reporter has handed you a
8       document designated as Exhibit 13.
9           Have you seen this document before?
10  A.  Not to my recollection.

[text redacted]

22  Q.  Do you know who would know?
23  A.  I have no idea who this document is from, so no.
24  Q.  Let me ask you one more question about Exhibit 13.
25      The last bullet says "Appeal process Jacob."

Page 142

1  MS. BANNIGAN:  Objection to form.
2  A.  I respectfully disagree.
3  BY MS. DUVDEVANI:
4  Q.  Why do you disagree with that?
5  A.  If -- if there's no mention of dissatisfaction or a
6    problem and we've invested millions of dollars into
7    the people, processes, and technology to perform this
8    service, and we don't hear from customers, we would
9    have no reason to suspect that there was a problem.
10 Q.  Do you agree with me that there are some counterfeits
11   out there that are extremely genuine looking products?
12 A.  I do.
13 Q.  Okay.  So isn't it possible that a consumer that
14   purchases a shoe on StockX that's a very good
15   counterfeit wouldn't know to complain to StockX upon
16   receipt of that product?
17           MS. BANNIGAN:  Objection to form.
18 A.  I -- no, I mean, I think if -- if a customer got
19   something that they had concerns about, they would be
20   able to reach out to us and we would make it right.
21 BY MS. DUVDEVANI:
22 Q.  But would every customer know that they have concerns
23   with a counterfeit product if they don't know it's
24   counterfeit?
25           MS. BANNIGAN:  Objection to form.

Page 143

1  BY MS. DUVDEVANI:
2  Q.  Let me ask you a different question.  Does every
3    StockX consumer know whether or not they are getting a
4    genuine product or a really good counterfeit?
5            MS. BANNIGAN:  Objection to form.
6  A.  I can't speak to that.  I think counterfeits are very
7    good, so it's very possible that some people would not
8    know.
9  BY MS. DUVDEVANI:



37 (Pages 142 - 145)

```
                                                         Page 178
 1            CERTIFICATE
 2
 3  STATE OF MICHIGAN
 4  COUNTY OF OAKLAND
 5         LORI ANN BALDWIN, a Notary Public in and
 6    for the above county and state, do hereby certify that
 7    this Videotaped deposition was taken before me at the
 8    time and place hereinbefore set forth; that the
 9    witness was by me first duly sworn to testify to the
10    truth; that this is a true, full and correct
11    transcript of my stenographic notes so taken to the
12    best of my skill and ability; and that I am not
13    related, nor of counsel to either party, nor
14    interested in the event of this cause.
15
16
17
18
19        Lori Baldwin
20    _____
21     Lori Ann Baldwin, CSR-5207, RPR, CRR
22     Notary Public
23     Oakland County, Michigan
24     My commission expires:  December 21, 2025
25
```

```
                                                         Page 179
 1
 2       ERRATA SHEET
         VERITEXT/NEW YORK REPORTING, LLC
 3
    CASE NAME:  Nike, Inc. v. Stockx, LLC
 4  DATE OF DEPOSITION:  December 2, 2022
    WITNESS' NAME: Jacob Fenton
 5
    PAGE/LINE(s)/    CHANGE          REASON
 6  ___/_____/_____/_____
    ___/_____/_____/_____
 7  ___/_____/_____/_____
    ___/_____/_____/_____
 8  ___/_____/_____/_____
    ___/_____/_____/_____
 9  ___/_____/_____/_____
    ___/_____/_____/_____
10  ___/_____/_____/_____
    ___/_____/_____/_____
11  ___/_____/_____/_____
    ___/_____/_____/_____
12  ___/_____/_____/_____
    ___/_____/_____/_____
13  ___/_____/_____/_____
    ___/_____/_____/_____
14  ___/_____/_____/_____
    ___/_____/_____/_____
15  ___/_____/_____/_____
    ___/_____/_____/_____
16  ___/_____/_____/_____
    ___/_____/_____/_____
17  ___/_____/_____/_____
    ___/_____/_____/_____
18  ___/_____/_____/_____
19
20   _____
         JACOB FENTON
21
    Subscribed and Sworn To
22  Before Me This_____Day
    of_____, 20  .
23
    _____
24   Notary Public
25  My Commission Expires_____
```

DocuSign Envelope ID: 5A5438D8-BB3F-476F-8176-478401C2A7E2

| **Deposition Date:** 12/2/2022<br>**Deponent:** Jacob Fenton – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) | | | |
|---|---|---|---|
| **Page(s):<br>Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 30:3 | at a variety of different things, **not** one of which is | at a variety of different things, one of which is | Clarification |
| 31:15 | by the people who buy cryptocurrency and buy NFTs. | **between** the people who buy cryptocurrency and buy NFTs. | Transcription Error |
| 31:16 | And we saw NFT technologies as a possible way to lower | And we saw **the** NFT **technology** as a possible way to lower | Transcription Error |
| 32:6 | Vault's, you know, is a name, a marketing name for it, | Vault's, you know, **the** name, a marketing name for it, | Transcription Error |
| 37:11 | Collective although not directly. | Collective although not directly **the same.** | Transcription Error |
| 38:10 | stamp STX001815 (sic) and went through STX0018026. | stamp STX00**18015** and went through STX0018026. | Clarification |
| 44:8 | additions are? | **editions** are? | Transcription Error |
| 47:19 | author. Reading that paragraph holistically, the | author. **Q.** Reading that paragraph holistically, the | Transcription Error |

1

DocuSign Envelope ID: 5A5438D8-BB3F-476F-8176-478401C2A7E2

| **Deposition Date:** 12/2/2022<br>**Deponent:** Jacob Fenton – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) ||||
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 59:3-4 | Okay, yes. Please repeat your question. I know what this is referring to. Trust. | Okay, yes. Please repeat your question. **Do** I know what this is referring to**?** Trust. | Transcription Error |
| 64:25 | and Goat across a couple of different topics. | and **GOAT** across a couple of different topics. | Typographical Error |
| 83:25 | very savvy and, you know, they might know a towel (ph) | very savvy and, you know, they might know a **tell** | Transcription Error |
| 89:16 | Possibly Tim McCurdy. | **Probably** Tim McCurdy. | Transcription Error |
| 93:20 | what the 99.9 is, nor do I know what these sub bullets | what the 99.**9**9 is, nor do I know what these sub bullets | Transcription Error |
| 95:25 | A. So, first of all, this is a talk track for this stack | A. So, first of all, this is a talk track for this **deck** | Transcription Error |
| 96:2 | What this means is that Stock -- you know, | What this means is that **StockX** -- you know, | Clarification |
| 118:7 | things out as clear as humanly possible, but that | things out as **clearly** as humanly possible, **and** that | Transcription Error |

| **Deposition Date: 12/2/2022** <br> **Deponent**: Jacob Fenton – Errata Sheet <br> **Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 123:15 | otherwise cause a ton of money to go to | otherwise **cost** a ton of money to go to | Transcription Error |
| 133:25 | I would want to be out way ahead of that. | I would want to, **normally**, be out way ahead of that. | Transcription Error |
| 155:4 | It's, I mean -- I think, it's the collection of | It's, I mean -- I think, **I don't know**, it's the collection of | Transcription Error |
| 160:6 | the right title, but he's helping in our Apps | the right title, but he's helping in our **Ops** | Transcription Error |
| 162:10 | accurate on 99.5 percent of orders, is one of our main | accurate on 99.**95** percent of orders, is one of our main | Transcription Error |
| 168:8 | White **saying** that indicates that it's a StockX NFT | White **on something** that indicates that it's a StockX NFT | Transcription Error |
| 170:11 | company for people who would want to, for some reason | company **that** would want to, for some reason | Transcription Error |

| **Deposition Date:** 12/2/2022<br>**Deponent:** Jacob Fenton – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) (SN) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 174:3-4 | by "they are not comfortable in the current state due to subjectivity." I think this is maybe referring to | by "they are not comfortable in the current state **calling items fake** due to subjectivity." I think this is maybe referring to | Transcription Error |
| Passim | StockX, LLC | StockX LLC | Typographical Error |

I, Jacob Fenton, do hereby certify under penalty of perjury that I have read the foregoing transcript of my deposition taken on December 2, 2022; that I have made such corrections as appear noted herein; and that my testimony as contained herein, as corrected, is true and correct.

DATED this 4th day of January, 2023.

DocuSigned by:

_Jacob Fenton_
Jacob Fenton

4