# Exhibit 105

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIKE, INC., | Civil Action No.: 1:22-cv-00983-VEC |
| Plaintiff, | |
| v. | |
| STOCKX LLC, | |
| Defendant. | |

**DEFENDANT STOCKX LLC'S SECOND SUPPLEMENTAL RESPONSES AND
OBJECTIONS TO PLAINTIFF NIKE, INC.'S SECOND SET OF REQUESTS FOR
ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Defendant StockX LLC ("StockX"), by and through its undersigned counsel, hereby objects and responds (these "Responses and Objections") to Plaintiff Nike, Inc.'s ("Nike") Second Set of Requests For Admission to Defendant StockX LLC, dated October 28, 2022 (each individually a "Request," collectively "Second Set of Requests for Admission").

These Responses and Objections are based on the information currently available to StockX. StockX reserves the right to amend, supplement, and/or modify its Responses and Objections at any time in the event that it obtains additional or different information.

**INTRODUCTORY STATEMENT**

Nothing in StockX's Responses and Objections herein shall be construed as a waiver of StockX's rights to: (i) object on the grounds of competency, relevance, materiality, hearsay, admissibility, or any other proper grounds to the use of any information provided in response to this Second Set of Requests for Admission, or the subject matter thereof, for any purpose, in

whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents in this or any other action; (iii) object on any grounds to any request for further responses to this Second Set of Requests for Admission or any other discovery requests; or (iv) assert the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protections against disclosure.

All of the General Objections and Objections to Definitions and Instructions set forth herein are incorporated into each of the specific Responses and Objections to the Requests set forth below and have the same force and effect as if fully set forth therein. Without waiving any of the General Objections to the extent they apply to each of the Requests, StockX may specifically refer to certain General Objections in responding to a particular Request. Any objection or lack of an objection to any portion of any Request shall not be deemed an admission that StockX has the information sought in such Request.

## DEFINITIONS AND INSTRUCTIONS

1.  StockX objects to the definitions of "Identity," "Identify," or "Identification," to the extent they exceed the requirements and definitions set forth in the FRCP and Local Rules.

2.  StockX objects to the definition of "Accused Products" as ambiguous and unduly burdensome to the extent it includes "all . . . future Vault NFTs bearing Nike trademarks and/or Nike products" which are not yet in existence and which may not yet have been conceived of.

3.  StockX objects to the definition of "Nike trademark" as vague, ambiguous, overbroad and unduly burdensome to the extent it purports to include all "unregistered trademarks and service Marks" Nike may claim to own without identification or specificity beyond the marks listed in the First Amended Complaint. StockX accordingly will interpret the

term "Nike trademark" to refer to those trademarks referenced in Nike's First Amended Complaint at Paragraph 31.

4.      StockX objects to the definition of "NFT" or "non-fungible token" as vague and ambiguous in that it does not clearly define what it means to be a "blockchain-based asset" and to the extent it suggests that only NFTs that are traded "on-chain" can be described as NFTs.

5.      StockX objects to the definition of "Vault NFT business" to the extent that it includes the "engineering [and] coding" of Vault NFTs, on the ground that it is unduly burdensome, irrelevant to the claims or defenses, and disproportionate to the needs of this Action.

6.      StockX objects to the definition of "individuals affiliated with StockX" as vague, ambiguous, overbroad and unduly burdensome to the extent it purports to encompass any and all persons who may be or may have been employed by or affiliated with third parties or independent contractors with whom StockX that are otherwise unknown to StockX.

7.      StockX objects to the definition of "Advertising Claims" as vague, ambiguous, overly broad and unduly burdensome to the extent it purports to encompass unstated and unspecified claims "without limitation" to those referenced in the First Amended Complaint. StockX accordingly will interpret the term "Advertising Claims" to refer to those claims specifically identified in Nike's First Amended Complaint at Paragraphs 50-53, 110 and 172.

8.      StockX objects to the Definition of Roy Kim as overbroad, vague and ambiguous, in so far as the Definition fails to identify the "amongst other" addresses at which an individual named Roy Kim purportedly "purchases and ships goods from StockX." StockX further objects to the Definition of Roy Kim to the extent it purports to require that StockX admit or deny that an individual named Roy Kim ultimately received any shipments from StockX, which information is outside of StockX's possession, custody, or control. StockX will accordingly

construe the Definition of "Roy Kim" to mean addresses associated with a StockX account under the name "Roy Kim".

9.      StockX objects to Instruction No. 1 as unduly burdensome insofar as it purports to impose an obligation on StockX broader than that required by the FRCP, the Local Rules, or any other applicable statutes, rules, or other law.

10.     StockX objects to Instruction No. 2 as unduly burdensome insofar as it purports to impose an obligation on StockX broader than that required by the FRCP, the Local Rules, or any other applicable statutes, rules, or other law.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 66:

*Admit that NIKE0025902 is a true and correct copy of the StockX receipt for StockX Order Number 32950992-32850751.*

### RESPONSE NO. 66:

StockX objects to Request No. 66 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 66 as propounded and states that no further response is required.

### SUPPLEMENTAL RESPONSE NO. 66:

StockX objects to Request No. 66 on the ground that StockX cannot determine whether the document in question is a true and correct copy given the redaction of address information from NIKE0025902.  Subject to and without waiving the foregoing objection, StockX responds as follows:  Admit that the contents of the receipt depicted in NIKE0025902 accurately reflect Order Number 32950992-32850751, but otherwise lacks information sufficient to admit or deny

the Request because, after reasonable inquiry, StockX is unable to know the contents of, or readily obtain, the unredacted receipt purportedly shown in NIKE0025902.

**REQUEST FOR ADMISSION NO. 67:**

> *Admit that You represented to the purchaser that the goods purchased in StockX Order Number 32950992-32850751 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 8.5.*

**RESPONSE NO. 67:**

StockX objects to Request No. 67 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 67 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 67:**

Admit that the receipt depicted in NIKE0025902 states that StockX Order Number 32950992-32850751 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 8.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 68:**

> *Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 32950992-32850751 was "New, 100% authentic".*

**RESPONSE NO. 68:**

StockX objects to Request No. 68 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 68 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 68:**

Admit that that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0025902, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 69:**

*Admit that You shipped the goods purchased in StockX Order Number 32950992-32850751 to the address on the StockX receipt produced as NIKE0025902.*

**RESPONSE NO. 69:**

StockX objects to Request No. 69 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents. StockX accordingly objects to Request No. 69 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 69:**

StockX lacks information sufficient to admit or deny the Request due to the lack of address information produced by Nike and, after reasonable inquiry, StockX is unable to know the contents of, or readily obtain, the unredacted receipt purportedly shown in NIKE0025902.

**REQUEST FOR ADMISSION NO. 71:**

*Admit that NIKE0025909 is a true and correct copy of the StockX receipt for StockX Order Number 32985400-32885159.*

**RESPONSE NO. 71:**

StockX objects to Request No. 71 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 71 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 71:**

StockX objects to Request No. 71 on the ground that StockX cannot determine whether the document in question is a true and correct copy given the redaction of address information from NIKE0025909. Subject to and without waiving the foregoing objection, StockX responds as follows: Admit that the contents of the receipt depicted in NIKE0025909 accurately reflect Order Number 32985400-32885159, but otherwise lacks information sufficient to admit or deny the Request because, after reasonable inquiry, StockX is unable to know the contents of, or readily obtain, the unredacted receipt purportedly shown in NIKE0025909.

**REQUEST FOR ADMISSION NO. 72:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 32985400-32885159 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 8.*

**RESPONSE NO. 72:**

StockX objects to Request No. 72 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 72 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 72:**

Admit that the receipt depicted in NIKE0025909 states that StockX Order Number 32985400-32885159 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 8, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 73:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 32985400-32885159 was "New, 100% authentic".*

**RESPONSE NO. 73:**

8

StockX objects to Request No. 73 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 73 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 73:**

Admit that that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0025909, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 74:**

*Admit that You shipped the goods purchased in StockX Order Number 32985400-32885159 to the address on the StockX receipt produced as NIKE0025909.*

**RESPONSE NO. 74:**

StockX objects to Request No. 74 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents. StockX accordingly objects to Request No. 74 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 74:**

StockX lacks information sufficient to admit or deny the Request because all address information was redacted from the document produced as NIKE0025909 and, after reasonable inquiry, StockX is unable to know the contents of, or readily obtain, the unredacted receipt purportedly shown in NIKE0025909.

**REQUEST FOR ADMISSION NO. 76:**

*Admit that NIKE0027689 is a true and correct copy of the StockX receipt for StockX Order Number 30695056-30594815.*

**RESPONSE NO. 76:**

StockX objects to Request No. 76 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 76 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 76:**

Admit that the contents of the receipt depicted in NIKE0027689 accurately reflect Order Number 30695056-30594815, but otherwise lacks information sufficient to admit or deny the Request after reasonable inquiry due to the lack of address or purchaser information produced by Nike.

**REQUEST FOR ADMISSION NO. 77:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 30695056-30594815 were a pair of "Jordan 1 Retro High OG Bred Patent" shoes, "Style No. 555088-063," size US Men's 12.*

**RESPONSE NO. 77:**

StockX objects to Request No. 77 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 77 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 77:**

Admit that the receipt depicted in NIKE0027689 states that StockX Order Number 30695056-30594815 is for a pair of "Jordan 1 Retro High OG Bred Patent" shoes, "Style No. 555088-063," size US Men's 12, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 78:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 30695056-30594815 was "New, 100% authentic".*

**RESPONSE NO. 78:**

StockX objects to Request No. 78 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 78 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 78:**

Admit that that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0027689, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 79:**

*Admit that You shipped the goods purchased in StockX Order Number 30695056-30594815 to the purchaser identified on the receipt.*

**RESPONSE NO. 79:**

StockX objects to Request No. 79 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 79 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 79:**

StockX lacks information sufficient to admit or deny the Request due to the lack of address or purchaser information produced by Nike and, after reasonable inquiry, StockX is

unable to know the contents of, or readily obtain, the unredacted receipt purportedly shown in NIKE0027689.

**REQUEST FOR ADMISSION NO. 81:**

> *Admit that NIKE0027690 is a true and correct copy of the StockX receipt for StockX Order Number 32986461-32886220.*

**RESPONSE NO. 81:**

StockX objects to Request No. 81 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 81 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 81:**

StockX objects to Request No. 81 on the ground that StockX cannot determine whether the document in question is a true and correct copy given the redaction of address information from NIKE0027690. Subject to and without waiving the foregoing objection, StockX responds as follows: Admit that the contents of the receipt depicted in NIKE0027690 accurately reflect Order Number 32986461-32886220, but otherwise lacks information sufficient to otherwise admit or deny the Request.

**REQUEST FOR ADMISSION NO. 82:**

> *Admit that You represented to the purchaser that the goods in StockX Order Number 32986461-32886220 were a pair of "Jordan 1 Retro High OG Bred Patent" shoes, "Style No. 555088-063," size US Men's 8.*

**RESPONSE NO. 82:**

StockX objects to Request No. 82 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 82 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 82:**

StockX objects to Request No. 82 on the ground that the receipt depicted at NIKE0027690 is partially illegible.  Subject to and without waiving the foregoing objection, StockX responds as follows: Admit that the receipt depicted in NIKE0027690 states that StockX Order Number 37857795-37757554 is for a pair of shoes with "Style No. 555088-063," denies that the receipt depicted in NIKE0027690 states that it was for a pair of "Jordan 1 Retro High OG Bred Patent" shoes, size US Men's 8, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 83:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 32986461-32886220 was "New, 100% authentic".*

**RESPONSE NO. 83:**

StockX objects to Request No. 83 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 83 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 83:**

StockX objects to Request No. 83 on the ground that the receipt depicted at NIKE0027690 is partially illegible. Subject to and without waiving the foregoing objection, StockX responds as follows: Admit that that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0027690, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 84:**

> *Admit that You shipped the goods purchased in StockX Order Number 32986461-32886220 to the address on the StockX receipt produced as NIKE0027690.*

**RESPONSE NO. 84:**

StockX objects to Request No. 84 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 84 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 84:**

StockX lacks information sufficient to admit or deny the Request due to the lack of address information produced by Nike and, after reasonable inquiry, StockX is unable to know the contents of, or readily obtain, the unredacted receipt purportedly shown in NIKE0027690.

**REQUEST FOR ADMISSION NO. 86:**

*Admit that NIKE0039637 is a true and correct copy of the StockX receipt for StockX Order Number 37857795-37757554.*

**RESPONSE NO. 86:**

StockX objects to Request No. 86 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 86 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 86:**

Admitted.

**REQUEST FOR ADMISSION NO. 87:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37857795-37757554 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.*

**RESPONSE NO. 87:**

StockX objects to Request No. 87 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 87 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 87:**

Admit that the receipt depicted in NIKE0039637 states that StockX Order Number 37857795-37757554 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 88:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857795-37757554 was "New, 100% authentic".*

**RESPONSE NO. 88:**

StockX objects to Request No. 88 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 88 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 88:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039637, and otherwise StockX lacks information sufficient to admit or deny the

Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 89:**

> *Admit that You shipped the goods purchased in StockX Order Number 37857795-37757554 to Roy Kim.*

**RESPONSE NO. 89:**

StockX objects to Request No. 89 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 89 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 89:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857795-37757554 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 91:**

> *Admit that the goods purchased in StockX Order Number 37857795-37757554 are currently in Your possession.*

**RESPONSE NO. 91:**

StockX objects to Request No. 91 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial.  StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 91 as propounded and

states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 91:**

Admitted.

**REQUEST FOR ADMISSION NO. 92:**

*Admit that NIKE0039613 is a true and correct copy of the StockX receipt for
StockX Order Number 37857899-37757658.*

**RESPONSE NO. 92:**

StockX objects to Request No. 92 on grounds that, taken as a whole, Nike's Second Set

of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 92 as

propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 92:**

Admitted.

**REQUEST FOR ADMISSION NO. 93:**

*Admit that You represented to the purchaser that the goods purchased in StockX
Order Number 37857899-37757658 were a pair of "Jordan 1 Retro High White
University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.*

**RESPONSE NO. 93:**

StockX objects to Request No. 93 on grounds that, taken as a whole, Nike's Second Set

of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 93 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 93:**

Admit that the receipt depicted in NIKE0039613 states that StockX Order Number 37857899-37757658 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 94:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857899-37757658 was "New, 100% authentic".*

**RESPONSE NO. 94:**

StockX objects to Request No. 94 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 94 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 94:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039613, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 95:**

*Admit that You shipped the goods purchased in StockX Order Number 37857899-37757658 to Roy Kim.*

**RESPONSE NO. 95:**

StockX objects to Request No. 95 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 95 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 95:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857899-37757658 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 97:**

*Admit that the goods purchased in StockX Order Number 37857899-37757658 are currently in Your possession.*

**RESPONSE NO. 97:**

StockX objects to Request No. 97 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.   StockX accordingly objects to Request No. 97 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 97:**

Admitted.

**REQUEST FOR ADMISSION NO. 98:**

*Admit that the verification tag visible in NIKE0039581 is a genuine StockX verification tag.*

**RESPONSE NO. 98:**

StockX objects to Request No. 98 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 98 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 98:**

Admitted.

**REQUEST FOR ADMISSION NO. 99:**

*Admit that the QR code visible on the verification tag in NIKE003958 stores information related to an order You represented to the purchaser was "Jordan 1*

*Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 8.5.*

**RESPONSE NO. 99:**

StockX objects to Request No. 99 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 99 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 99:**

Denied.

**REQUEST FOR ADMISSION NO. 100:**

*Admit that the sneaker in NIKE0029087 was sent to Roy Kim.*

**RESPONSE NO. 100:**

StockX objects to Request No. 100 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 100 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 100:**

StockX lacks information sufficient to admit or deny the Request, because, after a reasonable inquiry based on the information known or readily available to StockX, StockX is unable to determine whether the shoes depicted in the photographs produced at NIKE0029087 are the ones that StockX sent to Roy Kim.

**REQUEST FOR ADMISSION NO. 102:**

*Admit that the sneaker in NIKE0029087 is currently in Your possession.*

**RESPONSE NO. 102:**

StockX objects to Request No. 102 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 102 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 102:**

StockX lacks information sufficient to admit or deny the Request, because, after a reasonable inquiry based on the information known or readily available to StockX, StockX is unable to determine whether the shoes depicted in the photograph produced at NIKE0029087 are currently in its possession.

**REQUEST FOR ADMISSION NO. 103:**

*Admit that verification tag visible in NIKE0039622 is a genuine StockX verification tag.*

**RESPONSE NO. 103:**

StockX objects to Request No. 103 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 103 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 103:**

Admitted.

**REQUEST FOR ADMISSION NO. 104:**

*Admit that the QR code visible on the verification tag in NIKE0039622 stores information related to what you represented to the purchaser was "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 8.5.*

**RESPONSE NO. 104:**

StockX objects to Request No. 104 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 104 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 104:**

Admit that the QR code visible in NIKE0039622 is associated with the purchase of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," and otherwise denied

**REQUEST FOR ADMISSION NO. 105:**

*Admit that the sneaker in NIKE0039622 is a product purchased from StockX.*

**RESPONSE NO. 105:**

StockX objects to Request No. 105 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 105 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 105:**

StockX objects to Request No. 105 as ambiguous. Subject to and without waiving the foregoing objection, StockX responds as follows: StockX lacks information sufficient to admit or deny the Request, because, after a reasonable inquiry based on the information known or readily available to StockX, StockX is unable to determine whether the shoe depicted in the photograph produced at NIKE0039622 is one that was purchased via the StockX platform.

**REQUEST FOR ADMISSION NO. 106:**

*Admit that the sneaker in NIKE0039622 was sent to Roy Kim.*

**RESPONSE NO. 106:**

StockX objects to Request No. 106 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 106 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 106:**

StockX lacks information sufficient to admit or deny the Request, because, after a reasonable inquiry based on the information known or readily available to StockX, StockX is unable to determine whether the shoe depicted in the photograph produced at NIKE0039622 is one that StockX sent to Roy Kim.

**REQUEST FOR ADMISSION NO. 108:**

*Admit that the sneaker in NIKE0039622 is currently in Your possession.*

**RESPONSE NO. 108:**

StockX objects to Request No. 108 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 108 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 108:**

StockX lacks information sufficient to admit or deny the Request, because, after a reasonable inquiry based on the information known or readily available to StockX, StockX is unable to determine whether the shoe depicted in the photograph produced at NIKE0039622 is one that is currently in its possession.

**REQUEST FOR ADMISSION NO. 109:**

*Admit that NIKE0039724 is a true and correct copy of the StockX receipt for StockX Order Number 37873383-37773142.*

**RESPONSE NO. 109:**

StockX objects to Request No. 109 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 109 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 109:**

Admitted.

**REQUEST FOR ADMISSION NO. 110:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37873383-37773142 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 9.5.*

**RESPONSE NO. 110:**

StockX objects to Request No. 110 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 110 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 110:**

Admit that the receipt depicted in NIKE0039724 states that StockX Order Number 37873383-37773142 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 9.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 111:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37873383-37773142 was "New, 100% authentic".*

**RESPONSE NO. 111:**

StockX objects to Request No. 111 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 111 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 111:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039724, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 112:

*Admit that You shipped the goods purchased in StockX Order Number 37873383-37773142 to Roy Kim.*

## RESPONSE NO. 112:

StockX objects to Request No. 112 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 112 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 112:

Admit that StockX shipped the goods purchased in StockX Order Number 37873383-37773142 to an address associated with Roy Kim's StockX account.

## REQUEST FOR ADMISSION NO. 114:

*Admit that the goods purchased in StockX Order Number 37873383-37773142 are currently in Your possession.*

## RESPONSE NO. 114:

StockX objects to Request No. 114 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 114 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 114:**

Admitted.

**REQUEST FOR ADMISSION NO. 115:**

*Admit that NIKE0039715 is a true and correct copy of the StockX receipt for StockX Order Number 37888982-37788741.*

**RESPONSE NO. 115:**

StockX objects to Request No. 115 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 115 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 115:**

Admitted.

**REQUEST FOR ADMISSION NO. 116:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37888982-37788741 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10.*

**RESPONSE NO. 116:**

StockX objects to Request No. 116 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 116 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 116:**

Admit that the receipt depicted in NIKE0039715 states that StockX Order Number 37888982-37788741 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 117:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37888982-37788741 was "New, 100% authentic".*

**RESPONSE NO. 117:**

StockX objects to Request No. 117 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents. StockX accordingly objects to Request No. 117 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 117:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039715, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 118:**

> *Admit that You shipped the goods purchased in StockX Order Number 37888982-37788741 to Roy Kim.*

**RESPONSE NO. 118:**

StockX objects to Request No. 118 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 118 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 118:**

Admit that StockX shipped the goods purchased in StockX Order Number 37888982-37788741 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 120:**

*Admit that the goods purchased in StockX Order Number 37888982-37788741 are currently in Your possession.*

**RESPONSE NO. 120:**

StockX objects to Request No. 120 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 120 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 120:**

Admitted.

**REQUEST FOR ADMISSION NO. 121:**

*Admit that NIKE0039641 is a true and correct copy of the StockX receipt for StockX Order Number 37857913-37757672.*

**RESPONSE NO. 121:**

StockX objects to Request No. 121 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 121 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 121:**

Admitted.

**REQUEST FOR ADMISSION NO. 122:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37857913-37757672 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.5.*

**RESPONSE NO. 122:**

StockX objects to Request No. 122 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 122 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 122:**

Admit that the receipt depicted in NIKE0039641 states that StockX Order Number 37857913-37757672 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 123:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857913-37757672 was "New, 100% authentic".*

**RESPONSE NO. 123:**

StockX objects to Request No. 123 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 123 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 123:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039641, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 124:**

*Admit that You shipped the goods purchased in StockX Order Number 37857913-37757672 to Roy Kim.*

**RESPONSE NO. 124:**

StockX objects to Request No. 124 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 124 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 124:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857913-37757672 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 126:**

*Admit that the goods purchased in StockX Order Number 37857913-37757672 are currently in Your possession.*

**RESPONSE NO. 126:**

StockX objects to Request No. 126 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 126 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 126:**

Admitted.

**REQUEST FOR ADMISSION NO. 127:**

*Admit that NIKE0039693 is a true and correct copy of the StockX receipt for StockX Order Number 378578845-37757604.*

**RESPONSE NO. 127:**

StockX objects to Request No. 127 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX accordingly objects to Request No. 127 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 127:**

Admitted.

**REQUEST FOR ADMISSION NO. 128:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 378578845-37757604 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 9.*

**RESPONSE NO. 128:**

StockX objects to Request No. 128 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 128 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 128:**

Admit that the receipt depicted in NIKE0039693 states that StockX Order Number 378578845-37757604 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 9, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 129:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 378578845-37757604 was "New, 100% authentic".*

**RESPONSE NO. 129:**

StockX objects to Request No. 129 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 129 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 129:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039693, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 130:**

*Admit that You shipped the goods purchased in StockX Order Number 378578845-37757604 to Roy Kim.*

**RESPONSE NO. 130:**

StockX objects to Request No. 130 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 130 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 130:**

Admit that StockX shipped the goods purchased in StockX Order Number 378578845-37757604 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 132:**

*Admit that the goods purchased in StockX Order Number 378578845-37757604 are currently in Your possession.*

**RESPONSE NO. 132:**

StockX objects to Request No. 132 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 132 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 132:**

Admitted.

**REQUEST FOR ADMISSION NO. 133:**

*Admit that NIKE0039565 is a true and correct copy of the StockX receipt for StockX Order Number 37857996-37757755.*

**RESPONSE NO. 133:**

StockX objects to Request No. 133 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 133 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 133:**

Admitted.

**REQUEST FOR ADMISSION NO. 134:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37857996-37757755 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 9.5.*

**RESPONSE NO. 134:**

StockX objects to Request No. 134 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 134 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 134:**

Admit that the receipt depicted in NIKE0039565 states that StockX Order Number 37857996-37757755 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 9.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to

41

whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 135:**

> *Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857996-37757755 was "New, 100% authentic".*

**RESPONSE NO. 135:**

StockX objects to Request No. 135 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 135 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 134:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039565, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 136:**

> *Admit that You shipped the goods purchased in StockX Order Number 37857996-37757755 to Roy Kim.*

**RESPONSE NO. 136:**

StockX objects to Request No. 136 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 136 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 136:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857996-37757755 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 138:**

*Admit that the goods purchased in StockX Order Number 37857996-37757755 are currently in Your possession.*

**RESPONSE NO. 138:**

StockX objects to Request No. 138 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 138 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 138:**

Admitted.

**REQUEST FOR ADMISSION NO. 139:**

*Admit that NIKE0039588 is a true and correct copy of the StockX receipt for StockX Order Number 38913929-38813688.*

**RESPONSE NO. 139:**

StockX objects to Request No. 139 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 139 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 139:**

Admitted.

**REQUEST FOR ADMISSION NO. 140:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 38913929-38813688 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.5.*

**RESPONSE NO. 140:**

StockX objects to Request No. 140 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 140 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 140:**

Admit that the receipt depicted in NIKE0039588 states that StockX Order Number 38913929-38813688 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 141:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 38913929-38813688 was "New, 100% authentic".*

**RESPONSE NO. 141:**

StockX objects to Request No. 141 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 141 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 141:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039588, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any

"representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 142:**

*Admit that You shipped the goods purchased in StockX Order Number 38913929-38813688 to Roy Kim.*

**RESPONSE NO. 142:**

StockX objects to Request No. 142 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 142 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 142:**

Admit that StockX shipped the goods purchased in StockX Order Number 38913929-38813688 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 144:**

*Admit that the goods purchased in StockX Order Number 38913929-38813688 are currently in Your possession.*

**RESPONSE NO. 144:**

StockX objects to Request No. 144 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 144 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 144:**

Admitted.

**SECOND SUPPLEMENTAL RESPONSE NO. 144:**

In light of Mr. Kim's deposition testimony that he did not return some of the shoes he purchased from StockX, and based upon further confirmation with the Tempe Authentication Center, StockX denies that the goods purchased by Mr. Kim in StockX Order Number 38913929-38813688 were returned to StockX or are currently in StockX's possession.

**REQUEST FOR ADMISSION NO. 145:**

*Admit that NIKE0039664 is a true and correct copy of the StockX receipt for StockX Order Number 37857774-37757533.*

**RESPONSE NO. 145:**

StockX objects to Request No. 145 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 145 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 145:**

Admitted.

**REQUEST FOR ADMISSION NO. 146:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37857774-37757533 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.5.*

**RESPONSE NO. 146:**

StockX objects to Request No. 146 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 146 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 146:**

Admit that the receipt depicted in NIKE0039664 states that StockX Order Number 37857774-37757533 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 147:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857774-37757533 was "New, 100% authentic".*

**RESPONSE NO. 147:**

StockX objects to Request No. 147 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 147 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 147:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039664, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 148:**

*Admit that You shipped the goods purchased in StockX Order Number 37857774-37757533 to Roy Kim.*

**RESPONSE NO. 148:**

StockX objects to Request No. 148 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 148 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 148:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857774-37757533 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 150:**

*Admit that the goods purchased in StockX Order Number 37857774-37757533 are currently in Your possession.*

**RESPONSE NO. 150:**

StockX objects to Request No. 150 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 150 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 150:**

Admitted.

**REQUEST FOR ADMISSION NO. 151:**

*Admit that NIKE0039697 is a true and correct copy of the StockX receipt for StockX Order Number 37858112-37757871.*

**RESPONSE NO. 151:**

StockX objects to Request No. 151 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 151 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 151:**

Admitted.

## REQUEST FOR ADMISSION NO. 152:

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37858112-37757871 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 11.*

## RESPONSE NO. 152:

StockX objects to Request No. 152 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 152 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 152:

Admit that the receipt depicted in NIKE0039697 states that StockX Order Number 37858112-37757871 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 11, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 153:

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37858112-37757871 was "New, 100% authentic".*

**RESPONSE NO. 153:**

StockX objects to Request No. 153 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 153 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 153:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039697, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 154:**

*Admit that You shipped the goods purchased in StockX Order Number 37858112-37757871 to Roy Kim.*

**RESPONSE NO. 154:**

StockX objects to Request No. 154 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents. StockX accordingly objects to Request No. 154 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 154:**

Admit that StockX shipped the goods purchased in StockX Order Number 37858112-37757871 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 156:**

*Admit that the goods purchased in StockX Order Number 37858112-37757871 are currently in Your possession.*

**RESPONSE NO. 156:**

StockX objects to Request No. 156 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 156 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 156:**

Admitted.

**REQUEST FOR ADMISSION NO. 157:**

*Admit that NIKE0039556 is a true and correct copy of the StockX receipt for StockX Order Number 38917859-38817618.*

**RESPONSE NO. 157:**

StockX objects to Request No. 157 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 157 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 157:**

Admitted.

**REQUEST FOR ADMISSION NO. 158:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 38917859-38817618 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 11.*

**RESPONSE NO. 158:**

StockX objects to Request No. 158 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 158 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 158:**

Admit that the receipt depicted in NIKE0039556 states that StockX Order Number 38917859-38817618 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 11, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 159:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 38917859-38817618 was "New, 100% authentic".*

**RESPONSE NO. 159:**

StockX objects to Request No. 159 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 159 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 159:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039556, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 160:**

*Admit that You shipped the goods purchased in StockX Order Number 38917859-38817618 to Roy Kim.*

**RESPONSE NO. 160:**

StockX objects to Request No. 160 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 160 as propounded and

states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 160:**

Admit that StockX shipped the goods purchased in StockX Order Number 38917859-

38817618 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 162:**

*Admit that the goods purchased in StockX Order Number 38917859-38817618 are
currently in Your possession.*

**RESPONSE NO. 162:**

StockX objects to Request No. 162 on grounds that, taken as a whole, Nike's Second Set

of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 162 as propounded and

states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 162:**

Admitted.

**REQUEST FOR ADMISSION NO. 163:**

*Admit that NIKE0039620 is a true and correct copy of the StockX receipt for StockX
Order Number 37857800-37757559.*

**RESPONSE NO. 163:**

StockX objects to Request No. 163 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 163 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 163:**

Admitted.

**REQUEST FOR ADMISSION NO. 164:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37857800-37757559 are a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.*

**RESPONSE NO. 164:**

StockX objects to Request No. 164 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 164 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 164:**

Admit that the receipt depicted in NIKE0039620 states that StockX Order Number 37857800-37757559 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after

57

reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 165:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857800-37757559 was "New, 100% authentic".*

**RESPONSE NO. 165:**

StockX objects to Request No. 165 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 165 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 165:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039620, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 166:**

*Admit that You shipped the goods purchased in StockX Order Number 37857800-37757559 to Roy Kim.*

**RESPONSE NO. 166:**

StockX objects to Request No. 166 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 166 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 166:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857800-37757559 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 168:**

*Admit that the goods purchased in StockX Order Number 37857800-37757559 are currently in Your possession.*

**RESPONSE NO. 168:**

StockX objects to Request No. 168 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 168 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 168:**

Admitted.

**REQUEST FOR ADMISSION NO. 169:**

*Admit that NIKE0039597 is a true and correct copy of the StockX receipt for StockX Order Number 37858075-37757834.*

**RESPONSE NO. 169:**

StockX objects to Request No. 169 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 169 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 169:**

Admitted.

**REQUEST FOR ADMISSION NO. 170:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37858075-37757834 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 8.5.*

**RESPONSE NO. 170:**

StockX objects to Request No. 170 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 170 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 170:**

Admit that the receipt depicted in NIKE0039597 states that StockX Order Number 37858075-37757834 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 8.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 171:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37858075-37757834 was "New, 100% authentic".*

**RESPONSE NO. 171:**

StockX objects to Request No. 171 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 171 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 171:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039597, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry,

StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 172:**

> *Admit that You shipped the goods purchased in StockX Order Number 37858075-37757834 to Roy Kim.*

**RESPONSE NO. 172:**

StockX objects to Request No. 172 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 172 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 172:**

Admit that StockX shipped the goods purchased in StockX Order Number 37858075-37757834 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 174:**

> *Admit that the goods purchased in StockX Order Number 37858075-37757834 are currently in Your possession.*

**RESPONSE NO. 174:**

StockX objects to Request No. 174 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 174 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 174:**

Admitted.

**REQUEST FOR ADMISSION NO. 175:**

*Admit that NIKE0039671 is a true and correct copy of the StockX receipt for StockX Order Number 37870331-37770090.*

**RESPONSE NO. 175:**

StockX objects to Request No. 175 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 175 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 175:**

Admitted.

**REQUEST FOR ADMISSION NO. 176:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37870331-37770090 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 12.*

**RESPONSE NO. 176:**

StockX objects to Request No. 176 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 176 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 176:**

Admit that the receipt depicted in NIKE0039671 states that StockX Order Number 37870331-37770090 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 12, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 177:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37870331-37770090 was "New, 100% authentic".*

**RESPONSE NO. 177:**

StockX objects to Request No. 177 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 177 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 177:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039671, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 178:**

*Admit that You shipped the goods purchased in StockX Order Number 37870331-37770090 to Roy Kim.*

**RESPONSE NO. 178:**

StockX objects to Request No. 178 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 178 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 178:**

Admit that StockX shipped the goods purchased in StockX Order Number 37870331-37770090 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 180:**

*Admit that the goods purchased in StockX Order Number 37870331-37770090 are currently in Your possession.*

**RESPONSE NO. 180:**

StockX objects to Request No. 180 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 180 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 180:**

Admitted.

**REQUEST FOR ADMISSION NO. 181:**

*Admit that NIKE0039750 is a true and correct copy of the StockX receipt for StockX Order Number 37922442-37822201.*

**RESPONSE NO. 181:**

StockX objects to Request No. 181 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 181 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 181:**

Admitted.

**REQUEST FOR ADMISSION NO. 182:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37922442-37822201 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 9.*

**RESPONSE NO. 182:**

StockX objects to Request No. 182 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 182 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 182:**

Admit that the receipt depicted in NIKE0039750 states that StockX Order Number 37922442-37822201 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 9, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 183:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37922442-37822201 was "New, 100% authentic".*

**RESPONSE NO. 183:**

StockX objects to Request No. 183 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents. StockX accordingly objects to Request No. 183 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 183:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039750, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 184:**

*Admit that You shipped the goods purchased in StockX Order Number 37922442-37822201 to Roy Kim.*

**RESPONSE NO. 184:**

StockX objects to Request No. 184 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 184 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 184:**

Admit that StockX shipped the goods purchased in StockX Order Number 37922442-37822201 to an address associated with Roy Kim's StockX account.

## REQUEST FOR ADMISSION NO. 186:

*Admit that the goods purchased in StockX Order Number 37922442-37822201 are currently in Your possession.*

## RESPONSE NO. 186:

StockX objects to Request No. 186 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 186 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 186:

Admitted.

## SECOND SUPPLEMENTAL RESPONSE NO. 186:

In light of Mr. Kim's deposition testimony that he did not return some of the shoes he purchased from StockX, and based upon further confirmation with the Tempe Authentication Center, StockX denies that the goods purchased by Mr. Kim in StockX Order Number 37922442-37822201 were returned to StockX or are currently in StockX's possession.

## REQUEST FOR ADMISSION NO. 187:

*Admit that NIKE0039661 is a true and correct copy of the StockX receipt for StockX Order Number 38161749-38061508.*

## RESPONSE NO. 187:

StockX objects to Request No. 187 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 187 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 187:**

Admitted.

**REQUEST FOR ADMISSION NO. 188:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 38161749-38061508 are a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10.5.*

**RESPONSE NO. 188:**

StockX objects to Request No. 188 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 188 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 188:**

Admit that the receipt depicted in NIKE0039661 states that StockX Order Number 38161749-38061508 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 189:

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 38161749-38061508 was "New, 100% authentic".*

## RESPONSE NO. 189:

StockX objects to Request No. 189 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 189 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 189:

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039661, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 190:

*Admit that You shipped the goods purchased in StockX Order Number 38161749-38061508 to Roy Kim.*

## RESPONSE NO. 190:

StockX objects to Request No. 190 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 190 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 190:**

Admit that StockX shipped the goods purchased in StockX Order Number 38161749-38061508 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 192:**

*Admit that the goods purchased in StockX Order Number 38161749-38061508 are currently in Your possession.*

**RESPONSE NO. 192:**

StockX objects to Request No. 192 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 192 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 192:**

Admitted.

**REQUEST FOR ADMISSION NO. 193:**

*Admit that verification tag visible in NIKE0039648 is a genuine StockX verification tag.*

**RESPONSE NO. 193:**

StockX objects to Request No. 193 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 193 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 193:**

StockX lacks information sufficient to admit or deny the Request, because, after a reasonable inquiry based on the information known or readily available to StockX, StockX was unable to determine what, if any, StockX order the QR code depicted in NIKE0039648 is associated with.

**REQUEST FOR ADMISSION NO. 194:**

*Admit that the QR code visible on the verification tag in NIKE0039648 stores information related to what you represented to the purchaser were an order of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 10.*

**RESPONSE NO. 194:**

StockX objects to Request No. 194 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 194 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 194:**

StockX lacks information sufficient to admit or deny the Request, because, after a reasonable inquiry based on the information known or readily available to StockX, StockX was unable to determine what, if any, StockX order the QR code depicted in NIKE0039648 is associated with.

**REQUEST FOR ADMISSION NO. 195:**

*Admit that the sneaker in NIKE0039648 was sent to Roy Kim.*

**RESPONSE NO. 195:**

StockX objects to Request No. 195 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 195 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 195:**

StockX lacks information sufficient to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 197:**

*Admit that the sneaker in NIKE0039648 is currently in Your possession.*

**RESPONSE NO. 197:**

StockX objects to Request No. 197 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 197 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 197:**

StockX lacks information sufficient to admit or deny the Request, because the QR code depicted in NIKE0039648 did not register when scanned into StockX's systems.

**REQUEST FOR ADMISSION NO. 198:**

*Admit that NIKE0039667 is a true and correct copy of the StockX receipt for StockX Order Number 37981780-37881539.*

**RESPONSE NO. 198:**

StockX objects to Request No. 198 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 198 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 198:**

Admitted.

**REQUEST FOR ADMISSION NO. 199:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37981780-37881539 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 9.5.*

**RESPONSE NO. 199:**

StockX objects to Request No. 199 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 199 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 199:**

Admit that the receipt depicted in NIKE0039667 states that StockX Order Number 37981780-37881539 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 9.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 200:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37981780-37881539 was "New, 100% authentic".*

**RESPONSE NO. 200:**

StockX objects to Request No. 200 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 200 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 200:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039667, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 201:**

*Admit that You shipped the goods purchased in StockX Order Number 37981780-37881539 to Roy Kim.*

**RESPONSE NO. 201:**

StockX objects to Request No. 201 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 201 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 201:**

Admit that StockX shipped the goods purchased in StockX Order Number 37981780-37881539 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 203:**

*Admit that the goods purchased in StockX Order Number 37981780-37881539 are currently in Your possession.*

**RESPONSE NO. 203:**

StockX objects to Request No. 203 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 203 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 203:**

Admitted.

**REQUEST FOR ADMISSION NO. 204:**

*Admit that NIKE0039615 is a true and correct copy of the StockX receipt for StockX Order Number 37858043-37757802.*

**RESPONSE NO. 204:**

StockX objects to Request No. 204 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 204 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 204:**

Admitted.

**REQUEST FOR ADMISSION NO. 205:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37858043-37757802 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10.5.*

**RESPONSE NO. 205:**

StockX objects to Request No. 205 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 205 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 205:**

Admit that the receipt depicted in NIKE0039615 states that StockX Order Number 37858043-37757802 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 206:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37858043-37757802 was "New, 100% authentic".*

**RESPONSE NO. 206:**

StockX objects to Request No. 206 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 206 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 206:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039615, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 207:**

*Admit that You shipped the goods purchased in StockX Order Number 37858043-37757802 to Roy Kim.*

**RESPONSE NO. 207:**

StockX objects to Request No. 207 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 207 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 207:**

Admit that StockX shipped the goods purchased in StockX Order Number 37858043-37757802 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 209:**

*Admit that the goods purchased in StockX Order Number 37858043-37757802 are currently in Your possession.*

**RESPONSE NO. 209:**

StockX objects to Request No. 209 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 209 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 209:**

Admitted.

**REQUEST FOR ADMISSION NO. 210:**

*Admit that NIKE0039719 is a true and correct copy of the StockX receipt for StockX Order Number 38216724-38116483.*

**RESPONSE NO. 210:**

StockX objects to Request No. 210 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 210 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 210:**

Admitted.

**REQUEST FOR ADMISSION NO. 211:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 38216724-38116483 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 8.5.*

**RESPONSE NO. 211:**

StockX objects to Request No. 211 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 211 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 211:**

Admit that the receipt depicted in NIKE0039719 states that StockX Order Number 38216724-38116483 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 8.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 212:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 38216724-38116483 was "New, 100% authentic".*

**RESPONSE NO. 212:**

StockX objects to Request No. 212 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 212 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 212:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039719, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 213:**

*Admit that You shipped the goods purchased in StockX Order Number 38216724-38116483 to Roy Kim.*

**RESPONSE NO. 213:**

StockX objects to Request No. 213 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 213 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 213:**

Admit that StockX shipped the goods purchased in StockX Order Number 38216724-38116483 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 215:**

*Admit that the goods purchased in StockX Order Number 38216724-38116483 are currently in Your possession.*

**RESPONSE NO. 215:**

StockX objects to Request No. 215 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 215 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 215:**

Admitted.

**REQUEST FOR ADMISSION NO. 216:**

*Admit that NIKE0039737 is a true and correct copy of the StockX receipt for StockX Order Number 38251996-38151755.*

**RESPONSE NO. 216:**

StockX objects to Request No. 216 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 216 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 216:**

Admitted.

**REQUEST FOR ADMISSION NO. 217:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 38251996-38151755 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 12.*

**RESPONSE NO. 217:**

StockX objects to Request No. 217 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 217 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 217:**

Admit that the receipt depicted in NIKE0039737 states that StockX Order Number 38251996-38151755 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 12, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 218:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 38251996-38151755 was "New, 100% authentic".*

**RESPONSE NO. 218:**

StockX objects to Request No. 218 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 218 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 218:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039737, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 219:**

*Admit that You shipped the goods purchased in StockX Order Number 38251996-38151755 to Roy Kim.*

**RESPONSE NO. 219:**

StockX objects to Request No. 219 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 219 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 219:**

Admit that StockX shipped the goods purchased in StockX Order Number 38251996-38151755 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 221:**

*Admit that the goods purchased in StockX Order Number 38251996-38151755 are currently in Your possession.*

**RESPONSE NO. 221:**

StockX objects to Request No. 221 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 221 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 221:**

Admitted.

**SECOND SUPPLEMENTAL RESPONSE NO. 221:**

In light of Mr. Kim's deposition testimony that he did not return some of the shoes he purchased from StockX, and based upon further confirmation with the Tempe Authentication

Center, StockX denies that the goods purchased by Mr. Kim in StockX Order Number 38251996-38151755 were returned to StockX or are currently in StockX's possession.

**REQUEST FOR ADMISSION NO. 222:**

> *Admit that NIKE0039743 is a true and correct copy of the StockX receipt for StockX Order Number 38124114-38023873.*

**RESPONSE NO. 222:**

StockX objects to Request No. 222 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 222 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 222:**

Admitted.

**REQUEST FOR ADMISSION NO. 223:**

> *Admit that You represented to the purchaser that the goods purchased in StockX Order Number 38124114-38023873 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10.*

**RESPONSE NO. 223:**

StockX objects to Request No. 223 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 223 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 223:**

Admit that the receipt depicted in NIKE0039743 states that StockX Order Number 38124114-38023873 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 224:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 38124114-38023873 was "New, 100% authentic".*

**RESPONSE NO. 224:**

StockX objects to Request No. 224 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 224 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 224:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039743, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry,

StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 225:

*Admit that You shipped the goods purchased in StockX Order Number 38124114-38023873 to Roy Kim.*

## RESPONSE NO. 225:

StockX objects to Request No. 225 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 225 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 225:

Admit that StockX shipped the goods purchased in StockX Order Number 38124114-38023873 to an address associated with Roy Kim's StockX account.

## REQUEST FOR ADMISSION NO. 227:

*Admit that the goods purchased in StockX Order Number 38124114-38023873 are currently in Your possession.*

## RESPONSE NO. 227:

StockX objects to Request No. 227 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents. StockX accordingly objects to Request No. 227 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 227:

Admitted.

## REQUEST FOR ADMISSION NO. 228:

*Admit that verification tag visible in NIKE0039571 is a genuine StockX verification tag.*

## RESPONSE NO. 228:

StockX objects to Request No. 228 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 228 as propounded and states that no further response is required.


## SUPPLEMENTAL RESPONSE NO. 228:

Admitted.

## REQUEST FOR ADMISSION NO. 229:

*Admit that the QR code visible on the StockX verification tag in NIKE0039571 stores information related to what You represented to the purchaser were an order of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 11.*

## RESPONSE NO. 229:

StockX objects to Request No. 229 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.   StockX accordingly objects to Request No. 229 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 229:**

Admit that the QR code visible in NIKE0039571 is associated with the purchase of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 11 on StockX's platform, and otherwise denied.

**REQUEST FOR ADMISSION NO. 230:**

*Admit that the sneaker in NIKE0039571 was sent to Roy Kim.*

**RESPONSE NO. 230:**

StockX objects to Request No. 230 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 230 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 230:**

StockX lacks information sufficient to admit or deny the Request, because, after a reasonable inquiry based on the information known or readily available to StockX, StockX is unable to determine whether the shoe depicted in the photograph produced at NIKE0039571 is one that StockX sent to Roy Kim.

**SECOND SUPPLEMENTAL RESPONSE NO. 230:**

Upon consideration of additional information, StockX admits that StockX shipped a sneaker with the hang tag depicted in NIKE0039571 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 232:**

*Admit that the sneaker in NIKE0039571 is currently in Your custody.*

**RESPONSE NO. 232:**

StockX objects to Request No. 232 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 232 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 232:**

StockX lacks information sufficient to admit or deny the Request, because, after a reasonable inquiry based on the information known or readily available to StockX, StockX is unable to determine whether the shoe depicted in the photograph produced at NIKE0039571 is one that is currently in its custody.

**SECOND SUPPLEMENTAL RESPONSE NO. 232:**

Upon consideration of additional information, StockX admits that a sneaker with the hang tag depicted in NIKE0039571 is currently in StockX's custody.

**REQUEST FOR ADMISSION NO. 233:**

*Admit that NIKE0039752 is a true and correct copy of the StockX receipt for StockX Order Number 37960474-37860233.*

**RESPONSE NO. 233:**

StockX objects to Request No. 233 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 233 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 233:**

Admitted.

**REQUEST FOR ADMISSION NO. 234:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37960474-37860233 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 9.5.*

**RESPONSE NO. 234:**

StockX objects to Request No. 234 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 234 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 234:**

94

Admit that the receipt depicted in NIKE0039752 states that StockX Order Number 37960474-37860233 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 9.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 235:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37960474-37860233 was "New, 100% authentic".*

**RESPONSE NO. 235:**

StockX objects to Request No. 235 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 235 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 235:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039752, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry,

StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 236:**

> *Admit that You shipped the goods purchased in StockX Order Number 37960474-37860233 to Roy Kim.*

**RESPONSE NO. 236:**

StockX objects to Request No. 236 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 236 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 236:**

Admit that StockX shipped the goods purchased in StockX Order Number 37960474-37860233 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 238:**

> *Admit that the goods purchased in StockX Order Number 37960474-37860233 are currently in Your possession.*

**RESPONSE NO. 238:**

StockX objects to Request No. 238 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 238 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 238:

Admitted.

## REQUEST FOR ADMISSION NO. 239:

*Admit that NIKE0039678 is a true and correct copy of the StockX receipt for StockX Order Number 37857790-37757549.*

## RESPONSE NO. 239:

StockX objects to Request No. 239 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 239 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 239:

Admitted.

## REQUEST FOR ADMISSION NO. 240:

*Admit that You represented to the purchaser that goods purchased in StockX Order Number 37857790-37757549 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.*

## RESPONSE NO. 240:

StockX objects to Request No. 240 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents. StockX accordingly objects to Request No. 240 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 240:**

Admit that the receipt depicted in NIKE0039678 states that StockX Order Number 37857790-37757549 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 241:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857790-37757549 was "New, 100% authentic".*

**RESPONSE NO. 241:**

StockX objects to Request No. 241 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 241 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 241:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039678, and otherwise StockX lacks information sufficient to admit or deny the

Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 242:**

> *Admit that You shipped the goods purchased in StockX Order Number 37857790-37757549 to Roy Kim.*

**RESPONSE NO. 242:**

StockX objects to Request No. 242 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 242 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 242:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857790-37757549 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 244:**

> *Admit that the goods purchased in StockX Order Number 37857790-37757549 are currently in Your possession.*

**RESPONSE NO. 244:**

StockX objects to Request No. 244 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 244 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 244:**

    Admitted.

**SECOND SUPPLEMENTAL RESPONSE NO. 244:**

    In light of Mr. Kim's deposition testimony that he did not return some of the shoes he purchased from StockX, and based upon further confirmation with the Tempe Authentication Center, StockX denies that the goods purchased by Mr. Kim in StockX Order Number 37857790-37757549 were returned to StockX or are currently in StockX's possession.

**REQUEST FOR ADMISSION NO. 245:**

    *Admit that NIKE0039577 is a true and correct copy of the StockX receipt for StockX Order Number 37892676-37792435.*

**RESPONSE NO. 245:**

    StockX objects to Request No. 245 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 245 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 245:**

    Admitted.

**REQUEST FOR ADMISSION NO. 246:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37892676-37792435 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10.5.*

**RESPONSE NO. 246:**

StockX objects to Request No. 246 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 246 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 246:**

Admit that the receipt depicted in NIKE0039577 states that StockX Order Number 37892676-37792435 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 247:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37892676-37792435 was "New, 100% authentic".*

**RESPONSE NO. 247:**

StockX objects to Request No. 247 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 247 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 247:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039577, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 248:**

*Admit that You shipped the goods purchased in StockX Order Number 37892676-37792435 to Roy Kim.*

**RESPONSE NO. 248:**

StockX objects to Request No. 248 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 248 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 248:**

Admit that StockX shipped the goods purchased in StockX Order Number 37892676-37792435 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 250:**

*Admit that the goods purchased in StockX Order Number 37892676-37792435 are currently in Your possession.*

**RESPONSE NO. 250:**

StockX objects to Request No. 250 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 250 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 250:**

Admitted.

**REQUEST FOR ADMISSION NO. 251:**

*Admit that NIKE0039746 is a true and correct copy of the StockX receipt for StockX Order Number 37857881-37757640.*

**RESPONSE NO. 251:**

StockX objects to Request No. 251 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX accordingly objects to Request No. 251 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 251:**

Admitted.

**REQUEST FOR ADMISSION NO. 252:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37857881-37757640 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 8.*

**RESPONSE NO. 252:**

StockX objects to Request No. 252 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 252 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 252:**

Admit that the receipt depicted in NIKE0039746 states that StockX Order Number 37857881-37757640 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 8, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 253:**

> *Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857881-37757640 was "New, 100% authentic".*

**RESPONSE NO. 253:**

StockX objects to Request No. 253 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 253 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 253:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039746, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 254:**

> *Admit that You shipped the goods purchased in StockX Order Number 37857881-37757640 to Roy Kim.*

**RESPONSE NO. 254:**

StockX objects to Request No. 254 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 254 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 254:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857881-37757640 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 256:**

*Admit that the goods purchased in StockX Order Number 37857881-37757640 are currently in Your possession.*

**RESPONSE NO. 256:**

StockX objects to Request No. 256 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 256 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 256**

Admitted.

**REQUEST FOR ADMISSION NO. 257:**

*Admit that NIKE0039612 is a true and correct copy of the StockX receipt for StockX Order Number 37857919-37757678.*

**RESPONSE NO. 257:**

StockX objects to Request No. 257 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 257 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 257:**

Admitted.

**REQUEST FOR ADMISSION NO. 258:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37857919-37757678 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.5.*

**RESPONSE NO. 258:**

StockX objects to Request No. 258 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 258 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 258:**

Admit that the receipt depicted in NIKE0039612 states that StockX Order Number 37857919-37757678 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after

reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 259:**

> *Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857919-37757678 was "New, 100% authentic".*

**RESPONSE NO. 259:**

StockX objects to Request No. 259 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 259 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 259:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039612, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 260:**

> *Admit that You shipped the goods purchased in StockX Order Number 37857919-37757678 to Roy Kim.*

**RESPONSE NO. 260:**

StockX objects to Request No. 260 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 260 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 260:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857919-37757678 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 262:**

*Admit that the goods purchased in StockX Order Number 37857919-37757678 are currently in Your possession.*

**RESPONSE NO. 262:**

StockX objects to Request No. 262 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 262 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 262:**

Admitted.

**REQUEST FOR ADMISSION NO. 263:**

*Admit that NIKE0039740 is a true and correct copy of the StockX receipt for StockX Order Number 37857805-37757564.*

**RESPONSE NO. 263:**

StockX objects to Request No. 263 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 263 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 263:**

Admitted.

**REQUEST FOR ADMISSION NO. 264:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37857805-37757564 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 9.5.*

**RESPONSE NO. 264:**

StockX objects to Request No. 264 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 264 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 264:**

Admit that the receipt depicted in NIKE0039740 states that StockX Order Number 37857805-37757564 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 9.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 265:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857805-37757564 was "New, 100% authentic".*

**RESPONSE NO. 265:**

StockX objects to Request No. 265 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 265 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 265:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039740, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry,

StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 266:

*Admit that You shipped the goods purchased in StockX Order Number 37857805-37757564 to Roy Kim.*

## RESPONSE NO. 266:

StockX objects to Request No. 266 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 266 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 266:

Admit that StockX shipped the goods purchased in StockX Order Number 37857805-37757564 to an address associated with Roy Kim's StockX account.

## REQUEST FOR ADMISSION NO. 268:

*Admit that the goods purchased in StockX Order Number 37857805-37757564 are currently in Your possession.*

## RESPONSE NO. 268:

StockX objects to Request No. 268 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 268 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 268:**

   Admitted.

**REQUEST FOR ADMISSION NO. 269:**

   *Admit that NIKE0039728 is a true and correct copy of the StockX receipt for StockX Order Number 38157530-38057289.*

**RESPONSE NO. 269:**

   StockX objects to Request No. 269 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 269 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 269:**

   Admitted.

**REQUEST FOR ADMISSION NO. 270:**

   *Admit that You represented to the purchaser that the goods purchased in StockX Order Number 38157530-38057289 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 10.5.*

**RESPONSE NO. 270:**

   StockX objects to Request No. 270 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 270 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 270:

Admit that the receipt depicted in NIKE0039728 states that StockX Order Number 38157530-38057289 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105;" denied that StockX Order Number 38157530-38057289 is for a pair of size US Men's 10.5 shoes; and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 271:

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 38157530-38057289 was "New, 100% authentic".*

## RESPONSE NO. 271:

StockX objects to Request No. 271 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 271 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 271:

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039728, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 272:**

*Admit that You shipped the goods purchased in StockX Order Number 38157530-38057289 to Roy Kim.*

**RESPONSE NO. 272:**

StockX objects to Request No. 272 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 272 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 272:**

Admit that StockX shipped the goods purchased in StockX Order Number 38157530-38057289 an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 274:**

*Admit that the goods purchased in StockX Order Number 38157530-38057289 are currently in Your possession.*

**RESPONSE NO. 274:**

StockX objects to Request No. 274 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 274 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 274:**

Admitted.

**REQUEST FOR ADMISSION NO. 275:**

*Admit that NIKE0039554 is a true and correct copy of the StockX receipt for StockX Order Number 37857930-37757689.*

**RESPONSE NO. 275:**

StockX objects to Request No. 275 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 275 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 275:**

Admitted.

**REQUEST FOR ADMISSION NO. 276:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37857930-37757689 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 10.*

**RESPONSE NO. 276:**

StockX objects to Request No. 276 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 276 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 276:**

Admit that the receipt depicted in NIKE0039554 states that StockX Order Number 37857930-37757689 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134;" denied that StockX Order Number 37857930-37757689 is for a pair of size US Men's 10 shoes; and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 277:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37857930-37757689 was "New, 100% authentic".*

**RESPONSE NO. 277:**

StockX objects to Request No. 277 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 277 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 277:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039554, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 278:**

*Admit that You shipped the goods purchased in StockX Order Number 37857930-37757689 to Roy Kim.*

**RESPONSE NO. 278:**

StockX objects to Request No. 278 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 278 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 278:**

Admit that StockX shipped the goods purchased in StockX Order Number 37857930-37757689 to an address associated with Roy Kim's StockX account.

118

**REQUEST FOR ADMISSION NO. 279:**

*Admit that the goods purchased in StockX Order Number 37857930-37757689 are not genuine Nike goods.*

**RESPONSE NO. 279:**

StockX objects to Request No. 279 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. Additionally, StockX objects to this request as improper to the extent it requests that StockX admit to legal conclusions that go to the fundamental disagreement at the heart of Nike's lawsuit, as to which Nike bears the burden of proof. StockX accordingly objects to Request No. 279 as propounded and states that no further response is required.

**REQUEST FOR ADMISSION NO. 280:**

*Admit that the goods purchased in StockX Order Number 37857930-37757689 are currently in Your possession.*

**RESPONSE NO. 280:**

StockX objects to Request No. 280 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 280 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 280:**

Admitted.

**REQUEST FOR ADMISSION NO. 281:**

*Admit that NIKE0039607 is a true and correct copy of the StockX receipt for StockX Order Number 37934260-37834019.*

**RESPONSE NO. 281:**

StockX objects to Request No. 281 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 281 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 281:**

Admitted.

**REQUEST FOR ADMISSION NO. 282:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 37934260-37834019 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 12.*

**RESPONSE NO. 282:**

StockX objects to Request No. 282 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 282 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 282:**

Admit that the receipt depicted in NIKE0039607 states that StockX Order Number 37934260-37834019 is for a pair of "Jordan 1 Retro High White University Blue Black"

shoes, "Style No. 555088-134," size US Men's 12, and otherwise *Admit that the goods purchased in StockX Order Number 37857930-37757689 are not genuine Nike goods.*

**RESPONSE NO. 279:**

StockX objects to Request No. 279 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. Additionally, StockX objects to this request as improper to the extent it requests that StockX admit to legal conclusions that go to the fundamental disagreement at the heart of Nike's lawsuit, as to which Nike bears the burden of proof. StockX accordingly objects to Request No. 279 as propounded and states that no further response is required. .

**REQUEST FOR ADMISSION NO. 283:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 37934260-37834019 was "New, 100% authentic".*

**RESPONSE NO. 283:**

StockX objects to Request No. 283 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 283 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 283:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039607, and otherwise *Admit that the goods purchased in StockX Order Number 37857930-37757689 are not genuine Nike goods.*

**RESPONSE NO. 279:**

StockX objects to Request No. 279 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. Additionally, StockX objects to this request as improper to the extent it requests that StockX admit to legal conclusions that go to the fundamental disagreement at the heart of Nike's lawsuit, as to which Nike bears the burden of proof. StockX accordingly objects to Request No. 279 as propounded and states that no further response is required. .

**REQUEST FOR ADMISSION NO. 284:**

*Admit that You shipped the goods purchased in StockX Order Number 37934260-37834019 to Roy Kim.*

**RESPONSE NO. 284:**

StockX objects to Request No. 284 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 284 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 284:**

Admit that StockX shipped the goods purchased in StockX Order Number 37934260-37834019 to an address associated with Roy Kim's StockX account.

**REQUEST FOR ADMISSION NO. 286:**

*Admit that the goods purchased in StockX Order Number 37934260-37834019 are currently in Your custody.*

**RESPONSE NO. 286:**

StockX objects to Request No. 286 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 286 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 286:**

Admitted.

**SECOND SUPPLEMENTAL RESPONSE NO. 286:**

In light of Mr. Kim's deposition testimony that he did not return some of the shoes he purchased from StockX, and based upon further confirmation with the Tempe Authentication Center, StockX denies that the goods purchased by Mr. Kim in StockX Order Number 37934260-37834019 were returned to StockX or are currently in StockX's possession.

**REQUEST FOR ADMISSION NO. 288:**

*Admit that NIKE0039513 is a true and correct copy of the StockX receipt for StockX Order Number 33387622-33287381.*

**RESPONSE NO. 288:**

StockX objects to Request No. 288 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX accordingly objects to Request No. 288 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 288:**

Admitted.

**REQUEST FOR ADMISSION NO. 289:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 33387622-33287381 were a pair of "Jordan 11 Retro Cool Grey (2021)" shoes, "Style No. CT8012-005," size US Men's 9.5.*

**RESPONSE NO. 289:**

StockX objects to Request No. 289 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 289 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 289:**

Admit that the receipt depicted in NIKE0039513 states that StockX Order Number 33387622-33287381 is for a pair of "Jordan 11 Retro Cool Grey (2021)" shoes, "Style No. CT8012-005," size US Men's 9.5, and otherwise *Admit that the goods purchased in StockX Order Number 37857930-37757689 are not genuine Nike goods.*

**RESPONSE NO. 279:**

StockX objects to Request No. 279 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. Additionally, StockX objects to this request as

improper to the extent it requests that StockX admit to legal conclusions that go to the fundamental disagreement at the heart of Nike's lawsuit, as to which Nike bears the burden of proof.  StockX accordingly objects to Request No. 279 as propounded and states that no further response is required.

**REQUEST FOR ADMISSION NO. 290:**

> *Admit that You represented to the purchaser that "Condition" of the goods purchased in StockX Order Number 33387622-33287381 was "New, 100% authentic".*

**RESPONSE NO. 290:**

StockX objects to Request No. 290 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 290 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 290:**

> Admit that phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039513, and otherwise *Admit that the goods purchased in StockX Order Number 37857930-37757689 are not genuine Nike goods.*

**RESPONSE NO. 279:**

StockX objects to Request No. 279 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  Additionally, StockX objects to this request as improper to the extent it requests that StockX admit to legal conclusions that go to the

fundamental disagreement at the heart of Nike's lawsuit, as to which Nike bears the burden of proof. StockX accordingly objects to Request No. 279 as propounded and states that no further response is required.

## REQUEST FOR ADMISSION NO. 291:

*Admit that You shipped the goods purchased in StockX Order Number 33387622-33287381 to the address on the StockX receipt produced as NIKE0039513.*

## RESPONSE NO. 291:

StockX objects to Request No. 291 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 291 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 291:

Admitted.

## REQUEST FOR ADMISSION NO. 293:

*Admit that NIKE0039469 is a true and correct copy of the StockX receipt for StockX Order Number 34662842-34562601.*

## RESPONSE NO. 293:

StockX objects to Request No. 293 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 293 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 293:**

Admitted.

**REQUEST FOR ADMISSION NO. 294:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 34662842-34562601 were a pair of "Jordan 11 Retro Cool Grey (2021)" shoes, "Style No. CT8012-005," size US Men's 14.*

**RESPONSE NO. 294:**

StockX objects to Request No. 294 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 294 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 294:**

Admit that the receipt depicted in NIKE0039469 states that StockX Order Number 34662842-34562601 is for a pair of "Jordan 11 Retro Cool Grey (2021)" shoes, "Style No. CT8012-005," size US Men's 14, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 295:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 34662842-34562601 was "New, 100% authentic".*

**RESPONSE NO. 295:**

StockX objects to Request No. 295 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 295 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 295:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039469, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 296:**

*Admit that You shipped the goods purchased in StockX Order Number 34662842-34562601 to the address on the StockX receipt produced as NIKE0039469.*

**RESPONSE NO. 296:**

StockX objects to Request No. 296 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

128

genuineness – of documents.  StockX accordingly objects to Request No. 296 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 296:**

Admitted.

**REQUEST FOR ADMISSION NO. 298:**

*Admit that NIKE0039437 is a true and correct copy of the StockX receipt for StockX Order Number 33525703-33425462.*

**RESPONSE NO. 298:**

StockX objects to Request No. 298 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 298 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 298:**

Admitted.

**REQUEST FOR ADMISSION NO. 299:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 33525703-33425462 were a pair of "Jordan 11 Retro Cool Grey (2021)" shoes, "Style No. CT8012-005," size US Men's 12.*

**RESPONSE NO. 299:**

StockX objects to Request No. 299 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents. StockX accordingly objects to Request No. 299 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 299:**

Admit that the receipt depicted in NIKE0039437 states that StockX Order Number 33525703-33425462 is for a pair of "Jordan 11 Retro Cool Grey (2021)" shoes, "Style No. CT8012-005," size US Men's 12, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 300:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 33525703-33425462 was "New, 100% authentic".*

**RESPONSE NO. 300:**

StockX objects to Request No. 300 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 300 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 300:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039437, and otherwise StockX lacks information sufficient to admit or deny the

Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 301:

*Admit that You shipped the goods purchased in StockX Order Number 33525703-33425462 to the address on the StockX receipt produced as NIKE0039437.*

## RESPONSE NO. 301:

StockX objects to Request No. 301 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 301 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 301:

Admitted.

## REQUEST FOR ADMISSION NO. 303:

*Admit that NIKE0039514 is a true and correct copy of the StockX receipt for StockX Order Number 32034215-31933974.*

## RESPONSE NO. 303:

StockX objects to Request No. 303 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 303 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 303:**

Admitted.

**REQUEST FOR ADMISSION NO. 304:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 32034215-31933974 were a pair of "Jordan 1 Low Fragment x Travis Scott" shoes, "Style No. DM7866-140," size US Men's 9.5.*

**RESPONSE NO. 304:**

StockX objects to Request No. 304 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 304 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 304:**

Admit that the receipt depicted in NIKE0039514 states that StockX Order Number 32034215-31933974 is for a pair of "Jordan 1 Low Fragment x Travis Scott" shoes, "Style No. DM7866-140," size US Men's 9.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 305:**

Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 32034215-31933974 was "New, 100% authentic".

**RESPONSE NO. 305:**

StockX objects to Request No. 305 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 305 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 305:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039514, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 306:**

Admit that You shipped the goods purchased in StockX Order Number 32034215-31933974 to the address on the StockX receipt produced as NIKE0039514.

**RESPONSE NO. 306:**

StockX objects to Request No. 306 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 306 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 306:**

Admitted.

**REQUEST FOR ADMISSION NO. 308:**

*Admit that NIKE0039496 is a true and correct copy of the StockX receipt for StockX Order Number 30895923-30795682.*

**RESPONSE NO. 308:**

StockX objects to Request No. 308 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 308 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 308:**

Admitted.

**REQUEST FOR ADMISSION NO. 309:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 30895923-30795682 were a pair of "Jordan 1 Low Fragment x Travis Scott" shoes, "Style No. DM7866-140," size US Men's 10.5.*

**RESPONSE NO. 309:**

StockX objects to Request No. 309 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 309 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 309:**

Admit that the receipt depicted in NIKE0039496 states that StockX Order Number 30895923-30795682 is for a pair of "Jordan 1 Low Fragment x Travis Scott" shoes, "Style No. DM7866-140," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 310:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 30895923-30795682 was "New, 100% authentic".*

**RESPONSE NO. 310:**

StockX objects to Request No. 310 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 310 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 310:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039496, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 311:**

*Admit that You shipped the goods purchased in StockX Order Number 30895923-30795682 to the address on the StockX receipt produced as NIKE0039496.*

**RESPONSE NO. 311:**

StockX objects to Request No. 311 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 311 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 311:**

Admitted.

**REQUEST FOR ADMISSION NO. 313:**

*Admit that NIKE0039457 is a true and correct copy of the StockX receipt for StockX Order Number 34845417-34745176.*

**RESPONSE NO. 313:**

StockX objects to Request No. 313 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 313 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 313:**

Admitted.

**REQUEST FOR ADMISSION NO. 314:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 34845417-34745176 were a pair of "Jordan 1 Low Fragment x Travis Scott" shoes, "Style No. DM7866-140," size US Men's 9.5.*

**RESPONSE NO. 314:**

StockX objects to Request No. 314 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 314 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 314:**

Admit that the receipt depicted in NIKE0039457 states that in StockX Order Number 34845417-34745176 is for a pair of "Jordan 1 Low Fragment x Travis Scott" shoes, "Style No. DM7866-140," size US Men's 9.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry,

StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 315:

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 34845417-34745176 was "New, 100% authentic".*

## RESPONSE NO. 315:

StockX objects to Request No. 315 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 315 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 315:

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039457, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 316:

*Admit that You shipped the goods purchased in StockX Order Number 34845417-34745176 to the address on the StockX receipt produced as NIKE0039457.*

## RESPONSE NO. 316:

StockX objects to Request No. 316 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 316 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 316:**

Admitted.

**REQUEST FOR ADMISSION NO. 318:**

*Admit that NIKE0039530 is a true and correct copy of the StockX receipt for StockX Order Number 36331837-36231596.*

**RESPONSE NO. 318:**

StockX objects to Request No. 318 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 318 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 318:**

Admitted.

**REQUEST FOR ADMISSION NO. 319:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 36331837-36231596 were a pair of "Jordan 3 Retro Cardinal Red" shoes, "Style No. CT8532-126," size US Men's 11.5.*

**RESPONSE NO. 319:**

StockX objects to Request No. 319 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 319 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 319:**

Admit that the receipt depicted in NIKE0039530 states that StockX Order Number 36331837-36231596 is for a pair of "Jordan 3 Retro Cardinal Red" shoes, "Style No. CT8532-126," size US Men's 11.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 320:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 36331837-36231596 was "New, 100% authentic".*

**RESPONSE NO. 320:**

StockX objects to Request No. 320 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 320 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 320:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039530, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 321:**

*Admit that You shipped the goods purchased in StockX Order Number 36331837-36231596 to the address on the StockX receipt produced as NIKE0039530.*

**RESPONSE NO. 321:**

StockX objects to Request No. 321 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 321 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 321:**

Admitted.

**REQUEST FOR ADMISSION NO. 323:**

*Admit that NIKE0039192 is a true and correct copy of the StockX receipt for StockX Order Number 15657728-15557487.*

**RESPONSE NO. 323:**

StockX objects to Request No. 323 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 323 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 323**

Admitted.

**REQUEST FOR ADMISSION NO. 324:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 15657728-15557487 were a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 7.*

**RESPONSE NO. 324:**

StockX objects to Request No. 324 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 324 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 324**

Admit that the receipt depicted in NIKE0039192 states that StockX Order Number 15657728-15557487 is for a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 7, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom

any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 325:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 15657728-15557487 was "New, 100% authentic".*

**RESPONSE NO. 325:**

StockX objects to Request No. 325 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 325 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 325**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039192, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 326:**

*Admit that You shipped the goods purchased in StockX Order Number 15657728-15557487 to the address on the StockX receipt produced as NIKE0039192.*

**RESPONSE NO. 326:**

StockX objects to Request No. 326 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 326 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 326**

Admitted.

**REQUEST FOR ADMISSION NO. 327:**

*Admit that NIKE0039226 is a true and correct copy of the StockX receipt for StockX Order Number 14232302-14132061.*

**RESPONSE NO. 328:**

StockX objects to Request No. 328 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 328 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 328**

Admitted.

**REQUEST FOR ADMISSION NO. 329:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 14232302-14132061 were a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 10.*

**RESPONSE NO. 329:**

StockX objects to Request No. 329 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 329 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 329**

Admit that the receipt depicted in NIKE0039226 states that StockX Order Number 14232302-14132061 is for a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 330:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 14232302-14132061 was "New, 100% authentic".*

**RESPONSE NO. 330:**

StockX objects to Request No. 330 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 330 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 330**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039226, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 331:**

*Admit that You shipped the goods purchased in StockX Order Number 14232302-14132061 to the address on the StockX receipt produced as NIKE0039226.*

**RESPONSE NO. 331:**

StockX objects to Request No. 331 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 331 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 331**

Admitted.

**REQUEST FOR ADMISSION NO. 333:**

*Admit that NIKE0039395 is a true and correct copy of the StockX receipt for StockX Order Number 13436644-13336403.*

**RESPONSE NO. 333:**

StockX objects to Request No. 333 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 333 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 333:**

Admitted.

**REQUEST FOR ADMISSION NO. 334:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 13436644-13336403 was a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 10.*

**RESPONSE NO. 334:**

StockX objects to Request No. 334 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 334 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 334:**

Admit that the receipt depicted in NIKE0039395 states that StockX Order Number 13436644-13336403 was a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes,

"Style No. CU3244-100," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 335:

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 13436644-13336403 was "New, 100% authentic".*

## RESPONSE NO. 335:

StockX objects to Request No. 335 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 335 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 335:

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039395, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 336:**

*Admit that You shipped the goods purchased in StockX Order Number 13436644-13336403 to the address on the StockX receipt produced as NIKE0039395.*

**RESPONSE NO. 336:**

StockX objects to Request No. 336 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 336 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 336:**

Admitted.

**REQUEST FOR ADMISSION NO. 338:**

*Admit that NIKE0039312 is a true and correct copy of the StockX receipt for StockX Order Number 15069715-14969474.*

**RESPONSE NO. 338:**

StockX objects to Request No. 338 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 338 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 338:**

Admitted.

**REQUEST FOR ADMISSION NO. 339:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 15069715-14969474 were a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 10.*

**RESPONSE NO. 339:**

StockX objects to Request No. 339 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 339 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 339:**

Admit that the receipt depicted in NIKE0039312 states that StockX Order Number 15069715-14969474 is for a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 340:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 15069715-14969474 was "New, 100% authentic".*

**RESPONSE NO. 340:**

150

StockX objects to Request No. 340 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 340 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 340:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039312, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 341:**

*Admit that You shipped the goods purchased in StockX Order Number 15069715-14969474 to the address on the StockX receipt produced as NIKE0039312.*

**RESPONSE NO. 341:**

StockX objects to Request No. 341 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 341 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 341:

Admitted.

## REQUEST FOR ADMISSION NO. 343:

*Admit that NIKE0039390 is a true and correct copy of the StockX receipt for StockX Order Number 16593333-16493092.*

## RESPONSE NO. 343:

StockX objects to Request No. 343 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 343 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 343:

Admitted.

## REQUEST FOR ADMISSION NO. 344:

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 16593333-16493092 were a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 10.*

## RESPONSE NO. 344:

StockX objects to Request No. 344 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 344 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 344:

Admit that the receipt depicted in NIKE0039390 states that StockX Order Number 16593333-16493092 is for a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 345:

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 16593333-16493092 was "New, 100% authentic".*

## RESPONSE NO. 345:

StockX objects to Request No. 345 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 345 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 345:

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039390, and otherwise StockX lacks information sufficient to admit or deny the

Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 346:

> *Admit that You shipped the goods purchased in StockX Order Number 16593333-16493092 to the address on the StockX receipt produced as NIKE0039390.*

## RESPONSE NO. 346:

StockX objects to Request No. 346 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 346 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 346:

Admitted.

## REQUEST FOR ADMISSION NO. 347:

> *Admit that NIKE0039313 is a true and correct copy of the StockX receipt for StockX Order Number 14822181-14721940.*

## RESPONSE NO. 348:

StockX objects to Request No. 348 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX accordingly objects to Request No. 348 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 348:**

Admitted.

**REQUEST FOR ADMISSION NO. 348:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 14822181-14721940 were a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 11.*

**RESPONSE NO. 349:**

StockX objects to Request No. 349 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 349 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 349:**

Admit that the receipt depicted in NIKE0039313 states that StockX Order Number 14822181-14721940 is for a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 11, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

155

**REQUEST FOR ADMISSION NO. 349:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 14822181-14721940 was "New, 100% authentic".*

**RESPONSE NO. 350:**

StockX objects to Request No. 350 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 350 as propounded and states that no further response is required.


**SUPPLEMENTAL RESPONSE NO. 350:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039313, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 350:**

*Admit that You shipped the goods purchased in StockX Order Number 14822181-14721940 to the address on the StockX receipt produced as NIKE0039313.*

**RESPONSE NO. 351:**

StockX objects to Request No. 351 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 351 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 351:**

Admitted.

**REQUEST FOR ADMISSION NO. 353:**

*Admit that NIKE0039332 is a true and correct copy of the StockX receipt for StockX Order Number 15664317-15564076.*

**RESPONSE NO. 353:**

StockX objects to Request No. 353 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 353 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 353:**

Admitted.

**REQUEST FOR ADMISSION NO. 354:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 15664317-15564076 were a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 12.*

**RESPONSE NO. 354:**

StockX objects to Request No. 354 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 354 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 354:**

Admit that the receipt depicted in NIKE0039332 states that StockX Order Number 15664317-15564076 is for a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 12, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 355:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 15664317-15564076 was "New, 100% authentic".*

**RESPONSE NO. 355:**

StockX objects to Request No. 355 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 355 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 355:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039332, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 356:**

*Admit that You shipped the goods purchased in StockX Order Number 15664317-15564076 to the address on the StockX receipt produced as NIKE0039332.*

**RESPONSE NO. 356:**

StockX objects to Request No. 356 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 356 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 356:**

Admitted.

**REQUEST FOR ADMISSION NO. 358:**

*Admit that NIKE0039148 is a true and correct copy of the StockX receipt for StockX Order Number 13748364-13648123.*

**RESPONSE NO. 358:**

StockX objects to Request No. 358 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 358 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 358:**

Admitted.

**REQUEST FOR ADMISSION NO. 359:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 13748364-13648123 were a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 12.*

**RESPONSE NO. 359:**

StockX objects to Request No. 359 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 359 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 359:**

Admit that the receipt depicted in NIKE0039148 states that StockX Order Number 13748364-13648123 is for a pair of "Nike SB Dunk Low Ben & Jerry's Chunky Dunky" shoes, "Style No. CU3244-100," size US Men's 12, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to

whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 360:

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 13748364-13648123 was "New, 100% authentic".*

## RESPONSE NO. 360:

StockX objects to Request No. 360 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 360 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 360:

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039148, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 361:

*Admit that You shipped the goods purchased in StockX Order Number 13748364-13648123 to the address on the StockX receipt produced as NIKE0039332.*

**RESPONSE NO. 361:**

StockX objects to Request No. 361 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 361 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 361:**

Admitted.

**REQUEST FOR ADMISSION NO. 363:**

*Admit that NIKE0039382 is a true and correct copy of the StockX receipt for StockX Order Number 14645349-14545108.*

**RESPONSE NO. 363:**

StockX objects to Request No. 363 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 363 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 363:**

Admitted.

**REQUEST FOR ADMISSION NO. 364:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 14645349-14545108 were a pair of "Nike SB Dunk Low Grateful Dead Bears Opti Yellow" shoes, "Style No. CJ5378-700," size US Men's 10.*

**RESPONSE NO. 364:**

StockX objects to Request No. 364 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 364 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 364:**

Admit that the receipt depicted in NIKE0039382 states that StockX Order Number 14645349-14545108 is for a pair of "Nike SB Dunk Low Grateful Dead Bears Opti Yellow" shoes, "Style No. CJ5378-700," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 365:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 14645349-14545108 was "New, 100% authentic".*

**RESPONSE NO. 365:**

StockX objects to Request No. 365 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 365 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 365:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039382, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 366:**

*Admit that You shipped the goods purchased in StockX Order Number 14645349-14545108 to the address on the StockX receipt produced as NIKE0039382.*

**RESPONSE NO. 366:**

StockX objects to Request No. 366 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 366 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 366:**

Admitted.

**REQUEST FOR ADMISSION NO. 368:**

*Admit that NIKE0039141 is a true and correct copy of the StockX receipt for StockX Order Number 14815165-14714924.*

**RESPONSE NO. 368:**

StockX objects to Request No. 368 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 368 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 368:**

Admitted.

**REQUEST FOR ADMISSION NO. 369:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 14815165-14714924 were a pair of "Nike SB Dunk Low Grateful Dead Bears Opti Yellow" shoes, "Style No. CJ5378-700," size US Men's 12.*

**RESPONSE NO. 369:**

StockX objects to Request No. 369 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 369 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 369:**

Admit that the receipt depicted in NIKE0039141 states that StockX Order Number 14815165-14714924 is for a pair of "Nike SB Dunk Low Grateful Dead Bears Opti Yellow" shoes, "Style No. CJ5378-700," size US Men's 12, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 370:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 14815165-14714924 was "New, 100% authentic".*

**RESPONSE NO. 370:**

StockX objects to Request No. 370 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 370 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 370:**

Admit that that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039141, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry,

StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 371:

*Admit that You shipped the goods purchased in StockX Order Number 14815165-14714924 to the address on the StockX receipt produced as NIKE0039141.*

## RESPONSE NO. 371:

StockX objects to Request No. 371 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 371 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 371:

Admitted.

## REQUEST FOR ADMISSION NO. 373:

*Admit that NIKE0039127 is a true and correct copy of the StockX receipt for StockX Order Number 21784712-21684471.*

## RESPONSE NO. 373:

StockX objects to Request No. 373 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 373 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 373:

Admitted.

## REQUEST FOR ADMISSION NO. 374:

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 21784712-21684471 were a pair of "Jordan 1 Retro High Dark Mocha (GS)" shoes, "Style No. 575441-105," size US Children's 5.5Y.*

## RESPONSE NO. 374:

StockX objects to Request No. 374 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 374 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 374:

Admit that the receipt depicted in NIKE0039127 states that StockX Order Number 21784712-21684471 is for a pair of "Jordan 1 Retro High Dark Mocha (GS)" shoes, "Style No. 575441-105," size US Children's 5.5Y, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 375:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 21784712-21684471 was "New, 100% authentic".*

**RESPONSE NO. 375:**

StockX objects to Request No. 375 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 375 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 375:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in  NIKE0039127, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 376:**

*Admit that You shipped the goods purchased in StockX Order Number 21784712-21684471 to the address on the StockX receipt produced as NIKE0039127.*

**RESPONSE NO. 376:**

StockX objects to Request No. 376 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 376 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 376:**

Admitted.

**REQUEST FOR ADMISSION NO. 377:**

*Admit that NIKE0039217 is a true and correct copy of the StockX receipt for StockX Order Number 19070927-18970686.*

**RESPONSE NO. 378:**

StockX objects to Request No. 378 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 378 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 378**

Admitted.

**REQUEST FOR ADMISSION NO. 378:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 19070927-18970686 were a pair of "Jordan 1 Retro High Dark Mocha (GS)" shoes, "Style No. 575441-105," size US Children's 6Y.*

**RESPONSE NO. 379:**

StockX objects to Request No. 379 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 379 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 379**

Admit that the receipt depicted in NIKE0039217 states that StockX Order Number 19070927-18970686 is for a pair of "Jordan 1 Retro High Dark Mocha (GS)" shoes, "Style No. 575441-105," size US Children's 6Y, but otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 379:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 19070927-18970686 was "New, 100% authentic".*

**RESPONSE NO. 380:**

StockX objects to Request No. 380 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 380 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 380**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039217, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 380:**

*Admit that You shipped the goods purchased in StockX Order Number 19070927-18970686 to the address on the StockX receipt produced as NIKE0039217.*

**RESPONSE NO. 381:**

StockX objects to Request No. 381 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 381 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 381**

Admitted.

**REQUEST FOR ADMISSION NO. 383:**

*Admit that NIKE0039236 is a true and correct copy of the StockX receipt for StockX Order Number 2201034-21909893.*

**RESPONSE NO. 383:**

StockX objects to Request No. 383 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 383 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 383**

Admitted.

**REQUEST FOR ADMISSION NO. 384:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 2201034-21909893 were a pair of "Jordan 1 Retro High Dark Mocha (GS)" shoes, "Style No. 575441-105," size US Children's 6.5Y.*

**RESPONSE NO. 384:**

StockX objects to Request No. 384 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 384 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 384**

Admit that the receipt depicted in NIKE0039236 states that StockX Order Number 2201034-21909893 is for a pair of "Jordan 1 Retro High Dark Mocha (GS)" shoes, "Style No. 575441-105," size US Children's 6.5Y, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable

inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 385:**

> *Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 2201034-21909893 was "New, 100% authentic".*

**RESPONSE NO. 385:**

StockX objects to Request No. 385 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 385 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 385**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039236, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 386:**

> *Admit that You shipped the goods purchased in StockX Order Number 2201034-21909893 to the address on the StockX receipt produced as NIKE0039236.*

**RESPONSE NO. 386:**

StockX objects to Request No. 386 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 386 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 386**

Admitted.

**REQUEST FOR ADMISSION NO. 388:**

*Admit that NIKE0039195 is a true and correct copy of the StockX receipt for StockX Order Number 18304922-18204681.*

**RESPONSE NO. 388:**

StockX objects to Request No. 388 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 388 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 388**

Admitted.

**REQUEST FOR ADMISSION NO. 389:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 18304922-18204681 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 8.5.*

**RESPONSE NO. 389:**

StockX objects to Request No. 389 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 389 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 389**

Admit that the receipt depicted in NIKE0039195 states that StockX Order Number 18304922-18204681 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 8.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 390:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 18304922-18204681 was "New, 100% authentic".*

**RESPONSE NO. 390:**

StockX objects to Request No. 390 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 390 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 390

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039195, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 391:

*Admit that You shipped the goods purchased in StockX Order Number 18304922-18204681 to the address on the StockX receipt produced as NIKE0039195.*

## RESPONSE NO. 391:

StockX objects to Request No. 391 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 391 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 391

Admitted.

## REQUEST FOR ADMISSION NO. 393:

*Admit that NIKE0039365 is a true and correct copy of the StockX receipt for StockX Order Number 17737320-17637079.*

**RESPONSE NO. 393:**

StockX objects to Request No. 393 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 393 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 393:**

Admitted.

**REQUEST FOR ADMISSION NO. 394:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 17737320-17637079 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 9.*

**RESPONSE NO. 394:**

StockX objects to Request No. 394 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 394 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 394:**

Admit that the receipt depicted in NIKE0039365 states that StockX Order Number 17737320-17637079 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 9, and otherwise StockX lacks information sufficient to admit or

deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 395:

> Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 17737320-17637079 was "New, 100% authentic".

## RESPONSE NO. 395:

StockX objects to Request No. 395 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 395 as propounded and states that no further response is required.


## SUPPLEMENTAL RESPONSE NO. 395:

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039365, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 396:**

*Admit that You shipped the goods purchased in StockX Order Number 17737320-17637079 to the address on the StockX receipt produced as NIKE0039365.*

**RESPONSE NO. 396:**

StockX objects to Request No. 396 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 396 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 396:**

Admitted.

**REQUEST FOR ADMISSION NO. 398:**

*Admit that NIKE0039340 is a true and correct copy of the StockX receipt for StockX Order Number 16473902-16373661.*

**RESPONSE NO. 398:**

StockX objects to Request No. 398 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 398 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 398:**

Admitted.

**REQUEST FOR ADMISSION NO. 399:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 16473902-16373661 were a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 12.*

**RESPONSE NO. 399:**

StockX objects to Request No. 399 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 399 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 399:**

Admit that the receipt depicted in NIKE0039340 states that StockX Order Number 16473902-16373661 is for a pair of "Jordan 1 Retro High Dark Mocha" shoes, "Style No. 555088-105," size US Men's 12, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 400:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 16473902-16373661 was "New, 100% authentic".*

**RESPONSE NO. 400:**

StockX objects to Request No. 400 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 400 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 400:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039340, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 401:**

*Admit that You shipped the goods purchased in StockX Order Number 16473902-16373661 to the address on the StockX receipt produced as NIKE0039340.*

**RESPONSE NO. 401:**

StockX objects to Request No. 401 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 401 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 401:**

Admitted.

**REQUEST FOR ADMISSION NO. 403:**

*Admit that NIKE0039122 is a true and correct copy of the StockX receipt for StockX Order Number 30714220-30613979.*

**RESPONSE NO. 403:**

StockX objects to Request No. 403 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 403 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 403:**

Admitted.

**REQUEST FOR ADMISSION NO. 404:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 30714220-30613979 were a pair of "Jordan 1 Retro High Shadow 2.0" shoes, "Style No. 555088-035," size US Men's 8.5.*

**RESPONSE NO. 404:**

StockX objects to Request No. 404 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 404 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 404:

Admit that the receipt depicted in NIKE0039122 states that StockX Order Number 32985400-32885159 is for a pair of "Jordan 1 Retro High Shadow 2.0" shoes, "Style No. 555088-035," size US Men's 8.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 405:

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 30714220-30613979 was "New, 100% authentic".*

## RESPONSE NO. 405:

StockX objects to Request No. 405 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 405 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 405:

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in  NIKE0039122, and otherwise StockX lacks information sufficient to admit or deny the

Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 406:**

>    Admit that You shipped the goods purchased in StockX Order Number 30714220-30613979 to the address on the StockX receipt produced as NIKE0039122.

**RESPONSE NO. 406:**

StockX objects to Request No. 406 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 406 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 406:**

Admitted.

**REQUEST FOR ADMISSION NO. 408:**

>    Admit that NIKE0039201 is a true and correct copy of the StockX receipt for StockX Order Number 35674097-35573856.

**RESPONSE NO. 408:**

StockX objects to Request No. 408 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 408 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 408

Admitted.

## REQUEST FOR ADMISSION NO. 409:

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 35674097-35573856 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 11.*

## RESPONSE NO. 409:

StockX objects to Request No. 409 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 409 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 409

Admit that the receipt depicted in NIKE0039201 states that StockX Order Number 35674097-35573856 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 11, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 410:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 35674097-35573856 was "New, 100% authentic".*

**RESPONSE NO. 410:**

StockX objects to Request No. 410 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 410 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 410**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039201, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 411:**

*Admit that You shipped the goods purchased in StockX Order Number 35674097-35573856 to the address on the StockX receipt produced as NIKE0039201.*

**RESPONSE NO. 411:**

StockX objects to Request No. 411 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 411 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 411

Admitted.

## REQUEST FOR ADMISSION NO. 413:

*Admit that NIKE0039240 is a true and correct copy of the StockX receipt for StockX Order Number 22433173-22332932.*

## RESPONSE NO. 413:

StockX objects to Request No. 413 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 413 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 413:

Admitted.

## REQUEST FOR ADMISSION NO. 414:

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 22433173-22332932 were a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 13.*

## RESPONSE NO. 414:

StockX objects to Request No. 414 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 414 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 414:**

Admit that the receipt depicted in NIKE0039240 states that StockX Order Number 22433173-22332932 is for a pair of "Jordan 1 Retro High White University Blue Black" shoes, "Style No. 555088-134," size US Men's 13, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 415:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 22433173-22332932 was "New, 100% authentic".*

**RESPONSE NO. 415:**

StockX objects to Request No. 415 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 415 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 415:**

189

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039240, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 416:**

*Admit that You shipped the goods purchased in StockX Order Number 22433173-22332932 to the address on the StockX receipt produced as NIKE0039240.*

**RESPONSE NO. 416:**

StockX objects to Request No. 416 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 416 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 416:**

Admitted.

**REQUEST FOR ADMISSION NO. 418:**

*Admit that NIKE0039314 is a true and correct copy of the StockX receipt for StockX Order Number 29076095-28975854.*

**RESPONSE NO. 418:**

StockX objects to Request No. 418 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 418 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 418:**

Admitted.

**REQUEST FOR ADMISSION NO. 419:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 29076095-28975854 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey (GS)" shoes, "Style No. 575441-402," size US Children's 4.5Y.*

**RESPONSE NO. 419:**

StockX objects to Request No. 419 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 419 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 419:**

Admit that the receipt depicted in NIKE0039314 states that in StockX Order Number 29076095-28975854 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey (GS)" shoes, "Style No. 575441-402," size US Children's 4.5Y, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 420:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 29076095-28975854 was "New, 100% authentic".*

**RESPONSE NO. 420:**

StockX objects to Request No. 420 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 420 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 420:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039314, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 421:**

*Admit that You shipped the goods purchased in StockX Order Number 29076095-28975854 to the address on the StockX receipt produced as NIKE0039314.*

**RESPONSE NO. 421:**

StockX objects to Request No. 421 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 421 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 421:**

Admitted.

**REQUEST FOR ADMISSION NO. 423:**

*Admit that NIKE0039248 is a true and correct copy of the StockX receipt for StockX Order Number 29472069-29371828.*

**RESPONSE NO. 423:**

StockX objects to Request No. 423 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 423 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 423:**

Admitted.

**REQUEST FOR ADMISSION NO. 424:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 29472069-29371828 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey (GS)" shoes, "Style No. 575441-402," size US Children's 5Y.*

**RESPONSE NO. 424:**

StockX objects to Request No. 424 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 424 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 424:**

Admit that the receipt depicted in NIKE0039248 states that StockX Order Number 29472069-29371828 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey (GS)" shoes, "Style No. 575441-402," size US Children's 5Y, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 425:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 29472069-29371828 was "New, 100% authentic".*

**RESPONSE NO. 425:**

StockX objects to Request No. 425 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 425 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 425:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039248, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 426:**

*Admit that You shipped the goods purchased in StockX Order Number 29472069-29371828 to the address on the StockX receipt produced as NIKE0039248.*

**RESPONSE NO. 426:**

StockX objects to Request No. 426 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 426 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 426:**

Admitted.

**REQUEST FOR ADMISSION NO. 428:**

*Admit that NIKE0039319 is a true and correct copy of the StockX receipt for StockX Order Number 23276236-23175995.*

**RESPONSE NO. 428:**

StockX objects to Request No. 428 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 428 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 428:

Admitted.

## REQUEST FOR ADMISSION NO. 429:

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 23276236-23175995 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 7.*

## RESPONSE NO. 429:

StockX objects to Request No. 429 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 429 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 429:

Admit that the receipt depicted in NIKE0039319 states that StockX Order Number 23276236-23175995 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 7, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 430:**

> *Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 23276236-23175995 was "New, 100% authentic".*

**RESPONSE NO. 430:**

StockX objects to Request No. 430 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 430 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 430:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039319, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 431:**

> *Admit that You shipped the goods purchased in StockX Order Number 23276236-23175995 to the address on the StockX receipt produced as NIKE0039319.*

**RESPONSE NO. 431:**

StockX objects to Request No. 431 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 431 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 431:**

　　Admitted.

**REQUEST FOR ADMISSION NO. 433:**

　　*Admit that NIKE0039356 is a true and correct copy of the StockX receipt for StockX Order Number 25026089-24925848.*

**RESPONSE NO. 433:**

　　StockX objects to Request No. 433 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 433 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 433:**

　　Admitted.

**REQUEST FOR ADMISSION NO. 434:**

　　*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 25026089-24925848 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 10.*

**RESPONSE NO. 434:**

　　StockX objects to Request No. 434 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 434 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 434:**

Admit that the receipt depicted in NIKE0039356 states that StockX Order Number 25026089-24925848 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 435:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 25026089-24925848 was "New, 100% authentic".*

**RESPONSE NO. 435:**

StockX objects to Request No. 435 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 435 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 435:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039356, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 436:**

*Admit that You shipped the goods purchased in StockX Order Number 25026089-24925848 to the address on the StockX receipt produced as NIKE0039356.*

**RESPONSE NO. 436:**

StockX objects to Request No. 436 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 436 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 436:**

Admitted.

**REQUEST FOR ADMISSION NO. 438:**

*Admit that NIKE0039252 is a true and correct copy of the StockX receipt for StockX Order Number 22369379-22269138.*

**RESPONSE NO. 438:**

StockX objects to Request No. 438 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 438 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 438:**

Admitted.

**REQUEST FOR ADMISSION NO. 439:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 22369379-22269138 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 10.5.*

**RESPONSE NO. 439:**

StockX objects to Request No. 439 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 439 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 439:**

Admit that the receipt depicted in NIKE0039252 states that StockX Order Number 22369379-22269138 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to

whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 440:**

>   *Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 22369379-22269138 was "New, 100% authentic".*

**RESPONSE NO. 440:**

StockX objects to Request No. 440 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 4401 as propounded and states that no further response is required.


**SUPPLEMENTAL RESPONSE NO. 440:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039252, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 441:**

>   *Admit that You shipped the goods purchased in StockX Order Number 22369379-22269138 to the address on the StockX receipt produced as NIKE0039252.*

**RESPONSE NO. 441:**

StockX objects to Request No. 441 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 441 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 441:**

Admitted.

**REQUEST FOR ADMISSION NO. 443:**

*Admit that NIKE0039253 is a true and correct copy of the StockX receipt for StockX Order Number 21953636-21853395.*

**RESPONSE NO. 443:**

StockX objects to Request No. 443 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 443 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 443:**

Admitted.

**REQUEST FOR ADMISSION NO. 444:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 21953636-21853395 were a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 13.*

**RESPONSE NO. 444:**

StockX objects to Request No. 444 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 444 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 444:**

Admit that the receipt depicted in NIKE0039253 states that StockX Order Number 21953636-21853395 is for a pair of "Jordan 1 Retro High Hyper Royal Smoke Grey" shoes, "Style No. 555088-402," size US Men's 13, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 445:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 21953636-21853395 was "New, 100% authentic".*

**RESPONSE NO. 445:**

StockX objects to Request No. 445 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 445 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 444:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039253, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 446:**

*Admit that You shipped the goods purchased in StockX Order Number 21953636-21853395 to the address on the StockX receipt produced as NIKE0039253.*

**RESPONSE NO. 446:**

StockX objects to Request No. 446 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 446 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 446:**

Admitted.

**REQUEST FOR ADMISSION NO. 448:**

*Admit that NIKE0039413 is a true and correct copy of the StockX receipt for StockX Order Number 33232639-33132398.*

**RESPONSE NO. 448:**

StockX objects to Request No. 448 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 448 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 448:**

Admitted.

**REQUEST FOR ADMISSION NO. 449:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 33232639-33132398 were a pair of "Jordan 1 Retro High OG Patent Bred" shoes, "Style No. 555088-063," size US Men's 11.*

**RESPONSE NO. 449:**

StockX objects to Request No. 449 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 449 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 449:**

Admit that the receipt depicted in NIKE0039413 states that StockX Order Number 33232639-33132398 is for a pair of "Jordan 1 Retro High OG Patent Bred" shoes, "Style No. 555088-063," size US Men's 11, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 450:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 33232639-33132398 was "New, 100% authentic".*

**RESPONSE NO. 450:**

StockX objects to Request No. 450 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 450 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 450:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039413, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry,

StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 451:

*Admit that You shipped the goods purchased in StockX Order Number 33232639-33132398 to the address on the StockX receipt produced as NIKE0039413.*

## RESPONSE NO. 451:

StockX objects to Request No. 451 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 451 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 451:

Admitted.

## REQUEST FOR ADMISSION NO. 453:

*Admit that NIKE0039268 is a true and correct copy of the StockX receipt for StockX Order Number 35030359-34930118.*

## RESPONSE NO. 453:

StockX objects to Request No. 453 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 453 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 453:

Admitted.

## REQUEST FOR ADMISSION NO. 454:

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 35030359-34930118 were a pair of "Jordan 1 Retro High OG Patent Bred" shoes, "Style No. 555088-063," size US Men's 10.*

## RESPONSE NO. 454:

StockX objects to Request No. 454 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 454 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 454:

Admit that the receipt depicted in NIKE0039268 states that StockX Order Number 35030359-34930118 is for a pair of "Jordan 1 Retro High OG Patent Bred" shoes, "Style No. 555088-063," size US Men's 10, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

## REQUEST FOR ADMISSION NO. 455:

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 35030359-34930118 was "New, 100% authentic".*

## RESPONSE NO. 455:

StockX objects to Request No. 455 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 455 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 455:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039268, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 456:**

*Admit that You shipped the goods purchased in StockX Order Number 35030359-34930118 to the address on the StockX receipt produced as NIKE0039268.*

**RESPONSE NO. 456:**

StockX objects to Request No. 456 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 456 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 456:**

Admitted.

**REQUEST FOR ADMISSION NO. 458:**

*Admit that NIKE0039297 is a true and correct copy of the StockX receipt for StockX Order Number 33611024-33510783.*

**RESPONSE NO. 458:**

StockX objects to Request No. 458 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 458 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 458:**

Admitted.

**REQUEST FOR ADMISSION NO. 459:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 33611024-33510783 were a pair of "Jordan 2 Retro Low SP Off-White White Red" shoes, "Style No. DJ4375-106," size US Men's 9.5.*

**RESPONSE NO. 459:**

StockX objects to Request No. 459 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 459 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 459:**

Admit that the receipt depicted in NIKE0039297 states that StockX Order Number 33611024-33510783 is for a pair of "Jordan 2 Retro Low SP Off-White White Red" shoes, "Style No. DJ4375-106," size US Men's 9.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 460:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 33611024-33510783 was "New, 100% authentic".*

**RESPONSE NO. 460:**

StockX objects to Request No. 460 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 460 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 460:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039297, and otherwise StockX lacks information sufficient to admit or deny the

Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 461:**

> Admit that You shipped the goods purchased in StockX Order Number 33611024-33510783 to the address on the StockX receipt produced as NIKE0039297.

**RESPONSE NO. 461:**

StockX objects to Request No. 461 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 461 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 461:**

Admitted.

**REQUEST FOR ADMISSION NO. 463:**

> Admit that NIKE0039302 is a true and correct copy of the StockX receipt for StockX Order Number 33824445-33724204.

**RESPONSE NO. 463:**

StockX objects to Request No. 463 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 463 as

propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 463:**

Admitted.

**REQUEST FOR ADMISSION NO. 464:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order
Number 33824445-33724204 were a pair of "Jordan 2 Retro Low SP Off-White White
Red" shoes, "Style No. DJ4375-106," size US Men's 10.*

**RESPONSE NO. 464:**

StockX objects to Request No. 464 on grounds that, taken as a whole, Nike's Second Set

of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than

genuineness – of documents.  StockX accordingly objects to Request No. 464 as propounded and

states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 464:**

Admit that the receipt depicted in NIKE0039302 states that StockX Order Number

33824445-33724204 is for a pair of "Jordan 2 Retro Low SP Off-White White Red" shoes,

"Style No. DJ4375-106," size US Men's 10, and otherwise StockX lacks information sufficient

to admit or deny the Request because it does not identify with specificity "the purchaser" to

whom any "representation" was allegedly made, or in what context, and because, after

reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 465:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 33824445-33724204 was "New, 100% authentic".*

**RESPONSE NO. 465:**

StockX objects to Request No. 465 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 465 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 465:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039302, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 466:**

*Admit that You shipped the goods purchased in StockX Order Number 33824445-33724204 to the address on the StockX receipt produced as NIKE0039302.*

**RESPONSE NO. 466:**

StockX objects to Request No. 466 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 466 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 466:**

Admitted.

**REQUEST FOR ADMISSION NO. 468:**

*Admit that NIKE0039174 is a true and correct copy of the StockX receipt for StockX Order Number 17314753-17214512.*

**RESPONSE NO. 468:**

StockX objects to Request No. 468 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 468 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 468:**

Admitted.

**REQUEST FOR ADMISSION NO. 469:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 17314753-17214512 were a pair of "Jordan 5 Retro What The" shoes, "Style No. CZ5725-700," size US Men's 12.*

**RESPONSE NO. 469:**

StockX objects to Request No. 469 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 469 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 469:**

Admit that the receipt depicted in NIKE0039174 states that StockX Order Number 17314753-17214512 is for a pair of "Jordan 5 Retro What The" shoes, "Style No. CZ5725-700," size US Men's 12, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 470:**

Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 17314753-17214512 was "New, 100% authentic".

**RESPONSE NO. 470:**

StockX objects to Request No. 470 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that

it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 470 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 470:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039174, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 471:**

*Admit that You shipped the goods purchased in StockX Order Number 17314753-17214512 to the address on the StockX receipt produced as NIKE0039174.*

**RESPONSE NO. 471:**

StockX objects to Request No. 471 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 471 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 471:**

Admitted.

**REQUEST FOR ADMISSION NO. 473:**

*Admit that NIKE0039288 is a true and correct copy of the StockX receipt for StockX Order Number 29724296-29624055.*

**RESPONSE NO. 473:**

StockX objects to Request No. 473 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX accordingly objects to Request No. 473 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 473:**

Admitted.

**REQUEST FOR ADMISSION NO. 474:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 29724296-29624055 were a pair of "Jordan 5 Retro What The" shoes, "Style No. CZ5725-700," size US Men's 12.*

**RESPONSE NO. 474:**

StockX objects to Request No. 474 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 474 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 474:**

Denied.

**REQUEST FOR ADMISSION NO. 475:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 29724296-29624055 was "New, 100% authentic".*

**RESPONSE NO. 475:**

StockX objects to Request No. 475 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 475 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 475:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039288, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 476:**

*Admit that You shipped the goods purchased in StockX Order Number 29724296-29624055 to the address on the StockX receipt produced as NIKE0039288.*

**RESPONSE NO. 476:**

StockX objects to Request No. 476 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 476 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 476:**

Admitted.

**REQUEST FOR ADMISSION NO. 478:**

*Admit that NIKE0039389 is a true and correct copy of the StockX receipt for StockX Order Number 32125850-32025609.*

**RESPONSE NO. 478:**

StockX objects to Request No. 478 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 478 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 478:**

Admitted.

**REQUEST FOR ADMISSION NO. 479:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 32125850-32025609 were a pair of "Jordan 4 Retro Shimmer (W)" shoes, "Style No. DJ0675-200," size US Women's 9.*

**RESPONSE NO. 479:**

StockX objects to Request No. 479 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 479 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 479:**

Admit that the receipt depicted in NIKE0039389 states that StockX Order Number 32125850-32025609 is for a pair of "Jordan 4 Retro Shimmer (2)" shoes," size US Women's 9W; and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 480:**

*Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 32125850-32025609 was "New, 100% authentic".*

**RESPONSE NO. 480:**

StockX objects to Request No. 480 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 480 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 480:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039389, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 481:**

*Admit that You shipped the goods purchased in StockX Order Number 32125850-32025609 to the address on the StockX receipt produced as NIKE0039389.*

**RESPONSE NO. 481:**

StockX objects to Request No. 481 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents. StockX accordingly objects to Request No. 481 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 481:**

Admitted.

**REQUEST FOR ADMISSION NO. 483:**

*Admit that NIKE0039179 is a true and correct copy of the StockX receipt for StockX Order Number 26366631-26266390.*

**RESPONSE NO. 483:**

StockX objects to Request No. 483 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case,

to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial.  StockX accordingly objects to Request No. 483 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 483:**

Admitted.

**REQUEST FOR ADMISSION NO. 484:**

*Admit that You represented to the purchaser that the goods purchased in StockX Order Number 26366631-26266390 were a pair of "Jordan 13 Retro Obsidian Powder Blue White" shoes, "Style No. 414571-144," size US Men's 10.5.*

**RESPONSE NO. 484:**

StockX objects to Request No. 484 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 484 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 484:**

Admit that the receipt depicted in NIKE0039179 states that StockX Order Number 26366631-26266390 is for a pair of "Jordan 13 Retro Obsidian Powder Blue White" shoes, "Style No. 414571-144," size US Men's 10.5, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 485:**

> *Admit that You represented to the purchaser that the "Condition" of the goods purchased in StockX Order Number 26366631-26266390 was "New, 100% authentic".*

**RESPONSE NO. 485:**

StockX objects to Request No. 485 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 485 as propounded and states that no further response is required.

**SUPPLEMENTAL RESPONSE NO. 485:**

Admit that the phrase "Condition New; 100% authentic" appears on the receipt depicted in NIKE0039179, and otherwise StockX lacks information sufficient to admit or deny the Request because it does not identify with specificity "the purchaser" to whom any "representation" was allegedly made, or in what context, and because, after reasonable inquiry, StockX cannot know or readily obtain information about what information unnamed third parties may have received.

**REQUEST FOR ADMISSION NO. 486:**

> *Admit that You shipped the goods purchased in StockX Order Number 26366631-26266390 to the address on the StockX receipt produced as NIKE0039179.*

**RESPONSE NO. 486:**

StockX objects to Request No. 486 on grounds that, taken as a whole, Nike's Second Set of Requests for Admission are unduly burdensome and not proportional to the needs of the case, to the extent that Nike's 427 propounded RFAs impose an unreasonable burden on StockX and

will not effectively narrow issues for trial. StockX further objects to this request on the basis that it improperly attempts to seek admissions as to the content and interpretation – rather than genuineness – of documents.  StockX accordingly objects to Request No. 486 as propounded and states that no further response is required.

## SUPPLEMENTAL RESPONSE NO. 486

Admitted.


Dated:  March 17, 2023
New York, New York

                       DEBEVOISE & PLIMPTON LLP

                 By:  */s/ Megan K. Bannigan*
                 Megan K. Bannigan (mkbannigan@debevoise.com)
                 David H. Bernstein (dhbernstein@debevoise.com)
                 Jyotin Hamid (jhamid@debevoise.com)
                 Christopher S. Ford (csford@debevoise.com)
                 Justin Ferrone (jcferrone@debevoise.com)
                 Kathryn C. Saba (ksaba@debevoise.com)
                 66 Hudson Boulevard
                 New York, New York, 10001
                 (212) 909-6000

                 KILPATRICK TOWNSEND & STOCKTON LLP
                 Rob Potter (RPotter@kilpatricktownsend.com)
                 Briggs Wright (briggs.wright@kilpatricktownsend.com)
                 1114 Avenue of the Americas
                 New York, New York 10036
                 (212) 775-8733

                 MORGANROTH & MORGANROTH PLLC
                 Jeffrey B. Morganroth
                 (Jmorganroth@morganrothlaw.com)
                 167 East 61st Street, #23ª
                 New York, New York 10065
                 (248) 864-4000

                 *Attorneys for StockX LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2023, a true and correct copy of StockX's Second Supplemental Responses and Objections to Nike's Second Set of Requests for Admissions was served on all counsel of record for Plaintiff Nike, Inc. via email, as agreed to by the parties as the preferred method of service:

> tamar.duvdevani@us.dlapiper.com
> marc.miller@us.dlapiper.com
> jared.greenfield@us.dlapiper.com
> michael.fluhr@us.dlapiper.com

BY: <u>/s/ *Justin C. Ferrone*            </u>