# Exhibit 109

*Redacted Public Version*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

Plaintiff,

v. No. 1:22-CV-00983-VEC

STOCKX LLC,

Defendant.

VIDEOTAPED DEPOSITION OF LAURA RIZZA

Taken in behalf of the Defendant

February 1, 2023

*** HIGHLY CONFIDENTIAL ***

BE IT REMEMBERED THAT pursuant to Federal Rules of Civil Procedure, the deposition of LAURA RIZZA was taken before Julie A. Walter, CSR No. 90-0173 on February 1, 2023, commencing at the hour of 9:42 a.m., the proceedings being reported in the law offices of Stoel Rives, 760 SW Ninth Avenue, Suite 3000, Portland, Oregon.

* * *

APPEARANCES

DLA PIPER
Mr. Marc Miller
1251 Avenue of the Americas
New York, New York 10020
Counsel for the Plaintiff

DEBEVOISE & PLIMPTON LLP
Mr. Christopher Ford
650 California Street
San Francisco, California 94108
Ms. Mai-Lee Picard
919 Third Avenue
New York, New York 10022
Counsel for the Defendant

APPEARANCES CONTINUED:

Also Present:
Kimberly Van Voorhis
Assistant General Counsel Nike

Mick Irwin
Videographer

EXHIBIT INDEX

| Number | Item | Page |
|---|---|---|
| Exhibit 1 | [REDACTED] Presentation NIKE 0040131 through 40160 | 28 |
| Exhibit 2 | Plaintiff Nike Inc. Supplemental Responses and Objections to Defendant StockX LLC's Second Set of Interrogatories | 66 |
| Exhibit 3 | 11/11/21 Email With Attachments NIKE 0029176 to 0029186 | 79 |
| Exhibit 4 | 11/11/21 email with Attachments NIKE 0029156 to 0029175 | 85 |
| Exhibit 5 | 11/1521 Email Thread NIKE 0029187 to 29191 | 90 |
| Exhibit 6 | List of [REDACTED] NIKE 0039044 | 99 |
| Exhibit 7 | 3/7/22 Email Thread NIKE 0040472 to 0040478 | 107 |
| Exhibit 8 | 4/20/22 Email Thread NIKE 0025918 to 0025922 | 115 |

| Number | Item | Page |
|---|---|---|
| Exhibit 9 | 10/25/21 Email with attachment NIKE 0060175 to 0060224 | 132 |
| Exhibit 10 | [REDACTED] NIKE 0039827 to 39832 | [REDACTED] |
| Exhibit 11 | 9/25/20 Email with Attachment NIKE 0039841 to 0039846 | 140 |
| Exhibit 12 | 12/11/20 Email with Attachment NIKE 0039847 to 0039853 | 146 |
| Exhibit 13 | 3/29/21 Email with Attachment NIKE 0039833-0039840 | 152 |
| Exhibit 14 | 8/11/11 Email with Attachment NIKE 0042530 | 159 |
| Exhibit 15 | 5/27/20 Email Thread NIKE 0040486 | 170 |
| Exhibit 16 | Excel Spreadsheet NIKE 0039436 | 179 |

Exhibit 17 Declaration of David P. Stapleton in Support of Receiver's Motion For Order Approving Liquidation Plans 196

P R O C E E D I N G S

THE VIDEOGRAPHER: Good morning. We are going on the record at 9:42 a.m. on Wednesday, February 1st, 2023. This begins Media Unit Number 1 in the video recorded deposition of Laura Rizza taken in the matter NIKE, Inc., versus StockX LLC.

This case is styled in the United States District Court for the Southern District of New York, Case Number 22-CV-00983.

Can counsel identify themselves for the record, please.

MR. FORD: Christopher Ford, Debevoise and Plimpton, for defendants StockX. I'm joined by my colleague, Mai-Lee Picard.

MR. MILLER: Good morning. This is Marc Miller from DLA Piper on behalf of plaintiff NIKE, Inc., and I'm joined by Kim Van Voorhis of NIKE.

LAURA RIZZA

was thereupon produced as a witness and, after having been duly sworn on oath, was examined and testified as follows:

EXAMINATION

BY MR. FORD:

Q. Good morning, Ms. Rizza.
A. Good morning.
Q. Have you ever been deposed before?
A. No.
Q. Okay. So just a few quick ground rules that Mr. Miller may have gone over with you so we're on the same page. The court reporter is taking down everything that anyone in the room says. So I'll ask the question, and if you can wait for me to finish the whole question before you answer. Mr. Miller may object, and we'll just try not to speak over each other. I'll similarly try to wait for you to finish your answer before I ask the next question. If at any point you realize that you hadn't finished your answer or need to say something further, just let me know and we can navigate that.

It is important that you give verbal answers, not just nods of the head like you're doing now, which is fine. But do you understand all of that?
A. I do.
Q. Any reason that you can't give complete, truthful and accurate testimony today?
A. No.
Q. [REDACTED]

[REDACTED]

Q. Okay. Have you had any conversations -- well, let me withdraw that and start.

Are you currently employed at NIKE?

HIGHLY CONFIDENTIAL

Page 170

(Exhibit 15 marked)
Q. BY MR. FORD: Ms. Rizza, the court reporter has handed you a document marked Exhibit 15, which is NIKE0040486, which is an email from Mr. Vieira to you. Take a look and let me know when you --
A. Sorry. You're right. It was May.
Q. Yeah. So worries. It's not a memory test. I just wanted to understand [REDACTED] we might be talking about.
So does this -- this refreshes your recollection [REDACTED]
A. It does.
Q. And so you learned about the fact [REDACTED]
A. Well, if I sent the request -- I think I learned of it -- sorry. My mental timeline is -- I think I sent this to Newton [REDACTED]
Q. I see. And it looks like Mr. Vieira's email back to you -- I know this is all in Coordinated Universal Time, which I honestly don't know, but was at 1:00 in the morning on Friday the 27th. So [REDACTED]
A. I think that's correct.

Page 171

Q. Okay. And what did you do upon arriving to the address? I assume that this is the address where [REDACTED]
A. Yes, that's correct.
Q. [REDACTED]
MR. MILLER: Objection.

Page 172

THE WITNESS: I don't remember.
Q. BY MR. FORD: [REDACTED]

Page 173

A. Yes.
Q. When was that?
A. If memory serves, I believe it was in July.
Q. [REDACTED]

Page 174

[redacted]

Page 175

[redacted]

Page 176

[redacted]

Page 177

[redacted]

HIGHLY CONFIDENTIAL

Page 182

spreadsheet originate?

A. I did. I took these photographs, I think.

A. I did.
Q. And when did that happen?
A. I don't remember the exact date.

A. To make sure they were well documented and we had a thorough understanding of the findings.
Q. And does this -- these two pages with Pair 1 through 15 set out all of the counterfeit or allegedly counterfeit NIKE product that you identified during your May 27, 2022, visit to the warehouse?
MR. MILLER: Objection.
THE WITNESS: Sorry, can you repeat that.

Page 183

Q. BY MR. FORD: Sure. I know it was a long question.
Do these two pages that are titled "Identified May 27th, 2022," pairs 1 through 15 set out all of the counterfeit or allegedly counterfeit product that you identified -- sorry, NIKE product that you identified during your May 27th, 2022, visit to the
MR. MILLER: Objection to form.
THE WITNESS: Yes.
Q. BY MR. FORD: If you look at this, there are columns from the Excel spreadsheet.
Why were there columns specifically for "StockX Tag" and "StockX Receipt" in this spreadsheet?
A. I was trying to document what was in the boxes.
Q. For the items where there is a no under StockX receipt, does that mean there was no receipt of any kind in the boxes or just that there was no StockX receipt in the boxes?
A. There was no receipt of any kind.
Q. Other than the items that are photographed here, was there anything in these boxes of any kind, or is this a complete documentation of what you saw in

Page 184

these product boxes?
A. I did my best to do a complete documentation of what I found in the boxes.

Page 185

47 (Pages 182 - 185)

Page 186

[content redacted]

Page 187

[content redacted] at the top, you

Page 188

1  mentioned that, during the course of the raid, you
2  were trying to capture a representative sample of
3  the products when you were authenticating.  How did
4  you determine what would be a representative
5  sample?
6  A.  [redacted]
    [redacted]
    [redacted]
    [redacted]
    [redacted]
    [redacted]
12 A.  Yes.
13 Q.  Okay.  [redacted]
    [redacted]
    [redacted]
    [redacted]
17     MR. MILLER:  Objection.
18     THE WITNESS:  [redacted]
    [redacted]
    [redacted]
21 Q.  BY MR. FORD:  [redacted]
    [redacted]
    [redacted]
    [redacted]
    [redacted]

Page 189

1  [redacted]
2  Q.  And did you take -- did you take all of these
3     photographs?
4  A.  I did, yes.
   [redacted]
   [redacted]
   [redacted]
   [redacted]
9  A.  Yes.
10 Q.  Okay.  So does this, these 48 pairs, reflect all of
11    the counterfeit or allegedly counterfeit NIKE
12    product that you identified during the July 22nd,
13    2022, [redacted]
14     MR. MILLER:  Objection.
15     THE WITNESS:  That's correct.
16 Q.  BY MR. FORD:  Okay.  So for all of these products,
17    both the ones from [redacted]
   [redacted]
   [redacted]
   [redacted]
   [redacted]
22     MR. MILLER:  Objection.
23     THE WITNESS:  [redacted]
   [redacted]
25 Q.  BY MR. FORD:  To your knowledge, did anyone else at

48 (Pages 186 - 189)

know anything about their authenticity. In my opinion, NIKE itself is the only -- or most equipped to authenticate product.

MR. FORD: I see. Okay. All right. Why don't we take a break, and I will see if I have anything left.

(RECESS 4:24 to 4:35)

Q. BY MR. FORD: So, Ms. Rizza, before the break, we were talking about the shoes from the [REDACTED] that were in Exhibit 16, the spreadsheet with all of the pictures.

A. Yeah.

Q. Do you have -- do you know whether the products that you evaluated [REDACTED]

MR. MILLER: Objection.

THE WITNESS: Are you asking me if the products that I evaluated are the same products that came [REDACTED]

Q. BY MR. FORD: Yes. I'm just asking if you personally know that [REDACTED] the same products as were in the warehouse --

MR. MILLER: Objection.

Q. BY MR. FORD: -- that you looked at?

A. I'm confident they are, yes.

Q. What's that confidence based on?

MR. MILLER: Objection.

THE WITNESS: [REDACTED] nd in the conditions under which they were transported and stored.

Q. BY MR. FORD: [REDACTED]

A. No.

Q. Do you know -- do you know someone named Roy Kim?

A. No.

Q. Does the Instagram handle "sneakerstrut" ring a bell? No?

A. No.

Q. Do you have any awareness of an investigation NIKE did into potential counterfeit products purchased by an individual named Roy Kim in July of 2022?

A. That doesn't sound familiar to me.

MR. FORD: Okay. Then I don't have anything further.

MR. MILLER: I don't have any redirect, so we

will consider the deposition closed.

(DEPOSITION ADJOURNED at 4:36)

C E R T I F I C A T E

I, Julie A. Walter, CSR No. 90-0173, do hereby certify that LAURA RIZZA appeared before me at the time and place mentioned in the caption herein; that the witness was by me first duly sworn on oath and examined upon oral interrogatories propounded by counsel; that said examination together with the testimony of said witness was taken down by me in stenotype and thereafter reduced to typewriting; and that the foregoing transcript, Pages 1 to 204, both inclusive, constitutes a full, true and accurate record of said examination of and testimony given by said witness and of all other proceedings had during the taking of said deposition, and of the whole thereof, to the best of my ability.

Witness my hand at Portland, Oregon, this 6th day of F[illegible]

Julie A. Walter
CSR No. 90-0173