# Exhibit 100

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Case No.  No. 1:22-cv-00983-VEC
--------------------------------x
NIKE, INC.,

                    Plaintiff,

        -against-

STOCKX LLC,

                    Defendant.
--------------------------------x

                August 22, 2023
                9:06 a.m.

        Video-Recorded Deposition of
ROBERT L. VIGIL, Ph.D., an Expert Witness,
taken by Plaintiffs, located at DLA Piper,
1251 Avenue of the Americas, New York, New
York, taken before Dawn Matera, a Certified
Shorthand Reporter and Notary Public for the
State of New York.

Page 2

```
 1
 2  A P P E A R A N C E S :
 3    DLA PIPER
        Attorneys for Plaintiff
 4      1251 Avenue of the Americas
        New York, New York 10020
 5      (212)335-4500
 6   By: MARC MILLER, ESQ.
        marc.miller@dlapiper.com
 7
            -and-
 8
     By: JANE WISE, ESQ.
 9      jane.wise@dlapiper.com
        500 Eighth Street, N.W.
10      Washington, D.C. 20004
11
12   DEBEVOISE & PLIMPTON LLP
        Attorneys for Defendant
13      66 Hudson Boulevard
        New York, New York 10001
14      (212)909-6000
15   By: CARL RIEHL, ESQ.
        criehl@debevoise.com
16      CLARA CORREA, ESQ.
        ccorrea@debevoise.com
17
            -and-
18
     By: CHRISTOPHER S. FORD, ESQ.
19      cford@debevoise.com
        650 California Street
20      San Francisco, California 94108
21
22  Also Present:
23   ADRIAN CHEMEL, Legal Videographer
24   LAURA LEWIS, ESQ., In-House Counsel
            StockX
25          ~oOo~
```

Page 3

```
 1
 2        THE VIDEOGRAPHER: Good morning.
 3   We are going on the record at
 4   a.m. on August 22nd, 2023. This is
 5   media unit 1 of the video-recorded
 6   deposition of Robert Vigil in the
 7   matter of Nike, Inc. versus StockX LLC
 8   filed in the United States District
 9   Court, Southern District of New York,
10   case number 1:22-CV-00983. The
11   location of the deposition is DLA
12   Piper, 1251 Avenue of the Americas,
13   New York, New York.
14        My name is Adrian Chemel
15   representing Veritext and I am the
16   videographer. The court reporter is
17   Dawn Matera from the firm Veritext.
18        Counsel will now state their
19   appearances for the record.
20        MR. MILLER: Good morning. Marc
21   Miller from DLA Piper on behalf of
22   Plaintiff Nike, Inc. and I am joined
23   by my colleague Jane Wise.
24        MR. RIEHL: I am Carl Riehl from
25   Debevoise & Plimpton on behalf of
```

Page 4

```
 1   ROBERT L. VIGIL
 2   Defendant StockX joined by Chris Ford,
 3   and Clara Correa from Debevoise and
 4   Laura Lewis from StockX.
 5        THE VIDEOGRAPHER: Will the
 6   court reporter please swear in the
 7   witness and then counsel may proceed.
 8  R O B E R T  L.  V I G I L, Ph.D., the
 9   Witness herein, having first been duly
10   sworn by the Notary Public, was examined
11   and testified as follows:
12  EXAMINATION BY
13  MR. MILLER:
14   Q.  Good morning, Dr. Vigil.
15   A.  Good morning.
16   Q.  Just a couple of housekeeping
17  matters before we get started. Ms. Lewis
18  from StockX is here in the room so if at
19  any point my questions or your answers
20  touch on material that has been
21  designated by Nike as highly
22  confidential, outside counsel eyes' only,
23  let's try to be aware of that and we will
24  take a pause and ask Ms. Lewis to leave
25  the room.
```

Page 5

```
 1   ROBERT L. VIGIL
 2        MR. MILLER: If that's okay with
 3   counsel?
 4        MR. RIEHL: Yes.
 5        MR. MILLER: Okay.
 6   Q.  Okay with you, sir?
 7   A.  Yes, I don't know specifically
 8  what has been designated as outside
 9  counsel only. I am assuming counsel for
10  StockX will know that.
11   Q.  Understood, I just want
12  everyone in the room to be aware so we
13  can all have our antenna up for that,
14  okay?
15   A.  Okay.
16   Q.  The other business of
17  housekeeping. I want to ask, I see you
18  have brought copies of expert reports in
19  front of you on the table?
20   A.  Yes.
21   Q.  Can you please identify what
22  those are?
23   A.  Yes, I bought a copy of my
24  first amended rebuttal report that was
25  submitted yesterday and a redline version
```

2 (Pages 2 - 5)

|  |  |
|---|---|
| Page 226<br>1        ROBERT L. VIGIL<br>2    A.   Because when they remove the<br>3  alleged false advertising claims, the<br>4  volume of their trades didn't decrease as<br>5  Mr. Hansen suggests it would.  So yes,<br>6  they did not avoid incurring those<br>7  expenses that were related to the Nike<br>8  and Jordan trades.<br>9    Q.   Did StockX lay off any<br>10 employees as a result of its decision to<br>11 remove the allegedly false advertising<br>12 claims in September of 2022?<br>13   A.   I am not aware of that<br>14 happening.<br>15   Q.   Did StockX terminate any real<br>16 estate leases as a result of its decision<br>17 to remove the allegedly false advertising<br>18 statements in September of 2022?<br>19   A.   I am not aware of that and I<br>20 wouldn't expect that, given that the<br>21 volume of Nike and Jordan trades didn't<br>22 change.  Didn't decrease.<br>23   Q.   Did StockX decide not to renew<br>24 any real estate leases as a result of its<br>25 decision to remove the alleged false | Page 228<br>1        ROBERT L. VIGIL<br>2  remove the alleged false advertising<br>3  claims in September of 2022?<br>4    A.   I am not aware of that, but I<br>5  would not expect that to be the case in<br>6  light of the fact that the volume of Nike<br>7  and Jordan trades did not decrease after<br>8  that change was made.<br>9    Q.   Did StockX avoid any<br>10 maintenance costs as a result of its<br>11 decision to remove the allegedly false<br>12 advertising claims in September of 2022?<br>13   A.   I am not aware of that, but you<br>14 also wouldn't expect that in light of the<br>15 fact that the volume of Nike and Jordan<br>16 trades did not decrease as Mr. Hansen<br>17 suggests that it would have after the<br>18 change was made.<br>19   Q.   Are you aware of any class of<br>20 categories that StockX avoided as a<br>21 result of its decision to remove the<br>22 allegedly false advertising statements in<br>23 September of 2022?<br>24   A.   No, but I wouldn't expect that<br>25 they would avoid costs if the volume of |
| Page 227<br>1        ROBERT L. VIGIL<br>2  advertising claims in September of 2022?<br>3    A.   I am not aware of that, and I<br>4  wouldn't expect that in light of the fact<br>5  that the volume of Nike and Jordan trades<br>6  didn't decrease after that change.<br>7    Q.   Did StockX close any facilities<br>8  as a result of its decision to remove the<br>9  allegedly false advertising claims in<br>10 September of 2022?<br>11   A.   I am not aware of that, but I<br>12 wouldn't expect that in light of the fact<br>13 that the volume of Nike and Jordan trades<br>14 did not decrease after that change.<br>15   Q.   Did StockX avoid any tax<br>16 liabilities as a result of its decision<br>17 to remove the alledgedly false<br>18 advertising claims in September of 2022?<br>19   A.   I am not aware of that, but I<br>20 wouldn't expect that to be the case in<br>21 light of the fact that the volume of Nike<br>22 and Jordan trades did not decrease after<br>23 that change was made.<br>24   Q.   Did StockX avoid any equipment<br>25 costs as a result of its decision to | Page 229<br>1        ROBERT L. VIGIL<br>2  Nike and Jordan didn't change after the<br>3  change was made.<br>4        MR. Miller:  Let's mark this,<br>5     please, as Exhibit 6.<br>6        (Vigil Exhibit 6, Document Bates<br>7     stamped STX0806054, was so marked for<br>8     identification, as of this date.)<br>9    Q.   This is the slip sheet and the<br>10 native document behind it.  Dr. Vigil,<br>11 you have been handed a document marked as<br>12 Exhibit 6.  This is bearing Bates stamp<br>13 STX0806054.<br>14       Do you recognize this document?<br>15   A.   Yes.<br>16   Q.   What is this?<br>17   A.   This is a copy of data that was<br>18 produced by StockX, related to the weekly<br>19 sales and transactions on the GOAT and<br>20 StockX platforms from January 2021<br>21 through, I believe, April 2023.<br>22   Q.   And this document was produced<br>23 in connection with your rebuttal expert<br>24 report, correct?<br>25   A.   I don't know the circumstances |

58 (Pages 226 - 229)

Page 230

```
 1          ROBERT L. VIGIL
 2  under which it was produced.
 3     Q.  You have no understanding of
 4  whether this document was produced for
 5  the first time in connection with your
 6  rebuttal expert report?
 7     A.  I don't.
 8     Q.  How was this document prepared?
 9     A.  I don't know.
10     Q.  Who prepared this document?
11     A.  I don't know.
12     Q.  Did you speak with anyone at
13  StockX about this document?
14     A.  No.
15     Q.  What representations were made
16  to you about this document?
17     A.  That these represented the
18  weekly volumes of sales and transactions
19  on the GOAT and StockX platforms over the
20  relevant period.
21     Q.  Who made those representations
22  to you?
23     A.  It could have been someone from
24  StockX, I don't recall.
25     Q.  I just asked you if you spoke
```

Page 231

```
 1          ROBERT L. VIGIL
 2  to anyone at StockX about this document,
 3  and you said no.  Are you changing your
 4  testimony now?
 5     A.  I don't recall one way or the
 6  other.
 7     Q.  Did you learn --
 8     A.  I have an understanding of what
 9  these data are.  I can't recall.
10     Q.  You just don't know how you
11  learned it?
12     A.  I can't recall the, where the
13  understanding came from.
14     Q.  In column B, I see the heading
15  "GOAT" in row 1, correct?
16     A.  Yes.
17     Q.  Where did the information on
18  column B on this sheet come from?
19     A.  Well, I think it's a little
20  hard to say by looking at this printout,
21  because my recollection is that the --
22  oh, I am sorry, I see it now.  If you
23  look at the bottom of the pages it says,
24  "Observed sales or observed
25  transactions."
```

Page 232

```
 1          ROBERT L. VIGIL
 2          And so my recollection is that
 3  the Excel spreadsheet had two worksheets.
 4  One that said "Observed Sales" and the
 5  other said "Observed Transactions."  And
 6  so I wasn't clear which was which.
 7     Q.  Let's focus then on the sheets
 8  that have the title "Observed Sales."
 9  Where did the information regarding
10  GOAT's observed sales come from in column
11  B?
12     A.  It came from StockX.
13     Q.  Do you have any further
14  information beyond that where it came
15  from?
16     A.  No.
17     Q.  And no one at StockX told you
18  how they acquired this information?
19     A.  No.  It's my understanding that
20  this is information that they keep in the
21  normal course of business that I believe
22  they looked at in the past.  I just don't
23  recall specifically where they obtained
24  it.
25     Q.  In the observed transactions
```

Page 233

```
 1          ROBERT L. VIGIL
 2  sheets, where did the information in
 3  column B come from?
 4     A.  Same answer.
 5     Q.  You just understand that it
 6  came from StockX?
 7     A.  StockX provided the
 8  spreadsheet.  I don't remember where they
 9  got the information that's contained in
10  the spreadsheet.
11     Q.  And you never asked anyone at
12  StockX how they obtained this information
13  from GOAT?
14     A.  No.
15     Q.  Did you ask them whether they
16  actually obtained this information
17  directly from GOAT?
18     A.  No, because whether they
19  obtained it from GOAT directly, or
20  whether they obtained it from some other
21  third-party source it doesn't really
22  matter.
23     Q.  Why not?
24     A.  Because it's not unusual to
25  rely on information that comes from third
```

Page 262

```
 1
 2      ACKNOWLEDGMENT OF DEPONENT
 3
 4      I have read the foregoing
 5  transcript of my deposition and except
 6  for any corrections or changes noted on
 7  the errata sheet, I hereby subscribe to
 8  the transcript as an accurate record of
 9  the statements made by me.
10
11      _____
12         ROBERT L. VIGIL, Ph.D.
13
14
15  SUBSCRIBED AND SWORN before
16  and to me this ____ day of _____,
17  2023.
18
19      _____
20             NOTARY PUBLIC
21
22
23  My Commission Expires:
24
25
```

Page 263

```
 1
 2          CERTIFICATION
 3
 4      I, DAWN MATERA, a Notary Public
 5  for and within the State of New York, do
 6  hereby certify:
 7      That the witness whose testimony
 8  as herein set forth, was duly sworn by
 9  me; and that the within transcript is a
10  true record of the testimony given by
11  said witness.
12      I further certify that I am not
13  related to any of the parties to this
14  action by blood or marriage, and that I
15  am in no way interested in the outcome of
16  this matter.
17      IN WITNESS WHEREOF, I have
18  hereunto set my hand this 23rd day of
19  August, 2023.
20           Dawn Matera
21             DAWN MATERA
22
23
24
25
```

Page 264

```
 1
 2              I N D E X
 3  Witness                    Page
 4  ROBERT L. VIGIL, Ph.D.       4
 5
 6            E X H I B I T S
 7  Vigil                      Page
 8  Exhibit 1 Expert report of Dr. Vigil   32
            with attachments
 9
    Exhibit 2 Rebuttal Expert Report of   108
10      Robert Vigil, June 2nd,
        2023
11
    Exhibit 3 First Amended Rebuttal       108
12      Expert Report of Robert L.
        Vigil, August 21st, 2023
13
    Exhibit 4 Redline report              110
14
    Exhibit 5 Document Bates stamped      114
15      STX0806055
16  Exhibit 6 Document Bates stamped      229
        STX0806054
17
18            ~oOo~
19
20
21
22
23
24
25
```

Page 265

```
 1
 2          ERRATA SHEET
            VERITEXT
 3
    CASE NAME: Nike, Inc. v StockX LLC
 4  DATE OF DEPOSITION: August 22, 2023
    WITNESS'S NAME: ROBERT L. VIGIL, Ph.D.
 5
    PAGE/LINE(s)/   CHANGE      REASON
 6  __/_____/_____/_____
    __/_____/_____/_____
 7  __/_____/_____/_____
    __/_____/_____/_____
 8  __/_____/_____/_____
    __/_____/_____/_____
 9  __/_____/_____/_____
    __/_____/_____/_____
10  __/_____/_____/_____
    __/_____/_____/_____
11  __/_____/_____/_____
    __/_____/_____/_____
12  __/_____/_____/_____
    __/_____/_____/_____
13  __/_____/_____/_____
    __/_____/_____/_____
14  __/_____/_____/_____
    __/_____/_____/_____
15  __/_____/_____/_____
    __/_____/_____/_____
16  __/_____/_____/_____
    __/_____/_____/_____
17  __/_____/_____/_____
    __/_____/_____/_____
18  __/_____/_____/_____
    __/_____/_____/_____
19  __/_____/_____/_____
    __/_____/_____/_____
20  _____
       Signature of Deponent
21
    Subscribed and Sworn To
22  Before Me This_____Day
    of_____, 2023.
23
    _____
24    Notary Public
25  My Commission Expires_____
```

| **Deposition Date:** 8/22/2023 <br> **Deponent:** Dr. Robert L. Vigil – Errata Sheet <br> **Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 10:12-13 | would be **the most important**. | would be **very well supported**. | Clarification |
| 20:25 | They **can** use | They **tend to** use | Clarification |
| 23:21 | **expect** report | **expert** report | Transcription Error |
| 24:5 | **sneaker-heads** | **sneakerheads** | Typographical Error |
| 24:7-8 | include the deposition | include, **I believe**, the deposition | Clarification |
| 29:8 | **conversation** with StockX | **conversations** with c**ounsel for** StockX | Transcription Error |
| 30:3 | do anything to | do anything **else** to | Transcription Error |
| 33:13 | Consulting**,** LLC | Consulting LLC | Typographical Error |
| 35:15 | Edwards **Life Sciences** | Edwards **Lifesciences** | Typographical Error |
| 35:16 | **Merrill** Life Sciences | **Meril** Life Sciences | Typographical Error |
| 37:16 | **Edward** | **Edwards** | Clarification |

1

| **Deposition Date:** 8/22/2023<br>**Deponent:** Dr. Robert L. Vigil – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 37:16-17 | **Life Sciences** | **Lifesciences** | Typographical Error |
| 39:23 | **team's** | **Teams** | Typographical error |
| 40:16 | And does | And **what** does | Transcription Error |
| 44:11 | that **were related** to | that **relate** to | Transcription Error |
| 44:22-23 | or **to** the extent | or the extent | Transcription Error |
| 47:23-24 | mentioned related | mentioned **also** related | Transcription Error |
| 55:16 | **relative** | **relevant** | Transcription Error |
| 64:25 | variable and the fixed costs | variable **costs** and the fixed costs | Transcription Error |
| 66:22 | platform trading | platform**'s** trading | Transcription Error |
| 70:17 | determinative.  What is | determinative.  **That** what is | Transcription Error |
| 73:23 | actual | actually | Transcription error |
| 73:23-24 | believes whether | believes **regarding** whether | Transcription Error |

| **Deposition Date:** 8/22/2023<br>**Deponent:** Dr. Robert L. Vigil – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s):<br>Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 77:13 | **Brian** | **Ryan** | Transcription Error |
| 77:22-23 | **Diraj Chaudhry** | **Dheeraj Chaudhary** | Typographical Error |
| 100:5-6 | King **and Spaulding** | King **& Spalding** | Transcription Error |
| 100:7 | **TG** Linea | **TIGI** Linea | Transcription Error |
| 101:22 | **sneaker-heads** | **sneakerheads** | Typographical Error |
| 105:9 | premiums, to **such an** extent | premiums, **and so** to **the** extent | Transcription Error |
| 105:22 | **anything** | **any** | Transcription Error |
| 118:2 | contribution **market** | contribution **margin** | Transcription Error |
| 118:14 | categories data | categories **of** data | Transcription Error |
| 123:11 | **company's** | **companies** | Typographical Error |
| 126:21 | Other than I | Other than **that** I | Transcription Error |
| 129:6 | **there is** | **bears on** | Clarification |

3

**Deposition Date:** 8/22/2023
**Deponent:** Dr. Robert L. Vigil – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 136:22 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 136:19 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 136:20 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 138:3 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 138:7 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 138:11 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 138:17 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 138:20 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 138:23 | of false claims | of **the alleged** false claims | Transcription Error |
| 139:2 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 139:8 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 139:12 | for alleged | for **the** alleged | Transcription Error |
| 139:15 | Stock**x**'s | Stock**X**'s | Typographical Error |

| **Deposition Date:** 8/22/2023<br>**Deponent:** Dr. Robert L. Vigil – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 139:20 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 139:23 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 139:16 | **Nike** | **StockX** | Clarification |
| 139:24 | sale **and** of | sale of | Transcription Error |
| 140:4 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 141:10 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 142:25 | **legitimate** | **illegitimate** | Transcription Error |
| 143:24 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 144:4 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 144:5 | **contain** 99.6 | **maintain a** 99.6 | Transcription Error |
| 145:10 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 145:19 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 146:25 | Stock**x**'s | Stock**X**'s | Typographical Error |

| **Deposition Date:** 8/22/2023<br>**Deponent:** Dr. Robert L. Vigil – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 147:6 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 147:12 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 147:18 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 147:22 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 147:25 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 148:4 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 148:9 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 149:12 | anything | an opinion | Transcription Error |
| 149:22 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 150:4 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 151:3 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 151:4 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 151:8 | that **the** evidence | that **there is** evidence | Transcription Error |

| **Deposition Date:** 8/22/2023<br>**Deponent:** Dr. Robert L. Vigil – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 151:17 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 151:22 | **my** footnotes | **these** footnotes | Transcription Error |
| 152:3 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 153:16 | know about | know **beyond that** about | Transcription Error |
| 156:9 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 156:18-19 | listing**." A**nd | listing**, a**nd | Typographical Error |
| 156:19-21 | Nike's **b**rand **p**rotection **d**irector of **a**uthentication and **i**nnovation | Nike's **B**rand **P**rotection **D**irector of **A**uthentication and **I**nnovation | Typographical Error |
| 156:21-22 | StockX and Nike**-branded p**rotection | StockX and Nike **Brand Protection** | Transcription/Typographical Error |
| 157:2 | counterfeit | counterfeit**s** | Transcription Error |
| 157:23 | StockX Trading | StockX**'s** Trading | Transcription Error |
| 158:5 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 158:17 | Stock**x**'s | Stock**X**'s | Typographical Error |

| **Deposition Date:** 8/22/2023<br>**Deponent:** Dr. Robert L. Vigil – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 158:22 | Stock**x**'s | Stock**X**'s | Typographical Error |
| **159:3** | **Stockx's** | **StockX's** | **Typographical Error** |
| 159:5 | **T**he opinions | **All of t**he opinions | Transcription Error |
| 159:14 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 159:20 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 159:23 | **C**ourt | **c**ourt | Typographical Error |
| 159:23 | **may** | **might** | Transcription Error |
| 160:4 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 160:6 | **I don't know** one | **I'm not sure** one | Transcription Error |
| 160:7 | **I don't know that** that | **I'm not sure what** that | Transcription Error |
| 160:10 | why **don't** you | why **do** you | Transcription Error |
| 161:19 | Stock**x**'s | Stock**X**'s | Typographical Error |
| 163: 23 | work**.** **W**ho | work**,** **w**ho | Typographical Error |

8

| **Deposition Date:** 8/22/2023<br>**Deponent:** Dr. Robert L. Vigil – Errata Sheet<br>**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 166:23 | of secondary | of **the** secondary | Transcription Error |
| 167:9 | **Nike's** | **StockX's** | Clarification |
| 169:5 | they **had** competitors | they **are** competitors | Transcription Error |
| 170:7 | **that** | **those same** | Clarification |
| 179:5 | the coefficient | the coefficient**s** | Transcription Error |
| 180:18 | concerning two | concerning **the** two | Transcription Error |
| 181:6-7 | trades**.** **T**hen, yes | trades**,** **t**hen, yes | Transcription Error |
| 183:7-8 | the level Nike and Jordan | the level **of** Nike and Jordan | Transcription Error |
| 189:12 | $13.8**7** | $13.8**2** | Transcription Error |
| 189:17 | 13.8**0 to** | 13.8**2** | Transcription Error |
| 190:18 | **of 43.32** | **before 3.32** | Transcription Error |
| 191:3 | it can be | you can think of it as | Transcription Error |
| 194:21 | specifically**,** to | specifically to | Typographical Error |

**Deposition Date:** 8/22/2023
**Deponent:** Dr. Robert L. Vigil – Errata Sheet
**Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC)

| Page(s): Line(s) | Now Reads | Should Read | Reason |
|---|---|---|---|
| 199:17 | you that the | you that**'s** the | Transcription Error |
| 200:7 | CM2**, they are not** deducting | CM2 **that I'm** deducting | Transcription Error |
| 201:7 | fluctuations **and** volume | fluctuations **in** volume | Transcription Error |
| 201:15-16 | the reason **is - - I could** clarify that | the reason **I** clarify that | Clarification |
| 201:17 | run, **but** | run, | Clarification |
| 208:24 | **find** | **identify** | Transcription Error |
| 218:21-22 | total **fixed operating,** fixed operations | total fixed operations | Clarification |
| 224:21 | **of** the | **on** the | Transcription Error |
| 225:13 | tech **and** fixed | tech fixed | Transcription Error |
| 228:13 | but **you** | but **I** | Transcription Error |
| 229:2 | Jordan didn't | Jordan **trades** didn't | Transcription Error |
| 229:22-23 | was produced in | was produced **to Nike** in | Transcription Error |

10

| **Deposition Date:** 8/22/2023 <br> **Deponent:** Dr. Robert L. Vigil – Errata Sheet <br> **Case Name:** *Nike, Inc. v. StockX LLC*, No. 22 CV 983 (VC) | | | |
|---|---|---|---|
| **Page(s): Line(s)** | **Now Reads** | **Should Read** | **Reason** |
| 235:5 | **it, whether** | **it. Knowing whether** | Clarification |
| 237:7 | utilize**. Whether** they've | utilize **or that** they've | Transcription Error |
| 238:2-3 | **a lot of other** | **lots of different** | Transcription Error |
| 242:15-16 | **a survey that evidenced** | **survey evidence** | Transcription Error |
| 246:21 | decision | decision**s** | Transcription Error |
| 252:2 | consumer | consumers | Transcription Error |
| 254:16 | **information** | **evidence** | Transcription Error |
| 254:22 | **trades** | **claims** | Transcription Error |
| 255:8 | difference **and** difference | difference **in** difference | Transcription Error |
| 258:3 | inspection **of and**. | inspection. | Transcription Error |
| 259:2 | **as** | **for** | Transcription Error |
| 259:13 | **sneaker-head** | **sneakerhead** | Typographical Error |
| 259:20 | **sneaker-head** | **sneakerhead** | Typographical Error |

I, Dr. Robert L. Vigil, do hereby certify under penalty of perjury that I have read the foregoing transcript of my deposition taken on August 22, 2023; that I have made such corrections as appear noted herein; and that my testimony as contained herein, as corrected, is true and correct.

DATED this 26th day of September, 2023.

*[signature]*

Dr. Robert L. Vigil

12