# Exhibit 120

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIKE, INC., | Civil Action No.:  22-CV-983 (VEC) |
| Plaintiff, | |
| v. | |
| STOCKX LLC, | |
| Defendant. | |

## PLAINTIFF NIKE INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT STOCKX LLC'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Nike, Inc. ("Nike") sets forth its objections and responses (the "Responses") to Defendant StockX LLC's ("StockX") Second Set of Requests for Production (the "Requests") as follows:

## PRELIMINARY STATEMENT

These Responses represent Nike's good faith and reasonable effort to respond to the Requests based on information and documents available at this time.  Nike's investigation of this matter is ongoing, and Nike reserves the right to amend, supplement, correct, or clarify the responses in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  Any statement that Nike will produce documents in response to a Request "if any" exist does not necessarily mean that responsive documents exist, but instead that Nike will produce documents within its possession, custody, or control if such documents are located after a reasonable search.  Once the search is completed, Nike will revise or supplement its requests to indicate whether any documents responsive to a given Request exist.

The production of any information or documents in response to the Requests is made solely for the purposes of this Action.  In providing these responses, Nike does not concede the relevancy,

materiality, competency, or admissibility of any information or documents provided, and does not waive any objections with respect to the relevancy, materiality, competency, or admissibility of such information or documents or any portion thereof.

## OBJECTIONS TO CERTAIN DEFINITIONS AND INSTRUCTIONS

1.      Nike objects to StockX's Definition No. 17 defining the term "Vault NFTs" to mean "non-fungible tokens tied to physical products and held in StockX's temperature-controlled, high-security vault and referenced in the Complaint."  Nike objects to this Definition on the basis that the phrase "non-fungible tokens tied to physical products" is vague and ambiguous, such that Nike cannot ascertain with reasonable certainty what StockX is defining.  Specifically, StockX's Definition does not indicate what it means to "tie" non-fungible tokens to physical products.  Nike further objects to this Definition on the basis that Nike does not currently know whether the "Vault NFTs" are in fact "non-fungible tokens tied to physical products and held in StockX's temperature-controlled, high-security vault," because the facts underlying this disputed issue are within StockX's possession, custody, or control.  Subject to the foregoing, in responding to these Requests, Nike understands the term Vault NFTs to refer to the non-fungible tokens ("NFTs") advertised, marketed, promoted, offered for sale, sold, and/or traded on the StockX platform and referenced in the First Amended Complaint.

2.      Nike objects to StockX's Instruction No. 7 on the basis that it seeks to impose a burden in excess of what is required under Rule 26(b)(5) of the Federal Rules of Civil Procedure. Any privilege log produced by Nike in this Action will comply with the Federal Rules of Civil Procedure.

3.      Nike further objects to Instruction No. 7 to the extent it seeks to requires Nike to identify or log privileged materials being withheld that were created after the commencement of

this Action on February 3, 2022.  Nike will only identify or log privileged materials being withheld that were created before February 3, 2022.

4.     Nike objects to Instruction Nos. 2, 3, 4, 5, and 8 on the basis that they seek to impose a burden in excess of what is required under the Federal Rules of Civil Procedure.  Nike will produce documents and electronically stored information ("ESI") pursuant to the Federal Rules of Civil Procedure and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).

5.     Nike will produce non-privileged, non-duplicative documents, ESI, or other materials as set forth in the Responses below on a rolling basis and subject to the Stipulated Protective Order entered by the Court in this action on July 14, 2022.  (Dkt. No. 52).

6.     StockX's Requests are not limited in time or scope.  Accordingly, unless otherwise stated in a specific response below, Nike will construe the time period covered by StockX's Requests to be January 1, 2021 (approximately twelve months prior to StockX's conduct as alleged in the First Amended Complaint) to the present.

## OBJECTIONS AND RESPONSES TO THE REQUESTS

## REQUEST FOR PRODUCTION NO. 32:

All Documents and Communications Concerning any Thing, including but not limited to any Vault NFT, purchased or bid for on the StockX platform by You or any Persons, including Your Employees, acting on Your behalf or at Your direction.

## RESPONSE TO REQUEST NO. 32:

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of

Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this

Action on June 29, 2022 (Dkt. 47). Nike further objects to this Request as overly broad, unduly

burdensome, designed to seek information that is not relevant to any claims or defenses, and thus

not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or

scope, and seeks without limitation "*[a]ll* Documents and Communications Concerning any

Thing…purchased or bid for on the StockX platform" (emphasis added), which would include

documents that have nothing to do with the claims asserted in this action. Nike further objects on

the basis that this Request is vague as to the relevant time frame. Subject to the foregoing, Nike

will produce responsive, non-privileged documents in Nike's possession, custody, or control

concerning Nike's purchase of Vault NFTs or other things from StockX in connection with the

allegations asserted in the First Amended Complaint.

## REQUEST FOR PRODUCTION NO. 33:

All Documents and Communications Concerning Your investigation into whether any
Thing You or any Persons, including Your Employees, acting on Your behalf or at Your direction,
purchased or bid for on the StockX platform was or was not genuine.

## RESPONSE TO REQUEST NO. 33:

Nike objects to this Request to the extent it seeks documents and communications that are

protected by the attorney-client privilege, work product doctrine, or any other applicable privilege

or immunity. On the basis of this objection, Nike will withhold privileged documents that may be

responsive to any Request and will provide a privilege log in accordance with Federal Rule of

Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this

Action on June 29, 2022 (Dkt. 47). Nike further objects on the basis that this Request is vague as

to the relevant time. Subject to the foregoing, Nike will produce responsive, non-privileged

documents in Nike's possession, custody, or control concerning the results of Nike's investigation into StockX in connection with the allegations asserted in the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications Concerning any Thing that You, or any Persons, including Your Employees, acting on Your behalf or at Your direction, tried to sell, offered for sale, or sold via StockX's platform, including any counterfeit product(s).

**RESPONSE TO REQUEST NO. 34:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47). Nike further objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or scope, and seeks without limitation "*[a]ll* Documents and Communications Concerning any Thing…offered for sale, or sold via StockX's platform, including any counterfeit product(s)" (emphasis added), which would include documents that have nothing to do with the claims asserted in this action. Nike further objects on the basis that this Request is vague as to the relevant time. Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control during the relevant timeframe.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications Concerning whether any Thing sold on StockX's platform was genuine or counterfeit.

**RESPONSE TO REQUEST NO. 35:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).  Nike objects to this Request to the extent that it seeks production of documents exclusively within the control of StockX or third parties.  Nike further objects to this Request as duplicative of Request No. 33 and as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or scope, and seeks without limitation "*[a]ll* Documents and Communications Concerning whether *any* Thing sold on StockX's platform was genuine or counterfeit" (emphasis added), including documents that have nothing to do with the claims asserted in this action.  Nike also objects on the basis that this Request is vague as to the relevant time frame. Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control concerning whether any Thing sold on StockX's platform during the relevant timeframe was genuine or counterfeit.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications Concerning the sale of counterfeit products on StockX's platform, including any Communications between You and StockX about efforts to prevent the sale of counterfeit products or remove listings for counterfeit products.

**RESPONSE TO REQUEST NO. 36:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47). Nike further objects to this Request as duplicative of Request No. 33 and 35 and as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or scope, and seeks without limitation "*[a]ll* Documents and Communications Concerning the sale of counterfeit products on StockX's platform," (emphasis added), including documents that have nothing to do with the claims asserted in this action. Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control during the relevant timeframe.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications Concerning StockX's process for authenticating products, including any visit to, or inspection of, any StockX facility used to authenticate products by You or any Persons, including Your Employees, acting on Your behalf or at Your direction.

**RESPONSE TO REQUEST NO. 37:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this

Action on June 29, 2022 (Dkt. 47).  Nike further objects as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or scope, and seeks without limitation "*[a]ll* Documents and Communications Concerning StockX's process for authenticating products" (emphasis added).  Nike further objects on the basis that this Request is vague as to the relevant time frame.  Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control within the relevant timeframe.

## REQUEST FOR PRODUCTION NO. 38:

Documents sufficient to show how You verify whether or not a product is a genuine Nike product.

## RESPONSE TO REQUEST NO. 38:

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).  In addition, given the fact that Nike's processes for detection of counterfeit goods is constantly changing because counterfeit goods are likewise constantly changing, Nike further objects as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or scope.  Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control within the relevant timeframe.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications Concerning Your allegation that "Nike has obtained from StockX four pairs of purportedly 'authenticated' Nike-branded shoes that Nike has verified are, in fact, counterfeit." (Am. Compl. ¶ 12.)

**RESPONSE TO REQUEST NO. 39:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).  Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications Concerning the process, including the length of time taken to complete each step in the process, by which "Nike…verified" that the four pairs of purportedly counterfeit shoes referenced in Am. Compl. ¶ 12 were counterfeit.

**RESPONSE TO REQUEST NO. 40:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).  Nike further objects to this Request as duplicative of Request No. 33, 38, and 39 and as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the

basis that it is not reasonably restricted in time or scope, and seeks without limitation "*[a]ll Documents and Communications Concerning the process…*" (emphasis added). Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 41:

Documents sufficient to show Your efforts to determine whether counterfeit Nike goods are sold on Third Party Websites, marketplaces or platforms.

## RESPONSE TO REQUEST NO. 41:

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47). Nike further objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, because it is not reasonably restricted in time or scope, and because it seeks information which is not relevant to the Accused Products, StockX's Vault NFT program, StockX's sale of counterfeit goods, StockX's false and/or misleading marketing claims, and/or any of the claims and defenses at issue in this action. Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control within the relevant timeframe.

## REQUEST FOR PRODUCTION NO. 42:

Documents sufficient to show Your knowledge about the sale of counterfeit Nike goods on Third-Party Websites, marketplaces, or platforms.

**RESPONSE TO REQUEST NO. 42:**

      Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).  Nike further objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, because it is not reasonably restricted in time or scope, and because it seeks information which is not relevant to the Accused Products, StockX's Vault NFT program, StockX's sale of counterfeit goods, StockX's false and/or misleading marketing claims, and/or any of the claims and defenses at issue in this action.  Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control within the relevant timeframe.

**REQUEST FOR PRODUCTION NO. 43:**

      Documents sufficient to show Your efforts or actions in response to the  sale of counterfeit Nike goods on Third Party Websites, marketplaces or platforms.

**RESPONSE TO REQUEST NO. 43:**

      Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).  Nike further objects to this Request as overly broad, unduly

burdensome, designed to seek information that is not relevant to any claims or defenses, and thus

not proportionate to the needs of this case, because it is not reasonably restricted in time or scope,

and because it seeks information which is not relevant to the Accused Products, StockX's Vault

NFT program, StockX's sale of counterfeit goods, StockX's false and/or misleading marketing

claims, and/or any of the claims and defenses at issue in this action.  Subject to the foregoing, Nike

will produce responsive, non-privileged documents in Nike's possession, custody, or control

within the relevant timeframe.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show Your efforts or actions in response to the unauthorized re-sale of Nike goods by Nike employees, their family members, and Your authorized retailers.

**RESPONSE TO REQUEST NO. 44:**

Nike objects to this Request to the extent it seeks documents and communications that are

protected by the attorney-client privilege, work product doctrine, or any other applicable privilege

or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be

responsive to any Request and will provide a privilege log in accordance with Federal Rule of

Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this

Action on June 29, 2022 (Dkt. 47).  Nike further objects to this Request as overly broad, unduly

burdensome, designed to seek information that is not relevant to any claims or defenses, and thus

not proportionate to the needs of this case, because it is not reasonably restricted in time or scope,

and because it seeks information which is not relevant to claims and defenses at issue in this action.

Specifically, any Nike's actions or policies relating to the subject matter of this Request, namely,

whether and what action Nike takes when Nike employees, family members or authorized retailers

sell deadstock Nike goods to StockX or anyone else has nothing to do with StockX's sale of Nike-

branded NFTs, its "authentication" and sale of counterfeit goods, and its false advertising claims,

nor does it have any relevance to StockX's defenses.  This request is no more than a fishing exercise by StockX.  Accordingly, Nike will not search for or produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 45:

Documents sufficient to show Your efforts or actions in response to the re-sale of counterfeit Nike goods by Nike employees, their family members, and Your authorized retailers.

## RESPONSE TO REQUEST NO. 45:

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).  Nike further objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, because it is not reasonably restricted in time or scope, and because it seeks information which is not relevant to claims and defenses at issue in this action. Specifically, any Nike's actions or policies relating to the subject matter of this Request, namely, whether and what action Nike takes when Nike employees, family members or authorized retailers resell deadstock Nike goods to StockX or anyone else has nothing to do with StockX's sale of Nike-branded NFTs, its "authentication" and sale of counterfeit goods, and its false advertising claims, nor does it have any relevance to StockX's defenses.  This request is no more than a fishing exercise by StockX.  Accordingly, Nike will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications Concerning complaints or any other commentary that Nike shoes purchased on StockX's platform were counterfeit, including Communications with third parties.

**RESPONSE TO REQUEST NO. 46:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47). Nike further objects to this Request as duplicative of Request No. 36 and as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or scope, and seeks without limitation "*[a]ll* Documents and Communications Concerning complaints or other commentary that Nike shoes purchased on StockX's platform were counterfeit" (emphasis added). Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control within the relevant timeframe.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications Concerning Your actual or potential collaborations or other business relationships with StockX, including any actual or potential collaborations regarding brand protection or product authentication.

**RESPONSE TO REQUEST NO. 47:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege

14

or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).  Nike further objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, because it is not reasonably restricted in time or scope, and seeks without limitation "*[a]ll* Documents and Communications Concerning [Nike's] actual or potential collaborations or other business relationships with StockX" (emphasis added), and because it seeks information which is not relevant to the Accused Products, StockX's Vault NFT program, StockX's sale of counterfeit goods, StockX's false and/or misleading marketing claims, and/or any of the claims and defenses at issue in this action.  Nike does not have a business relationship with StockX and is not otherwise collaborating with StockX.  Accordingly, Nike will not search for or produce documents responsive to this Request without StockX first narrowing the scope of this Request.  Nike is willing to meet and confer to discuss appropriately narrowing this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications Concerning any conversations You had with StockX regarding counterfeiting, brand protection, or authentication.

**RESPONSE TO REQUEST NO. 48:**

Nike objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, because it is not reasonably restricted in time or scope, and seeks without limitation "*[a]ll* Documents and Communications Concerning *any* conversations [Nike] had with StockX regarding counterfeiting, brand protection, or authentication" (emphasis added), and because it

seeks information which is not relevant to the Accused Products, StockX's Vault NFT program, and/or any of the claims and defenses at issue in this action. Nike does not have a business relationship with StockX and is not otherwise collaborating with StockX regarding counterfeiting, brand protection, or authentication. Accordingly, Nike will not search for or produce documents responsive to this Request without StockX first narrowing the scope of this Request. Nike is willing to meet and confer to discuss appropriately narrowing this Request.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show when You first became aware of each and every claim by StockX that forms the basis of Your Seventh Cause of Action in the First Amended Complaint, including the "100% Verified Authentic" and "proprietary" claims identified in Am. Compl. ¶¶ 172 and 173.

**RESPONSE TO REQUEST NO. 49:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47). Nike further objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or scope. Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control concerning Nike's first awareness that StockX's "100% Verified Authentic" and "proprietary" claims, as identified in Am. Compl. ¶¶ 172 and 173, were false and/or misleading.

16

**REQUEST FOR PRODUCTION NO. 50:**

All Documents You intend to rely upon to prove any claim asserted in the Amended Complaint, including all Documents You intend to rely upon to establish Your entitlement to any relief (monetary or equitable) in connection with any claim asserted in the Amended Complaint.

**RESPONSE TO REQUEST NO. 50:**

Nike objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or scope.  Nike objects to this Request as premature to the extent that it seeks disclosure of expert testimony or opinions and therefore is inconsistent with the Case Management and Scheduling Order (Dkt. 25) and the Local and Federal Rules.  Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control which Nike intends to rely on in connection with the claims asserted in the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents relied upon by Plaintiff in preparing the Amended Complaint.

**RESPONSE TO REQUEST NO. 51:**

Nike objects to this Request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  On the basis of this objection, Nike will withhold privileged documents that may be responsive to any Request and will provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) and the terms of a stipulated ESI protocol, which was entered in this Action on June 29, 2022 (Dkt. 47).  Nike objects to this Request as premature to the extent that it seeks disclosure of expert testimony or opinions and therefore is inconsistent with the Case Management and Scheduling Order (Dkt. 25) and the Local and Federal Rules.  Nike further

objects to this Request as overly broad, unduly burdensome, designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case, on the basis that it is not reasonably restricted in time or scope.  Subject to the foregoing, Nike will produce responsive, non-privileged documents in Nike's possession, custody, or control which Nike relied on in preparing the First Amended Complaint and intends to rely on in connection with the claims asserted in the First Amended Complaint.


Date:  July 22, 2022                                              By:  */s/ Tamar Y. Duvdevani*

                                                                 **DLA PIPER LLP (US)**
                                                                 Tamar Y. Duvdevani
                                                                 Marc E. Miller
                                                                 Andrew J. Peck
                                                                 Jared Greenfield
                                                                 1251 Avenue of the Americas 27th Fl.
                                                                 New York, New York 10020-1104
                                                                 tamar.duvdevani@us.dlapiper.com
                                                                 marc.miller@us.dlapiper.com
                                                                 andrew.peck@us.dlapiper.com
                                                                 jared.greenfield@us.dlapiper.com

                                                                 Michael Fluhr
                                                                 555 Mission Street
                                                                 San Francisco, CA 9410
                                                                 michael.fluhr@us.dlapiper.com

                                                                 *Attorneys for Plaintiff Nike, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2022, I served a copy of Nike, Inc.'s Responses and Objections to StockX LLC's Second Set of Requests for Production on all counsel of record for Defendant StockX LLC via email:

Megan K. Bannigan- mkbannigan@debevoise.com
David H. Bernstein - dhbernstein@debevoise.com
Chris S. Ford - csford@debevoise.com
Jyotin Hamid - jhamid@debevoise.com
Justin Ferrone - jcferrone@debevoise.com
Kathryn C. Saba – ksaba@debevoise.com
David Mayberry - DMayberry@kilpatricktownsend.com
Rob Potter - RPotter@kilpatricktownsend.com
Jeffrey Morganroth - jmorganroth@morganrothlaw.com

BY: */s/ Marc E. Miller*