UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
  NIKE, INC.,                                                  :

                                      Plaintiff,       :
                                                      :        22-CV-0983 (VEC)
                    -against-                      :
                                                       :        OPINION & ORDER
  STOCKX LLC,                                  :

                                     Defendant.    :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       Defendant StockX LLC moved to preclude Plaintiff Nike, Inc. from calling Andrea Corradini and Nick Remlinger as witnesses at trial on the ground that Nike failed timely to disclose them. *See* Letter Mot. to Preclude, Dkt. 335 (the "Motion" or "Mot."). Nike opposes. *See* Opp., Dkt. 337. The Motion is DENIED. Fact discovery is REOPENED for the limited purpose of allowing StockX to depose Corradini and Remlinger prior to trial, if desired.

## BACKGROUND

       The Court assumes the parties' familiarity with the facts of the case, which is scheduled to begin trial on October 14, 2025.

       As part of the initial disclosures that it served on StockX in April 2022, Nike identified several employees that it believed were likely to possess information pertinent to this action. Among them were Ron Faris and Melanie Harris, both of whom reportedly had knowledge about "the asserted Nike marks (Nike, Swoosh, Nike Air Vapormax, Dunk, Jordan, Air Jordan, Jumpman); Nike's control over and use of the asserted Nike marks; Nike's principal business; Nike's activities in the virtual/digital marketplace; Nike's expansion into the NFT and metaverse space." Nike's Initial Disclosures, Dkt. 337-1 at 2. StockX eventually deposed both Faris and

Harris as fact witnesses, pursuant to Federal Rule of Civil Procedure 30(b)(1), and as representatives of Nike, pursuant to Federal Rule of Civil Procedure 30(b)(6). *See* Opp. at 2.

Discovery closed in March 2023. *Id*. Harris left her position at Nike in September 2024, but Nike did not amend its initial disclosures in which it identified her as a person with relevant knowledge. *Id*. In mid-June 2025, Faris also left Nike. *Id*. That prompted Nike, in a July 21, 2025, letter, to notify StockX that "several of Nike's 30(b)(6) designees have departed the company" and that it would be identifying substitute witnesses for trial. Jul. 21, 2025, Nike Letter to StockX, Dkt. 337-3 at 5.

On August 5, 2025, Nike served amended initial disclosures, which identified Andrea Corradini and Nick Remlinger as people with knowledge about the same subjects as Faris and Harris. *See* Nike's Fifth Amended Initial Disclosures, Dkt. 337-4 at 2, 4. Following a meet-and-confer the following week, Nike provided via email a more detailed list of topics that it expected Corradini and Remlinger's testimony to address. *See* Mot. at 2.

StockX filed the instant Motion to preclude Corradini and Remlinger's testimony at trial, arguing that Nike failed timely to disclose them as potential witnesses. *See* Mot. Nike opposes. *See* Opp.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(1)(i) requires parties to provide the names and contact information "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." If, over the course of litigation, the party learns that any of the information it provided pursuant to Rule 26(a) is "in some material respect . . . incomplete or incorrect," it must supplement or correct that information "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to do so, the Court may prohibit the party from using the undisclosed information at trial or impose

other appropriate sanctions, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

To determine whether a party's failure to provide supplemental or corrected information is substantially justified or harmless, courts may consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). "'Before [granting] the extreme sanction of preclusion,' the Court 'should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses.'" *Ritchie Risk–Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 157 (S.D.N.Y. 2012) (quoting *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988)).

As to the first *Patterson* factor, Nike has provided a reasonable explanation for its failure to disclose Harris's September 2024 departure and Faris's June 2025 departure to StockX until July 21, 2025. According to Nike, Harris's departure was not sufficiently material to trigger the Rule 26(e) duty to correct its initial disclosures because "Nike anticipated that Ms. Harris' potential role at trial would be transferred to Mr. Faris." Opp. at 2. Nike's expectation appeared reasonable given the substantial overlap between Harris and Faris's roles. When Faris announced in June 2025 that he was also leaving the company, Nike claims that it "worked to find appropriate substitute witnesses to take over both Ms. Harris's and Mr. Faris's anticipated trial witness roles, and, before Nike had even figured out a solution, Nike notified StockX on July 21, 2025 of this issue." *Id.* at 3. In short, Nike acted with relative diligence to correct and supplement its disclosures. Although Nike perhaps could have notified StockX of Faris's departure earlier, or worked even faster to name appropriate substitutes, its explanation is

sufficiently reasonable to counsel against the "drastic remedy" of preclusion. *Kunstler v. City of New York*, 242 F.R.D. 261, 265 (S.D.N.Y. 2007).

As to the second *Patterson* factor, StockX contends that the substitute witnesses' proposed testimony is unlikely to be important because most of the topics about which they are purported to be knowledgeable can be covered by other witnesses. Mot. at 3–4. Nike insists that the substitutes' testimony is important because, despite the possible overlap between their testimony and that of other witnesses, they have uniquely "broad knowledge regarding Nike's operations in retail and digital and Nike's brands and associated trademarks." Opp. at 5. The Court cannot meaningfully assess the relative validity of the parties' competing, conclusory assertions about the importance of the challenged witnesses' testimony; accordingly, this factor is neutral.

As to the third *Patterson* factor, the Court is sympathetic to StockX's position that it would be inconvenient to prepare to cross-examine, and potentially depose, two new witnesses less than two months before trial. The Court is not convinced, however, that such inconvenience rises to the level of prejudice. First, Nike has already provided multiple dates (all of them before the final pretrial conference) on which Corradini and Remlinger are available to be deposed, and has offered both virtual and in-person options. *See* Opp. at 5. Put simply, Nike has been cooperative. Second, given that StockX already deposed Harris and Faris, deposing their substitutes should not require extensive preparation beyond reviewing any additional documents specific to them that Nike had not previously produced. To the extent such documents exist, the Court, of course, expects Nike promptly to produce them in advance of any deposition.

The fourth *Patterson* factor is inapplicable because neither party has proposed, and the Court would not consider, continuing the trial schedule in light of this dispute.

In sum, precluding Corradini and Remlinger's testimony would be inappropriate in light of Nike's relative diligence in disclosing the new witnesses and the lack of prejudice to StockX.

## CONCLUSION

For the foregoing reasons, StockX's motion to preclude the testimony of Corradini and Remlinger is DENIED.  Fact discovery is REOPENED for the limited purpose of allowing StockX to depose Corradini and Remlinger, if desired.  To the extent Nike is in possession of any responsive documents pertaining to Corradini and Remlinger that it has not already produced, it must produce such documents promptly and, in all events, within a reasonable timeframe prior to any deposition.  If any further discovery disputes arise that require the Court's intervention, the parties should follow the procedure set forth in Rule 3(B) of the Undersigned's Individual Practices in Civil Cases.

**SO ORDERED.**

**Date: August 25, 2025**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**